\*\*E-filed 2/1/06\*\*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES,<br><br>  Plaintiff,<br><br>  v.<br><br>Roderick Q. HICKMAN, Secretary of the California Department of Corrections and Rehabilitation; Steven W. Ornoksi, Acting Warden of San Quentin State Prison; and Does 1-50,<br><br>  Defendants. | Case Number C 06 219 JF<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY<br><br>[Docket Nos. 6 & 27] |

Plaintiff is scheduled to be executed on Tuesday, February 21, 2006. He seeks expedited discovery in the present action, which challenges California's lethal-injection protocol. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on Thursday, January 26, 2006.

In connection with the hearing on Plaintiff's motion for a preliminary injunction to be heard on Thursday, February 9, 2006, and good cause appearing therefor, Defendants shall, within forty-eight (48) hours after this Order is filed, produce to Plaintiff the documents identified in the following Document Requests itemized in Plaintiff's filing dated January 27, 2006, to the extent that such documents relate to the executions of Donald J. Beardslee, Stanley Tookie Williams or Clarence Ray Allen: 1, 9, 14, 15, 22, 26, 27, 29, 31, 36 and 37. Defendants

may redact the names of executioners from any documents produced pursuant to this Order. Plaintiff's remaining discovery requests are denied without prejudice; they may be reconsidered should the Court decide to grant a stay of execution.

The Court has reviewed in camera San Quentin Institution Procedure No. 770, the confidential, unredacted version of California's lethal-injection protocol, and has compared it to San Quentin Operational Procedure No. 770, the redacted version of the protocol that Defendants already have made available to Plaintiff. The Court having weighed Plaintiff's showing of good cause for disclosure against Defendants' legitimate concerns about security, Defendants shall, within twelve (12) hours after this Order is filed, produce to Plaintiff and e-lodge with the Court (via e-mail to g_o_kolombatovich@cand.uscourts.gov) San Quentin Institution Procedure No. 770, subject to the following redactions and modifications:

(1) Sections VI.A.1.d.3), VI.A.1.d.4),VI.A.1.d.6),VI.A.1.f.,VI.A.4.a.,VI.A.5., VI.A.6., VI.A.9.a. and VI.A.9.d. may be produced as presently redacted;

(2) Section VI.A.9.f. may be deleted;

(3) Section VI.A.9.g. may be produced in the same form as § VI.A.9.f. of the redacted protocol;

(4) Sections VI.A.10.a.2) andVI.A.10.b. may be produced as presently redacted;

(5) Section VI.A.10.d.3) may be deleted;

(6) Section VI.A.10.d.4) may be produced in the same form as § VI.A.10.d.3) of the redacted protocol;

(7) Sections VI.A.10.e.1) and VI.A.10.e.3) may be produced as presently redacted;

(8) Section VI.B.5. may be produced in the same form as the first section designated § VI.B.6. in the redacted protocol;

(9) Sections VI.B.6.a. and VI.B.6.b. may be produced in the same form as the second section designated § VI.B.6. in the redacted protocol (§§ VI.B.6.c. and VI.B.6.d. shall be disclosed without redactions);

(10) Section VI.B.7. may be produced as presently redacted;

(11) Section VI.C. may be deleted;

1    (12) Section VI.D. may be produced as presently redacted;

2    (13) Section VI.E. may be deleted;

3    (14) Section VI.F.1.b.10) may be produced in the same form as § VI.E.1.a.10) in the redacted protocol;

5    (15) Section VI.F.2.b. and the sentence regarding keys in § VI.F.4.d.3)(a) may be deleted;

6    (16) Section VI.F.4.d.4) may be produced in the same form as § VI.E.4.d.4) appears in the redacted protocol;

8    (17) Section VI.F.4.d.5)(b)(1) may be produced in the same form as § VI.E.4.d.5)(b)(1) of the redacted protocol (§§ VI.F.4.d.5)(b)(2) and VI.F.4.d.5)(b)(3) shall be disclosed without redactions);

11   (18) The telephone number in § VI.F.4.d.5)(c) may be deleted.

All documents or parts thereof produced pursuant to this Order shall remain confidential. They may be revealed to and used by only Plaintiff's attorneys and experts; disclosure shall not be made to any other persons or organizations without the Court's prior authorization. In the event that a party wishes to submit to the Court any briefs or other materials that disclose or tend to disclose the contents of any document or part thereof produced pursuant to this Order, the party shall do so under seal via e-mail to g_o_kolombatovich@cand.uscourts.gov. However, copies of such briefs or other materials shall be e-filed in the public record with the confidential contents and references thereto deleted, and such deletion shall be noted as having been made pursuant to this Order.

Unless otherwise ordered by the Court, the confidentiality provisions of this Order shall continue in effect even after the conclusion of the present action.

IT IS SO ORDERED.

DATED: February 1, 2006

_____
JEREMY FOGEL
United States District Judge

Case No. C 06 219 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY
(DPSAGOK)