BILL LOCKYER
Attorney General of the State of California
ROBERT R. ANDERSON
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
RONALD S. MATTHIAS
Supervising Deputy Attorney General
DANE R. GILLETTE
Senior Assistant Attorney General
State Bar No. 65925
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5866
  Fax: (415) 703-1234
  Email: gillette.dane@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES,<br><br>                              Plaintiff,<br><br>v.<br><br>RODERICK Q. HICKMAN, Secretary; STEVEN ORNOSKI, Warden,<br><br>                              Defendants. | CAPITAL CASE<br><br>C 06-219 JF<br><br>**DEFENDANTS' RESPONSE TO COURT INQUIRY** |

In an order filed February 13, 2006, the Court requested the defendants' views on two questions. Defendants respond as follows.

1. Would it be feasible to proceed with plaintiff's execution using only sodium thiopental.

The five gram dose of thiopental will quickly render plaintiff unconscious and will ultimately result in his death; proceeding in that manner is therefore "feasible." However, it could take as long as 30 to 45 minutes for the thiopental to result in a flat line on the EKG monitor, which is the basis upon which death is pronounced. By contrast, in ten lethal injection executions the average time from first injection of thiopental to death is 11.3 minutes. Proceeding with only the thiopental would unnecessarily delay completion of the execution and would be unfair to the

witnesses and execution team. Accordingly, defendants decline to modify I.P. 770 in order to conduct plaintiff's execution using only sodium thiopental.

2. Would it be feasible to proceed with plaintiff's execution using independent means to insure that plaintiff is in fact unconscious before pancuronium bromide and potassium chloride are injected.

In raising this question the Court suggested as possible procedures the use of a medical device or the presence of a qualified individual approved by the Court. The first of these approaches is not feasible because defendants are not aware of any easily obtainable medical equipment that could be effectively used by the prison execution team to monitor consciousness. The second approach may be feasible. Because defendants will not approve the presence of non-departmental employees in the chamber area during the execution, they propose the following.

Defendants are advised that having someone next to the inmate who could touch him to assess response to stimuli is a means of determining consciousness. That person would have to remain in the chamber after the inmate has been strapped to the gurney, the IV's established, and the door is closed, in full view of all witnesses to the execution. For purposes of plaintiff's execution only, Warden Ornoski will undertake that task.

Dated: February 13, 2006

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

ROBERT R. ANDERSON
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

RONALD S. MATTHIAS
Supervising Deputy Attorney General

DANE R. GILLETTE
Senior Assistant Attorney General

Attorneys for Defendants

Defendants' Response To Court Inquiry - C 06-219 JF