**E-filed 2/17/06**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Roderick Q. HICKMAN, Secretary of the California Department of Corrections and Rehabilitation; Steven W. Ornoski, Acting Warden of San Quentin State Prison; and Does 1-50,<br><br>　　　　　Defendants. | Case Number C 06 219 JF<br>Case Number C 06 926 JF RS<br><br>DEATH-PENALTY CASE<br><br>NOTICE TO COUNSEL OF RECEIPT OF DECLARATIONS<br><br><br><br>[Docket No. 69] |

　　　As provided by this Court's order of February 16, 2006, Defendants have submitted under seal personal declarations from the two anesthesiologists whom Defendants have designated to ensure that Plaintiff will be unconscious and will not suffer unnecessary pain following the administration of sodium thiopental when he is executed. The Court's determination that the two anesthesiologists are "qualified individuals," as that term is defined in the Court's order of February 14, 2006, was subject to the submission and review by the Court of the anesthesiologists' declarations.

　　　The Court hereby notifies Plaintiff's counsel that it has reviewed the declarations, and that the contents thereof are consistent with the representations made by Defendants' counsel on February 16, 2006. The text of the two declarations, which is identical, reads in full as follows:

1. I am physician [sic] licensed to practice in the State of California, and I am board certified by the American Board of Anesthesiology.

2. On February 15, 2006, I submitted a copy of my Curriculum Vitae (CV) to Bruce Slavin, General Counsel of the California Department of Corrections and Rehabilitation. All of the information set forth in that CV is true and correct.

3. I have never participated in or observed an execution. I have never been convicted of a felony, disciplined by the medical board of any state, or suffered an adverse judgment related to my practice of medicine.

4. On February 15, 2006, I agreed to provide "independent verification, through direct observation and examination" . . . [sic] "in a manner comparable to that normally used in medical settings where a combination of sedative and paralytic medications is administered, that Plaintiff is in fact unconscious before either pancuronium bromide or potassium chloride is injected" during the execution of Michael Morales, scheduled for February 21, 2006. I have reviewed this Court's Order of February 14, 2006, and understand the role of the anesthesiologist and issues to be addressed to the Court. I have received assurances that one of the two anesthesiologists who will be present at the execution will be provided access to the execution chamber throughout the execution of Michael Morales, will be able to monitor the consciousness of Mr. Morales in whatever ways that doctor considers to be medically appropriate, and will be able to take all medically appropriate steps to ensure that Mr. Morales is and remains unconscious after he is injected with sodium thiopental and before he is injected with pancuronium bromide or potassium chloride. The other doctor will be present outside the chamber as an observer.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Based on the foregoing, the Court concludes that there is no reason to reconsider its orders of February 14, 2006, and February 16, 2006.

DATED: February 17, 2006

_____
JEREMY FOGEL
United States District Judge