1

2                                                        **E-filed 2/21/06**

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

12   | Michael Angelo MORALES,                          | Case Number C 06 219 JF |
     |                                                   | Case Number C 06 926 JF RS |

13   |                    Plaintiff,                     |
     |                                                   | DEATH-PENALTY CASE |

14   |                       v.                          |
     |                                                   | ORDER ON DEFENDANT'S |

15   | Roderick Q. HICKMAN, Secretary of the             | MOTION TO PROCEED WITH |
     | California Department of Corrections and          | EXECUTION UNDER |

16   | Rehabilitation; Steven W. Ornoski, Acting Warden  | ALTERNATIVE CONDITION TO |
     | of San Quentin State Prison; and Does 1-50,       | ORDER DENYING PRELIMINARY |

17   |                                                   | INJUNCTION |
     |                    Defendants.                    |

18

19                                                         [Docket No. 73]

20

21

22          In its order of February 14, 2006, denying conditionally Plaintiff's motion for a

23   preliminary injunction, the Court allowed Plaintiff's execution to proceed subject to Defendants'

24   agreement to one of two conditions.  The first alternative permitted Defendants to execute

25   Plaintiff using only sodium thiopental or another barbiturate or combination of barbiturates.  The

26   second alternative required Defendants to ensure, through verification by persons with

27   experience and training in general anesthesia, that Plaintiff would be and would remain

28

Case Nos. C 06 219 JF & C 06 926 JF RS
ORDER ON DEFENDANTS' MOTION TO PROCEED WITH EXECUTION UNDER ALTERNATIVE CONDITION
TO ORDER DENYING PRELIMINARY INJUNCTION
(DPSAGOK)

1   unconscious at all times following the administration of sodium thiopental.  Defendants agreed to

2   the second alternative.  Earlier today, as the execution was about to commence, the two

3   anesthesiologists designated by Defendants pursuant to this Court's remedial order of February

4   16, 2006, declined to participate in Plaintiff's execution because of ethical concerns arising from

5   their understanding of certain language in the opinion of the United States Court of Appeals for

6   the Ninth Circuit that affirmed this Court's orders of February 14 and February 16, 2006.  As a

7   result of this action by the anesthesiologists, Plaintiff's execution did not go forward as

8   scheduled.  Defendants have rescheduled the execution for 7:30 p.m. this evening and now seek

9   approval from the Court to proceed with the first alternative.

10          Plaintiff opposes Defendants' motion, arguing among other things that executing him

11   using only sodium thiopental without at the same time addressing issues arising from the manner

12   in which that drug is administered by Defendants still would subject him to an undue risk of an

13   Eighth Amendment violation.  This morning, the Court heard approximately one hour of

14   telephonic argument; it also has considered Plaintiff's written response to Defendants' motion

15   and the fifth declaration of Plaintiff's medical expert, Dr. Mark Heath.  For the reasons set forth

16   below, the motion will be granted, subject to Defendants' strict compliance with the conditions

17   set forth herein.

18          It is undisputed that five grams of sodium thiopental, properly administered, is a fatal

19   dose.  It also is undisputed that sodium thiopental does not cause pain; in fact, as a barbiturate, it

20   anesthetizes the person into whom it is injected.  An insufficient dose, however, has the potential

21   to cause irreversible brain damage while not causing death.  The only relevant factual dispute

22   with respect to the present motion is whether there is a realistic possibility that the sodium

23   thiopental injected into Plaintiff will not be properly administered.

24          Plaintiff points out that recurring problems with the manner in which sodium thiopental is

25   administered pursuant to Protocol No. 770 are suggested by the execution logs cited by the Court

26   in its order of February 14, 2006.  While he does not concede that there is any basis upon which

27   the Court should allow his execution to proceed today, he is emphatic in his insistence that it

28

2

1   must not proceed using the same procedures that the Court itself has found to be problematic.  He

2   urges the Court to postpone the execution so that an appropriate protocol for executing him using

3   only sodium thiopental can be developed and thoroughly vetted.

4        Both parties' medical experts agree that there is no doubt that direct intravenous injection

5   of five grams of sodium thiopental by a trained individual, such as a nurse or other medical

6   professional licensed by the State of California, will be fatal virtually one hundred percent of the

7   time.  While Plaintiff objects categorically to any further deviations from Protocol No. 770

8   without discovery and an evidentiary hearing, he acknowledges that there is no medical reason to

9   believe that direct injection poses any risk to him, of Eighth Amendment significance or

10  otherwise, as long as the person performing the injection has proper medical training.

11  Defendants object to direct injection, both because they believe that the current protocol is

12  adequate and because having a person in the execution chamber is contrary to departmental

13  policy.  The Court notes, however, that Defendants agreed to have one of the anesthesiologists in

14  the execution chamber.

15       Despite the many twists and turns that have brought it to this point, including the apparent

16  disconnect between the expectations articulated in the orders of this Court and the Court of

17  Appeals and the expectations of the anesthesiologists retained by Defendants, the Court

18  nonetheless recognizes and respects the importance to the State of proceeding with the execution.

19  However, due process requires that to permit it to do so under these circumstances, Defendants'

20  obligations be set forth in a way that leaves no room for reasonable doubt.  Accordingly, while

21  Defendants may proceed with the execution this evening using only sodium thiopental, they may

22  do so only if the sodium thiopental is injected in the execution chamber directly into the

23  intravenous cannula by a person or persons licensed by the State of California to inject

24  medications intravenously.  The dosage used shall be at least five grams of sodium thiopental to

25  be followed by a 20 cc saline flush as provided in Protocol No. 770.  The persons may wear

26  appropriate clothing to protect their anonymity.  Based upon the evidence in the record, the Court

27  has no question that such a method is safe, effective and fully consistent with the its order of

28

Case No. C 06 219 JF & C 06 926 JF RS
ORDER ON DEFENDANTS' MOTION TO PROCEED WITH EXECUTION UNDER ALTERNATIVE CONDITION
TO ORDER DENYING PRELIMINARY INJUNCTION
(DPSAGOK)

1   February 14, 2006.

2        IT IS SO ORDERED.

3

4   DATED:  February 21, 2006

                JEREMY FOGEL

5                   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 06 219 JF & C 06 926 JF RS
ORDER ON DEFENDANTS' MOTION TO PROCEED WITH EXECUTION UNDER ALTERNATIVE CONDITION
TO ORDER DENYING PRELIMINARY INJUNCTION
(DPSAGOK)