1 BILL LOCKYER
Attorney General of the State of California
2 ROBERT R. ANDERSON
Chief Assistant Attorney General
3 GERALD A. ENGLER
Senior Assistant Attorney General
4 RONALD S. MATTHIAS
Supervising Deputy Attorney General
5 DANE R. GILLETTE
Senior Assistant Attorney General
6 State Bar No. 65925
   455 Golden Gate Avenue, Suite 11000
7 San Francisco, CA 94102-7004
   Telephone: (415) 703-5866
8 Fax: (415) 703-1234
   Email: dane.gillette@doj.ca.gov
9 Attorneys for Defendants

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

13

| | |
|---|---|
| **MICHAEL ANGELO MORALES,** | **CAPITAL CASE** |
| Plaintiff, | C 06-219 JF |
| | C 06-926 JF RS |
| v. | |
| **JEANNIE WOODFORD, Acting Secretary;** **STEVEN ORNOSKI, Acting Warden,** | |
| Defendants. | |

20           **DEFENDANTS' APPLICATION FOR PROTECTIVE ORDER**

1 | BILL LOCKYER
Attorney General of the State of California
2 | ROBERT R. ANDERSON
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | RONALD S. MATTHIAS
Supervising Deputy Attorney General
5 | DANE R. GILLETTE
Senior Assistant Attorney General
6 | State Bar No. 65925
  455 Golden Gate Avenue, Suite 11000
7 |  San Francisco, CA 94102-7004
  Telephone: (415) 703-5866
8 |  Fax: (415) 703-1234
  Email: dane.gillette@doj.ca.gov
9 | Attorneys for Defendants

10 | IN THE UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 | SAN JOSE DIVISION

13 |

14 | **MICHAEL ANGELO MORALES,**                **CAPITAL CASE**

15 |                                Plaintiff,   C 06-219 JF
                                             C 06-926 JF RS
16 |     v.
                                             **DEFENDANTS'**
17 | **JEANNIE WOODFORD, Acting Secretary;**    **APPLICATION FOR**
    **STEVEN ORNOSKI, Acting Warden,**          **PROTECTIVE ORDER**

18 |                                Defendants.

19 |

20 |     Defendants seek a protective order with respect the name, rank, job description, or other

21 | identifying information for any members of the execution team at San Quentin whose identity may

22 | be disclosed during the litigation.  This would specifically include the witness scheduled to testify

23 | on March 30, 2006.  The proposed order is attached along with a series of letters between counsel

24 | for plaintiff and counsel for defendants.  Although plaintiff's counsel have on several occasions

25 | expressed a willingness to stipulate to a protective order, it now appears from Mr. Grele's letter of

26 | March 24 they have changed their mind.

27 |     This Court and the Ninth Circuit have recognized the state's legitimate interest in the

28 | safety of the prison staff in litigation relating to the viewing of a lethal injection exeution.  *California*

Defendants' Application For Protective Order - C 06-219 JF

1

1  *First Amendment Coalition v. Woodford*, 299 F.3d 868, 880 (9th Cir. 2002). Strictly limiting access

2  to any names or identifying information that may be disclosed during the case protects that interest

3  while still providing counsel and the court access to relevant information about the execution

4  process.

5        Defendants dispute plaintiff's insistence that their investigator must conduct a full

6  background investigation into any identified prison staff. Simply conducting such an investigation

7  furthers the risk that the identity of the relevant staff will be disclosed. Problems with an

8  investigator involved in other aspects of litigation undertaken on Morales's behalf exacerbate

9  defendants' concerns. Indeed, the assertion in Mr. Grele's letter of March 20 that he "needs to

10  research the criminal conviction and other background of those who choose to become executioners"

11  suggests a broader agenda than merely addressing the narrow question of whether the combination

12  of drugs used by California in a lethal injection execution results in the infliction of cruel and

13  unnecessary pain.

14        Dated: March 24, 2006

15                  Respectfully submitted,

16                  BILL LOCKYER
                Attorney General of the State of California

17                  ROBERT R. ANDERSON
                Chief Assistant Attorney General

18

19                  GERALD A. ENGLER
                Senior Assistant Attorney General

20                  RONALD S. MATTHIAS
                Supervising Deputy Attorney General

21

22

23                  DANE R. GILLETTE
                  Senior Assistant Attorney General

24                  Attorneys for Defendants

25

26

27

28

Defendants' Application For Protective Order - C 06-219 JF

Ronald Matthias, SDAG
March 20, 2006
Page 2

**JOHN R GRELE**
**Attorney at Law**
**703 Market Street, Suite 550**
**San Francisco, CA 94103**
Telephone: 415-348-9300     Facsimile: 415-348-0364

March 20, 2006

Ronald Matthias
Supervising Deputy Attorney General
455 Golden Gate Avenue, suite 1100
San Francisco, CA 94102

*Via electronic mail*

Re:   *Morales v. Hickman*
United States District Court docket no. 06-219 (JF)

Dear Mr. Matthias:

I am writing concerning the proposed deposition of Witness No. 1, the anonymous witness designated for testimony on March 30, 2006. You had originally proposed March 23, 2006 for a deposition. But, you have not responded to our inquiries as to his/her previous roles in the executions, or his/her background. Further, in response to other discovery requests, you have asserted certain privileges. We intend to ask the same information in deposition of this witness, and expect the same response from you. Therefore, it appears to make little sense to schedule this deposition until we have some guidance from the Court as to the propriety of those assertions. After that, we will take Witness No. 1's deposition, and may call him/her as a witness at the May 2-3 hearing.

