**E-FIled 3/29/06**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES,<br><br>Plaintiff,<br><br>v.<br><br>Jeanne S. WOODFORD, Acting Secretary of the California Department of Corrections and Rehabilitation; Eddie S. Ylst, Acting Warden of San Quentin State Prison; and Does 1-50,<br><br>Defendants. | Case Number C 06 219 JF RS<br>Case Number C 06 926 JF RS<br><br>DEATH-PENALTY CASE<br><br>ORDER REGARDING MEDIA ACCESS TO DOCUMENTS AND PROCEEDINGS<br><br><br>[Docket Nos. 98 & 106] |

I

The present action involves a challenge to California's lethal-injection protocol, which Defendants revised on March 6, 2006. Defendants have filed a public, redacted version of the revised protocol; they also have submitted the unredacted revised protocol to the Court under seal. Counsel for the Sacramento Bee, a daily newspaper, has requested by letter that the Court either release the unredacted protocol or state formally its reasons for not doing so.

The Court has reviewed the unredacted protocol *in camera* and has compared it to the redacted version. The Court is satisfied that all of the redactions relate to prison security, as they involve matters such as key codes and the locations of prison guards prior to and during executions. The Court finds and concludes that the redactions are minimal in scope, are

immaterial to the legal and factual issues before the Court, and are necessary to ensure the security of San Quentin State Prison and its personnel. Accordingly, the unredacted protocol shall remain under seal.

II

In connection with the instant litigation, the Court will visit San Quentin State Prison on March 30, 2006. The Court will examine the facilities and equipment used during executions and hear testimony on the record from a person who has participated in executions. The Court has received several requests from news organizations to observe these proceedings, including a formal motion filed by Los Angeles Times Communications LLC; McClatchy Newspapers, Inc.; and San Jose Mercury News, Inc. The Court held a hearing on the motion on March 29, 2006; at the hearing, counsel appeared on behalf of Plaintiff, Defendants, and the moving press organizations, as well as the Pacific News Service, which is the plaintiff in a related action, *Pacific News Service v. Woodford*, No. C 06 1793 JF RS.

The Court has considered the legal standards set forth in *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984), and *California First Amendment Coalition v. Woodford*, 299 F.3d 868 (9th Cir. 2002). As it observed at the hearing, the Court views the March 30 proceeding as something of a hybrid, incorporating elements of both a typical judicial proceeding and, in the sense that it involves first-hand observation of prison procedures, an execution. While it agrees with the moving and requesting organizations that there is a strong public interest in full access to all proceedings in the present matter, the Court concludes that unrestricted participation by the moving and requesting organizations in the March 30 proceeding is impracticable, for at least three reasons. First, by custom and practice and pursuant to the execution protocol itself, the identity of persons who actually participate in executions is never a matter of public record; by obtaining the testimony of the person in question within the walls of the prison, the Court may conduct relevant observations and ask appropriate questions while at the same time protecting the person's identity. Second, the execution chamber is extremely small, and the presence of more people than absolutely necessary is likely to impair the Court's ability to conduct a full examination of the chamber. Third, the presence of numerous media representatives will place

an undue burden on prison security generally.

In light of these concerns, and balancing the First Amendment rights of the media and the public against Defendants' compelling interests in prison security and the Court's ability to perform its judicial function efficiently, the Court will grant the motion in part and otherwise deny the motion and related requests. The moving organizations may designate two press representatives to attend the proceeding at San Quentin, who shall function as a press pool. The press representatives shall agree in writing not to reveal or memorialize in any manner, including but not limited to written notes, any information that identifies the person examined.

In addition to the two press representatives, the following individuals may attend the proceeding at San Quentin: three attorneys and one expert on behalf of Plaintiff; two attorneys on behalf of Defendants; along with the Court, two judicial staff attorneys, and one court reporter. Counsel for Pacific News Service shall not attend this proceeding; however, this determination is without prejudice to the right of PNS to request the opportunity to participate in a similar proceeding in the course of the related litigation.

Finally, the Court will order that a full transcript of the hearing, unredacted except for information that tends to reveal the identity of the person examined or to compromise prison security, and expressly including a verbatim record of the person's testimony and the Court's observations with respect to the execution facilities and equipment, be released to the media and the public immediately following the conclusion of the hearing.

Accordingly, and good cause therefor appearing, the Motion of Nonparty Press Organizations Los Angeles Times Communications LLC; McClatchy Newspapers, Inc.; and San Jose Mercury News, Inc., to Intervene and for Access to Judicial Proceedings is granted in part as indicated herein and otherwise is denied. A full transcript of the proceedings at San Quentin State Prison on March 30, 2006, redacted only to the extent described herein, shall be released to the moving organizations and the public not later than the close of business on March 31, 2006.

IT IS SO ORDERED.

DATED: March 29, 2006

JEREMY FOGEL
United States District Judge