**E-filed 4/3/06**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES,<br><br>Plaintiff,<br><br>v.<br><br>Jeanne S. WOODFORD, Acting Secretary of the California Department of Corrections and Rehabilitation; Eddie S. Ylst, Acting Warden of San Quentin State Prison; and Does 1-50,<br><br>Defendants. | Case Number C 06 219 JF RS<br>Case Number C 06 926 JF RS<br><br>DEATH-PENALTY CASE<br><br>PROTECTIVE ORDER<br><br><br><br>[Docket Nos. 104 & 112] |

I

In this action involving a challenge to California's lethal-injection protocol, Defendants have applied for a protective order with respect to the names, ranks, job descriptions, and other identifying information of members of the execution team. Plaintiff opposes the motion in part.

Defendants clearly have legitimate "concerns about the safety of prison personnel" who conduct executions. *California First Amend. Coalition v. Woodford*, 299 F.3d 868, 880 (9th Cir. 2002). Accordingly, a protective order in this action is appropriate. However, the Court concludes that Defendants' proposed form of order is overly broad.

The issue in the present action is not, as argued by Defendants, "merely . . . the narrow question of whether the combination of drugs used by California in a lethal injection results in

1   the infliction of cruel and unusual pain." Indeed, it is undisputed that the combination of drugs

2   used by Defendants should *not* cause such pain if properly administered. However, the Court has

3   found that the records of recent executions raise substantial questions as to whether the drugs are

4   in fact being administered properly. *See Morales v. Hickman*, 438 F.3d 926, 929 (9th Cir. 2006).

5   Under these circumstances, Plaintiff must be given a reasonable opportunity, in a manner that

6   will not jeopardize the safety of prison personnel, to explore possible answers to these substantial

7   questions, including answers that relate to the background, training, and experience of the

8   members of the execution team.

9                                                     II

10         Accordingly, and good cause therefor appearing, Defendants' motion is granted in part:

11   the Court hereby enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

12         Unless otherwise ordered by the Court, the name, address, date and place of birth, Social

13   Security number, rank, job description (to the extent that it is not directly related to being a

14   member of the execution team), race, color, religion, ethnicity, sex, age, sexual orientation,

15   gender, physical description, and any other identifying information of any member of the

16   execution team that is revealed to Plaintiff's attorneys in the course of the present litigation and

17   that is not otherwise publicly available shall be "Protected Information" pursuant to this

18   Protective Order.

19         Protected Information is and shall remain confidential: it shall be revealed to and used by

20   only Plaintiff's attorneys, one expert (Dr. Mark Heath), and one licensed private investigator

21   whose background and credentials must be approved by Defendants.[1] Plaintiff's attorneys,

22   expert, and investigator shall not disclose Protected Information to anyone without first obtaining

23   express authorization to do so from the Court.[2] Plaintiff's attorneys shall provide copies of this

24   Protective Order to the expert and the investigator, who shall submit to the Court declarations

25   under penalty of perjury that they have read this Protective Order and agree to abide by its terms.

26   _____

27         [1]Such approval shall not be unreasonably withheld.

28         [2]Such authorization may be sought from and granted by the assigned magistrate judge.

2

Case Nos. C 06 219 JF RS & C 06 926 JF RS
PROTECTIVE ORDER
(DPSAGOK)

1   A violation of this Protective Order by any attorney, the expert, or the investigator may be

2   punished by the Court as a contempt.

3          In the event that a party wishes to submit to the Court briefs or other materials that

4   disclose Protected Information, the party shall do so under seal via e-mail to

5   g_o_kolombatovich@cand.uscourts.gov.  However, copies of such materials shall be e-filed in

6   the public record with the Protected Information deleted and such deletion noted as made

7   pursuant to this Protective Order.

8          This Protective Order shall continue in effect after the conclusion of the present action.

9   The parties may request modification of this Protective Order upon entry of final judgment in the

10  present action.

11         IT IS SO ORDERED.

12

13  DATED:  April 3, 2006

        _____
14                                    JEREMY FOGEL
                                      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos. C 06 219 JF RS & C 06 926 JF RS
PROTECTIVE ORDER
(DPSAGOK)