BILL LOCKYER
Attorney General of the State of California
ROBERT R. ANDERSON
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
RONALD S. MATTHIAS
Supervising Deputy Attorney General
DANE R. GILLETTE
Senior Assistant Attorney General
State Bar No. 65925
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5866
 Fax: (415) 703-1234
 Email: dane.gillette@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES, <br><br> Plaintiff, <br><br> v. <br><br> JEANNE WOODFORD, Acting Secretary; EDDIE YLST, Acting Warden, <br><br> Defendants. | CAPITAL CASE <br><br> C 06-219 JF RS |

**ANSWER TO SECOND AMENDED COMPLAINT**

1  BILL LOCKYER
   Attorney General of the State of California
2  ROBERT R. ANDERSON
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  RONALD S. MATTHIAS
   Supervising Deputy Attorney General
5  DANE R. GILLETTE
   Senior Assistant Attorney General
6  State Bar No. 65925
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-5866
8    Fax: (415) 703-1234
     Email: dane.gillette@doj.ca.gov
9  Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JEANNE WOODFORD, Acting Secretary; EDDIE YLST, Acting Warden,<br><br>　　　　　　　　　Defendants. | CAPITAL CASE<br><br>C 06-219 JF RS<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

　　　　Defendants Jeannie Woodford and Eddie Ylst respond to the second amended complaint filed April 6, 2006, in this action with the following admissions, denials, and allegations:

**FIRST DEFENSE**

I

　　　　The allegations of paragraph 1 of the second amended complaint do not require a response and are denied on that basis.

II

　　　　Defendants admit the allegations of paragraphs 2 and 3 of the second amended complaint.

Answer To Second Amended Complaint - C 06-219 JF RS

1

### III

Defendants admit the allegations of paragraphs 4, 5, and 6 of the second amended complaint. Defendants lack sufficient information to formulate a belief as to the truth or falsity of the allegations of paragraph 7 and deny the allegations on that basis.

### IV

Defendants admit the allegations of paragraphs 8 and 9 of the second amended complaint.

### V

Defendants admit that plaintiff will be executed by a lethal combination of the drugs as described in paragraph 10 of the second amended complaint but deny that use of potassium chloride in an execution is painful.

### VI

Defendants admit that plaintiff will be executed following the procedure set forth in IP 770 but deny that the protocol or the actual practice of a lethal injection execution in California violates any constitutional or statutory provision as alleged in paragraph 11 of the second amended complaint.

### VII

Defendants deny the allegations of paragraphs 12, 13, and 14 of the second amended complaint.

### VIII

Defendants admit the allegation of paragraph 15 of the second amended complaint that sodium pentothal is short-acting barbiturate but deny there is any likelihood the drug will be ineffectively delivered or has been ineffectively delivered in any prior lethal injection execution in California. Defendants deny plaintiff will experience any pain as a result of the drugs used in the execution.

### IX

Defendants lack sufficient information to formulate any beliefs relating to the guidelines of the American Veterinary Medical Association (AVMA), and deny that those guidelines have any application to the lethal injection execution of a human being, and on these bases deny the

allegations of paragraphs 16 and 17 of the second amended complaint.

### X

Defendants admit the allegations of paragraph 18 of the second amended complaint that pancuronium bromide is the second drug administered as part of a lethal injection execution in California and admit that pancuronium bromide paralyzes the voluntary muscles. Defendants otherwise deny the allegations of paragraph 18, and specifically deny that CDCR has ever tortured anyone as part of a "behavioral modification program" or otherwise.

### XI

Defendants lack sufficient information to formulate any beliefs relating to the guidelines of the American Veterinary Medical Association (AVMA), deny that those guidelines have any application to the lethal injection execution of a human being, and on those bases deny the allegations of paragraph 19 of the second amended complaint.

### XII

Defendants deny the allegations of paragraph 20 of the second amended complaint.

### XIII

Defendants lack sufficient information to formulate a belief as to the truth or falsity of each and every allegation in paragraph 21 of the second amended complaint and deny the allegations on that basis.

### XIV

Defendants deny the allegations of paragraph 22 of the second amended complaint and specifically deny that any inmate executed by lethal injection in California was not properly sedated or was aware of or suffered pain.

### XV

Defendants admit the allegations of paragraph 23 of the second amended complaint.

### XVI

Defendants deny there is a substantial or any possibility Plaintiff would suffer pain during his execution but otherwise admit the allegations of paragraph 24 of the second amended complaint.

### XVII

Defendants deny they failed to advise the anesthesiologists of the District Court's order or misrepresented the District Court's order to the anesthesiologists but otherwise admit the allegations of paragraph 25 of the second amended complaint.

