*E-FILED 6/9/06*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES,<br><br>Plaintiff,<br><br>v.<br><br>Jeanne S. WOODFORD, Acting Secretary of the California Department of Corrections and Rehabilitation; Eddie S. Ylst, Acting Warden of San Quentin State Prison; and Does 1-50,<br><br>Defendants. | Case Number C 06 219 JF RS<br>Case Number C 06 926 JF RS<br><br>DEATH-PENALTY CASE<br><br>ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OR CLARIFICATION OF MAY 2, 2006 ORDER<br><br>[Docket No. 153] |

Plaintiff Michael Angelo Morales moves for reconsideration of this Court's May 2, 2006 order ("May Order") granting in part and denying in part plaintiff's motion to compel discovery. Defendants oppose the motion and appear to seek, by way of that opposition, further limits on the scope of discovery previously ordered.

Plaintiff contends that the May Order is internally inconsistent in requiring the production of, among other items, disciplinary records of execution team members but denying the production of documents held by defendants that pertain to personal, private information regarding such matters as drug use or criminal histories. Plaintiff points out that such

information may well be contained in disciplinary records the May Order requires be produced.

In crafting the May Order, this Court attempted to strike a balance that would provide plaintiff with information relevant to the qualifications of execution team members properly to administer the combination of drugs utilized in the execution procedure, but at the same time to take into account the legitimate privacy concerns of individual execution team members.

As noted in the May Order, disciplinary records may well touch upon the training, experience and competence of team members. To the extent those records reflect that team members were subject to discipline owing to drug use or criminal conduct, such records are subject to production under the guidelines previously set forth. To the extent, however, that defendants possess background material regarding team members that reflects criminal history or controlled substance use that is unconnected to any disciplinary process, as previously noted in the May Order, it need not be produced. Such information is simply too attenuated to the central questions at issue here, namely the training, experience and competence of team members, to warrant intrusion into their broader personal histories.

The May Order provided that the actual names of members of the execution team would be disclosed only to plaintiff's investigator who would operate in conformity with the previously entered protective order. By its opposition to plaintiff's motion for reconsideration, defendants suggest that the investigator's scope of exploration be narrowly limited. While, as reflected here and in the May Order, limits on the type of information defendants must produce are appropriate, that does not extend to constraints on the work of plaintiff's investigator. To attempt to impose such constraints would run the risk of unfairly inhibiting plaintiff's ability to develop his case and to corroborate and test the information received from the defendants.

In sum, therefore, (1) defendants shall produce disciplinary records pertaining to execution team members including those that reflect disciplinary action premised upon criminal conduct or controlled substance use. Defendants are not required to produce background information pertaining to such subjects that are unconnected to a team member's work experience in defendants' employ; (2) no limitations shall be placed on the scope of exploration plaintiff's investigator is permitted to undertake beyond the constraints imposed by the

Case Nos. C 06 219 JF RS & C 06 926 JF RS
ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

1  protective order, and (3) all remaining materials responsive to discovery permitted by the May
2  Order as supplemented by this Order shall be produced by defendants within 20 days of this
3  date.

*It is so ordered.*

6  DATED: June 9, 2006

RICHARD SEEBORG
United States Magistrate Judge

3

Case Nos. C 06 219 JF RS & C 06 926 JF RS
ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL