1  BILL LOCKYER
   Attorney General of the State of California
2  ROBERT R. ANDERSON
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  RONALD S. MATTHIAS
   Supervising Deputy Attorney General
5  DANE R. GILLETTE
   Senior Assistant Attorney General
6  State Bar No. 65925
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-5866
8    Fax: (415) 703-1234
     Email: dane.gillette@doj.ca.gov
9  Attorneys for Defendants

REFILED DOC. NO. *138*

REVISED PURSUANT TO ORDER OF THE COURT, DOC. NO. 211, SEPT. 14, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES,<br><br>                    Plaintiff,<br><br>v.<br><br>JEANNE WOODFORD, Acting Secretary; EDDIE YLST, Acting Warden,<br><br>                    Defendants. | CAPITAL CASE<br><br>C 06-219 JF RS |

**NOTICE OF MOTION AND MOTION TO CLARIFY AND/OR MODIFY PROTECTIVE ORDER**

BILL LOCKYER
Attorney General of the State of California
ROBERT R. ANDERSON
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
RONALD S. MATTHIAS
Supervising Deputy Attorney General
DANE R. GILLETTE
Senior Assistant Attorney General
State Bar No. 65925
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5866
  Fax: (415) 703-1234
  Email: dane.gillette@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES,<br><br>                              Plaintiff,<br><br>v.<br><br>JEANNE WOODFORD, Acting Secretary; EDDIE YLST, Acting Warden,<br><br>                              Defendants. | **CAPITAL CASE**<br><br>C 06-219 JF RS<br><br>**NOTICE OF MOTION AND MOTION TO CLARIFY AND/OR MODIFY PROTECTIVE ORDER** |

       Please take notice that on a date and time to be set by the Court Defendants will move for an order clarifying or, if necessary, modifying the Protective Order issued by the Court on April 3, 2006. The motion is based on the attached Memorandum of Points and Authorities, the Declaration of Dane R. Gillette, and the papers and pleadings in this action.

Notice Of Motion And Motion To Clarify and/or Modify Protective Order - C 06-219 JF RS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

In a protective order filed April 3, 2006, the Court granted Defendants' motion to exclude from the public record the names and any "identifying information of any member of the execution that is revealed to Plaintiff's attorneys in the course of the present litigation and that is not otherwise publicly available . . . ." Doc. No. 126 at 2. In the Reply to Plaintiff's opposition to the motion for protective order, Defendants expressed their "concern about Plaintiff's desire to conduct a full-scale investigation into the background of various execution team members." Doc. No. 122 at 2. Because the Court felt there were "substantial questions" about whether the drugs used in a lethal injection are being properly delivered, the Court concluded that Plaintiff "must be given a reasonable opportunity, in a manner that will not jeopardize the safety of prison personnel, to explore possible answers to these substantial questions, including answers that relate to the background, training, and experience of the members of the execution team." Doc. No. 126 at 2. To that end, the Court authorized Plaintiff to reveal otherwise Protected Information to one investigator "whose background and credentials must be approved by Defendants." *Id.*

A court may restrict or even prohibit discovery which has only minimal relevance to a case. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Survivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005). In its Protective Order the Court concluded that some information on the background and training of the execution team members was relevant. Recent developments—most particularly Plaintiff's conduct during depositions taken last week—demonstrate that Plaintiff has a woefully erroneous understanding of the scope of his authorization to probe into the personal "background" of execution team members. Defendants thus seek further clarification and if necessary modification of the Protective Order to accomplish the purposes identified in that order.

On March 30, 2006, the Court heard testimony at San Quentin from the head of the execution team, Witness # 1, who then conducted a tour of the execution chamber. The Court limited the scope of questions Plaintiff could ask on cross-examination and Plaintiff indicated an

Notice Of Motion And Motion To Clarify and/or Modify Protective Order - C 06-219 JF RS

2

intent to depose the witness at a later date. The deposition of Witness # 1 took place on April 11 and lasted nearly ten hours. The witness was questioned about training and preparation for executions and events at executions in which the witness participated. Defendants agree that such questions are responsive to the concerns about "background, training, and experience" of the execution team members identified in the Protective Order. However, the questioning was also much more wide ranging, probing into such personal matters as Witness # 1's medical history, marital problems, divorce, disability claims, and disciplinary actions. Questions of this sort bespeak Plaintiff's intention to conduct a wide-ranging investigation into the private life of Witness # 1 and presumably that of any other member of the execution team whose name they might learn. *See* Declaration of Dane R. Gillette. This, we respectfully submit, goes far beyond what Defendants understand to be the intended scope of the Protective Order. The information sought by such discovery could have no relevance to the issues in this case nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence. To the extent the Court has any concerns about the background of the witness as it relates to the witness's job performance or status at the prison, Defendants will make the employment file available for in camera review. We submit, however, that Plaintiff's apparent belief that he is authorized to conduct an unfocused probe into others' private lives must be corrected.

       Plaintiff has never alleged that any member of the execution team in any lethal injection execution conducted by the State of California acted in an aggressive, vindictive, or assaultive manner toward the condemned inmate. Further investigation into the background of Witness # 1 or any other execution team member, especially the areas previewed in the deposition of Witness # 1, will not inform any reasonable inquiry into whether the team members were adequately trained and prepared, but instead appear calculated to embarrass, annoy, and intimidate correctional personnel.

       Similarly, the deposition of Witness # 3, a MTA/Licensed Vocational Nurse [LVN], lasting some six hours, was taken on April 13. While questions relating to the witness's background, training, and licensing as a LVN, all of which will necessarily be redacted from the transcript, were appropriate in light of the claims and this Court's order, inquiry into disciplinary actions, disability leave, length of marriage, and surgery are of marginal if any relevance and not reasonably calculated

to lead to the discovery of admissible evidence. *See* Declaration of Dane R. Gillette. Plaintiff was provided with a redacted version of the LVN license for Witness # 3. Defendants will make a complete version available for the Court's review in camera, as well as the personnel file should the Court so request.[1] As with Witness # 3 further investigation along the lines suggested by the deposition is excessive and unnecessary to answer the questions identified in the Court's Protective Order.

The Court has wide discretion in controlling discovery. *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996). Defendants submit that any further depositions should be reasonably limited to questions dealing relating to preparation and training for conducting a lethal injection execution.

Similar concerns also apply to any depositions of other prison officials, including current or former wardens. Preparation for and experience in directing prior executions are certainly legitimate areas of inquiry in the circumstances of this case, but personal background information is not.

---

1. Defendants did not disclose to Plaintiff the name of Witness # 3. We will explain our position in response to Plaintiff's motion to compel discovery.

Notice Of Motion And Motion To Clarify and/or Modify Protective Order - C 06-219 JF RS

4

## CONCLUSION

For the above reasons Defendants respectfully request that the Protective Order filed April 3, 2006, be modified to prohibit Plaintiff from conducting background investigations of present or former execution team members and to clarify the scope of background information about which execution team members and other prison officials may be questioned.

Dated: April 17, 2006

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

ROBERT R. ANDERSON
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

RONALD S. MATTHIAS
Supervising Deputy Attorney General

DANE R. GILLETTE
Senior Assistant Attorney General

Attorneys for Defendants