1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**E-filed 9/22/06**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES, | Case Number C 06 219 JF RS |
| Plaintiff, | Case Number C 06 926 JF RS |
| v. | <u>DEATH-PENALTY CASE</u> |
| James E. TILTON, Acting Secretary of the California Department of Corrections and Rehabilitation, and Robert L. Ayers Jr., Acting Warden of San Quentin State Prison, | ORDER REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND REQUESTS FOR STAYS; ORDER ON OTHER PENDING MOTIONS |
| Defendants. | [Docs. Nos. 220-21, 224, 234, 237, 2xx] |

19

20

21

22

23

24

25

26

27

28

The present action involves a challenge to California's lethal-injection protocol, which is known as San Quentin Operational Procedure No. 0-770, or OP 770. On September 12, 2006, the magistrate judge to whom this action has been referred for discovery disputes issued an order granting in part and denying in part Plaintiff's second motion to compel discovery. (Doc. No. 209.) The order, inter alia, compelled Defendants and nonparty witness Office of Governor Arnold Schwarzenegger of California ("the Governor's Office") to produce certain documents by September 22, 2006, in light of the evidentiary hearing in this action that is scheduled to commence on September 26, 2006.

It is the Court's understanding that most of the discovery ordered by the magistrate judge is proceeding. However, Plaintiff, Defendants, and the Governor's Office object to discrete parts

of the magistrate judge's order.  Their objections, along with related requests by Defendants and the Governor's Office for partial stays of the magistrate judge's order, now are before the Court. (Docs. Nos. 220, 221, & 224.)  "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (2006).

The Court has reviewed the briefs submitted in support of and in response to the objections and has considered the oral arguments of counsel presented during a telephonic hearing on September 21, 2006.  In addition, Defendants and the Governor's Office have lodged with the Court under seal the documents that are the subject of their objections to permit the Court to review the documents in camera.

I

Plaintiff objects to the magistrate judge's denial of some discovery regarding possible medical misconduct by members of the execution team and in the units in which such members work.  While the magistrate judge did order—and Defendants do not object to—the disclosure of documents regarding investigations of execution team members (including investigations of alleged medical misconduct),[1] Plaintiff is concerned that there may have been relevant allegations of misconduct that were not investigated due to a "culture of concealment" in California's prison system that has been found in the ongoing litigation in *Plata v. Schwarzenegger*, No. C 01 1351 TEH (N.D. Cal. filed April 5, 2001), whereby the provision of medical care by Defendants has been placed in a federal receivership.  (*See* Doc. No. 225-3.)

The magistrate judge appropriately decided not to expand the scope of discovery at this late stage of the present litigation.  Plaintiff's allegations of a lack of professionalism on San

---

[1]Defendants have submitted to the Court under seal for review in camera one such set of documents regarding an investigation of alleged medical misconduct by an execution team member; the investigation concluded with a finding that the allegation of misconduct was not sustained.  Defendants do not object as such to the disclosure of these documents.  Accordingly, Defendants must produce these documents as well as any other such documents.  Because the protective order previously issued in this action necessarily governs such documents, Defendants' request for a further protective order is denied.

Case Nos. C 06 219 JF RS & C 06 926 JF RS
ORDER REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND REQUESTS FOR STAYS;
ORDER ON OTHER PENDING MOTIONS
(DPSAGOK)

Quentin's medical staff certainly are relevant to the constitutionality of a lethal-injection protocol that relies on members of San Quentin's medical staff for its implementation.  However, considering that Plaintiff has been permitted significant discovery into these matters already, that Defendants may remove and replace individual execution team members at any time, and that the Court may take judicial notice of relevant documents filed including factual findings made and legal conclusions reached in *Plata*, the Court cannot say that the magistrate judge's decision not to expand the scope of discovery to the extent sought by Plaintiff was clearly erroneous or contrary to law.

II

On February 28, 2006, following Defendants' decision not to proceed with Plaintiff's execution, a meeting was held at the Governor's Office to consider revisions to OP 770. Participants at the meeting included Senior Assistant Attorney General Dane R. Gillette, lead counsel for Defendants, and Bruce Slavin, Chief Counsel for the California Department of Corrections and Rehabilitation.  Messrs. Gillette and Slavin each took two pages of notes at the meeting.  These notes are the documents that Defendants object to producing.

Defendants contend that the documents at issue are protected from discovery as attorney work product pursuant to Federal Rule of Civil Procedure 26(b)(3).  Specifically, Defendants assert that the magistrate judge's September 12 order failed to analyze expressly the assertion of the work-product doctrine by *Defendants*, as distinguished from a similar assertion made by the Governor's Office.

While Defendants' assertion is correct as far as it goes, it omits the fact that the documents at issue were the subject of a prior order issued on May 2, 2006 (Doc. No. 151), in which the magistrate judge granted in part and denied in part Plaintiff's first motion to compel discovery[2] and to which Defendants did not object.[3]  It has been more than four months since the

---

[2]In particular, in the September 12 order, the magistrate judge correctly determined that requests nos. 3 and 5 from Plaintiff's third set of document requests—seeking "notes generated by any CDCR employee [or] representative . . . at the meeting called by the Governor's legal affairs secretary . . ." and "notes generated by any CDCR employee [or] representative . . . that refer to the process concluded upon

3

magistrate judge issued the May 2 order.[4]  Though the Court may well have sustained a timely and properly presented objection to the production pursuant to the May 2 order of the documents at issue, it is now too late for Defendants to object to their production.  *See* Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.").  Accordingly, the magistrate judge's September 12 order compelling production of these documents was neither clearly erroneous nor contrary to law.

