**E-filed 12/6/06**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES,<br><br>                Plaintiff,<br><br>        v.<br><br>James E. TILTON, Secretary of the California Department of Corrections and Rehabilitation, and Robert L. Ayers Jr., Acting Warden of San Quentin State Prison,<br><br>                Defendants. | Case Number C 06 219 JF RS<br>Case Number C 06 926 JF RS<br><br>DEATH-PENALTY CASE<br><br>ORDER REGARDING OBJECTIONS TO EVIDENCE AND REQUEST FOR JUDICIAL NOTICE<br><br>[Docket Nos. 257, 258, 272] |

At the evidentiary hearing in the above-entitled action, Exhibits 1 through 148 were admitted into evidence, subject to the right of the parties to file objections subsequent to the hearing. Plaintiff has filed objections to the admission of several exhibits; Defendants object conditionally to several other exhibits. Plaintiff also has filed a request for judicial notice.

I

Plaintiff objects to the admission of Exhibits 32, 39, 73, 79, and 99. Defendants agree that these exhibits should not be admitted; the objections to the exhibits are sustained.

Plaintiff objects to the admission of Exhibits 33 (Dr. Brent R. Ekins's report), 34 (list of Dr. Ekins's source material), 35 (table regarding sodium thiopental from Dr. Ekins's materials), and 36 (Dr. Robert C. Singler's report). Drs. Ekins and Singler testified as expert witnesses on

behalf of Defendants at the evidentiary hearing. Plaintiff cross-examined Drs. Ekins and Singler extensively at the evidentiary hearing regarding the subject matter contained in these exhibits, which are relevant and not prejudicial. The exhibits may be considered pursuant to Federal Rule of Evidence 703. The exhibits are admissible; the objections to the exhibits are overruled.

Plaintiff objects to the admission of Exhibits 44 (Dr. Kevin T. Concannon's declaration in *Brown v. Beck*), 45 (the amicus brief of Dr. Concannon et al. in *Hill v. McDonough*), and 46 (Dr. Concannon's declaration in *Page v. Beck*). Dr. Concannon testified as an expert witness for Plaintiff at the evidentiary hearing. Plaintiff examined Dr. Concannon extensively at the evidentiary hearing regarding the subject matter contained in these exhibits, which are relevant and not prejudicial. The exhibits may be considered pursuant to Federal Rule of Evidence 703. The Court may take judicial notice of the exhibits. The exhibits are admissible; the objections to the exhibits are overruled.

Plaintiff objects to the admission of Exhibits 75 through 77, which are "controlled substance inventory logs" from San Quentin State Prison's pharmacy. These exhibits were the subject of direct examination and cross-examination during the evidentiary hearing; Dr. Mark J.S. Heath, an expert witness for Plaintiff, testified regarding Exhibit 76. The exhibits are relevant and not prejudicial. The exhibits may be considered pursuant to Federal Rule of Evidence 703. The exhibits are admissible; the objections to the exhibits are overruled.

Plaintiff objects to the admission of Exhibit 148, which is an article entitled "Pharmacodynamics and Pharmacokinetics of Thiopental," by Hélène Russo and Françoise Bressolle. Plaintiff had this exhibit marked at the evidentiary hearing and questioned Dr. Ekins about it during cross-examination. The exhibit is relevant and not prejudicial. This exhibit may be considered pursuant to Federal Rule of Evidence 703. The exhibit is admissible; the objections to the exhibit are overruled.

Defendants object conditionally to the admission of Exhibits 41, 49, 51, 138, 142, and 143, in the event the Court sustains Plaintiff's objections to Exhibits 33 through 36. Defendants' conditional objections are mooted by the present order.

Finally, Plaintiff requests that the Court take judicial notice of the order to show cause

2

Case Nos. C 06 219 JF RS & C 06 926 JF RS
ORDER REGARDING OBJECTIONS TO EVIDENCE AND REQUEST FOR JUDICIAL NOTICE
(DPSAGOK)

1 issued in *Plata v. Schwarzenegger*, No. C 01 1351 TEH, 2005 WL 2932243 (N.D. Cal. May 10,
2 2005), and Judge Henderson's subsequent findings of fact and conclusions of law, 2005 WL
3 2932253 (N.D. Cal. Oct. 3, 2005). Defendants have not filed a response to this request, which
4 the Court must grant pursuant to Federal Rule of Evidence 201.

## II

Accordingly, and good cause therefor appearing, Plaintiff's objections to the admission of Exhibits 32, 39, 73, 79, and 99 are sustained; Plaintiff's objections to the admission of Exhibits 33, 34, 35, 36, 44, 45, 46, 75, 76, 77, and 148 are overruled; Defendants' conditional objections to Exhibits 41, 49, 51, 138, 142, and 143 are deemed moot; and Plaintiff's request for judicial notice of the order to show cause and the findings of fact and conclusions of law issued in *Plata v. Schwarzenegger* is granted.

IT IS SO ORDERED.

DATED: December 5, 2006

_____
JEREMY FOGEL
United States District Judge