\*\*E-filed 9/27/07\*\*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>James E. TILTON, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>    Defendants. | Case Number 5-6-cv-219-JF-RS<br>Case Number 5-6-cv-926-JF-RS<br><br><u>DEATH-PENALTY CASE</u><br><br>ORDER FOLLOWING GRANT OF CERTIORARI IN *BAZE V. REES* |
| PACIFIC NEWS SERVICE,<br><br>    Plaintiff,<br><br>    v.<br><br>James E. TILTON, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>    Defendants. | Case Number 5-6-cv-1793-JF-RS<br><br><u>DEATH-PENALTY CASE</u><br><br>ORDER FOLLOWING GRANT OF CERTIORARI IN *BAZE V. REES* |

  Yesterday, the Supreme Court of the United States granted certiorari in *Baze v. Rees*, No. 07-5439, 2007 WL 2075334 (U.S. Sept. 25, 2007) (mem.). The questions presented by the petition for certiorari in *Baze* are:

    I.  Does the Eighth Amendment to the United States Constitution prohibit means for carrying out a method of

> execution that create an unnecessary risk of pain and suffering as opposed to only a substantial risk of the wanton infliction of pain?
> II. Do the means for carrying out an execution cause an unnecessary risk of pain and suffering in violation of the Eighth Amendment upon a showing that readily available alternatives that pose less risk of pain and suffering could be used?
> III. Does the continued use of sodium thiopental, pancuronium bromide, and potassium chloride, individually or together, violate the cruel and unusual punishment clause of the Eighth Amendment because lethal injections can be carried out by using other chemicals that pose less risk of pain and suffering?
> IV. When it is known that the effects of the chemicals could be reversed if the proper actions are taken, does substantive due process require a state to be prepared to maintain life in case a stay of execution is granted after the lethal injection chemicals are injected?

Br. for Pet'r at ii–iii, *Baze* (filed July 11, 2007). While the issues presented in *Morales v. Tilton* are not identical in all respects to those before the Supreme Court in *Baze*, it would appear that at the very least the Supreme Court's decision in *Baze* is likely to affect this Court's legal analysis and conclusions. The order granting certiorari indicates that the Supreme Court will not hear argument in *Baze* until early in 2008.

The Court held a joint status conference in the above-captioned related actions on September 14, 2007. At that conference, the Court set a fact-discovery cutoff date of November 16, 2007, scheduled proceedings at San Quentin State Prison on November 19, 2007, and set a further evidentiary hearing in *Morales* for December 10 and 11, 2007. The Court is interested in the parties' views as to what impact, if any, the Supreme Court's grant of certiorari in *Baze* should have on this schedule. Accordingly, and good cause therefor appearing, the parties to both actions shall file, on or before October 1, 2007, letter briefs not to exceed five (5) pages in length addressing this question. Counsel should not assume from this request for briefing that the Court is inclined to make further changes to the case schedule in *Morales* absent a compelling reason for doing so.

In addition, counsel advised the Court at the September 14 conference that the Marin Superior Court has scheduled argument in Plaintiff Morales's related state-law action for October

Case Nos. 5-6-cv-219-JF-RS, 5-6-cv-926-JF-RS, & 5-6-cv-1793-JF-RS
ORDER FOLLOWING GRANT OF CERTIORARI IN *BAZE V. REES*
(DPSAGOK)

1  24, 2007. By this order, the Court directs the parties to file a joint statement immediately
2  following that hearing indicating the status of the action. In addition, Defendants shall advise the
3  Court immediately if it appears that construction of the new execution chamber will not be
4  completed prior to November 19, 2007.
5      Defendants' motion to dismiss the first amended complaint in *Pacific News Service v.*
6  *Tilton* currently is set for argument on October 26, 2007. In light of the current status of
7  *Morales*, and for the reasons stated by the Court at the September 14 conference, the October 26
8  hearing will be vacated; all pending motions in *Pacific News Service* are terminated without
9  prejudice to being restored to the Court's calendar at a later date.
10     IT IS SO ORDERED.

12 DATED: September 26, 2007

    _____
    JEREMY FOGEL
    United States District Judge

Case Nos. 5-6-cv-219-JF-RS, 5-6-cv-926-JF-RS, & 5-6-cv-1793-JF-RS
ORDER FOLLOWING GRANT OF CERTIORARI IN *BAZE V. REES*
(DPSAGOK)