EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General
MICHAEL J. QUINN, State Bar No. 209542
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5726
 Fax:  (415) 703-5843
 Email:  Michael.Quinn@doj.ca.gov

Attorneys for Defendants Schwarzenegger, Tilton, and Ayers

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES,<br><br>                              Plaintiff,<br><br>     v.<br><br>JAMES TILTON, et al.,<br><br>                              Defendants. | C06-0219 JF<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Date: October 30, 2007<br>Time: 2:00 p.m.<br>Courtroom: 4<br>Judge: Hon. Richard Seeborg |

Defendants Schwarzenegger, Tilton, and Ayers (Defendants) submit their Memorandum of Points and Authorities in Support of their Motion for Protective Order.

## I.

## INTRODUCTION

During the past several months, Defendants have worked diligently to produce documents from the Governor's Office and California Department of Corrections and Rehabilitation (CDCR) that are responsive to Plaintiff's extensive discovery requests. Plaintiff has had nearly three months to review the documents produced by CDCR, and has had the Governor's Office documents for nearly two months.

On October 15, 2007, Plaintiff served Defendants Tilton and Ayers, and Defendant Schwarzenegger with additional interrogatories. Interrogatory Number Seven in both documents[1] calls for Defendants to review each page of the more than 19,000 pages of documents that have been produced during the past several months in order to identify, among other things, the persons to whom the document was provided, the author of any handwriting on the document, the date the handwriting was placed on the document, and all persons who "reviewed" the handwritten notations.

Federal Rule of Civil Procedure 26(c) allows the court to make any order when justice requires to protect a party from an undue discovery burden. Here, responding to Plaintiff's Interrogatory Number Seven would be unduly burdensome, since it would require Defendants to review thousands of pages that have already been produced to Plaintiff in compliance with Federal Rule of Civil Procedure 34.

In addition, Interrogatory Number Six to Defendants Tilton and Ayers requests a list of inmate complaints relating to medical care filed against team members in the past ten years. Such information is not relevant to this case, which does not concern medical care issues. It would also be unduly burdensome to respond to that interrogatory, since it would require the

---

1. Defendants Tilton and Ayers were served with the "Plaintiff's Third Interrogatories to Defendants." Defendant Schwarzenegger was served with "Plaintiff's Second Post-Hearing Interrogatories to Defendant Schwarzenegger."

Def.'s Mem. P. & A. Supp. Prot. Order      Michael Angelo Morales v. James Tilton, et al.
C06-0219 JF

1

review of thousands of inmate files.

Accordingly, because both Interrogatory Number Six to Defendants Tilton and Ayers, and Interrogatory Number Seven to all three Defendants, seek irrelevant information and are unduly burdensome, this court should order that Defendants are not required to answer those interrogatories.

## II.

## STATEMENT OF FACTS

### A. Document Production by CDCR and the Governor's Office Since June 2007

On June 20, 2007, Plaintiff served Defendants Tilton and Ayers with 62 document production requests. (Decl. of M. Quinn Supp. Mot. for Prot. Order (Decl. M. Quinn) ¶ 2.) The parties agreed to a week's extension (from July 20, 2007 to July 27, 2007) to allow Defendants' counsel to complete their review of over 15,000 pages of documents, finalize a privilege log, and produce the documents to Plaintiff. (*Id.* ¶ 3.) On July 27, 2007, the documents were produced in the manner that the CDCR maintained them, and included numerous page breaks that indicated where one document ended and another began. (*Id.* ¶ 4.)

Several days after these documents were produced, Plaintiff served Defendant Schwarzenegger with 62 document production requests. (*Id.* ¶ 5.) On September 4, roughly 3,000 pages of documents were provided to Plaintiff. (*Id.* ¶ 6.) Like the documents provided on July 27, those documents were produced in the manner that the Governor's Office maintained them, and included page separations that demonstrated where one document ended and the other began. (*Id.* ¶ 6.)

Additional CDCR documents have been provided to Plaintiff throughout September and October. (*Id.* ¶¶ 7-9.) Defendants most recently provided more than 1,300 pages of materials related to the new training manuals, and are preparing to produce other documents related to the training manuals to Plaintiff. (*Id.* ¶¶ 7-9.) In addition, on October 18, Defendants produced an amended discovery response that contained Bates-stamp numbers that corresponded to each document request. (*Id.* ¶ 9.)

/ / /

Def.'s Mem. P. & A. Supp. Prot. Order                    Michael Angelo Morales v. James Tilton, et al.
                                                                                            C06-0219 JF

2

### B. Plaintiff's October 15, 2007 Interrogatories

On October 15, 2007, Plaintiff propounded his Third Interrogatories to Defendants Tilton and Ayers, and his "Second Post-Hearing Interrogatories to Defendant Schwarzenegger." (*Id.* ¶¶ 13-14.) Interrogatory Number Six to Tilton and Ayers states the following:

"For each execution team member, provide a list of inmate complaints relating to medical care filed against that team member in the past ten years by date, inmate name and number, and nature of the complaint." (*Id.* ¶ 14.)

