David A. Senior (SBN 108759)
MCBREEN & SENIOR
2029 Century Park East, Third Floor
Los Angeles, California  90067
Phone:  (310) 552-5300
Fax:  (310) 552-1205
dsenior@mcbreensenior.com

John R. Grele (SBN 167080)
LAW OFFICE OF JOHN R. GRELE
149 Natoma Street, 3rd Floor
San Francisco, California 94105
Phone:  (415) 348-9300
Fax: (415) 348-0364
jgrele@earthlink.net

Richard P. Steinken (admitted PHV)
JENNER & BLOCK
353 N. Clark Street
Chicago, IL 60654
Phone:  (312) 923-2938
Fax:  (312) 840-7338
rsteinken@jenner.com

Attorneys for Plaintiff
MICHAEL A. MORALES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **MICHAEL ANGELO MORALES,** | C 06-0219 JF |
| Plaintiff, | **PLAINTIFF'S STATEMENT FOLLOWING REGULATORY ACTION** |
| **v.** | |
| **MATTHEW CATE, et al.,** | |
| Defendants. | |

In response to this Court's August 6, 2010 Order Following Regulatory Action, Plaintiff Michael A. Morales submits this statement following regulatory action:[1]

A. **History of Proceedings.**

On February 21, 2006, this Court issued an order allowing defendant CDCR to execute plaintiff Michael Morales with an execution protocol that was a clear departure from OP 770. Plaintiff objected to the revised protocol that day on the grounds that it was not drafted in compliance with the California Administrative Procedures Act. With the APA objection pending in the California Supreme Court, CDCR elected to let the death warrant for plaintiff expire, rendering the APA objection moot.

On or about March 6, 2006 and May 15, 2007, CDCR again made revisions to OP 770, and again did so on both occasions without regard to its obligations under the APA. Plaintiff again objected to the revisions on the grounds that they were not drafted in compliance with the APA. CDCR denied that its conduct violated the APA. Plaintiff was required to sue CDCR and seek an injunction against CDCR for its failure to comply with the APA.

CDCR lost the lawsuit and was permanently enjoined from carrying out lethal injections of any condemned inmates by use of its revised protocols "unless and until *OP 770* is promulgated as a regulation in full compliance with the APA." (Emphasis added). CDCR appealed. CDCR requested that the injunction be stayed during appeal. The request was denied. CDCR requested that the appeal be expedited. The request was denied. CDCR requested the appeal to be transferred to the California Supreme Court. The request was denied. CDCR appealed and argued to dissolve the permanent injunction to the California Court of Appeal. CDCR lost the appeal. CDCR requested that the California Supreme Court de-publish the opinion. The request was denied.

---

[1] Plaintiff's counsel initiated contact with defendants' counsel on August 25 in order to prepare a Joint Report. Defendants' counsel was unwilling to explore entering any stipulations or joint agreements prior to the close of business on August 30, initially instructing plaintiff on August 30 to state his position at the end of defendants' draft and e-file the document, then at 4:15 p.m. on August 30, advising plaintiff's counsel that further review before filing was required. Plaintiff therefore files his position separately.

### B. This Case Should Wait for a Resolution of the APA Proceedings.

CDCR is on the record here that its "perspective is basically, we want to speed along the case." RT 9, June 1, 2007. CDCR, however, has not yet promulgated OP 770 as a lethal injection regulation generated in full compliance with the APA. Instead, it contends now that it need not observe the permanent injunction simply because it has changed the title of its execution protocol.[2] CDCR has been put on notice of the deficiencies in its actions under the APA and its failure to satisfy the terms of the injunction in the recently filed *Sims* action pending in Superior Court. CDCR also has failed to seek to dissolve the permanent injunction in the *Morales/Sims* action. *See, e.g.*, Cal. Code Civ. Proc. § 533; Cal. Civ. Code § 3424.

In this regard, the APA issues, including whether OP 770 has been promulgated as a regulation in full compliance with the APA, should be resolved before this Court is required to evaluate the Constitutionality of OP 770 under the 8th Amendment. For this Court to proceed otherwise will create the substantial likelihood that it will use its valuable resources to examine the Constitutionality of a protocol that ultimately will be altered and amended in order to comply with the injunction and the APA. Plaintiff requests that the parties continue to advise the Court

//
//
//
//

---

[2] Pursuant to defendants' indicated belief that they need not observe this Court's stay of execution order regarding plaintiff, they are taking steps to seek a death warrant for plaintiff on September 14, 2010.

1  on the status of the APA proceedings and that this matter be held in abeyance until the APA
2  issues are resolved.
3  Dated:  August 30, 2010                    Respectfully Submitted,
4
5                                              _____/s/_____
                                                David A. Senior
                                                McBREEN &SENIOR
6
                                                Richard P. Steinken
7                                               JENNER & BLOCK
8                                               John R. Grele
                                                LAW OFFICE OF JOHN R. GRELE
9
                                                *Attorneys for Plaintiff*
10                                              MICHAEL A. MORALES
                                                _____
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                              3