1  EDMUND G. BROWN JR.
   Attorney General of California
2  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
3  MICHAEL J. QUINN
   Deputy Attorney General
4  State Bar No. 209542
   455 Golden Gate Avenue, Suite 11000
5  San Francisco, CA  94102-7004
   Telephone:  (415) 703-5726
6  Fax:  (415) 703-5843
   E-mail:  Michael.Quinn@doj.ca.gov
7  *Attorneys for Defendants Schwarzenegger, Cate and*
   *Cullen*

8

               IN THE UNITED STATES DISTRICT COURT
9
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN JOSE DIVISION
11

12  ┌─────────────────────────────────┬──────────────────────────

13  **MICHAEL ANGELO MORALES,**          C 06-0219 JF

14                          Plaintiff,   **STATEMENT FOLLOWING**
                                         **REGULATORY ACTION**
15              v.

16  **MATTHEW CATE, et al.,**

17                         Defendants.

18  └─────────────────────────────────┘

19

20

21

22

23

24

25

26

27

28

1

2

# INTRODUCTION

3     In compliance with this Court's August 6, 2010 Order Following Regulatory Action,

4 Defendants Schwarzenegger, Cate, and Cullen (State Defendants) submit this statement regarding

5 the effect that the new lethal-injection regulations and inmate Mitchell Sims's lawsuit challenging

6 the regulations in Marin County Superior Court should have on scheduling in this case.[1]

7     **A.     State Defendants' Position**

8     The new lethal-injection regulations are now in effect, and the state has moved toward

9 scheduling the executions of several inmates, including Morales.[2]

10          **1.     Compliance with November 2007 Injunction By Adopting Lethal
                 Injections Regulations Under the APA**

11

12     The Marin County Superior Court's November 2007 injunction permanently enjoined the

13 California Department of Corrections and Rehabilitation from carrying out the lethal injection of

14 any condemned inmates under San Quentin State Prison's Operational Protocol 770 unless and

15

16     1 Defendants had intended this statement be part of a joint statement with Plaintiff, as the
Court had requested.  Indeed, Defendants' counsel had given Plaintiff's counsel their portion of
17 the proposed joint statement, and Plaintiff's counsel had committed to timely file it as part of a
joint statement.   Defendants now file this separate statement after Plaintiff filed his own separate
18 statement at approximately 11:15 p.m., the day of the deadline.

19     Defendants provided their portion of the proposed joint statement to each of Plaintiff's
counsel—Messrs. Grele, Senior, and Steinken—on August 29, the day before the filing was due.
20 The afternoon that the statement was due, both sides had agreed that Plaintiff's counsel would file
the joint statement.  Defendants' counsel subsequently asked that they receive an opportunity to
21 view Plaintiff's portion of the statement before it was filed (just as Plaintiff had an opportunity to
see Defendants' portion), since the statement was joint and Defendants may have wanted to
22 respond to issues that Plaintiff raised.  Mr. Grele told Defendants' counsel that he would contact
Mr. Senior, who was drafting Plaintiff's portion, to determine whether this would be feasible.
23 After not hearing back, Defendants' counsel left a voicemail for Mr. Grele later in the evening
regarding the statement's status, but heard nothing from Mr. Grele until Plaintiff filed the separate
24 statement less than an hour before midnight.

25     2 A public session to schedule the execution of Stevie Lamar Fields was noticed for
August 16, 2010, but this date was stayed on August 12 by an order of the California Supreme
26 Court appointing Fields counsel to represent him "for executive clemency proceedings before the
Governor of California, and for related proceedings."  A public session will be conducted today,
27 August 30, to schedule the execution of Albert Greenwood Brown within 30 to 60 days.  State
Defendants expect that future public sessions will soon be noticed for Morales (see discussion at
28 p. 2, lines 20-22), and then Kevin Cooper, David A. Raley, and Mitchell Sims.

1   until OP 770 was promulgated as a state regulation in compliance with the Administrative

2   Procedures Act.  State Defendants complied with the injunction by promulgating regulations

3   under the APA—regulations that the Office of Administrative Law determined to be valid on July

4   30, 2010, and that became effective on August 29, 2010.

