| | |
|---|---|
| 1 | EDMUND G. BROWN JR.<br>Attorney General of California |
| 2 | ROCHELLE C. EAST<br>Senior Assistant Attorney General |
| 3 | THOMAS S. PATTERSON<br>Supervising Deputy Attorney General |
| 4 | MICHAEL J. QUINN<br>Deputy Attorney General |
| 5 | State Bar No. 209542<br>  455 Golden Gate Avenue, Suite 11000 |
| 6 |   San Francisco, CA  94102-7004<br>  Telephone:  (415) 703-5726 |
| 7 |   Fax:  (415) 703-5843<br>  E-mail:  Michael.Quinn@doj.ca.gov |
| 8 | *Attorneys for Defendants Schwarzenegger, Cate and Cullen* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **MICHAEL ANGELO MORALES,** | C 06-0219 JF |
| Plaintiff, | **DEFENDANTS' RESPONSES TO COURT'S INQUIRIES** |
| v. | |
| **MATTHEW CATE, et al.,** | |
| Defendants. | |

During the September 21, 2010 joint status conference, this Court requested information from Defendants regarding the following issues: (1) the departures from the current regulations that would be necessary to enable Defendants to perform a lethal-injection execution with a single drug, namely, sodium thiopental; and (2) the amount of notice that the execution team would need to make such changes and conduct a lethal-injection execution with a single drug. Without conceding that the Court has jurisdiction to order a single-drug execution or that such an execution would comply with State law, the following addresses the Court's two questions.

I. **THE CHANGES THAT WOULD BE NECESSARY TO PERFORM AN EXECUTION WITH A SINGLE DRUG.**

The current lethal-injection regulations, which went into effect on August 29, 2010, specify that 1.5 grams of sodium thiopental must be administered by the execution team, followed by a consciousness assessment of the inmate. Cal. Code Regs. tit. 15, § 3349.4.5(g)(5)(A) (2010). After that assessment, a second syringe with 1.5 grams of sodium thiopental is administered by the team. *Id.* at § 3349.4.5(g)(5)(B). If, following the administration of a saline flush and another consciousness assessment, the inmate is determined to be unconscious, the remaining lethal injection chemicals are dispensed. *Id.* at § 3349.4.5(g)(5)(C-H).

To perform a lethal-injection execution with a single drug, Defendants would make several changes to the manner in which the lethal injection chemicals are currently administered. Instead of using a total of three grams of sodium thiopental, as specified in the existing regulations, Defendants would use a total of five grams of sodium thiopental. The sodium thiopental would be administered through five syringes, each containing one gram of the chemical. After all five syringes have been administered, a 50cc saline flush would be dispensed.

As in a three-drug execution, a doctor would monitor an electronic device showing the inmate's vital signs throughout a single-drug execution and determine when the inmate has expired.

In addition, during a single-drug execution, pancuronium bromide and potassium chloride would not be administered. The portions of the current regulations concerning the administration of those chemicals would not be adhered to during such an execution.

1

## II. THE AMOUNT OF NOTICE THAT WOULD BE NECESSARY TO PERFORM AN EXECUTION WITH A SINGLE DRUG.

The current regulations provide that three days before a scheduled execution, the execution team leader must "activate all members of the Lethal Injection Team and schedule daily training and preparedness exercises on each of the three days prior to the scheduled execution." Cal. Code Regs. tit. 15, § 3349.3.6(b)(1) (2010).

If the State were to perform an execution with a single drug, Defendants would prefer that the execution team have three days' notice. That amount of notice would enable the team to conduct daily training and preparedness exercises during the three days before the execution as the current regulations envision.

Dated: September 22, 2010

Respectfully Submitted,

EDMUND G. BROWN JR.
Attorney General of California
ROCHELLE C. EAST
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General

_____
MICHAEL J. QUINN
Deputy Attorney General
*Attorneys for Defendants Schwarzenegger, Cate and Cullen*

SF2007200210
40464603.doc

2

Defs.' Responses to Court's Inquiries (C 06-0219 JF)

# CERTIFICATE OF SERVICE

Case Name:   Michael Angelo Morales v.          No.   C 06-0219 JF
             James Tilton, et al.

I hereby certify that on **September 22, 2010**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' RESPONSES TO COURT'S INQUIRIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  On **September 22, 2010**, I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Habeas Corpus Resource Center**
**303 Second Street, Suite 400 South**
**San Francisco, CA 94107**

**Janice H. Lam**
**Jenner & Block**
**One IBM Plaza**
**Chicago, IL 60611**

**Michael G. Millman**
**California Appellate Project**
**101 Second St., Suite 600**
**San Francisco, CA 94105**

**Office of the Inspector General**
**P.O. Box 348780**
**Sacramento, CA 95834**

**Stephanie L. Reinhart**
**Jenner & Block**
**One IBM Plaza**
**Chicago, IL 60611**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 22, 2010**, at San Francisco, California.

_____                _____
          M. M. Argarin                                       Signature
            Declarant

40464745.doc