UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES and Albert Greenwood Brown,<br><br>Plaintiffs,<br><br>v.<br><br>Matthew CATE, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>Defendants. | Case Number 5-6-cv-219-JF-HRL<br>Case Number 5-6-cv-926-JF-HRL<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING PLAINTIFF BROWN'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION |

Albert Greenwood Brown, a condemned inmate at San Quentin State Prison, moved to intervene in the present action and for a stay of his execution, which is set for September 29, 2010. (Doc. No. 387.) The Court granted the motion to intervene and denied conditionally the motion for a stay of execution. (Doc. No. 401.) Now before the Court is Brown's request for leave to file a motion for reconsideration, as provided by Civil Local Rule 7-9. (Doc. No. 402.)

According to Brown, the Court failed to consider three questions that the parties should be permitted to address with additional briefing: *first*, "[w]hether a federal court may condition protection of an inmate's Eighth Amendment rights on the inmate's relinquishment of his state law rights"; *second*, whether Brown "can make an informed, knowing, and intelligent decision regarding this Hobson's choice when he lacks critical information about the process"; and, *third*,

>whether the Ninth Circuit's holding in *Brown v. Ornoski*, 503 F.3d 1006, 1017 n.5 (9th Cir. 2007) that [Plaintiff] Brown would be "free . . . to challenge the *particular* protocol used by the State of California in a § 1983 action, as did the petitioner in *Morales*, and need not raise this issue in habeas proceedings for fear of waiver," entitles him to a fair opportunity to full and plenary litigation of this case.

(Doc. No. 402 at 4.)

However, the Court in fact thoroughly considered these issues before issuing the order in question. Further briefing would not change the Court's ruling and would serve only to delay appellate review of the order in the limited time remaining before Brown is scheduled to be executed. Accordingly, and good cause appearing therefor, the Court denies Plaintiff Brown's request for leave to file a motion for reconsideration of the Court's order granting his motion to intervene and denying conditionally his motion for a stay of execution.

IT IS SO ORDERED.

DATED: September 24, 2010                    _____/s/_____
                                              JEREMY FOGEL
                                              United States District Judge

2

Case Nos. 5-6-cv-219-JF-HRL, 5-6-cv-926-JF-HRL, & 5-6-1793-JF-HRL
ORDER DENYING PL. BROWN'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
(DPSAGOK)