UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES and Albert Greenwood Brown,<br><br>Plaintiffs,<br><br>v.<br><br>Matthew CATE, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>Defendants. | Case Number 5-6-cv-219-JF-HRL<br>Case Number 5-6-cv-926-JF-HRL<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING PLAINTIFF BROWN'S SECOND REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION |

The execution of Plaintiff Albert Greenwood Brown is set for September 29, 2010. The Court denied conditionally Brown's motion for a stay of execution, (Doc. No. 401), and denied Brown leave to file a motion for reconsideration, (Doc. No. 403). Defendants subsequently filed a statement amplifying their earlier submission with respect to how they would proceed with an execution using only sodium thiopental and excluding pancuronium bromide and potassium chloride. (Doc. No. 404). In response, Brown again has requested leave to file a motion for reconsideration. (Doc. No. 405.) It is that request that currently is before the Court.

In their statement, Defendants indicate that they have only seven and a half grams of sodium thiopental available. (Doc. No. 404 at 3–4.) Brown points out that in the two states that have single-drug lethal-injection protocols, Ohio and Washington, five grams are used and five

more grams are available in reserve.  (*Id.* exs. A & B.)  Brown effectively suggests that it is unconstitutional for Defendants to execute him using only sodium thiopental unless they have ten grams of that drug available.

However, the Court has found previously that five grams of sodium thiopental, if properly delivered, are sufficient to ensure death.  *See, e.g.*, *Morales v. Hickman*, 415 F. Supp. 2d 1037, 1043–44 (N.D. Cal. 2006.)  If Defendants execute Brown pursuant to their submission of September 22, 2010, as amplified by their statement filed today, Brown will be exposed to no risk of severe pain from the injection of pancuronium bromide and potassium chloride, and the risk of his being placed in a chemically induced vegetative state as asserted in his instant request is so speculative as not to implicate the Eighth Amendment.

The remainder of Brown's concerns, *e.g.*, that the adjustments to the lethal-injection protocol necessary to carry out a single-drug execution are "improvised," (Doc. No. 405 at 5), are primarily technical in nature.  This Court's jurisdiction is limited to the question of whether Defendants' actions are in accordance with the Constitution; under existing law as articulated by the United States Supreme Court, Brown must show a demonstrated risk of an Eighth Amendment violation, which he has not done in this context.

Accordingly, and good cause appearing therefor, Brown's second request for leave to file a motion for reconsideration of the order conditionally denying a stay of execution is denied.  The deadline for the election Brown is entitled to make pursuant to that order denying is hereby extended to 12:00 noon on Sunday, September 26, 2010, in order that Brown and his legal team may give the instant order due consideration.

IT IS SO ORDERED.

DATED:  September 25, 2010

_____/s/_____
JEREMY FOGEL
United States District Judge

2