UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES and Albert Greenwood Brown,<br><br>       Plaintiffs,<br><br>      v.<br><br>Matthew CATE, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>       Defendants. | Case Number 5-6-cv-219-JF-HRL<br>Case Number 5-6-cv-926-JF-HRL<br><br>DEATH-PENALTY CASE<br><br>ORDER DIRECTING BRIEFING FOLLOWING REMAND |

  The Court denied conditionally Plaintiff Albert Greenwood Brown's motion for a stay of his execution at San Quentin State Prison, which has been reset for 9:00 p.m. on Thursday, September 30, 2010. Brown appealed that and other orders issued in this action to the United States Court of Appeals for the Ninth Circuit.

> In a published order, the court of appeals has remanded the matter to this Court
>> to determine whether, under *Baze* [*v. Rees*, 553 U.S. 35 (2008)], Brown is entitled to a stay of execution as it would be conducted under the three-drug protocol now in effect. Specifically, the court should address the similarity between the previous O.P. 770 and Cal. Code Regs. tit. 15 § 3349 et seq., as well as the court's statement

> that, with respect to the constitutionality of the Sate's previous execution protocol, "it likely would have made the same findings and reached the same conclusions under the 'demonstrated risk standard' adopted" by the three Justices in *Baze*. The district court should also consider the standards for a stay as articulated in *Nelson v. Campbell*, 541 U.S. 637, 649–50 (2004).

(Remand Order at 8–9.)

The court of appeals also directed this Court to "take the time necessary to address the State's newly revised [lethal-injection] protocol in accord with Supreme Court authority." (*Id.* at 2.) The court of appeals emphasized that "the result in this case should not be driven by compromise nor by the State's deadlines superimposed on the district court's already pending review of the new execution protocol." (*Id.* at 8.)

This Court requests the assistance of the parties (including the Pacific News Service, a plaintiff in a related matter, if it so chooses), in addressing the issues raised by this remand. In particular, the Court is interested in the parties' views providing as much detail as possible as to the substantive similarities in and differences between O.P. 770 and Cal. Code Regs. tit. 15 § 3349 et seq. Relatedly, the Court is interested in the parties' views as to what effect *Baze* should have, if any, in modifying any of the Court's pre-*Baze* findings and conclusions.

Accordingly, and good cause appearing therefor, the parties shall submit simultaneously appropriate briefing within six hours after the present order is posted. The parties are also free to address the *Nelson* standard, and any other issues raised in the remand order that they wish to discuss.

IT IS SO ORDERED.

DATED:  September 28, 2010                    _____

JEREMY FOGEL

United States District Judge