MICHAEL LAURENCE (Bar No. 121854)
SARA COHBRA (Bar. No. 193270)
HABEAS CORPUS RESOURCE CENTER
303 Second Street, Suite 400 South
San Francisco, California 94107
Telephone: (415) 348-3800
Facsimile:  (415) 348-3873
E-mail:     docketing@hcrc.ca.gov

Attorneys for Intervenors Mitchell Carlton Sims and Stevie Lamar Fields

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORINIA
SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, et al., <br><br> Defendants. | Case Number 5-6-cv-219-JF <br> Case Number 5-6-cv-926-JF <br><br> DEATH PENALTY CASE <br><br> **NOTICE OF MOTION AND MOTION TO INTERVENE BY MITCHELL CARLTON SIMS AND STEVIE LAMAR FIELDS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> DATE: February 4, 2011 <br> TIME: 9:00 a.m. <br> PLACE: Courtroom 3 |

TO: EDMUND G. BROWN, JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, AND MICHAEL QUINN, DEPUTY ATTORNEY GENERAL:

PLEASE TAKE NOTICE that at the above-captioned date and time, or as soon thereafter as counsel may be heard, before the Honorable Jeremy Fogel in Courtroom 3 of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, California, intervenors Mitchell Carlton Sims ("Mr.

Sims") and Stevie Lamar Fields ("Mr. Fields"), by and through counsel the Habeas Corpus Resource Center, will and do move this Court under Federal Rules of Civil Procedure Rule 24(b), for an order granting them leave to intervene in the present matter. Intervenors Mr. Sims' and Mr. Fields' interests and claims share with the main action common questions of law or fact.

Mr. Sims and Mr. Fields bring this motion pursuant to the United States Constitution, and all other applicable statutes, case law and local rules. This motion is based on Plaintiff Morales' and Brown's Fourth Amended Complaint for Equitable and Injunctive Relief Pursuant to 42 U.S.C. § 1983, this Notice, the Memorandum of Points and Authorities, the Complaint in Intervention filed in conjunction with this motion, all exhibits and papers filed in this action, and on any evidence received at the hearing.

Dated: December 29, 2010                    Respectfully submitted,

                                              MICHAEL LAURENCE
                                              SARA COHBRA
                                              HABEAS CORPUS RESOURCE CENTER

                                    By:  /s/ Sara Cohbra

                                              Attorneys for Petitioners
                                              MITCHELL CARLTON SIMS
                                              STEVIE LAMAR FIELDS

MICHAEL LAURENCE (Bar No. 121854)
SARA COHBRA (Bar No. 193270)
HABEAS CORPUS RESOURCE CENTER
303 Second Street, Suite 400 South
San Francisco, California 94107
Telephone:  (415) 348-3800
Facsimile:  (415) 348-3873
E-mail:  docketing@hcrc.ca.gov
Attorneys for Petitioners Mitchell Carlton Sims and Stevie Lamar Fields

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORINIA
SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW CATE, Secretary of California Department of Corrections and Rehabilitation, et al.,<br><br>Defendants. | Case Number 5-6-cv-219-JF<br>Case Number 5-6-cv-926-JF<br><br>DEATH PENALTY CASE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE** |

TABLE OF CONTENTS

Table of Authorities ..................................................... **Error! Bookmark not defined.**

Introduction ........................................................................................................ 1

I.    Summary Of Relevant Facts ...................................................................... 1

II.   The Motion To Intervene Should Be Granted ......................................... 5

    A.  This Motion For Intervention Is Timely ........................................... 5

    B.  This Court Must Grant Intervention To Mr. Sims and Mr. Fields
        As Of Right......................................................................................... 8

        1.  Mr. Sims' and Mr. Fields' Interests In This Matter Are
            Identical To Those of Mr. Morales and Mr. Brown ................... 8

