1

2                                          **E-Filed 1/19/2011**

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                              **SAN JOSE DIVISION**

11

12 Michael Angelo MORALES et al.,         | Case Number 5-6-cv-219-JF-HRL
Case Number 5-6-cv-926-JF-HRL

13                 Plaintiffs,

14                   v.                      DEATH-PENALTY CASE

15 Matthew CATE, Secretary of the California     ORDER GRANTING MOTION TO
Department of Corrections and Rehabilitation,   INTERVENE

16 et al.,

17                Defendants.          [Doc. No. 467]

18

19      Plaintiff Michael Angelo Morales, a condemned inmate at San Quentin State Prison,

20 initiated this challenge to the constitutionality of Defendants' protocol for executions by lethal

21 injection.  Plaintiff Albert Greenwood Brown, also a condemned prisoner, subsequently moved

22 to intervene.  The Court granted the motion, noting that "Brown's federal claims are virtually

23 identical to those asserted by . . . Morales." *Morales v. Cate*, No. 5-6-cv-219-JF-HRL, 2010 WL

24 3751757, at *1 (N.D. Cal. Sept. 24, 2010).  Pursuant to guidance from the Court of Appeals, this

25 Court also stayed Brown's execution.  *Morales v. Cate*, No. 5-6-cv-219-JF-HRL, 2010 WL

26 3835655 (N.D. Cal. Sept. 28, 2010).

27      Now before the Court is the motion of Mitchell Carlton Sims and Stevie Lamar Fields to

28 intervene as Plaintiffs in this litigation.  Both Sims and Fields are similarly situated to Morales

1    and Brown in that they are condemned prisoners whose executions are not otherwise stayed and

2    whose claims in their complaint in intervention are virtually identical to those asserted by

3    Morales and Brown.  Accordingly, Sims and Fields are entitled to intervene and, like Morales

4    and Brown, to have their executions stayed until the present litigation is concluded.

5           Defendants do not oppose the motion on the merits, (Doc. No. 472 at 2), but they urge the

6    Court to defer ruling on the motion until the California Supreme Court has determined whether

7    the proposed intervenors' attorneys, Michael Laurence and Sara Cohbra, who are affiliated with

8    the Habeas Corpus Resource Center (HCRC), are authorized to participate in actions such as this

9    one.  However, Laurence and Cohbra are members of the bar of this Court, and as such, they

10   "may practice in this Court."  Civil L.R. 11-1(a).  The question of the scope of the HCRC's

11   authority under state law is not a federal question and has no bearing on the merits of the present

12   motion.  If the California Supreme Court ultimately determines that Laurence and Cohbra must

13   withdraw as counsel in this case, this Court will permit an appropriate substitution of counsel at

14   that time.

15          Accordingly, and good cause appearing therefor, the motion of Mitchell Carlton Sims and

16   Stevie Lamar Fields to intervene as Plaintiffs in this litigation is granted; the motion hearing

17   presently calendared for February 4, 2011, is hereby vacated.  All proceedings related to the

18   execution of the intervenors' sentences of death, including but not limited to preparations for an

19   execution and the setting of an execution date, are hereby stayed on the same basis and to the

20   same extent as in the case of Plaintiffs Morales and Brown.

21          IT IS SO ORDERED.

22

23   DATED:  January 19, 2011

24   JEREMY FOGEL
     United States District Judge

25

26

27

28

2