\*\*E-Filed 1/19/2011\*\*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES et al., <br><br> Plaintiffs, <br><br> v. <br><br> Matthew CATE, Secretary of the California Department of Corrections and Rehabilitation, et al., <br><br> Defendants. | Case Number 5-6-cv-219-JF-HRL <br> Case Number 5-6-cv-926-JF-HRL <br><br> <u>DEATH-PENALTY CASE</u> <br><br> ORDER GRANTING MOTION TO INTERVENE <br><br> [Doc. No. 467] |

Plaintiff Michael Angelo Morales, a condemned inmate at San Quentin State Prison, initiated this challenge to the constitutionality of Defendants' protocol for executions by lethal injection. Plaintiff Albert Greenwood Brown, also a condemned prisoner, subsequently moved to intervene. The Court granted the motion, noting that "Brown's federal claims are virtually identical to those asserted by . . . Morales." *Morales v. Cate*, No. 5-6-cv-219-JF-HRL, 2010 WL 3751757, at \*1 (N.D. Cal. Sept. 24, 2010). Pursuant to guidance from the Court of Appeals, this Court also stayed Brown's execution. *Morales v. Cate*, No. 5-6-cv-219-JF-HRL, 2010 WL 3835655 (N.D. Cal. Sept. 28, 2010).

Now before the Court is the motion of Mitchell Carlton Sims and Stevie Lamar Fields to intervene as Plaintiffs in this litigation. Both Sims and Fields are similarly situated to Morales

and Brown in that they are condemned prisoners whose executions are not otherwise stayed and whose claims in their complaint in intervention are virtually identical to those asserted by Morales and Brown.  Accordingly, Sims and Fields are entitled to intervene and, like Morales and Brown, to have their executions stayed until the present litigation is concluded.

      Defendants do not oppose the motion on the merits, (Doc. No. 472 at 2), but they urge the Court to defer ruling on the motion until the California Supreme Court has determined whether the proposed intervenors' attorneys, Michael Laurence and Sara Cohbra, who are affiliated with the Habeas Corpus Resource Center (HCRC), are authorized to participate in actions such as this one.  However, Laurence and Cohbra are members of the bar of this Court, and as such, they "may practice in this Court."  Civil L.R. 11-1(a).  The question of the scope of the HCRC's authority under state law is not a federal question and has no bearing on the merits of the present motion.  If the California Supreme Court ultimately determines that Laurence and Cohbra must withdraw as counsel in this case, this Court will permit an appropriate substitution of counsel at that time.

      Accordingly, and good cause appearing therefor, the motion of Mitchell Carlton Sims and Stevie Lamar Fields to intervene as Plaintiffs in this litigation is granted; the motion hearing presently calendared for February 4, 2011, is hereby vacated.  All proceedings related to the execution of the intervenors' sentences of death, including but not limited to preparations for an execution and the setting of an execution date, are hereby stayed on the same basis and to the same extent as in the case of Plaintiffs Morales and Brown.

      IT IS SO ORDERED.

DATED: January 19, 2011

_____
JEREMY FOGEL
United States District Judge

2

Case Nos. 5-6-cv-219-JF-HRL & 5-6-cv-926-JF-HRL
ORDER GRANTING MOTION TO INTERVENE
(DPSAGOK)