KAMALA D. HARRIS
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General
JAY M. GOLDMAN
Deputy Attorney General
State Bar No. 168141
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5846
  Fax: (415) 703-5843
  E-mail: Jay.Goldman@doj.ca.gov
*Attorneys for Defendants*
*Brown, Cate, and Cullen*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **MICHAEL ANGELO MORALES, ALBERT G. BROWN, MITCHELL CARLETON SIMS, AND STEVIE LAMAR FIELDS,**<br><br>Plaintiffs,<br><br>v.<br><br>**MATTHEW CATE, et al.,**<br><br>Defendants. | C 06-0219 JF<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS MORALES AND BROWN'S FOURTH AMENDED COMPLAINT, AND PLAINTIFFS SIMS AND FIELDS'S COMPLAINT IN INTERVENTION**<br><br>Date: March 4, 2011<br>Time: 1:30 p.m.<br>Dept: Ct. Rm. 3, 5th Floor<br>Judge The Honorable Jeremy Fogel<br>Trial Date None<br>Action Filed: 1/5/2006 |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 4, 2011, at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 280 South First Street, San Jose, CA 95113, Defendants Governor Edmund G. Brown, Jr., Secretary Matthew Cate, and Warden Vincent Cullen (the State Officials) will move this Court under Federal Rule of Civil Procedure 12(f) to strike immaterial and impertinent portions of Morales and Brown's Fourth Amended Complaint, filed October 8, 2010, and Sims and Fields' Complaint in Intervention, filed on December 29, 2010. (The Court granted Sims and Fields' motion to intervene on January 19, 2011.) Specifically, the State Officials move that the Court strike paragraphs 41-84 and 93-96 of the Fourth Amended Complaint, and paragraphs 42-56 of the Complaint in Intervention as immaterial and impertinent to whether the implementation of California's lethal-injection regulations violate the inmates' Eighth Amendment rights. State Officials also move to strike the following portions of paragraphs 15, 41, 58, 62, and 67 of the Complaint in Intervention where Plaintiffs Sims and Fields allege that they are incorporating into the Complaint in Intervention all of the allegations of the Fourth Amended Complaint.

## INTRODUCTION

The Court should strike portions of the Fourth Amended Complaint and Complaint in Intervention that are immaterial and impertinent to claims in this suit. The Eighth Amendment inquiry in this case concerns whether California's implementation of the current lethal-injection regulations creates a substantial risk of severe pain to the inmates under the standard articulated in *Baze v. Rees*, 553 U.S. 35 (2008). The portions of the complaints at issue here, however, have no relation to this Eighth Amendment inquiry. Instead, they concern the development of the now-defunct protocol, the history of this case, and the details of funding and approval for the lethal-injection facility, dating back to as far as five years ago. Because it would be unduly burdensome for the State Officials to answer these immaterial and impertinent allegations, the Court should strike them.

This Court should also strike the portions of the Complaint in Intervention where Plaintiffs Sims and Fields improperly allege that they are incorporating by reference "[a]ll of the allegations

1

Defs.' Not. Mot. & Mot. for Prot. Order (C 06-0219 JF)

contained in the Fourth Amended Complaint" filed by Plaintiffs Morales and Brown "as if fully set forth herein."

## STATEMENT OF THE CASE

Plaintiffs Morales and Brown are now proceeding on the Fourth Amended Complaint, which was filed October 8, 2010. As a whole, this complaint totals 57 pages. And the portions of the complaint relevant to this motion comprise about 17 pages of the complaint. Intervenors Sims and Fields also filed their proposed Complaint in Intervention, on December 29, 2010, and their motion to intervene was granted on January 19, 2011. The Complaint in Intervention closely tracks the Fourth Amended Complaint, with only minor variances.

There are two sets of allegations from the complaints at issue here. Paragraphs 41-84 of the Fourth Amended Complaint and paragraphs 42-56 of the Complaint in Intervention concern the alleged history and drafting process of the now-defunct Operational Procedure 770 and the lethal-injection regulations. They also include allegations about the litigation history in this case. Many of the allegations attempt to cast aspersions on the manner in which the lethal-injection regulations and previous protocol were drafted, as well as the opinions and thought processes of the persons involved in the drafting. Paragraphs 93-96 of the Fourth Amended Complaint primarily concern the planning, budgeting, and construction of the new lethal-injection facility. Although the Complaint in Intervention does not contain specific allegations about the construction of the new lethal-injection facility, it does improperly allege at paragraphs 15, 41, 58, 62, and 67 that it is incorporating by reference into the Complaint in Intervention every allegation found in the 57 page Fourth Amended Complaint filed by Plaintiffs Brown and Morales.

## ARGUMENT

### THE COURT SHOULD STRIKE PORTIONS OF THE FOURTH AMENDED COMPLAINT AND THE COMPLAINT IN INTERVENTION THAT ARE IMMATERIAL AND IMPERTINENT TO WHETHER THE STATE CAN CONSTITUTIONALLY IMPLEMENT ITS LETHAL-INJECTION REGULATIONS.

The portions of the complaints at issue here are neither material nor pertinent to whether the State's execution of the inmates under the current lethal-injection regulations would violate the

2

Defs.' Not. Mot. & Mot. for Prot. Order  (C 06-0219 JF)

Eighth Amendment. Thus, the Court should strike those portions of the complaints under Rule 12(f), and relieve the State Officials from the undue burden of answering them.

