KAMALA D. HARRIS
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5726
  Fax:  (415) 703-5843
  E-mail:  Michael.Quinn@doj.ca.gov
*Attorneys for Defendants*
*Brown, Cate, and Cullen*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **MICHAEL ANGELO MORALES,** | C 06-0219 JF |
| Plaintiff, | **ANSWER TO FOURTH AMENDED COMPLAINT** |
| **v.** | |
| **MATTHEW CATE, et al.,** | |
| Defendants. | |

1   Defendants respond to the fourth amended complaint filed October 8, 2010 in this action

2   with  the following admissions, denials, and allegations:

3                               **NATURE OF ACTION**

4   1.      Defendants admit that the action is brought under 42 U.S.C. § 1983 and deny each and

5   every remaining allegation in paragraphs 1 through 7 of the fourth amended complaint.

6                          **JURISDICTION AND VENUE**

7   2.      Defendants deny that Plaintiffs have a valid cause of action under the Fifth, Eighth, or

8   Fourteenth Amendments, but admit the remaining allegations of paragraphs 8 and 9 of the fourth

9   amended complaint.

10                              **THE PARTIES**

11  3.      Defendants admit the allegations of paragraphs 10, 11, and 12 of the fourth amended

12  complaint.

13  4.      Defendants deny the allegations of paragraph 13 of the fourth amended complaint.

14  5.      Defendants lack sufficient information to formulate a belief as to the truth or falsity of the

15  allegations of paragraph 14 and deny the allegations on that basis.

16                          **GENERAL ALLEGATIONS**

17  6.      In response to paragraph 15 of the fourth amended complaint, Defendants incorporate their

18  responses to paragraphs 1 through 14 of the fourth amended complaint.

19  7.      Defendants admit the allegations of paragraphs 16 and 17 of the fourth amended complaint.

20  8.      Defendants deny the allegations of paragraphs 18 and 19 of the fourth amended complaint.

21  9.      Defendants admit the allegations of paragraph 20 of the fourth amended complaint.

22  10.     Defendants deny that the details of lethal injections are to be determined solely by the

23  CDCR in that state regulations dictate the details of the execution process.  Defendants admit that

24  the relevant state regulations are promulgated by CDCR under the Administrative Procedures

25  Act, and Defendants admit the remainder of the allegations of paragraph 21 of the fourth

26  amended complaint.

27

28

1

11.    Defendants admit that plaintiff will be executed by a lethal combination of the drugs as described in paragraph 22 of the fourth amended complaint but deny that the use of pancuronium bromide or potassium chloride in an execution as administered in California is painful.

12.    Defendants admit that they will follow the protocol established in California Code of Regulations title 15, sections 3349 et seq. in order to execute Plaintiffs, but deny (1) that the regulations are identical to former San Quentin Operational Procedure No. 770, (2) that certain practices not delineated in the protocol will be followed in performing executions by lethal injection, and (3) that the actual practice of a lethal injection execution in California violates any constitutional or statutory provision as alleged in paragraph 23 of the fourth amended complaint.

13.    Defendants deny the allegations of paragraphs 24, 25 and 26 of the fourth amended complaint.

14.    Defendants admit the allegations of paragraph 27 of the fourth amended complaint.

15.    Defendants admit that sodium thiopental was invented in the 1930s, is a short-acting barbiturate that has been used commonly in the induction phase of general anesthesia, and is intended to anesthetize a condemned inmate, but otherwise deny the allegations of paragraph 28 of the fourth amended complaint.

16.    Defendants admit that thiopental is sold in a powdered form and must be mixed into a solution according to the manufacturer's instructions but deny that all other states use pharmacists or physicians to mix this drug, and otherwise deny the allegations of paragraph 29 of the fourth amended complaint.

17.    Defendants deny the allegations of paragraphs 30 and 31 of the fourth amended complaint.

18.    Defendants lack sufficient information to formulate any beliefs relating to the guidelines of the American Veterinary Medical Association (AVMA) and the guidelines regarding the euthanasia of animals, and deny that those guidelines have any application to the lethal-injection execution of a human being, and on these bases deny the allegations of paragraphs 32 and 33 of the third amended complaint.

19.    Defendants admit the allegations of paragraph 34 of the fourth amended complaint that pancuronium bromide is the second drug administered as part of a lethal-injection execution in

2

1 California and admit that pancuronium bromide paralyzes the voluntary muscles.  Defendants

2 otherwise deny the allegations of paragraph 34, and specifically deny that CDCR has ever

3 tortured anyone as part of a "behavioral modification program" or otherwise.

