**E-Filed 3/11/2011**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES et al., <br><br> Plaintiffs, <br><br> v. <br><br> Matthew CATE, Secretary of the California Department of Corrections and Rehabilitation, et al., <br><br> Defendants. | Case Number 5-6-cv-219-JF-HRL <br> Case Number 5-6-cv-926-JF-HRL <br><br> DEATH-PENALTY CASE <br><br> ORDER RE DISCOVERY AND DEFENDANTS' MOTION TO STRIKE |
| PACIFIC NEWS SERVICE, <br><br> Plaintiff, <br><br> v. <br><br> Matthew CATE, Secretary of the California Department of Corrections and Rehabilitation, et al., <br><br> Defendants. | Case Number 5-6-cv-1793-JF-HRL <br><br> DEATH-PENALTY CASE <br><br> ORDER RE DISCOVERY AND DEFENDANTS' MOTION TO STRIKE |

The present actions involve Eighth Amendment and First Amendment challenges to the State of California's lethal-injection protocol, Cal. Code Regs. tit. 15 §§ 3349 et seq. (West 2011). Defendants move for a protective order and to strike portions of the *Morales* Plaintiffs' operative complaints. As directed by the Court, the parties have submitted letter briefs articulating their respective positions with respect to remaining discovery disputes in the instant litigation, including requests to compel discovery, in light of the recent decision of the Court of

1  Appeals for the Ninth Circuit in *Dickens v. Brewer*, 631 F.3d 1139 (9th Cir. 2011) (upholding
2  Arizona's lethal-injection protocol against an Eighth Amendment challenge).  The Court has read
3  the briefs and has considered the oral arguments of counsel presented on March 4, 2011.[1]

4      *Dickens* confirms that the issue to be resolved in an Eighth Amendment challenge to an
5  execution protocol is whether the protocol presents a "'substantial risk of serious harm.'"  631
6  F.3d at 1144–46 (quoting *Baze v. Rees*, 553 U.S. 35, 50 (2008) (plurality op.)); *see also Morales*
7  *v. Cate* (*Morales 420*), 623 F.3d 828, 829 (9th Cir. 2010); *Morales v. Cate* (*Morales 461*),
8  — F. Supp. 2d —, Nos. 5-6-cv-219-JF-HRL & 5-6-cv-926-JF-HRL, 2010 WL 5138572, at *5
9  (N.D. Cal. Dec. 10, 2010).  The parties agree that absent adequate anesthetization, injecting a
10 person with pancuronium bromide or potassium chloride would cause extreme pain and suffering
11 that would amount to "serious harm" within the meaning of *Baze*.  *Morales 461*, 2010 WL
12 5138572, at *1; *see also Dickens*, 631 F.3d at 1141.  Accordingly, the Court must answer one
13 basic question of fact in order to resolve *Morales*:  *As precisely as possible, what is the degree of*
14 *risk that a prisoner will not be sufficiently anesthetized when injected with pancuronium bromide*
15 *and potassium chloride?*[2]  *Morales 461*, 2010 WL 5138572, at *1 ("the ultimate merit of
16 Plaintiffs' case turns, as it has from the outset, on a factual determination as to the degree of risk
17 that a condemned inmate will not be or remain sufficiently anesthetized by the first drug when
18 the second and third drugs are administered").  Determining the answer to this question must be
19 the exclusive focus of discovery and factual development in *Morales*.[3]

---

[1] The *Morales* Plaintiffs also submitted a report on the day before the hearing in which they raised two issues. (Doc. No. 509.)  *First*, they stated that Defendants had not provided witness numbers on certain documents for members of the execution team.  It appears from counsel's representations at the hearing that this issue has been resolved.  *Second*, Plaintiffs ask the Court to schedule briefing and a hearing on formal motions to compel.  The Court previously stated that the briefing already submitted was to be comprehensive in discussing discovery disputes, as it intended to issue a single discovery order resolving all discovery disputes based on that briefing and the hearing just concluded.  (Doc. No. 494 at 12.)  The present order does just that; indeed, it grants Plaintiffs the same relief they would seek with their motions to compel.  Accordingly, the request to schedule motions to compel will be denied as moot.

[2] A single, key question of law then follows:  Is this degree of risk "substantial"?

