David A. Senior (# 108579)
MCBREEN & SENIOR
2029 Century Park East, Third Floor
Los Angeles, CA 90067
Phone: (310) 552-5300
Fax: (310) 552-1205
dsenior@mcbreensenior.com

John R. Grele (# 167080)
LAW OFFICES OF JOHN R. GRELE
149 Natoma Street, Third Floor
San Francisco, CA 94105
Phone: (415) 348-9300
Fax: (415) 348-0364
jgrele@earthlink.net

Richard P. Steinken (admitted pro hac vice)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Phone: 312-222-9350
Fax: 312-527-0484
rsteinken@jenner.com

*Attorneys for Plaintiffs*
ALBERT G. BROWN and
MICHAEL A. MORALES

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL ANGELO MORALES, ALBERT G. BROWN, <br><br>　　　　　　　Plaintiffs, <br><br>v. <br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, et al., <br><br>　　　　　　　Defendants. | CASE NO. C 06 0219 (JF) (RS) <br>　　　　　C 06-0926 (JF) (RS) <br><br>JOINT PROPOSED SCHEDULE FOR COMPLETING DISCOVERY; <br>[PROPOSED] ORDER; <br>GENERAL ORDER 45 ATTESTATION |

---

JOINT PROPOSED SCHEDULE FOR COMPLETING DISCOVERY

**JOINT PROPOSED SCHEDULE FOR COMPLETING DISCOVERY**

Defendants estimate that CDCR will have a new execution team selected by the end of June 2011.

Defendants are in the process of preparing their discovery responses in compliance with their discovery obligations set forth in the Court's March 11, 2011 order, and are preparing these materials for disclosure. Defendants will thereafter supplement the foregoing discovery responses after the selection of a new execution team in a timely manner as required by Rule 26(e), and in any event, within 14 days of the completion of the selection of the new team, unless modified by agreement of the parties.

Defendants will produce responsive documents to Plaintiffs, including documents related to the selection of the new execution team, on a rolling basis as they are collected. The production of such documents will be completed by June 30, 2011, except for any additional production concerning the team's ongoing training or changes to the execution team personnel. Defendants will notify Plaintiffs of the creation of additional documents concerning the team's ongoing training (and produce such documentation) and/or any changes to the team personnel in a timely manner as required by Rule 26(e), and in any event, within 14 days following the creation of the document or the change to the team personnel, unless modified by agreement of the parties.

Plaintiffs have renewed their request that Defendants provide the missing team identification numbers and team training materials for the period 2008 through August 29, 2010. *See* Plaintiffs' Discovery Hearing Conference Report, Mar. 3, 2011, at 2-4 (ECF No. 509); *Contra* Order Re Discovery and Defendants' Motion to Strike, at 2 n.1 (ECF No.513) (it "appears from counsel's representations at the hearing that this issue has been resolved."). The parties will work together to resolve this issue, and if it cannot

be resolved, will submit a joint statement to the Court for its review and resolution of the issue by April 29, 2011.

Plaintiffs will review on a rolling basis the documents and information received in order to, *inter alia*, identify witnesses for depositions. Depositions will be scheduled thereafter. At this point, Plaintiffs anticipate deposing witnesses with knowledge of the regulations and execution team documents, document custodians, and present and former execution team managers and participants. In this regard, Plaintiffs counsel have conferred with Defendants' counsel generally about the scheduling of the depositions (*see* L.R. 30-1), and counsel are aware of and understand that counsel have other professional obligations, including trials, that previously have been calendared. The parties will work together to schedule depositions on dates certain when the witnesses and counsel are available. L.R. 30-1.

If a dispute arises during a deposition regarding a party's assertion of a privilege, objection, or instruction to a witness that cannot be resolved by conferring in good faith, counsel will contact Judge Fogel's chambers pursuant to Local Rule 37-1(b) to ask if the Court is available to address the problem through a telephone conference during the deposition, or whether counsel can be directed to a Magistrate Judge to resolve the matter. Counsel will advise the Court of the deposition schedule via e-mail to Mr. Kolombatovich when the depositions are set.

Based upon counsel for Plaintiffs' review of certain documentation produced by Defendants to date, Plaintiffs believe that it may be incomplete. Plaintiffs believe that these issues can be clarified during depositions. If the production of such records is in fact incomplete, additional time will be required for Defendants to make complete productions, for Plaintiffs' counsel to review the records, and for the parties to complete

the depositions. In addition, Defendants hope to obtain further discovery responses from Plaintiffs and will work with Plaintiffs to resolve these issues before bringing them to the Court for any resolution.

Once Defendants complete their discovery obligations set forth in the Court's March 11, 2011 order and all supplements thereto, and Plaintiffs complete all non-expert depositions, Plaintiffs will supplement their responses to Defendants' contention interrogatories in a timely manner, and in any event within 14 days, unless modified by agreement of the parties. After the foregoing discovery has been completed, the parties will identify expert information as required by Rule 26(a)(2), and present their experts for depositions thereafter.

In light of this stipulated discovery schedule which has been carefully considered by the parties and is entered into in a good faith attempt to meet the Court's expectations that "the parties [] comply with their discovery obligations . . . and [] resolve any further disputes amicably without bringing them to the Court" (Order Re Discovery and Defendants' Motion to Strike, at 6 (ECF No.513)),

/ /
/ /
/ /

IT IS HEREBY STIPULATED THAT:

1. The foregoing discovery will be completed by November 15, 2011; and

2. The parties will file a joint statement identifying any material issues of fact that will require an evidentiary hearing by December 15, 2011.

DATED: March 25, 2011          By:     /s/
                                      David A. Senior
                                      McBREEN &SENIOR

                                      Richard P. Steinken
                                      JENNER & BLOCK

                                      John R. Grele
                                      LAW OFFICE OF JOHN R. GRELE
                                      *Attorneys for Plaintiffs*
                                      ALBERT G. BROWN and
                                      MICHAEL A. MORALES

DATED: March 25, 2011          By:    /s/ Michael J. Quinn*
                                      MICHAEL J. QUINN
                                      Deputy Attorney General
                                      *Attorneys for Defendants*
                                      Brown, Cate, and Cullen

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: March ___, 2011
                                      _____
                                      Honorable Jeremy Fogel
                                      UNITED STATES DISTRICT JUDGE

1 *GENERAL ORDER 45 ATTESTATION

2 Per General Order 45, Section X.B. I hereby attest that the concurrence in the

3 filing of this document has been obtained from all signatories.

4

5                    /s/
            David A. Senior

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED SCHEDULE FOR COMPLETING DISCOVERY
6