David A. Senior (# 108579)
MCBREEN & SENIOR
2029 Century Park East, Third Floor
Los Angeles, CA 90067
Phone: (310) 552-5300
Fax: (310) 552-1205
dsenior@mcbreensenior.com

John R. Grele (# 167080)
LAW OFFICES OF JOHN R. GRELE
149 Natoma Street, Third Floor
San Francisco, CA 94105
Phone: (415) 348-9300
Fax: (415) 348-0364
jgrele@earthlink.net

Richard P. Steinken (admitted pro hac vice)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Phone: 312-222-9350
Fax: 312-527-0484
rsteinken@jenner.com

*Attorneys for Plaintiffs*
ALBERT G. BROWN and
MICHAEL A. MORALES

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES, ALBERT G. BROWN, <br> Plaintiffs, <br> v. <br><br> MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, et al., <br> Defendants. | CASE NO. C 06 0219 RS <br> C 06 0926 RS <br><br> JOINT PROPOSED SCHEDULE FOR COMPLETING DISCOVERY; [PROPOSED] ORDER; GENERAL ORDER 45 ATTESTATION |
| PACIFIC NEWS SERVICE, <br> Plaintiff <br> v. <br><br> MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, et al., <br> Defendants. | CASE NO. C 06 01793 RS |

---

JOINT PROPOSED SCHEDULE FOR COMPLETING DISCOVERY

**~~PROPOSED~~ SCHEDULE FOR COMPLETING DISCOVERY**

Plaintiffs Albert G. Brown, Stevie Fields, Michael A. Morales, Mitchell Sims, and Pacific News Service and Defendants Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, Warden (Acting) Michael Martel, San Quentin State Prison, and Governor Edmund G. Brown, submit the following joint proposal for further scheduling in these consolidated actions:

Acting Warden Michael Martel at San Quentin State Prison determined that he needed until October 17, 2011 to select a new execution team. Notice re: Selection of New Execution Team and Alternates, Oct. 5, 2011, at 2 (ECF No. 529). A new execution team has now been selected.

On July 15, Defendants served supplemental responses to interrogatories and document requests propounded by Plaintiff Brown, initial responses to discovery propounded by Pacific News Service, documents, a privilege log, and a supporting declaration. On August 5, 2011 Defendants served additional documents and a privilege log. Plaintiffs contend that the assertion of objections and privilege logs does not comply with the Court's previous order for "[d]efendants to produce the requested documents and information and to answer the interrogatories." Order, Mar. 9, 2011, at 5 (ECF No. 513); *see also id.* at 2 n.1 ("grant[ing] Plaintiffs the same relief they would seek with [] motions to compel."). Defendants contend that the Court's order merely resolved their motion for a protective order regarding the permissible scope of discovery, and disagree with Plaintiffs' contention that the objections and privileges set forth in Defendants' discovery responses fail to comply with this order. The Court further ordered the parties to "resolve any further disputes amicably without bringing them to the Court." *Id.* at 6. Plaintiffs

and Defendants will meet and confer to attempt to resolve this dispute during the week of November 7, 2011.

Upon review of the email documents produced by Defendants, Plaintiffs have noticed that numerous attachments to emails have not been produced. Plaintiffs have requested the immediate production of these documents. Plaintiffs also are awaiting additional discovery responses concerning the new team's selection and training or changes to the execution team personnel. Defendants will notify Plaintiffs of the creation of additional documents concerning the team's training (and produce such documentation) and any changes to the team personnel in a timely manner as required by Rule 26(e), and in any event, within 14 days following the creation of the document or the change to the team personnel, unless modified by agreement of the parties.

Defendants intend to request that Plaintiffs meet and confer with them, in an effort by Defendants to obtain what Defendants view as responsive answers to written discovery propounded by Defendants in February 2011 to Plaintiffs Morales, Brown, Sims, and Fields, and to obtain production of responsive documents from Plaintiffs. Defendants will attempt to amicably resolve all discovery disputes without bringing them to the Court.

