UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael Angelo MORALES et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Matthew CATE, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>Defendants. | Case Number 3-6-cv-219-RS-HRL<br>Case Number 3-6-cv-926-RS-HRL<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING PLAINTIFFS' MOTION TO VACATE<br><br>[Doc. No. 533] |
| PACIFIC NEWS SERVICE,<br><br>Plaintiff,<br><br>v.<br><br>Matthew CATE, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>Defendants. | Case Number 3-6-cv-1793-RS-HRL<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING PLAINTIFFS' MOTION TO VACATE<br><br>[motion not on this action's docket] |

On November 3, 2011, the Court entered a scheduling order in the present actions, which involve challenges to the constitutionality of the State of California's protocol for executions by lethal injection; the schedule includes a discovery cut-off date of August 15, 2012. (*Morales I*, Doc. No. 531; *Morales II*, Doc. No. 74; *Pac. News Serv.*, Doc. No. 124.) Subsequently, in

Case Nos. 3-6-cv-219-RS-HRL, 3-6-cv-926-RS-HRL, & 3-6-cv-1793-RS-HRL
ORDER DENYING PLAINTIFFS' MOTION TO VACATE
(DPSAGOK)

related state-court litigation, the Marin Superior Court, on state-law grounds, enjoined executions pursuant to that protocol; the state court entered judgment in that case on February 23, 2012. *Sims v. Cal. Dep't of Corr. & Rehab.*, No. CIV 1004019 (Cal. Super. Ct. Marin Cnty. filed Aug. 2, 2010).

Plaintiffs move the Court to vacate the current scheduling order, and to direct the parties to submit a new proposed schedule "when viable lethal injection regulations are in place." (*Morales I*, Doc. No. 533 at 2.)  Defendants take no position on the motion. (*Id.*)

It is unclear whether the *Sims* litigation has concluded and how precisely that case will affect the present actions.[1] Plaintiffs' motion therefore appears to be premature.  In addition, the Court is concerned that the absence of a schedule may result in undue and unnecessary delay in the resolution of the instant actions.  Accordingly, the Court denies Plaintiffs' motion.

At the same time, the Court does not intend for the parties to engage in discovery that may become moot and therefore wasteful.  Accordingly, the Court is presently staying discovery in these actions.  The parties shall file a joint statement containing a proposed schedule or schedules by July 16, 2012.

*It is so ordered.*

DATED: April 5, 2012

_____
RICHARD SEEBORG
United States District Judge

---

[1] It is similarly unclear how another related action, this one in Federal District Court in the District of Columbia, may affect the present actions.  California's lethal-injection protocol requires the use of sodium thiopental, yet it appears that that court has ordered that the California Department of Corrections and Rehabilitation must turn over its supply of sodium thiopental to the FDA. *Beaty v. FDA*, No. 1-11-cv-289-RJL, slip op. at 2 (D.D.C. Mar. 27, 2012) (Order, Doc. No. 24); *see id.* (Mem. Op., Doc. No. 23).