KAMALA D. HARRIS
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
MARISA Y. KIRSCHENBAUER
Deputy Attorney General
State Bar No. 226729
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-1380
 Fax: (415) 703-5843
 E-mail: Marisa.Kirschenbauer@doj.ca.gov
*Attorneys for Defendants Brown, Cate, and Chappelle[1]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES,<br><br>              Plaintiff,<br><br>    v.<br><br>M. CATE, et al.,<br><br>              Defendants. | C 06-0219 RS<br><br>**DEFENDANTS' OPPOSITION TO TIEQUON A. COX'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION**<br><br>Date:        TBD<br>Time:        TBD<br>Judge:       The Honorable Richard Seeborg<br>Trial Date   None set<br>Action Filed: 1/5/2006 |

---

[1] Kevin Chappelle succeeded Vincent Cullen as warden of San Quentin State Prison on January 3, 2012, becoming the proper official-capacity Defendant in this case.

1

**INTRODUCTION**

The Los Angeles District Attorney recently moved the Los Angeles Superior Court for an order that would require condemned inmate Tiquon Cox to be executed by a one-drug lethal-injection method. In an attempt to obtain a stay against any such execution, Cox now seeks to intervene in this case, in which several condemned inmates are challenging California's *three-drug* protocol and have obtained stays of their executions. But this Court should not permit Cox's intervention. There are no common questions of law or fact between this case and the proceeding in Los Angeles. And Cox's interests in opposing the state's three-drug protocol are already adequately represented by the current Plaintiffs.

In addition, Cox's motion to stay the execution must be denied. The motion is premature because no date has been set for Cox's execution, and the District Attorney has acknowledged that he will not seek an execution date at the upcoming May 23 hearing. Further, the relief that Cox seeks—a stay of a possible execution by a one-drug method—is plainly outside this case's scope.

**I. THIS COURT SHOULD DENY COX'S MOTION TO INTERVENE BECAUSE THIS CASE INVOLVES LETHAL INJECTION UNDER A THREE-DRUG PROTOCOL, AND THE MOTION TO SET AN EXECUTION DATE FOR COX SEEKS THE USE OF A ONE-DRUG METHOD.**

Cox seeks to join "in the Morales Complaint in all its particulars as it currently is set forth." (Cox Mot. 9.) But the Complaint here attacks a lethal-injection protocol that is not currently in effect and would not be employed under the Los Angeles District Attorney's motion to set an execution date. (*See* 4th Am. Compl., ECF No. 428; *see also* Mot. Intervene & Stay Ex. I, ECF No. 535-9.) Accordingly, Cox does not have any claim that shares with this case "a common question of law or fact." Fed. R. App. P. 24(b).

The operative complaint in this case concerns title 15, section 3349 of the California Code of Regulations, and the adoption of twenty-two regulations related to the execution process. (*See* 4th Am. Compl., ECF No. 428.) However, on December 19, 2011, the Marin County Superior Court held that the regulations violated the APA and then issued a permanent injunction on

2

Defs.' Opp'n Mot. Intervene and Stay of Execution (C 06-0219 RS)

1  February 21, 2012, prohibiting any lethal-injection executions until new regulations were enacted
2  in compliance with the APA. (*See* Kirschenbauer Decl. Ex. 1.)
3       Cox seeks to intervene in this case after being informed that the Los Angeles District
4  Attorney instituted a proceeding that seeks to set his execution date. (Cox Mot. 12.) Cox claims
5  that intervention is critical to protect him from being executed. (*Id.*) But the District Attorney is
6  seeking to have Cox executed using a single-drug method, not the three-drug protocol at issue in
7  this case. (*See* Cox Mot. Ex. I.) Therefore, there are no common questions of law or fact, and
8  Cox's motion to intervene must be denied.

9  **II. COX'S INTERESTS IN OPPOSING THE CURRENTLY INVALIDATED THREE-DRUG PROTOCOL ARE ALREADY ADEQUATELY REPRESENTED BY THE CURRENT PLAINTIFFS AND THEREFORE, HE SHOULD NOT BE ALLOWED TO INTERVENE AT THIS STAGE.**

12       Federal Rule of Civil Procedure 24(a) provides that a person who files a timely motion
13  must be permitted to intervene "unless existing parties adequately represent that interest." Here,
14  Cox has no evidence that the existing parties in this case cannot adequately represent his interests.
15  The current Plaintiffs include condemned inmates Morales, Brown, Sims, and Fields. These
16  inmates are in similar situations to Cox because they too are awaiting imposition of their
17  judgment. The current Plaintiffs are already adequately representing Cox's interests, and Cox has
18  no evidence to the contrary. Thus, there is no need for Cox to intervene at this stage.