On another note, I noticed your proposed protective order is overbroad. For one, it would include the Wardens themselves, whose participation in executions is a matter of public record and is disclosed in the redacted Procedure 770. It would also include the doctors who pronounced death. These individuals have been publicly identified in your previous filings. I can see no good reason why the "job description" of persons who participate in the lethal injection procedure need to be protected. In fact, it will likely be that very "job description" that is in issue in this case.

Ronald Matthias, SDAG
March 20, 2006
Page 2

     I do recognize, however,  your desire to protect the names and other identifying information such as rank from public disclosure, even though it I do not agree that it is required or privileged in any manner.  We are willing to protect anonymity.

     The order as currently drafted also prevents review by any staff members, including those persons working on this case.  That is not acceptable because it would require a motion every time we wish to have someone in our employ work on this case.  We don't have the time for such motions, or to wait for briefing.  It would be satisfactory if the protective order were limited to identification such as names and rank, except for an investigator who needs to research the criminal convictions and other background information of those who choose to become executioners.

     If you have any thoughts on how we can proceed on these issues in an expeditious manner, such as your willingness to waive privilege assertions in deposition and allow answers subject to a future motion to strike, please let me know.

                 Sincerely yours,

                 John R Grele

**BILL LOCKYER**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public:  (415) 703-5500
Telephone:  (415) 703-5866
Facsimile:  (415) 703-5877
E-Mail: dane.gillette@doj.ca.gov

March 21, 2006

John R. Grele
703 Market Street, Suite 550
San Francisco, CA 94103

RE:     Morales v. Hickman
        <u>C 06-219 JF</u>

Dear Mr. Grele:

     In light of your March 20, 2006, letter I have canceled the deposition scheduled for March 23. The witness will testify at the hearing at San Quentin on March 30. You may, of course, cross-examine the witness at that time and seek direction from Judge Fogel on the questions you wish to propound. As we are offering this testimony as part of defendants' case I will object to any deposition after the March 30 hearing or to calling the witness to testify at the public hearing on May 2-3.

     With respect to your objections to the proposed protective order, I agree that it should not include the wardens or any other participant who has previously been identified. I believe the proposal is otherwise necessary to protect the privacy of the individuals who participate in the executions and the security of the prison. I will be prepared to discuss these issues at today's hearing in San Jose.

Sincerely,

DANE R. GILLETTE
Senior Assistant Attorney General

For     BILL LOCKYER
        Attorney General



**BILL LOCKYER**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA  94102-7004

Public:  (415) 703-5500
Telephone:  (415) 703-5866
Facsimile:  (415) 703-5877
E-Mail: dane.gillette@doj.ca.gov

March 23, 2006

John R. Grele
703 Market Street, Suite 440
San Francisco, CA 94103

RE:   Morales v. Hickman
      C 06-219 JF; C 06-926 JF

Dear Mr. Grele:

Accompanying this letter is a second draft of defendants' proposed protective order.  I have amended it as suggested in your letter of March 20 to specifically exclude the warden and any physicians whose names have been included without restriction on previously disclosed documents.  Defendants continue to believe that restricting access to the names of those who participate in the executions solely to counsel is necessary to protect the privacy of the individuals and security of the institution.

Please advise me as to any other objections or suggestions for changes you may have.  I intend to submit the proposed order along with copies of our correspondence to Judge Fogel on Friday, March 23.

Sincerely,

DANE R. GILLETTE
Senior Assistant Attorney General

For   BILL LOCKYER
      Attorney General

**JOHN R GRELE**
**Attorney at Law**
**703 Market Street, Suite 550**
**San Francisco, CA 94103**
Telephone: 415-348-9300        Facsimile: 415-348-0364


March 24, 2006


Dane Gillette
Senior Assistant Attorney General
455 Golden Gate Avenue, suite 1100
San Francisco, CA 94102

*Via electronic mail*

    Re:  *Morales v. Hickman*
         United States District Court docket no. 06-219 (JF)

Dear Mr. Gillette:

   We are in receipt of your proposed protective order. One continuing difficulty is that our experts will need to review the job descriptions of the executioners as those may contain deficiencies or information as to how the procedure is done and in what manner. Also, "any other identifying information" could include degrees, qualifications, and training, which is all very relevant to our expert review.

   A further problem is that we will need to share the identity of those involved in executions with one licensed private investigator so as to investigate their backgrounds and previous statements they may have made. We are willing to provide you with the name of that investigator in advance.

   Because you have not provided any discovery as to what the lethal injection team consists of, and because "or otherwise participate in executions" is so undefined, it is not possible for us to discern how broad this order is. You yourself could be said to have "participated" in executions, as could the Legal Affairs advisor Ms. Dull, or the prison spokesperson, Mr. Crittendon. The prison chaplain and counselor could fit into this category, as well as any of the various guards whose only role is to watch the inmate in the days prior to the execution.

   Finally, our willingness to agree to a protective order was to facilitate discovery. You are not providing any discovery and have asserted various privilege and relevancy objections. You have not submitted any privilege log as is required. This includes a log that offers some general description of the redacted portions of Procedure 770. It is hard for me to understand why you

Dane Gillette, SAAG
March 24, 2006
Page 2

need a protective order.  To protect what?  It will be our position that the issues concerning
protective orders will have to be decided in the context of actual discovery.  It would also be
helpful if you could identify under what theory you believe the identities of executioners is
privileged or should otherwise be subject to a protective order.

     For your information, here are the names of other participants in the tour:

Ginger Anders, Esq.
DC driver's license # ████████
SSN ████████

Mark Heath, M.D.
N.Y. Driver's License # ████████
DOB ███████
SSN ████████

.

                    Sincerely yours,

                    John R Grele

cc: Wendy Thurm, Esq.