### XVIII

Defendants admit the allegations of paragraphs 26 and 27 of the second amended complaint.

### XIX

Defendants admit the allegations of paragraph 28 of the second amended complaint except for Plaintiff's reference to "consultation with unidentified 'court experts'" as to which they lack sufficient information to formulate a belief as to the truth or falsity of the allegation and on that basis deny it.

### XX

Defendants admit the allegations of paragraph 29 of the second amended complaint.

### XXI

Defendants deny the allegations of paragraphs 30, 31, 32, 33, and 34 of the second amended compliant.

### XXII

The allegations of paragraph 35 of the second amended complaint do not require a response by defendants and are denied on that basis.

### XXIII

Defendants deny the allegations of paragraphs 36, 37, 38, and 39 of the second amended complaint.

### XXIV

Defendants deny the allegations of paragraph 40 of the second amended complaint and specifically deny that the execution logs suggest or in any way establish that any California inmate failed to be sedated by the sodium pentothal before administration of pancuronium bromide.

Answer To Second Amended Complaint - C 06-219 JF RS

### XXV

Defendants deny the allegations of paragraphs 41, 42, 43, 44, and 45 of the second amended complaint.

### XXVI

Defendants deny the allegations of paragraphs 46, 47, 48, 49, and 50 of the second amended complaint.

### XXVII

Defendants deny the allegations of paragraph 51 of the second amended complaint.

### XXVIII

Defendants deny the allegations of paragraph 52 of the second amended complaint and specifically deny that the personnel involved in a lethal injection execution are untrained or unqualified to do so.

### XXIX

Defendants deny the allegations of paragraphs 53, 54, 55, and 56 of the second amended complaint and specifically deny that the personnel involved in a lethal injection execution are untrained or unqualified to do so, that any California inmate executed by lethal injection has not been adequately sedated, and that any California inmate executed by lethal injection will not be adequately sedated.

### XXX

Defendants admit that Plaintiff exhausted his administrative remedied before filing the second amended complaint. The allegations of paragraphs 57, 58, 59, and 60 of the second amended complaint do not otherwise require a response and on that basis are denied.

### SECOND DEFENSE

### XXXI

Defendants allege that plaintiff's second amended complaint fails to state any claim upon which relief can be granted.

Answer To Second Amended Complaint - C 06-219 JF RS

## THIRD DEFENSE

### XXXII

Defendants allege that plaintiff's second amended complaint fails to state a claim against each answering defendant.

## FOURTH DEFENSE

### XXXIII

Defendants deny that plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws or Constitution of the United States or by the laws or constitution of the State of California.

## FIFTH DEFENSE

### XXXIV

Defendants allege that if they performed any of the acts or omissions alleged in the complaint, at the time of such act or omission they were performing a discretionary function and did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants therefore assert that they are immune from liability.

## SIXTH DEFENSE

### XXXV

Defendants allege that at the time of the events alleged by plaintiff, there were no clearly established constitutional rights, of which defendants knew or should have known, which required defendants to act differently than they did, in fact, act. Defendants therefore allege that they are immune from liability.

## SEVENTH DEFENSE

### XXXVI

Defendants allege that the relief sought by plaintiffs is barred in whole, or in part, by the Eleventh Amendment to the United States Constitution.

## EIGHTH DEFENSE

### XXXVII

Defendants have not deprived any person of any right, privilege, or immunity

guaranteed by the Constitution or laws of the United States. Plaintiff was not deprived f any right, privilege, or immunity guaranteed by the laws or Constitution of the United States.

## NINTH DEFENSE

### XXXVIII

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

## TENTH DEFENSE

### XXXIX

There is no imputed liability between a public officer and his employing public entity in actions under the Federal Civil Rights Act.

## ELEVENTH DEFENSE

### XXXX

This Court lacks subject matter jurisdiction to consider the claims present by plaintiff in an action brought pursuant to the Federal Civil Rights Act.

## TWELFTH DEFENSE

### XXXXI

The amended complaint and each cause of action fail to allege facts sufficient to constitute a cause of action for attorney's fees.

WHEREFORE, defendants pray that:

1. Judgment be rendered in favor of defendants and against plaintiff; and

2. Plaintiff take nothing by the complaint; and

3. Defendants be awarded their costs of suit incurred herein; and

4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated: April 21, 2006

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

ROBERT R. ANDERSON
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

RONALD S. MATTHIAS
Supervising Deputy Attorney General

*[signature]*

DANE R. GILLETTE
Senior Assistant Attorney General

Attorneys for Defendants

Answer To Second Amended Complaint - C 06-219 JF RS

8