Pursuant to the terms of the magistrate judge's order, the discovery compelled from Defendants is due on September 22, 2006, the date of the present order.  Accordingly, Defendants' request for a partial stay of the magistrate judge's order is moot by the present order.  Even if the request for a stay were not moot, the Court would deny it because of the overriding importance of proceeding with the evidentiary hearing as scheduled.

III

In March 2006, Plaintiff sought discovery from Defendants regarding documents in the possession of the Governor's Office, including documents related to the February 28 meeting.  Defendants initially agreed to disclose such discoverable documents.  However, on August 8,

---

at the meeting called by the Governor's legal affairs secretary"—were "specific iterations of earlier document requests" that were governed by the May 2 order.  (Doc. No. 209 at 3.)

[3]Indeed, Defendants had not even identified the documents in a privilege log so as to preserve any claim of protection under the work-product doctrine, although Defendants had raised the work-product doctrine in an inadequate attempt to cover the documents at issue in a general way.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *see also* Fed. R. Civ. P. 26(b)(5) (requiring that party claiming protection of attorney work product "shall make the claim expressly and shall describe the nature of the documents . . . in a matter that . . . will enable other parties to assess the applicability of the . . . protection").  Although Defendants chose not to rely on the work-product doctrine (instead emphasizing the deliberative-process privilege) in their briefing opposing Plaintiff's first motion to compel and at oral argument before the magistrate judge on that motion, the nature of the documents was readily apparent, and there is no reason why the work-product doctrine could not have been asserted properly at that time.

[4]It has been more than six months since Plaintiff initially requested the documents at issue.

4

1   2006, Plaintiff was informed (on the basis of what counsel for the Governor's Office at oral

2   argument termed a "judgment call") that "the Office of the Governor of the State of California is

3   a separate and independent state agency and is not a party to this action," and that Plaintiff would

4   have to obtain any such documents by subpoena.  Soon thereafter, Plaintiff issued a subpoena to

5   the Governor's Office.  In response, the Governor's Office asserted that some of the requested

6   documents are subject to various privileges, including the attorney-client privilege, or protected

7   from disclosure by the work-product doctrine; the Governor's Office contends that the attorney-

8   client privilege and the work-product doctrine are applicable because it, like Defendants' lead

9   counsel and general counsel, in effect is counsel for Defendants because of the Governor's

10  supervisory rôle in overseeing litigation against the State.

11         The magistrate judge found the positions taken by the Governor's Office to be internally

12  inconsistent and without merit, and this Court has reached the tentative conclusion that the

13  magistrate judge's ruling is neither clearly erroneous nor contrary to law.  Nonetheless, in the

14  interests of comity and respect for the separation of powers, the Court will defer ruling on the

15  objections asserted by the Governor's Office until after the impending evidentiary hearing.

16  Having reviewed the documents in camera and having found them to be largely cumulative and

17  not particularly probative with respect to the central issues to be addressed at the evidentiary

18  hearing (*cf.* Fed. R. Evid. 403), and in light of the Court's inherent power to permit and order any

19  necessary further development of the factual record following the conclusion of the hearing, the

20  Court finds that Plaintiff will not be prejudiced by not having access to the documents prior to

21  the hearing.  Moreover, the Court will be in a better position after the hearing to resolve the

22  instant objections.  Accordingly, the Court will grant a stay of the magistrate judge's order

23  insofar as it applies to the Governor's Office pending further order of the Court.

24                                              IV

25         For the reasons set forth herein, and good cause therefor appearing, Plaintiff's and

26  Defendants' objections to the magistrate judge's order granting in part and denying in part

27  Plaintiff's second motion to compel discovery are overruled; Defendants' request for a partial

28

5

1  stay of such order is denied; the Court will defer ruling on the objections of nonparty witness

2  Office of Governor Arnold Schwarzenegger of California until after the impending evidentiary

3  hearing; the request for a stay of the magistrate judge's order insofar as it compels discovery

4  from the Governor's Office is granted subject to further order of the Court.

5  V

6      A number of other pending motions were discussed during the September 21 telephonic

7  hearing.  For the reasons stated on the record at the hearing, and good cause therefor appearing,

8  Plaintiff's motion for a continuance of the evidentiary hearing and a corresponding motion to

9  shorten time are denied; Plaintiff's motion regarding redactions is granted pursuant to the terms

10  set forth at the hearing; and Defendants are required to make Witness No. 9 available for

11  deposition pursuant to the schedule agreed upon by counsel.

12      IT IS SO ORDERED.

14  DATED:  September 22, 2006

                JEREMY FOGEL
15                  United States District Judge

Case Nos. C 06 219 JF RS & C 06 926 JF RS
ORDER REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND REQUESTS FOR STAYS;
ORDER ON OTHER PENDING MOTIONS
(DPSAGOK)