Interrogatory Number Seven to all three Defendants requests the following information:

"For each document produced in response to Plaintiff's Request for Production of Documents and Electronically Stored Information dated June 20, 2007, identify:

    a.    The bates number given the document;

    b.    The date the document was created;

    c.    The person(s) who created it;

    d.    The person(s) to whom it was provided;

    e.    The date it was provided to all persons in subpart d;

    f.    The author of any handwriting of the document;

    g.    The date such handwriting was placed on the document;

    h.    All persons who reviewed the handwritten notations.

(*Id.* ¶¶ 13-14.)

Defendants have responded to more than 120 document requests and numerous interrogatories from Plaintiff during the past several months, and they have attempted to move the discovery process along. However, because responding to the interrogatories referenced above would be unduly burdensome, and request irrelevant information, Defendants seek a protective order from this court.

### C. Meet and Confer Information

On October 18, 2007, Defendants sent Plaintiff's counsel a letter that requested that Interrogatory Number Seven to both Defendant Schwarzenegger and Defendants Tilton and Ayers and Interrogatory Number Six to Defendants Tilton and Ayers be withdrawn. (*Id.* ¶ 11.)

Def.'s Mem. P. & A. Supp. Prot. Order            Michael Angelo Morales v. James Tilton, et al.
C06-0219 JF

3

The letter proposed that the parties confer about the interrogatories the following day. (*Id.*)

Plaintiff's counsel did not respond to Defendants' October 18 letter. (*Id.*) On October 23, Defendants contacted Mr. Grele in order to discuss the interrogatories in question and request that they be withdrawn. (*Id.* ¶ 12.) After Mr. Grele indicated that he would not withdraw the interrogatories, Defendants informed him that they would be filing this motion. (*Id.*)

## III.

## ARGUMENT

### A. The Court Has Broad Discretion to Grant a Protective Order Where, as Here, the Interests of Justice are Served by Placing Reasonable Limits on Discovery.

Federal Rule of Civil Procedure 26(c) provides that when a party responding to discovery shows good cause, the court can issue an order to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense." The Supreme Court has interpreted this language to confer "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Supreme Court further noted that the trial court is in a unique position to weigh the needs of the parties and should be given substantial latitude to do so:

> [T]rial court is in the best position to weigh the fairly competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.

*Id.; see also* 8 Wright, Miller & Marcus, Federal Practice and Procedure, Civil §§ 2036, at 489 (2d ed. 1994) ("Thus, a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule.").

As explained more fully below, consistent with the requirements of Rule 26(c), good cause exists in this case for a protective order regarding the recently propounded Interrogatory Number Six to Defendants Tilton and Ayers, and Interrogatory Number Seven to all Defendants.\

/ / /

/ / /

/ / /

Def.'s Mem. P. & A. Supp. Prot. Order    Michael Angelo Morales v. James Tilton, et al.
C06-0219 JF

4

**1. Interrogatory Number Six to Defendants Tilton and Ayers Seeks Irrelevant Information, and Responding to it Would be Unduly Burdensome.**

Interrogatory Number Six to Defendants Tilton and Ayers, which seeks "a list of inmate complaints relating to medical care filed against that team member in the past ten years by date, inmate number, and nature of that complaint," is both unduly burdensome and seeks irrelevant information. Because this court has noted that an execution is not a medical procedure, the information sought in Interrogatory Number Six is not relevant in this case. (Memorandum of Intended Decision, 16:15-18.) Moreover, unless an inmate complaint had resulted in some sort of personnel action involving a team member, the complaint would appear only in the inmate's file, not the team member's personnel file. (Decl. of S. Kernan Supp. Mot. for Prot. Order ¶ 2.) Accordingly, to respond completely to Interrogatory Number Six, the following steps would have to be undertaken:

    a. Defendants would have to ascertain where each team member worked over a 10-year period of time. CDCR oversees 33 adult institutions, 46 adult firefighting conservation camps, 8 juvenile facilities, and 2 juvenile conservation camps;

    b. Each identified institution/facility would need to correlate what inmates or wards were incarcerated at those institutions/facilities during the time period that the named team member served;

    c. Current locations for identified offenders would need to be found;

    d. Files for inmates or wards currently housed with CDCR would have to be pulled and reviewed to locate complaints over a 10-year period;

    e. Details of individual complaints would have to be reviewed to see if one of the specific officers were named;

    f. Archived complaints for inmates or wards no longer under CDCR control would have to be located, pulled, and reviewed for possible complaints over a 10-year period;

    g. Detailed individual archive complaints would have to be reviewed to determine if one of the specific officers were named.