5        The Legislature has recognized that when regulations are adopted under the APA and filed

6   with the Secretary of State, they are presumed valid.  Cal. Gov't Code §§ 11343.6, 11350; *see*

7   *also*, *Yamaha Corp. of Am. v. State Bd. of Equalization*, 19 Cal.4th 1, 11 (1998); *Moore v. Cal.*

8   *State Bd. of Accountancy*, 2 Cal.4th 999, 1014-15 (1992); *Life Care Centers of Am. v. CalOptima*,

9   133 Cal.App.4th 1169, 1183 (2005).  Based on the language of the injunction and the completion

10  of the APA regulatory process resulting in the adoption of the lethal injection regulations, State

11  Defendants have fulfilled the November 2007 injunction.  Accordingly, the State is taking the

12  necessary steps to schedule the execution dates of inmates who have been sentenced to death,

13  including Morales.

14       The filing of the state court action by inmate Mitchell Sims, in which he challenges the new

15  lethal-injection regulations, does not bar the state from scheduling executions or engaging in

16  activities mandated under the regulations.  Moreover, the standard of proof to challenge a

17  regulation is high.  The Legislature has provided that a party like Sims, who seeks to invalidate a

18  regulation based on an alleged lack of "necessity," must prove that the regulation "is not

19  supported by substantial evidence."  Cal. Gov't Code § 11350(b)(1).  A party challenging a

20  regulation on the basis that its enactment did not comply with the APA's requirements must also

21  prove that there was a "substantial failure" to comply with the APA if he is to prevail.  Cal. Gov't

22  Code § 11350(a).  The regulations are valid and the scheduling of executions is appropriate.

23       **2.   Anticipated Schedule for Setting an Execution Date for Morales**

24       In early August 2010, the Office of the Governor sent a letter to Morales's counsel setting

25  forth the process and briefing schedule for a clemency application.  In this letter, the Governor's

26  Office stated that it anticipated that the Ventura County Superior Court would soon schedule a

27  date for Morales's execution.  State Defendants expect that, on or about September 2, 2010, the

28  Ventura County District Attorney will request a noticed public session in Ventura County

2

1   Superior Court to schedule the execution.  A public session will likely occur on or about

2   September 14, 2010, at which Plaintiff's execution date will be set thirty to sixty days thereafter.

3       **3.    Status of Current Litigation After Adoption of Lethal Injection
                Regulations**

4

5       Plaintiff's complaint in this case concerns O.P. 770, an operational procedure that is no

6   longer in existence.  O.P. 770 was superseded by the regulations that became effective on August

7   29, 2010.  The state now has presumptively valid regulations for carrying out lethal injections.

8   Plaintiff has not yet challenged the new regulations in this Court.  Therefore, the current

9   complaint does not address the regulations, and is moot.

10      Assuming that Morales chooses to amend this suit to challenge the new regulations despite

11  the Supreme Court's decision in *Baze v. Rees*, 553 U.S. 35 (2008) (holding that Kentucky's three-

12  drug protocol, which mandates use of the same three drugs as California's regulations, does not

13  violate the Eighth Amendment), State Defendants are prepared to participate in any proceedings

14  that this Court schedules.  As part of any further proceedings, State Defendants remain ready to

15  coordinate a judicial inspection of the lethal-injection facilities, at the Court's convenience.

16

17

18  Dated:  August 31, 2010                        Respectfully Submitted,

19                                                 EDMUND G. BROWN JR.
                                                   Attorney General of California
20                                                 THOMAS S. PATTERSON
                                                   Supervising Deputy Attorney General
21

22

23

24                                                 MICHAEL J. QUINN
                                                   Deputy Attorney General
25                                                 *Attorneys for Defendants Schwarzenegger,
                                                   Cate and Cullen*

26

27  SF2007200210
    20335546.doc
28

                                    3.

# CERTIFICATE OF SERVICE

Case Name:   **Michael Angelo Morales v.**          No.   **C 06-0219 JF**
                    **James Tilton, et al.**

I hereby certify that on **August 31, 2010**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## STATEMENT FOLLOWING REGULATORY ACTION

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 31, 2010**, at San Francisco, California.

| D. Criswell | Signature |
|---|---|
| Declarant | |

40460856.doc