        2.  Without Intervention, Mr. Sims and Mr. Fields Are Practically
            Impaired and Impeded From Protecting Their Eighth and
            Fourteenth Amendment Interests in Avoiding Execution By
            An Unconstitutional Procedure ................................................. 9

    C.  The Standards for Permissive Intervention Are Met...................... 10

        1.  This Court Has Independent Grounds for Jurisdiction ........... 10

        2.  The Claims of Mr. Sims and Mr. Fields Have Common
            Questions of Law or Fact with Those of the Main Action ....... 10

III.  Conclusion ............................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Associated Gen. Contractors of California v. Secretary of Commerce*
    459 F. Supp. 766 (D.C. Cal. 1978) ................................................................... 9

*Beardslee v. Woodford*
    395 F.3d 1064 (9th Cir. 2005) .......................................................................... 3

*Donnelly v. Glickman*
    159 F.3d 405 (9th Cir. 1998) ............................................................................ 7

*Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*
    62 F.3d 1217 (9th Cir. 1995) ............................................................................ 5

*Georgia v. Ashcroft*
    539 U.S. 461 (2003) .......................................................................................... 9

*Hill v. Western Elec. Co.*
    672 F.2d 381 (4th Cir. 1982) ............................................................................ 8

*Martinez v. City of Oxnard*
    229 F.R.D. 159 (C.D. Cal. 2005) .................................................................. 5, 6

*McDonald v. E.J. Lavino Co.*
    430 F.2d 1065 (5th Cir. 1970) .......................................................................... 6

*Morales v. Tilton*
    465 F. Supp. 2d 972 (N.D. Cal. 2006) ............................................................. 1

*Northwest Forest Resource Council v. Glickman*
    82 F.3d 825 (9th Cir. 1996) ......................................................................... 5, 10

*United States v. Oregon*
    745 F.2d 550 (9th Cir. 1984) ........................................................................ 6, 7

*United States v. Oregon*
    839 F.2d 635 (9th Cir. 1988) ............................................................................ 9

*Winbush v. Iowa by Glenwood State Hosp.*
    66 F.3d 1471 (8th Cir. 1995) ............................................................................ 6

CALIFORNIA CASES

*Morales v. Cal. Dep't of Corr. & Rehab.*
   85 Cal. Rptr. 3d 724 (Ct. App. 2008) ................................................................2

*Morales v. Cal. Dep't of Corr. & Rehab.*
   No. CV 061436 (Super. Ct. Marin County, Cal. Nov. 29, 2007) .........................2

FEDERAL STATUTES

28 U.S.C. § 1331 ..................................................................................................10

28 U.S.C. § 1343 ..................................................................................................10

42 U.S.C. § 1983 ..............................................................................................4, 10

42 U.S.C. § 1997e(a) ..............................................................................................3

OTHER AUTHORITIES

Cal. Code Regs., Title 15, § 3349 .......................................................................1, 2

Fed. R. Civ. P. 24 ............................................................................................passim

**INTRODUCTION**

Mitchell Carlton Sims ("Mr. Sims") and Stevie Lamar Fields ("Mr. Fields") seek to intervene in the present action, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, because they "[have] a claim or defense that shares with the main action a common question of law or fact." *Id*. Mr. Sims and Mr. Fields both further seek temporary, preliminary, and permanent injunctive relief to enjoin the Defendants, their officers, agents, servants, employees, and all persons acting in concert with them from executing them by lethal injection using the lethal injection regulations promulgated as California Code of Regulations, Title 15, § 3349 and following, or any similar practices or protocol.

**I. SUMMARY OF RELEVANT FACTS**

Mr. Sims and Mr. Fields are condemned inmates in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). They are held at San Quentin State Prison, San Quentin, California, 94974.