### A. Courts may strike immaterial and impertinent allegations in a complaint.

Rule 12(f) permits courts to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter. " Fed. R. Civ. P. 12(f). Courts may do so on their own or at the request of a party. *Id.* A party who moves to strike should do so before filing its responsive pleading, assuming that a responsive pleading is allowed, as in this case. *Id*

"[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). One of the expenditures that can be avoided is the burden of "responding to a complaint with excessive factual detail." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008). And when a court identifies immaterial or impertinent matters at the pleading stage, its ruling can inform the remainder of the parties' litigation—including discovery, dispositive motions, and presentation of live testimony.

An immaterial allegation is one that has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc., v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantacy, Inc.*, 510 U.S. 517 (1994). An impertinent allegation is one that does not pertain to, and is not necessary to, the issues in question. *Id.* "Superfluous historical allegations" may be considered immaterial or impertinent and are properly subject to a motion to strike. *Id.*

### B. Historical allegations about how the lethal-injection protocols were drafted, officials' state of mind during drafting, and the process of building the execution facility are all immaterial and impertinent to the Eighth Amendment issues here.

The Eighth Amendment analysis in this case is governed by the Supreme Court's decision in *Baze v. Rees*, 553 U.S. 35 (2008). Under *Baze*, an inmate cannot prevail on a challenge to a state's lethal-injection protocol unless he satisfies the "heavy" burden of proving that the protocol poses a substantial risk of serious harm that is sure or very likely to cause needless suffering. *Id*.

3

Defs.' Not. Mot. & Mot. for Prot. Order  (C 06-0219 JF)

1  at 49-50.  In addition, the inmate must show that an alternative procedure is feasible, readily
2  implemented, will significantly reduce a substantial risk of severe pain, and will not conflict with
3  the state's legitimate peneological interests. *Id*. at 52.

4  What this means for the inmates here is that they must demonstrate that California's
5  implementation of the lethal-injection regulations—in actual practice—will expose them to a
6  substantial risk of severe pain and that there is some feasible alternative that will significantly
7  lower the risk. The complaints' allegations at issue, however, have nothing to do with this.
8  Historical details about how the previous lethal-injection protocol and current regulations were
9  drafted, as opposed to what the regulations actually say, are simply not relevant to the Court's
10 analysis of whether an execution performed according to the regulations is constitutional.  Nor are
11 the drafters' personal opinions relevant.  And the process by which the State set aside funding and
12 obtained approval for the lethal-injection facility are likewise immaterial and impertinent.

13 Further, the allegations at issue here are not few.  They cover a total of 47 paragraphs,
14 spanning about 17 pages.  Answering them would require significant factual research, as well as
15 much parsing of the allegations into what can be admitted, admitted with qualification, or outright
16 denied.  And none of this will assist the Court or the parties in resolving the relevant issues in this
17 case.

**C.    Incorporation of the entire 57 page Fourth Amended Complaint into the Complaint in Intervention violates Rule 8's requirement that a plaintiff provide a short and plain statement.**

20 The portions of paragraphs 15, 41, 58, 62, and 67 of the Complaint in Intervention, where
21 Plaintiffs Sims and Fields attempt to incorporate by reference the entire 57 page Fourth Amended
22 Complaint filed by Morales and Brown, should also be stricken.  By attempting to, in one broad
23 stroke with no guidance as to which specific allegations are intended to be deemed incorporated,
24 incorporate the entire 57 page Fourth Amended Complaint into the Complaint in Intervention,
25 Plaintiffs Sims and Fields have fallen far short of their burden under Federal Rule of Civil
26 Procedure 8(a) to provide a "short and plain" statement of their entitlement to relief. *See Shelter*
27 *Mut. Ins. Co. v. Public Water Supply District No. 7*, 747 F.2d 1195, 1198 (8th Cir. 1984)
28 (disapproving of attempt to incorporate a thirty-six page complaint).

4

Defs.' Not. Mot. & Mot. for Prot. Order  (C 06-0219 JF)

For these reasons, the State Officials respectfully request that the Court strike these portions of the complaints and not require the State Officials to answer them.

## CONCLUSION

The State Officials should not be burdened by a duty to answer immaterial and impertinent allegations from the complaints. The relevant inquiry in this case concerns how the lethal-injection regulations will be implemented in practice, not the history of the regulations' drafting, or the approval and funding process for the lethal-injection facility. For these reasons, the State Officials respectfully request that the Court strike the immaterial and impertinent portions of the complaints.

Dated: February 4, 2010

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General

/s/ Jay M. Goldman
JAY M. GOLDMAN
Deputy Attorney General
*Attorneys for Defendants*
*Brown, Cate, and Cullen*

SF2007200210
40481938.doc

5

Defs.' Not. Mot. & Mot. for Prot. Order  (C 06-0219 JF)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Michael Angelo Morales v. James Tilton, et al.** | No. | **C 06-0219 JF** |

I hereby certify that on <u>February 3, 2011</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS MORALES AND BROWN'S FOURTH AMENDED COMPLAINT, AND PLAINTIFFS SIMS AND FIELDS'S COMPLAINT IN INTERVENTION**

**[PROPOSED] ORDER GRANTING MOTION TO STRIKE PORTIONS OF PLAINTIFFS MORALES AND BROWN'S FOURTH AMENDED COMPLAINT, AND PLAINTIFFS SIMS AND FIELDS'S COMPLAINT IN INTERVENTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>February 3, 2011</u>, at San Francisco, California.

| | |
|---|---|
| L. Santos | /s/ L. Santos |
| Declarant | Signature |

40482446.doc