4 20.    Defendants deny the allegations of paragraph 35 of the fourth amended complaint.

5 21.    Defendants deny the allegations of paragraph 36 of the fourth amended complaint.

6 22.    Defendants deny the allegations of paragraph 37 of the fourth amended complaint.

7 23.    Defendants lack sufficient information to formulate a belief as to the truth or falsity of each

8 and every allegation in paragraph 38 of the fourth amended complaint and deny the allegations on

9 that basis.

10 24.    Defendants admit the allegations of paragraph 39 of the fourth amended complaint that

11 potassium bromide is the third drug administered as part of a lethal-injection execution in

12 California and admit that potassium bromide will cause cardiac arrest.  Defendants otherwise

13 deny the allegations of paragraph 39 of the fourth amended complaint.

14 25.    Defendants lack sufficient information to formulate any beliefs relating to the guidelines of

15 the American Veterinary Medical Association (AVMA) and the guidelines regarding the

16 euthanasia of animals, and deny that those guidelines have any application to the lethal-injection

17 execution of a human being, and on these bases deny the allegations of paragraph 40 of the fourth

18 amended complaint.

19 **THE DEVELOPMENT OF REGS./OP 770**

20 26.    The allegations of paragraphs 41 through 84 of the fourth amended complaint are the

21 subject of Defendants' motion to strike and on that basis are denied.

22 27.    Answering paragraph 85 of the fourth amended complaint, Defendants admit that the

23 regulations provide that the infusion team is to, among other things, "[m]ix the Lethal Injection

24 Chemicals in accordance with the manufacturer's instructions . . ."  Defendants also admit that

25 Witness #4 testified that he prepared the drugs "by following the instructions" and obtained a

26 solution that was "yellowish, brownish tan color."  Defendants otherwise deny the allegations in

27 paragraph 85 of the fourth amended complaint.

28

3

28.    Answering paragraph 86 of the fourth amended complaint, Defendants admit that training sessions will be conducted by the team leader, and that the regulations do not require that the team leader have participated in an execution or have experience inserting catheters, and preparing or infusing chemicals.  Defendants otherwise deny the allegations in paragraph 86 of the fourth amended complaint.

29.    Answering paragraph 87 of the fourth amended complaint, Defendants admit that the team leader does not have specific training or lesson plans for his position, and that the team leader position does not require prior team membership, execution training, or experience.  Defendants otherwise deny the allegations in paragraph 87 of the fourth amended complaint.

30.    Defendants deny the allegations of paragraph 88 of the fourth amended complaint.

31.    Answering paragraph 89 of the fourth amended complaint, Defendants admit that the regulations do not provide for medical doctors to perform the task of assessing unconsciousness.  Defendants otherwise deny the allegations in paragraph 89 of the fourth amended complaint.

32.    Answering paragraph 90 of the fourth amended complaint, Defendants admit that the regulations do not contain a provision for a doctor to perform a central line catheterization but deny that Defendants have knowledge that some inmates will require a central line to avoid unsuccessful drug administration, and that central line placement requires extensive medical training.  Defendants otherwise deny the allegations in paragraph 90 of the fourth amended complaint.

33.    Answering paragraph 91 of the fourth amended complaint, Defendants admit that during Plaintiff Brown's pending execution, Defendants represented that they were able to and could effectively execute him with a single-drug option, and were prepared to do so.  Defendants otherwise deny the allegations in paragraph 91 of the fourth amended complaint.

34.    Defendants lack sufficient information to formulate a belief as to the truth or falsity of the allegations concerning Dr. Mark Dershwitz's advice to other states in paragraph 92 of the fourth amended complaint and deny the allegations on that basis.  Defendants deny the remaining allegations of paragraph 92 of the fourth amended complaint.

4

35.     The allegations of paragraphs 93 through 96 of the fourth amended complaint are the subject of Defendants' motion to strike and on that basis are denied.

36.     Defendants deny that the May 15, 2007 version of Operational Procedure No. 770, or California Code of Regulations title 15 sections 3349 et seq. are substantially similar to the 2003 version in all material respects, but otherwise admit the allegations of paragraph 97 of the fourth amended complaint.