[3] At present, the Court will not permit the parties to engage in discovery regarding alternative procedures, such as a one-drug protocol using only sodium thiopental or sodium pentobarbital.  One

Case Nos. 5-6-cv-219-JF-HRL, 5-6-cv-926-JF-HRL, & 5-6-1793-JF-HRL
ORDER RE DISCOVERY AND DEFENDANTS' MOTION TO STRIKE
(DPSAGOK)

The discovery requests as to which Defendants seek a protective order for the most part concern information similar to that which the Court previously found relevant when it reviewed the constitutionality of California's former protocol under the then-prevailing "unnecessary risk" standard. (*See, e.g.*, Doc. No. 151.) In the same vein, the portions of Plaintiffs' complaints that Defendants move to strike contain information that formed the basis for the Court's conclusion that Plaintiffs were exposed to an unnecessary risk of extreme pain under a prior version of the protocol. *Morales 290*, 465 F. Supp. 2d 972. Defendants contend that this information has been rendered irrelevant by the adoption of the "substantial risk" standard in *Baze*. (*E.g.*, Doc. No. 505 at 6 ("*Baze* changed the information that is relevant, or may lead to the discovery of admissible evidence, in an Eighth Amendment lethal-injection case.")) Moreover, according to Defendants, "*Dickens* reinforces the fact that, in a post-*Baze* world, the discovery Plaintiffs insist on conducting does not seek information that is relevant or leads to the discovery of admissible evidence," (Doc. No. 505 at 8), and therefore any information concerning Defendants' administration of lethal injection that predates the effective date of the current protocol (August 29, 2010) is irrelevant, (Doc. No. 506 at 3 ("Plaintiffs cannot rely on events from past executions—during which a now-defunct protocol was used—to raise issues of fact")), and not

---

could read *Baze* as effectively necessitating discovery regarding alternatives that are "feasible, readily implemented, and in fact significantly reduce a substantial risk of severe pain," on the theory that failure to adopt such an alternative might violate the Eighth Amendment. 553 U.S. at 52. However, Defendants are correct that *Dickens* forecloses that interpretation of *Baze*. Under *Dickens*, the Court will reach the issue of alternatives "only if the current protocol creates a substantial risk of serious harm." 631 F.3d at 1150. Thus, if the Court ultimately concludes that the present protocol does not create such a risk, discovery regarding alternatives clearly will have been unnecessary. On the other hand, if the Court does reach the issue, its resolution already has been determined, at least in a general sense, by the history of the instant litigation. Defendants explicitly "admit that a one-drug method is feasible, and readily available," (Doc. No. 478 at 4 n.1); (*id.* at 14 ("there is no dispute that a one-drug execution method is feasible and readily available"), and the Court itself previously has observed that a one-drug protocol "would eliminate any constitutional concerns, subject only to the implementation of verifiable procedures to ensure that the inmate actually receives a fatal dose of the anesthetic," *Morales v. Tilton* (*Morales 290*), 465 F. Supp. 2d 972, 983 (N.D. Cal. 2006), *quoted in Morales 461*, 2010 WL 5138572, at *9 n.13, for the obvious reason that the elimination of the drugs that cause severe pain would eliminate the risk of severe pain. Accordingly, there does not appear to be a need for further factual development of this issue, at least at the present time.

discoverable as a matter of law, (Doc. No. 505 at 5, 8, 14).[4] Defendants also assert that it would be unduly burdensome for them to respond to the disputed contentions, (Doc. No. 484 at 2), and discovery requests, (Doc. No. 478 at 14).

Defendants overread *Dickens*, and this Court already has rejected this application of *Baze*. *Morales v. Cate*, 2010 WL 3751757, at *4 (N.D. Cal. Sept. 24, 2010); *Morales v. Cate*, 2010 WL 3835655, at *2–4 (N.D. Cal. Sept. 28, 2010); *Morales 461*, 2010 WL 5135872, at *8. In contrast to the instant litigation, the issue in *Dickens* was "*not* that the safeguards in [the] protocol are inadequate." 631 F.3d at 1141. Instead, the plaintiffs' "central assertion [was] that evidence gathered during discovery raises issues of fact as to whether Arizona will follow the protocol."[5] *Id.* The *Dickens* panel reviewed and considered all of the evidence that the plaintiffs had gathered, *id.* at 1147–50, and, while it concluded that the evidence was insufficient to establish a "material issue of fact regarding compliance with the protocol,"[6] *id.* at 1141, it nonetheless observed that it was "an important inquiry" for the court to "evaluate the Protocol in light of Dickens's evidence," *id.* at 1146. Although *Dickens* clearly holds that evidence that predates a new execution protocol has limited probative value in a challenge to that protocol, such evidence still is relevant, and in fact it is "important" for a court to evaluate a protocol in light of such evidence. *See also Morales 461*, 2010 WL 5135872, at *8 ("Nothing in *Baze* evidences the plurality's intent to foreclose all future facial challenges to protocols that appear substantially similar to Kentucky's, even if they are fact-based and even where as here there is substantial evidence that similar prior protocols have been deficient in actual practice.").