Plaintiffs have begun to review the documents and information received on a rolling basis, in order to, *inter alia*, identify witnesses for depositions. Depositions will be scheduled upon the completion of this review, and upon completion of review of any other documents and information to be produced by Defendants. At this point, Plaintiffs anticipate deposing witnesses with knowledge of the regulations and execution team documents, document custodians, and present and former execution team managers and participants. In this regard, Plaintiffs' counsel have conferred with Defendants' counsel

Case3:06-cv-00926-RS Document74 Filed11/03/11 Page4 of 6

generally about the scheduling of the depositions (*see* L.R. 30-1), and counsel are aware of and understand that counsel have other professional obligations, including trials, that previously have been calendared. The parties will work together to schedule depositions on dates certain when the witnesses and counsel are available. L.R. 30-1.

If a dispute arises during a deposition regarding a party's assertion of a privilege, objection, or instruction to a witness that cannot be resolved by conferring in good faith, counsel will contact Judge Seeborg's chambers pursuant to Local Rule 37-1(b) to ask if the Court is available to address the problem through a telephone conference during the deposition, or whether counsel can be directed to a Magistrate Judge to resolve the matter. Counsel will advise the Court of the deposition schedule via e-mail to Mr. Kolombatovich when the depositions are set.

Based upon counsel for Plaintiffs' review of certain documentation produced by Defendants to date, Plaintiffs believe that it may be incomplete. Plaintiffs believe that these issues can be clarified during depositions. If the production of such records is in fact incomplete, additional time will be required for Defendants to make complete productions, for Plaintiffs' counsel to review the records, and for the parties to complete the depositions.

Once Defendants complete their discovery obligations set forth in the Court's March 11, 2011 order and all supplements thereto, and Plaintiffs complete all non-expert depositions, Plaintiffs will supplement their responses to Defendants' contention interrogatories in a timely manner, and in any event within 14 days, unless modified by agreement of the parties. After the foregoing discovery has been completed, the parties will identify expert information as required by Rule 26(a)(2), and present their experts for depositions thereafter.

JOINT ~~PROPOSED~~ SCHEDULE FOR COMPLETING DISCOVERY
4

In light of this stipulated discovery schedule which has been carefully considered by the parties and is entered into in a good faith attempt to meet the Court's expectations that "the parties [] comply with their discovery obligations . . . and [] resolve any further disputes amicably without bringing them to the Court" (Order Re Discovery and Defendants' Motion to Strike, at 6 (ECF No.513)),

IT IS HEREBY STIPULATED THAT:

1. The foregoing discovery will be completed by August 15, 2012; and

2. The parties will file a joint statement identifying any material issues of fact that will require an evidentiary hearing by September 15, 2012.

DATED: November 2, 2011          By:  /s/
                                      David A. Senior
                                      McBREEN &SENIOR

                                      Richard P. Steinken
                                      JENNER & BLOCK

                                      John R. Grele
                                      LAW OFFICE OF JOHN R. GRELE
                                      *Attorneys for Plaintiffs*
                                      ALBERT G. BROWN and
                                      MICHAEL A. MORALES

DATED: November 2, 2011          By:  /s/*
                                      Michael Laurence
                                      Sara Cohbra
                                      HABEAS CORPUS RESOURCE CENTER
                                      *Attorneys for Plaintiffs*
                                      MITCHELL SIMS and STEVIE FIELDS

/ /
/ /

| | | |
|---|---|---|
| DATED: November 2, 2011 | By: | /s/ *<br>Ajay S. Krishnan<br>KEKER & VAN NEST LLP<br>*Attorneys for Plaintiffs*<br>PACIFIC NEWS SERVICE |
| DATED: November 2, 2011 | By: | /s/ Michael J. Quinn*<br>MICHAEL J. QUINN<br>Deputy Attorney General<br>*Attorneys for Defendants*<br>BROWN, CATE, AND MARTEL |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November _3_, 2011                    _____
                                             Honorable Richard Seeborg
                                             UNITED STATES DISTRICT JUDGE

JOINT ~~PROPOSED~~ SCHEDULE FOR COMPLETING DISCOVERY
6