19  **III. THE MOTION TO STAY THE EXECUTION SHOULD BE DENIED.**
20       In addition to Cox's failure to demonstrate a basis for intervention, his motion to stay the
21  execution must be denied because Cox did not show a probability of success on the merits, or that
22  he may suffer irreparable injury. *See Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir.
23  1985). A plaintiff is not entitled to a preliminary injunction unless he can show "either: (1) a
24  combination of probable success on the merits and the possibility of irreparable injury or (2) the
25  existence of serious questions going to the merits and that the balance of hardships tips sharply in
26  his favor." *Id.* The Supreme Court has stated that a motion for preliminary injunction carries
27  with it a "requirement for substantial proof," higher than even a motion for summary judgment.
28  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "[A] preliminary injunction is an extraordinary

3

Defs.' Opp'n Mot. Intervene and Stay of Execution (C 06-0219 RS)

1  and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries
2  the burden of persuasion." *Id*. (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay
3  Kane, *Federal Practice and Procedure* § 2948, pp. 129-30 (2d ed. 1995)).

4       Cox cannot show that he may suffer irreparable injury because this motion is premature.
5  The *Sims* injunction enjoins all lethal injection until CDCR promulgates a protocol in compliance
6  with the APA. (*See* Kirschenbauer Decl. Ex. 1.) There is no execution date for Cox, and the
7  District Attorney has acknowledged that he will not seek an execution date at the May 25, 2012
8  hearing in Los Angeles Superior Court. (*Id.* Ex. 2.) Instead, the hearing is scheduled so that
9  interested participants can appear and the Court can schedule future hearings. (*Id*.) Because there
10 is no execution date scheduled, Cox's motion is premature. Therefore, there is no evidence that
11 Cox will suffer irreparable harm, and the motion to stay the execution must be denied.

12      Additionally, the harm that Cox is concerned about falls outside the scope of this case. Cox
13 seems to argue that he would be harmed by potential deviation from CDCR's currently enjoined
14 three-drug protocol. (Cox Mot. at 21.) However, the issue before the Los Angeles Superior
15 Court is whether to impose a one-drug-lethal-injection method, and the only method at issue in
16 this case is a three-drug method. (*See* Cox Mot. Ex. I.) Therefore, the relief Cox seeks is outside
17 the scope of this case. On that basis, the motion to stay the execution must be denied.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

4

Defs.' Opp'n Mot. Intervene and Stay of Execution (C 06-0219 RS)

**CONCLUSION**

Cox's motion seeks to enjoin proceedings that are not at issue in this case. The issue before the Los Angeles Superior Court is whether to impose a one-drug-lethal-injection method, and the only method at issue in this case is a three-drug method. Thus, Cox does not demonstrate a common issue of law or fact that would serve as a basis for intervention. Nor has he met his burden of proof to obtain a stay of execution. For these reasons, Cox's motions must be denied.

Dated: May 21, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General

*s/ Marisa Y. Kirschenbauer*
MARISA Y. KIRSCHENBAUER
Deputy Attorney General
*Attorneys for Defendants*

SF2007200210
20613040.doc

5

Defs.' Opp'n Mot. Intervene and Stay of Execution (C 06-0219 RS)

# CERTIFICATE OF SERVICE

| Case Name: | **Michael Angelo Morales v. M. Cate, et al.** | No. | **C 06-0219 JF** |
|---|---|---|---|

I hereby certify that on **May 21, 2012**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **DEFENDANTS' OPPOSITION TO TIEQUON A. COX'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION**
2. **DECLARATION OF MARISA KIRSCHENBAUER IN SUPPORT OF DEFENDANTS' OPPOSITION TO TIEQUON A. COX'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 21, 2012**, at San Francisco, California.

| D. Criswell | *s/ D. Criswell* |
|---|---|
| Declarant | Signature |

20613041.doc