(*Id.* ¶ 3.)

Def.'s Mem. P. & A. Supp. Prot. Order    Michael Angelo Morales v. James Tilton, et al.
C06-0219 JF

5

Such an undertaking would involve the review of thousands of inmate files. (*Id.* ¶ 4.)

This court has recognized that Plaintiff is entitled to information regarding the training, experience, and competence of execution-team members, and Defendants are prepared to provide Plaintiff with information concerning the Personnel, Supervisory, Training, and CI&I files of execution-team members. But Defendants should not be required to attempt to locate inmate complaints related to medical care that have been filed against team members during the past ten years, because such an undertaking would be unduly burdensome and is not relevant to the issues in the case.

### 2. Interrogatory Number Seven Seeks Irrelevant Information and is Unduly Burdensome.

Plaintiff has had the documents produced by the Governor's Office for more than six weeks, and has had the materials provided by CDCR for nearly three months. Those documents were produced in the manner in which each of those entities maintained them, and included numerous "document breaks" in order to alert Plaintiff to where one document ends and the next begins. Defendants have spent a significant portion of the past several months reviewing thousands of pages of documents, Bates-labeling them, creating privilege logs, and producing the materials to ensure that: (1) Plaintiff's counsel obtains the information they are entitled to, and (2) the case can proceed. To date, Defendants have produced more than 19,000 pages of documents to Plaintiff related to the revised lethal-injection protocol.

Interrogatory Number Seven requests that Defendants review each of the 19,000 pages of documents and, among other things, identify the individual who created the document, any persons to whom it was provided, the author of any handwriting on the document, the date the handwriting was placed on the document, and the identity of any individuals who reviewed the handwritten notations.

Federal Rule of Civil Procedure 34(b) mandates that a party either produce documents as they are kept in the ordinary course of business or organize and label them to correspond with the categories in the request. The documents produced by both the Governor's Office and CDCR were provided in the manner in which they were kept. (Decl. M. Quinn ¶ 4.) Moreover, after

Def.'s Mem. P. & A. Supp. Prot. Order    Michael Angelo Morales v. James Tilton, et al.
C06-0219 JF

6

conferring with Plaintiff, Defendants recently served an amended discovery response that set forth the CDCR bates-stamp numbers that corresponded to each document request. (*Id.* ¶ 9.)

Nothing in FRCP 34(b) requires a party, after responding to the opposing party's document requests, to review thousands of pages of documents in order to provide further information regarding, among other things, to whom the documents were provided, when any handwriting was placed on the document, and who, if anyone, was provided with the handwritten notations.

If this court believes that Defendants should review the documents in the manner requested by Plaintiff, the review should be limited to specific documents that are material to the final outcome of the case. The issue in this case is whether the revised protocol satisfies the Eighth Amendment. Plaintiff does not need detailed information about every document related to the revision process in order to present his case to the court that the protocol violates the Eighth Amendment.

Moreover, it would be unduly burdensome for Defendants, who have made every effort to provide responsive documents to Plaintiff, to review every page that it has produced to Plaintiff during the past several months. Such an effort, which would require a significant amount of time, likely would reveal little, if any, relevant information to Plaintiff. The materials produced by Defendants include numerous e-mails between individuals who had a role in writing the revised lethal-injection protocol, communications with other states regarding their protocols, numerous research materials that were consulted by Defendants in the course of revising the protocol, and hundreds of pages of draft protocol materials. Contrary to Plaintiff's frequent assertions, there has been no "shuffling of the deck" or any other abusive conduct concerning the document production in this case. Plaintiff should not be permitted to burden Defendants and attempt to delay the proceedings by forcing Defendants to review every single document that has been produced in connection with the revised protocol.[2]

---

2. Interrogatory Number Seven is also objectionable because by requesting that Defendants review hundreds of pages of documents, they have essentially bundled hundreds of interrogatories into a single interrogatory. FRCP 33(a) states that a party's written interrogatories cannot exceed "25 in number."

Def.'s Mem. P. & A. Supp. Prot. Order                                          Michael Angelo Morales v. James Tilton, et al.
                                                                                                            C06-0219 JF

7

## IV.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Protective Order should be granted.

Dated: October 25, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

THOMAS S. PATTERSON
Supervising Deputy Attorney General

_____
MICHAEL J. QUINN
Deputy Attorney General
Attorneys for Defendants
Schwarzenegger, Tilton, and Ayers

20109788.wpd
SF2007200210

Def.'s Mem. P. & A. Supp. Prot. Order    Michael Angelo Morales v. James Tilton, et al.
C06-0219 JF

8