On December 15, 2006, this Court issued an order finding that the "implementation of California's lethal-injection protocol lacks both reliability and transparency." *Morales v. Tilton*, 465 F. Supp. 2d 972, 981 (N.D. Cal. 2006). This Court found that California's actions and failures to act with respect to the implementation of its lethal injection protocol, San Quentin Operational Procedure 770 (OP 770), have resulted in an intolerable risk of a Constitutional violation. *Id*. To remedy this situation, California would have to undertake a "meaningful" review of its processes, which "must be undertaken with an openness to the idea of making significant improvements in the 'infrastructure' of executions." *Id*. at 983.

Thereafter, on December 18, 2006, Governor Schwarzenegger issued a press release stating that he was "committed to doing whatever it takes . . . to ensure that the lethal injection process is constitutional . . . ." Response of the Governor's Office to the Court's Memorandum of Intended Decision Dated December 15, 2006, Docket 291, Ex A. The Governor's statement indicated that his "administration [would] take

1

immediate action to resolve [the] court['s] concerns . . . ." *Id.*

The Governor and CDCR issued a revised Operational Procedure 770 on May 15, 2007. On November 29, 2007, in *Morales v. California Department of Corrections and Rehabilitation*, the Marin County Superior Court declared invalid and enjoined the enforcement of California's lethal injection protocol due to the failure of the CDCR to implement the protocol in compliance with the California Administrative Procedures Act. *Morales v. Cal. Dep't of Corr. & Rehab.*, No. CV 061436 (Super. Ct. Marin County, Cal. Nov. 29, 2007); *aff'd, Morales v. Cal. Dep't of Corr. & Rehab.*, 85 Cal. Rptr. 3d 724 (Ct. App. 2008).

On July 30, 2010, the California Office of Administrative Law ("OAL") approved lethal injection regulations promulgated by the CDCR, and those regulations became effective August 29, 2010. Cal. Code Regs. tit. 15, § 3349. With the exception of a few additional deficiencies, the regulations are substantially identical to the version of OP 770 published by the Governor and CDCR on May 15, 2007.

On August 4, 2010, five days following the OAL's approval of the lethal injection regulations, but prior to the effective date of the regulations, Andrea Lynn Hoch, the Legal Affairs Secretary for the Office of the California Governor, issued a notice to Mr. Sims and Mr. Fields and their counsel[1] stating that the Governor's Office "anticipate[s] that, pursuant to the People's request in a noticed public session, the Los Angeles County Superior Court will soon schedule a date for [each petitioner's] execution." Governor's Notice to Mr. Sims, and Governor's Notice to Mr. Fields, attached hereto as Exs. B and C. Five other death-row inmates, including Michael Morales and Albert Brown, received substantively identical notices.

Also on August 4, 2010, prior federal habeas corpus counsel for Mr. Fields

---

[1] Prior federal habeas corpus counsel for Mr. Fields was served with this notice. At the time that the notice was served, Mr. Fields was not represented by counsel for the purposes of state clemency proceedings. Declaration of Sara Cohbra, at ¶ 3, attached hereto as Ex. A.

2

received a telephone call from a representative of the Los Angeles County District Attorney's office informing him that a hearing to set an execution date for Mr. Fields was scheduled in the Los Angeles County Superior Court on August 16, 2010. Declaration of Sara Cohbra, at ¶ 3, attached hereto as Ex. A. A written notice of the execution date setting hearing followed shortly thereafter. Notice of Execution Date Setting Hearing, attached hereto as Ex. D. On August 12, 2010, the California Supreme Court issued an order appointing the Habeas Corpus Resource Center ("HCRC") to represent Mr. Fields "for executive clemency proceedings before the Governor of California, and for related proceedings," and staying the execution date setting hearing "until further order of this court." Appointment Order, attached hereto as Ex. E; Ex. A at ¶ 3.