37.     Defendants admit that California Code of Regulations title 15 sections 3349 et seq. do not provide a procedure for obtaining IV access should an inmate have unusable veins, but otherwise deny the allegations of paragraph 98 of the fourth amended complaint.

38.     Defendants deny the allegations of paragraph 99 of the fourth amended complaint.

39.     Defendants admit that the dose of anesthetic has been lowered in the May 15, 2007 version of Procedure No. 770, but otherwise deny the allegations of paragraph 100 of the fourth amended complaint.

40.     Defendants deny the allegations of paragraphs 101 and 102 of the fourth amended complaint.

41.     Defendants admit that the District Court wrote that there were deficiencies in a March 2006 version of OP 770, but otherwise deny the allegations of paragraph 103 of the fourth amended complaint.

42.     Defendants admit that the former warden at San Quentin admitted in 2007 that he had not read the Court's memorandum in Morales v. Tilton, but otherwise deny the allegations of paragraph 104 of the fourth amended complaint.

**DEFICIENCIES IN THE PROCEDURES CREATE A CONTINUED SUBSTANTIAL RISK OF CONSCIOUS AND AGONIZING SUFFERING**

43.     Defendants deny the allegations of paragraphs 105 through 105 mm. of the fourth amended complaint and specifically deny that the lethal-injection procedures contain any "deficiencies" that create a substantial and present risk of severe pain and suffering.

/ / /

/ / /

5

**FAILURE TO CONSIDER AND ADOPT VIABLE ALTERNATIVES**

44.     Answering paragraph 106 of the fourth amended complaint, Defendants admit that Ohio and Washington employ a method that uses solely thiopental, and that Defendants have represented that they can use a single drug method.  Defendants lack sufficient information to formulate a belief as to the truth or falsity of the allegations concerning the practices of veterinarians and their trained assistants in paragraph 106 of the fourth amended complaint and deny the allegations on that basis.  Defendants deny the remaining allegations of paragraph 106 of the fourth amended complaint.

45.     Answering paragraph 107 of the fourth amended complaint, Defendants deny that they have ignored their experts' advice in retaining the three-drug procedure.  Defendants admit the remaining allegations of paragraph 107 of the fourth amended complaint.

46.     Defendants deny the allegations of paragraphs 108 and 109 of the fourth amended complaint.

**COUNT I**
**VIOLATION OF RIGHT TO BE FREE FROM CRUEL AND UNUSUAL**
**PUNISHMENT AND TO BE FREE FROM ARBITRARY AND CAPRICIOUS**
**PROCESSES PURSUANT TO THE FIFTH, EIGHTH, AND FOURTEENTH**
**AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**(42 U.S.C. § 1983)**

47.     In response to paragraph 110 of the fourth amended complaint, Defendants incorporate their responses to paragraphs 1 through 109.

48.     Defendants deny the allegations of paragraphs 111, 112, 113, and 114 of the fourth amended complaint.

49.     Defendants lack sufficient information to formulate a belief as to the truth or falsity of the allegations concerning the experiences of other states with similar protocol to other states in paragraph 115 of the fourth amended complaint and deny the allegations on that basis.  Defendants deny the remaining allegations of paragraph 115 of the fourth amended complaint and specifically deny that the execution logs suggest or in any way establish that any California inmate did not receive enough sedative prior to the administration of pancuronium bromide.

50.     Defendants admit that inducing and maintaining a sufficient level of unconsciousness by correctly administering sodium thiopental is indispensible to preventing the wanton infliction of

6

1   severe pain when the potassium chloride is administered but otherwise deny the allegations of

2   paragraph 116 of the fourth amended complaint.

3   51.   Defendants deny the allegations of paragraph 117 of the fourth amended complaint.

4   52.   Defendants deny the allegations of paragraph 118 of the fourth amended complaint.

5   53.   Defendants lack sufficient information to formulate a belief as to the truth or falsity of the

6   allegations in paragraph 119 of the fourth amended complaint and deny the allegations on that

7   basis.

8   54.   Answering paragraph 120 of the fourth amended complaint, Defendants admit that they can

9   conduct executions in a constitutional manner, and allege that they use chemicals that do not

10  cause excruciating pain, but otherwise deny the allegations of paragraph 120 of the fourth

11  amended complaint.

12  55.   Defendants deny the allegations of paragraphs 121, 122, 123, 124, and 125 of the fourth

13  amended complaint.