---

[4] Some of the discovery requests to which Defendants object concern the implementation of the current protocol, such as the request for documents concerning the execution of Plaintiff Albert Greenwood Brown that was scheduled for September 29 and 30, 2010.

[5] *Dickens*, like *Baze*, assumed without addressing the efficacy of the safeguards in the protocols at issue in those cases, as those cases did not present the issue of their efficacy. In contrast, the efficacy of safeguards in practice is expressly at issue here. *Cf. Morales 461*, 2010 WL 5135872, at *8.

[6] *Dickens* recognized the uncontroversial fact that "[e]ven if the evidence suggested that [a state's] past execution procedures created a substantial risk of harm, that evidence, alone, would not establish an issue of fact as to whether such a risk exists under" a new protocol. 631 F.3d at 1149.

Moreover, the standard for determining relevance in the context of discovery is much broader than in other contexts: "Relevant information need not be admissible at the [evidentiary hearing] if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

That said, it is not true, as Plaintiffs appear to argue, that *Baze* and *Dickens* have no bearing at all on the parties' present discovery disputes. As in *Dickens*, the *Morales* Plaintiffs "face[] an uphill battle" in developing evidence sufficient to satisfy *Baze*'s "substantial risk" standard. 631 F.3d at 1146. "Overcoming these evidentiary hurdles is not an impossible task, but it is a difficult one." *Id.* at 1147. Given the limited utility of retrospective evidence, the higher bar set by *Baze* and *Dickens* obviously weighs into the balancing required by Federal Rule of Civil Procedure 26(b)(2)(C) of the burdens posed by discovery requests against the potential importance of the information sought. It is for this reason that the Court previously stated its intention "to monitor closely the scope and pace of . . . discovery so that the merits of Plaintiffs' claims can be adjudicated promptly." *Morales 461*, 2010 WL 5135872, at *9.

The Court has carefully reviewed each of the disputed discovery requests as well as the challenged portions of Plaintiffs' complaints. In light of the foregoing discussion, each of the discovery requests has at least some relevance, and the portions of the pleadings Defendants seek to strike are germane, albeit in a limited way, to the issues still to be determined by the Court. Considering the discovery requests in the context of Rule 26(b)(2)(C), the Court takes as a given that Defendants and their counsel have been responsible stewards of documents and information regarding lethal injection during the course of the instant litigation, and that responding to Plaintiffs' document requests and interrogatories thus will be minimally burdensome to Defendants. Accordingly, the Court will order Defendants to produce the requested documents and information and to answer the interrogatories.[7] On the other hand, the information Plaintiffs

---

[7] Defendants also must produce the documents requested by Pacific News Service (PNS) and respond to the interrogatories and requests for admission propounded by PNS. These discovery requests are narrow in scope, plainly relevant, and not unduly burdensome. Significantly, Defendants do not object to these discovery requests other than with respect to their timing.

seek through the proposed depositions of former Governor Arnold Schwarzenegger and former Legal Affairs Secretary Andrea Hoch is too attenuated and the burden of such depositions too great to justify Plaintiffs' request to compel the depositions.

Finally, Defendants claim that the *Morales* Plaintiffs have not provided adequate responses to Defendants' contention interrogatories. (Doc. No. 497 at 6–7.) However, Plaintiffs cannot be expected to provide responses that require information within Defendants' control that has not been provided to Plaintiffs. Pursuant to Federal Rule of Civil Procedure 33(a)(2), "the court may order that [contention] interrogator[ies] need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Such an order is appropriate here.[8]

Good cause appearing therefor, the motion for a protective order and the requests to compel discovery are granted in part and denied in part as set forth above; the motion to strike is denied; and the request to schedule briefing and a hearing on motions to compel is denied. Defendants shall file their answer or answers to the *Morales* Plaintiffs' complaints within ten days after the present order is posted. The Court expects the parties to comply with their discovery obligations as set forth herein forthwith, and to resolve any further disputes amicably without bringing them to the Court, so that these actions may be concluded promptly. On or before March 27, 2011, the parties shall file a joint statement that contains a proposed schedule for completing discovery. Pursuant to the discussion on the record at the hearing, on or before May 6, 2011, unless otherwise ordered by the Court, the parties shall file a joint statement identifying any material issues of fact that will require an evidentiary hearing.

IT IS SO ORDERED.

DATED: March 11, 2011

JEREMY FOGEL
United States District Judge

---

[8] Defendants are correct that responses to interrogatories must be verified. *See* Fed. R. Civ. P. 33(b)(5). Accordingly, the Court will grant Defendants' request that the Court compel the verification of the *Morales* Plaintiffs' interrogatory responses.