Mr. Sims and Mr. Fields are not required to exhaust administrative remedies before bringing this claim because resolution of the grievance seeking modification of the regulations is not possible through the administrative appeals process and exhaustion is futile. *See Beardslee v. Woodford*, 395 F.3d 1064, 1069 n.5 (9th Cir. 2005). Nevertheless, both Mr. Sims and Mr. Fields have effectively exhausted all administrative remedies for the issues contained in the Fourth Amended Complaint for Equitable and Injunctive Relief filed on behalf of plaintiffs Mr. Morales and Mr. Brown in this action to the extent they were available, and have satisfied the Prison Litigation Reform Act's exhaustion requirements pursuant to 42 U.S.C. section 1997e(a). Ex. A at ¶ 4.

On September 28, 2010, this Court found that OP 770 "as implemented in practice through and including the date of the evidentiary hearing in the 2006 Morales litigation created a 'demonstrated risk of severe pain.'" Order Following Remand, Sept. 28, 2010, at 4. This Court also found, based on its limited opportunity to compare OP 770 and the lethal injection regulations approved by the California OAL on July 30, 2010, that "there is significant dispute" that there is a meaningful difference between the two protocols other than the physical facility in which

3

executions are to take place. *Id*. at 5. This Court further indicated that it "intends to undertake . . . review . . . as quickly as is reasonably possible" of the examination of the claims raised by Mr. Morales and Mr. Brown. *Id*. at 8.

On October 8, 2010, counsel for plaintiffs Mr. Morales and Mr. Brown filed a Fourth Amended Complaint for Equitable and Injunctive Relief ("Fourth Amended Complaint") pursuant to 42 U.S.C. § 1983 in this matter. On October 25, 2010, defendants moved to dismiss the Fourth Amended Complaint for failure to state a claim. That motion was heard on December 2, 2010, and denied by this Court on December 10, 2010. On November 4, 2010, defendants filed a motion to stay discovery, and on November 15, 2010, plaintiffs filed their Fourth Motion to Compel Discovery. This Court granted the defendants' motion staying discovery and denied without prejudice plaintiffs' motion to compel discovery on November 17, 2010. On December 10, 2010, this Court lifted the stay of discovery and indicated its intent to "monitor closely the scope and pace of any additional discovery so that the merits of Plaintiffs' claims can be adjudicated promptly." Order Re Partial Motion to Dismiss, Dec. 10, 2010, at 15.

On November 22, 2010, defendants filed in this Court a notice informing the Court and the parties, pursuant to this Court's order of October 5, 2010, that the CDCR ordered 521 grams of sodium thiopental that expires in 2014 and that the CDCR anticipated receiving the drug during the week of November 29, 2010. As the CDCR is apparently now in a position to make good on its threat to schedule and carry out the executions of each of the capital defendants whom defendants named in footnote 2 of its Statement Following Regulatory Action filed in this Court on August 31, 2010, including Mr. Sims and Mr. Fields, Mr. Sims and Mr. Fields seek permission to intervene in this case to protect their interests during the pendency of this litigation. By this motion to intervene, Mr. Sims and Mr. Fields also seek to avoid any potential objection to be raised in the future by defendants that Mr. Sims and Mr. Fields are not

4

entitled to intervene or to a stay of execution due to "inexcusable delay."[2]

## II. THE MOTION TO INTERVENE SHOULD BE GRANTED

A federal court must permit intervention as of right by anyone who files a timely motion and who "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Alternatively, "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996); Fed. R. Civ. P. 24(b). Mr. Sims and Mr. Fields satisfy the standards for intervention as of right as well as for permissive intervention.

### A.   This Motion For Intervention Is Timely

Mr. Sims' and Mr. Fields' motion to intervene is timely under standards for intervention as of right and permissive intervention. "When considering the timeliness of a motion to intervene, courts consider three factors: (1) the stage of the proceeding at which the applicant seeks to intervene; (2) the prejudice to the other parties; (3) and the reason for and length of the delay." *Martinez v. City of Oxnard*, 229 F.R.D. 159, 162 (C.D. Cal. 2005) (citing *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217 (9th Cir.1995)). "The relevant inquiry is the effect the timeliness of the motion has on these proceedings." *Id*.