14  56.   Answering paragraph 126 of the fourth amended complaint, Defendants deny that readily

15  available alternatives aren't an issue and that there is no benefit to using a paralytic drug, which

16  stops the inmate's breathing.  Defendants lack sufficient information to formulate a belief as to

17  the truth or falsity of the remainder of the allegations in paragraph 126 and deny the allegations

18  on that basis.

19  57.   Defendants deny the allegations of paragraph 127 of the fourth amended complaint.

20  58.   Defendants deny the allegations of paragraph 128 of the fourth amended complaint.

21  59.   Defendants specifically deny that personnel who lack sufficient training, credentials,

22  certification, experience or proficiency will administer the regulations, and deny that inmates will

23  be inadequately sedated before the administration of pancuronium bromide and potassium

24  chloride.  Defendants lack sufficient information to formulate a belief as to the truth or falsity of

25  the other allegations in paragraph 129 of the fourth amended complaint and deny the allegations

26  on that basis.

27  60.   Defendants specifically deny that Plaintiffs will suffer unnecessary pain during the

28  administration of the lethal-injection procedure.  Defendants lack sufficient information to

7

Answer to Fourth Am. Compl. (C 06-0219 JF)

1   formulate a belief as to the truth or falsity of the other allegations in paragraph 130 of the fourth

2   amended complaint and deny the allegations on that basis.

3   61.   Defendants specifically deny that personnel who lack sufficient training, credentials,

4   certification, experience or proficiency will administer the regulations.  Defendants lack sufficient

5   information to formulate a belief as to the truth or falsity of the other allegations in paragraph 131

6   of the fourth amended complaint and deny the allegations on that basis.

7   62.   Defendants lack sufficient information to formulate a belief as to the truth or falsity of the

8   allegations in paragraph 132 of the fourth amended complaint, which is incomprehensible, and

9   deny the allegations on that basis.

10   63.   Defendants deny the allegations of paragraph 133 of the fourth amended complaint.

11                                      **PRAYER FOR RELIEF**

12   64.   Defendants deny that Plaintiffs' rights have been violated and deny that Plaintiffs are

13   entitled to any relief in this suit.  Except as expressly admitted above, Defendants deny each and

14   every allegation in the fourth amended complaint.

15                                      **AFFIRMATIVE DEFENSES**

16   65.   Defendants allege that if they performed any of the acts or omissions alleged in the

17   complaint, at the time of such act or omission they were performing a discretionary function and

18   did not violate clearly established statutory or constitutional rights of which a reasonable person

19   would have known.  Defendants therefore assert that they are immune from liability.

20   66.   Defendants allege that the relief sought by plaintiffs is barred in whole, or in part, by the

21   Prison Litigation Reform Act.

22   67.   This Court lacks subject matter jurisdiction to consider the claims presented by plaintiff in

23   an action brought under the Federal Civil Rights Act because the case is barred by Heck v.

24   Humphrey's prior-invalidation rule.  512 U.S. 477 (1994).

25                                      **PRAYER FOR RELIEF**

26   WHEREFORE, Defendants pray that:

27   1.  Judgment be rendered in favor of Defendants and against Plaintiffs;

28   2.  Plaintiffs take nothing by the complaint;

8

1    3.  Defendants be awarded their costs of suit incurred herein; and

2    4.  Defendants be awarded such other and further relief as the Court may deem necessary

3    and proper.

4

5    Dated:  February 3, 2011                          Respectfully Submitted,

6                                                      KAMALA D. HARRIS
                                                       Attorney General of California
7                                                      THOMAS S. PATTERSON
                                                       Supervising Deputy Attorney General

8

9
                                                       /s/ Michael J. Quinn
10                                                     MICHAEL J. QUINN
                                                       Deputy Attorney General
11                                                     *Attorneys for Defendants*
                                                       *Brown, Cate, and Cullen*
12
     SF2007200210
13   40482109.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer to Fourth Am. Compl. (C 06-0219 JF)

# CERTIFICATE OF SERVICE

Case Name:   **Michael Angelo Morales v.**            No.   **C 06-0219 JF**
             **James Tilton, et al.**

I hereby certify that on <u>February 3, 2011</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### ANSWER TO FOURTH AMENDED COMPLAINT

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>February 3, 2011</u>, at San Francisco, California.

L. Santos                                    */s/ L. Santos*
Declarant                                    Signature

40482454.doc