"The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed

---

[2] Although defendants did not raise this objection to Mr. Brown's motion for intervention and for a stay of execution in this Court, they did untimely raise it in their later-withdrawn Petition for Writ of Mandamus to the Ninth Circuit Court of Appeal in *Cate v. U.S. District Court (Morales & Brown)*, Case No. 10-72977.

1  intervenor's delay in moving to intervene. [Citations.]  In fact, this may well be the
2  only significant consideration when the proposed intervenor seeks intervention of
3  right." *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970). Federal
4  Rule of Civil Procedure section 24(b)(3) sets forth the standard by which a court
5  determines whether a motion for permissive intervention is timely:  "In exercising its
6  discretion, the court must consider whether the intervention will unduly delay or
7  prejudice the adjudication of the original parties' rights."

8  Given the present posture of this action, there appears to be no prejudice to
9  existing parties as a result of intervention by Mr. Sims and Mr. Fields. *See, e.g.*,
10 *Martinez v. City of Oxnard*, 229 F.R.D. at 163 (holding that while discovery is still
11 being conducted, defendants would not be prejudiced by intervention).  Defendants are
12 aware that Mr. Sims and Mr. Fields have a significant interest in the outcome of this
13 litigation. *See, e.g.*, *Winbush v. Iowa by Glenwood State Hosp.*, 66 F.3d 1471 (8th Cir.
14 1995) (intervention of 21 individuals in Title VII action was timely even though it
15 occurred 10 years following the filing of the complaint and following the bench trial
16 because the defendants were aware of the intervenors who were members of the class
17 action).  Furthermore, counsel for Mr. Morales and Mr. Brown do not object to
18 intervention by Mr. Sims and Mr. Fields.  Ex. A at ¶ 5.

19 Intervention by Mr. Sims and Mr. Fields will not unduly delay or prejudice the
20 adjudication of the rights of any of the parties.  Mr. Sims and Mr. Fields do not seek to
21 "relitigate matters which have previously been litigated," raise any claims other than
22 those raised by Mr. Morales and Mr. Brown, or assert any claims against Mr. Morales
23 and Mr. Brown. *United States v. Oregon*, 745 F.2d 550, 553 (9th Cir. 1984).  This
24 Court's review of the newly approved regulations is still in its initial stages.  As this
25 Court stated in its September 28, 2010 Order Following Remand, given the haste with
26 which defendants set an execution date for Mr. Brown following the approval of the
27 lethal injection regulations, the Court, as of that date, had only had the opportunity to
28 conduct a "very preliminary assessment" of the regulations.  Order Following Remand,

6

1  Sept. 28, 2010, at 7.  This Court observed that the Ninth Circuit Court of Appeals
2  directed it to "'take the time necessary to address the State's newly revised protocol in
3  accord with Supreme Court authority.'"  *Id.*  Since September 28, 2010, plaintiffs Mr.
4  Morales and Mr. Brown have filed a Fourth Amended Complaint for Equitable and
5  Injunctive Relief ("Fourth Amended Complaint") on October 8, 2010.  Discovery is in
6  its initial stages.  Neither party has had the opportunity to present evidence relating to
7  the newly approved regulations at an evidentiary hearing.

   Mr. Sims and Mr. Fields have not delayed in bringing their claims.  Mr. Sims
and Mr. Fields bring this motion to intervene promptly following defendant's notice to
this Court that it has acquired – or will acquire shortly – sufficient sodium thiopental to
carry out the executions of each of the seven capital defendants whose appeals have
been exhausted.  Mr. Sims and Mr. Fields seek intervention prior to the setting of their
execution dates in order to avoid putting this Court in the position in which it was
placed in September 2010.  *See* Order Following Remand, at 7 ("it is clear that the
urgency of the present situation was created not by Brown but by Defendants' decision
to seek an execution date only thirty days after the new regulations became final").

   Furthermore, intervention by Mr. Sims and Mr. Fields will cause no delay to the
proceedings.  As explained in further detail below, the interests of Mr. Sims and Mr.
Fields are identical to those of Mr. Morales and Mr. Brown in this action.  *Cf.
Donnelly v. Glickman*, 159 F.3d 405, 413 (9th Cir. 1998) (upholding the denial of a
motion to intervene because "the interests of plaintiffs and the proposed intervenors
'are in direct opposition,' resulting in prejudice to existing parties").  Mr. Sims and Mr.
Fields join the Fourth Amended Complaint in all its particulars and counsel for Mr.
Sims and Mr. Fields intend to work cooperatively with counsel for Mr. Morales and
Mr. Brown and to assist in developing any further briefing rather than file separate
briefing before this Court in this matter.

   Intervention is critical to protect Mr. Sims' and Mr. Fields' interests in avoiding
subjection to execution pursuant to a protocol that carries a demonstrated risk of severe

7

1  pain. If Mr. Sims and Mr. Fields are not permitted to intervene in this action,
2  defendants may seek to set execution dates for them, and carry out these executions
3  pursuant to the current, flawed lethal injection protocol, using the sodium thiopental
4  that the CDCR has obtained from a foreign source. Federal Rule of Civil Procedure
5  24(b) permits this Court to grant a motion for intervention to avoid such an
6  unconstitutional state action. *Hill v. Western Elec. Co.*, 672 F.2d 381 (4th Cir. 1982)
7  (holding that the critical issue with respect to the timeliness of intervention is whether
8  the proposed intervenor moved to intervene as soon as it became clear that the interests
9  of the unnamed class members would no longer be protected by the named class
10 representatives).

### B. This Court Must Grant Intervention To Mr. Sims And Mr. Fields As Of Right

As set forth above, a federal court must permit intervention as of right by anyone who files a timely motion and "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

#### 1. Mr. Sims' And Mr. Fields' I253nterests In This Matter Are Identical To Those Of Mr. Morales And Mr. Brown

Mr. Sims and Mr. Fields join in the Fourth Amended Complaint filed on behalf of Mr. Morales and Mr. Brown on October 8, 2010. All questions of law and fact related to Mr. Sims' and Mr. Fields' claims are identical to those in the Fourth Amended Complaint. Mr. Sims' and Mr. Fields' Complaint in Intervention, filed concurrently with this Motion, is based on the same questions of law and fact contained in the Fourth Amended Complaint. Furthermore, if Mr. Sims and Mr. Fields are granted leave to intervene, their counsel intend to assist with and join in future briefing undertaken by counsel for Mr. Morales and Mr. Brown rather than file separate briefs.

8

### 2. Without Intervention, Mr. Sims And Mr. Fields Are Practically Impaired And Impeded From Protecting Their Fifth, Eighth, And Fourteenth Amendment Interests In Avoiding Execution By An Unconstitutional And Arbitrary Procedure

Intervention as of right must be granted when the disposition of the action would put the movant at a practical disadvantage in protecting its interest. *United States v. Oregon*, 839 F.2d 635 (9th Cir. 1988) (intervention as of right proper when factual determinations in lawsuit challenging conditions of state mental health facility would have persuasive stare decisis effect in subsequent litigation by residents of facility).

Intervention must also be granted when the existing parties do not adequately represent the movants' interests. *Associated Gen. Contractors of California v. Secretary of Commerce*, 459 F. Supp. 766, 771 (D.C. Cal. 1978), *vacated on other grounds*, 448 U.S. 908 (1980); Fed. R. Civ. P. 24(a)(2). Though Mr. Sims and Mr. Fields share identical interests in the legal claims propounded by Mr. Morales and Mr. Brown, their specific interest in avoiding execution by an unconstitutional protocol is not adequately represented by the existing plaintiffs because, without their being parties to this lawsuit, the State of California likely will set execution dates for them and conduct their executions while this lawsuit is pending. The likelihood of such action by the State of California is demonstrated by similar actions undertaken by the State in the past. Despite the fact that this lawsuit was pending in August and September 2010, the State of California sought to set an execution date for Mr. Fields, and did set an execution date and nearly accomplished the execution of Mr. Brown, condemned prisoners who at the time were not parties to this lawsuit. Ex. A at ¶ 3. Only by intervening in this lawsuit do Mr. Sims and Mr. Fields obtain some measure of security against execution by an unconstitutional protocol pending the resolution of this matter. *See Georgia v. Ashcroft*, 539 U.S. 461, 477 (2003) (intervention properly granted to private parties in state's action seeking judicial clearance of a legislative redistricting plan under the Voting Rights Act when private parties identified interests

not adequately represented by existing parties).

## C. The Standards for Permissive Intervention Are Met

"[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Resource Council v. Glickman*, 82 F.3d at 839; *see also* Fed. R. Civ. P. 24(b).

### 1. This Court Has Independent Grounds For Jurisdiction

Mr. Sims' and Mr. Fields' claims arise under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. section 1983. This Court has independent grounds for jurisdiction pursuant to 28 U.S.C. section 1331 (federal question) and 28 U.S.C. section 1343 (civil rights).

### 2. The Claims of Mr. Sims and Mr. Fields Have Common Questions of Law or Fact with Those of the Main Action

As set forth above, Mr. Sims and Mr. Fields join in the Fourth Amended Complaint filed on behalf of Mr. Morales and Mr. Brown on October 8, 2010. All questions of law and fact related to Mr. Sims' and Mr. Fields' claims are identical to those in the Fourth Amended Complaint. In summary, Mr. Sims' and Mr. Fields' claims share the following common questions of law and fact with those of Mr. Morales and Mr. Brown:

- Whether the lethal injection regulations violate the Eighth and Fourteenth Amendments to the United States Constitution by creating a substantial risk that condemned inmates will experience severe pain and suffering during executions. Fourth Amended Complaint, ¶¶ 22-23.
- Whether the procedure for the remote administration of chemical substances, the absence of standardized procedures for administration of the chemicals, the lack of adequate training, screening and qualifications of the personnel on the execution team, and the combination and amounts

10

Case Nos. C-06-219-JF, C-06-926-JF

    of the three chemicals used in executions create a grave, substantial and demonstrated risk that condemned prisoners will be conscious during the execution process and, as a result, experience an excruciatingly painful and protracted death. *Id*. at ¶¶ 24-25, 27-31, 33-40.

- Whether the lethal injection regulations fail to require the minimum expertise of the execution team personnel necessary to ensure their proper performance. *Id*. at ¶¶ 26, 32.
- Whether defendants have deliberately chosen to conduct executions in a manner that is not constitutionally compliant by selecting chemicals that cause excruciating pain and therefore carry a substantial risk of serious harm to a condemned inmate and by failing to take precautions to ensure that the personnel involved in the execution process possess the training, experience, and expertise necessary to administer the chemicals properly. *Id*. at ¶ 120.
- Whether defendants have deliberately chosen to conduct executions by a combination of chemicals and a procedure that carries a substantial risk of serious harm when a feasible, readily implemented alternative method of execution is available. *Id*. at ¶¶ 5, 105(f), 106-109.
- Whether Mr. Sims and Mr. Fields, like Mr. Morales and Mr. Brown, are entitled to injunctive relief.

//
//
//
//
//
//
//
//

11

MOTION TO INTERVENE
Case Nos. C-06-219-JF, C-06-926-JF

## III. CONCLUSION

For the foregoing reasons, Mitchell Carlton Sims and Stevie Lamar Fields respectfully request that this Court grant their motion to intervene in this action.

Dated: December 29, 2010

Respectfully submitted,

HABEAS CORPUS RESOURCE CENTER

By: /s/ Sara Cohbra
Sara Cohbra
Attorneys for Intervenors
MITCHELL CARLTON SIMS
STEVIE LAMAR FIELDS