David A. Senior (SBN 108759)
MCBREEN & SENIOR
1900 Avenue of the Stars, Eleventh Floor
Los Angeles, California 90067
Phone:  (310) 552-5300
Fax:  (310) 552-1205
dsenior@mcbreensenior.com

John R. Grele (SBN 167080)
LAW OFFICE OF JOHN R. GRELE
149 Natoma Street, 3rd Floor
San Francisco, California 94105
Phone:  (415) 348-9300
Fax: (415) 348-0364
jgrele@earthlink.net

Richard P. Steinken (admitted PHV)
JENNER & BLOCK
353 N. Clark Street
Chicago, IL 60654
Phone:  (312) 923-2938
Fax:  (312) 840-7338
rsteinken@jenner.com

Attorneys for Intervenor
TIEQUON A. COX

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL ANGELO MORALES, | ) CASE NO. C 06 0219 RS |
| | )             C 06-0926 RS |
| Plaintiff, | ) |
| | ) REPLY TO DEFENDANTS' |
| vs. | ) OPPOSITION TO MOTION TO |
| | ) INTERVENE AND MOTION TO STAY |
| MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, et al., | ) EXECUTION BY TIEQUON A. COX |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

- 1 -
REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE AND
MOTION TO STAY EXECUTION BY TIEQUON A. COX
Case Nos. C 06 219 RS, C 06 926 RS

Intervenor Tiequon Cox ("Cox") files this reply to the opposition of defendant California Department of Corrections & Rehabilitation ("CDCR") to Cox's motion to intervene and for a stay of execution, and states as follows:

# I
## THE MOTION TO INTERVENE AND FOR STAY OF EXECUTION BY TIEQUON A. COX SHOULD BE GRANTED

CDCR's opposition to the motion to intervene and for a stay ignores what is alleged in this case, what evidence has been presented in this case, what findings the Court has entered in this case, and what issues remain to be litigated in this case. While CDCR asks this Court to forget what has transpired in this case to date, the full record is extensive and clear, and compels the granting of the motion. When the merits of the instant motion are examined against this backdrop, CDCR's opposition plainly is supported by neither the record nor the law.

### A. Cox Claims an Interest in the Subject of This Action Under Rule 24.

CDCR contends the present motion should be denied because this case involves lethal injection under a three drug protocol while the Los Angeles County District Attorney is seeking to require Cox's execution using a one-drug protocol. In so arguing, however, CDCR characterizes far too narrowly the myriad of Eighth Amendment violations this Court has found in the lethal injection protocol, as well as the scope and breadth of plaintiffs' continuing challenges to CDCR's ongoing failures associated with that protocol. The parameters of this action, and Cox's interests herein under Federal

Rule of Civil Procedure 24, are not simply defined by whether CDCR uses three drugs or one drug during the execution process. This Court previously found numerous deficiencies in CDCR's protocol, many of which were unrelated to the drugs used, and Plaintiffs' Fourth Amended Complaint continues to challenge the *implementation* of CDCR's lethal injection protocol. This challenge highlights the inadequacies of CDCR's selection of execution team members, the inadequate qualifications of the team members, substandard or neglected training of team members, the use and nature of the drugs to be selected by CDCR, the deficiently designed execution facilities and execution apparatus, and the remote and/or other means employed to administer drug(s) during the execution process. Fourth Amended Complaint for Equitable and Injunctive Relief, ¶¶ 30, 31, 77-79, 81, 83, 85-87, 90, and 105, Dkt. 428. Cox moves to intervene in order to participate in the litigation of all of these issues because, *inter alia*, Cox "claims an interest" in these matters which are "the subject of the action . . ." Fed R. Civ. P. 24(a)(2).

**B.     This Litigation Raises Issues Regarding Implementation of Both a Three Drug Lethal Injection Protocol and a One Drug Protocol.**

In a bizarre and faulty twist of reasoning and logic, CDCR asserts that there must be "common questions of law or fact between this case and the proceeding in Los Angeles" for Cox's motion to be granted. Opp. at 2, Dkt. 537. In fact, there must be common questions of law or fact between this action, and the claims that Cox seeks to assert herein. Fed. R. Civ. P. 24(b)(1)(B). In this regard, the issues in this case, as

identified above, are identical to Cox's claims. The Los Angeles County District Attorney's claims or actions – i.e., *to execute Cox by lethal injection* – are merely the catalyst for Cox to now assert his claims that are identical to those raised in this proceeding.

Even if Cox's claims are incorrectly construed as addressing only the number of drugs proposed to be used in his execution, such claims are also identical to the claims raised in this action. Under California law, death sentences shall be carried out by administration of a lethal gas or by an intravenous injection of a substance or substances in a lethal quantity sufficient to cause death, by standards established under the direction of the Department of Corrections. Cal. Penal Code § 3604(a). The statute prescribes no specific drugs, number of drugs, dosages, or drug combinations. All of the details of the execution process are left to be determined by CDCR. And it is CDCR's exercise of this discretion in designing and implementing that execution protocol that gave rise to the overall subject matter of this action, and that compelled this Court's finding that CDCR's conduct violates the Eighth Amendment. Moreover, in this context, this case has already delved extensively into the merits and viability of CDCR's possible implementation of a one drug execution protocol. *See, e.g.*, *Morales v. Hickman*, 415 F. Supp. 2d 1037, 1047 (N.D. Cal. 2006) ("Defendants may proceed with the execution . . . provided that they . . . [c]ertify in writing . . . that they will use only sodium thiopental or another barbiturate or combination of barbiturates in Plaintiff's execution."); Order on Defendant's Motion to Proceed with Execution Under Alternative Condition to Order

Denying Preliminary Injunction, Feb. 21, 2006, Dkt. 78; *Morales v. Cate*, 2010 U.S. Dist. LEXIS 103846, 18-19 (N.D. Cal. Sept. 28, 2010) (Brown was offered "the option to request that only sodium thiopental be used in his execution . . ."). Cox's interests in ensuring that his constitutional rights are not violated – whether via a three-drug or one-drug lethal injection protocol – are plainly within the scope of this case.

Moreover, to eliminate any confusion regarding the scope of the action, pleadings can be – and have been here – amended to raise constitutional challenges as warranted by the execution protocol *de jour* advanced by CDCR, or by others such as the Attorney General or the Los Angeles County District Attorney. Here, the undefined proposed single drug lethal execution protocol certainly cannot be considered problem-free given that administration of the single drug will implicate CDCR actions in implementing the lethal injection execution processes that this Court has already found to be unconstitutional. "An insufficient dose [of sodium thiopental] has the potential to cause irreversible brain damage while not causing death." Order on Defendant's Motion to Proceed with Execution Under Alternative Condition to Order Denying Preliminary Injunction, Feb. 21, 2006, at 2, Dkt. 78. Given the record in this case, it is quite relevant for this Court to undertake review of "the possibility that the sodium thiopental injected into Plaintiffs will not be properly administered" (*id.*), particularly in light of the gravity and magnitude of the constitutional infirmities that came to light upon a review of the evidence and the record at the hearing.

**C. This Litigation and Cox's Claims Raise Identical Issues Related to CDCR's Unconstitutional Deviations From its Written Execution Protocols.**

It is well documented that CDCR routinely departs substantially from its written execution protocols, the orders of this Court as to the execution processes, and the orders of the U.S. Court of Appeals regarding the conduct it is required to engage in to perform lethal injection executions. Adding to those departures, CDCR now unlawfully turned to the importation of execution drugs in violation of the Federal Food, Drug, and Cosmetic Act , 21 U.S.C. §§ 301, et seq. *Beaty v. Food and Drug Admin.*, No. 1-11-cv-289-RJL (D.D.C. Mar. 27, 2012) (Dkt. 23 & 24). That unlawful activity was undertaken in order to obtain one of the three drugs mandated for use in CDCR's three drug protocol, and may be intended as the drug to be used in a single drug protocol now being promoted by the Los Angeles County District Attorney. Thus, the questionable conduct and unconstitutional activities of the CDCR and its agents are ongoing, and require continuing review by this Court to ensure that the constitutional rights of plaintiffs – and Cox – are not violated.

The Los Angeles County District Attorney now attempts to make an end run around this Court's careful review of the merits of CDCR's purported corrective actions undertaken to cure its documented constitutional deficiencies. For this reason, Cox properly moves to intervene in this action and requests a stay of his execution that is being pursued in derogation of the rulings of this and other courts, and perhaps on very short notice, by the Los Angeles County District Attorney.

## II. CDCR's Previous Attempt to Execute Plaintiff Brown Demonstrates that Plaintiffs Do Not Adequately Represent Cox's Interests and that a Stay of Execution is Required.

CDCR incorrectly asserts that Cox's interests are adequately represented by plaintiffs. That notion is wholly discredited by CDCR's own past actions when CDCR previously attempted to execute plaintiff Brown when Brown was not a plaintiff, and/or when Brown was a plaintiff without a stay of execution. Plaintiff Morales was unable to adequately represent Brown's interests in connection with those actions by CDCR, with the result being a fire drill with round the clock litigation between CDCR and Brown in this Court and the Ninth Circuit until the eve of the scheduled execution. In this regard, and contrary to CDCR's assertion (Opp. at 3, Dkt. 537), there is *substantial* evidence from the record in this case that the current plaintiffs alone cannot adequately represent Cox's interests.

Just as this Court ultimately issued a stay of execution for plaintiff Brown, a stay similarly is necessary here in light of – as CDCR states in its opposition – the Los Angeles County District Attorney's motion "that would require . . . Cox to be executed . . ." Opp. at 2, Dkt. 537.

CDCR's hearsay reference that no execution date is being sought by the Los Angeles County District Attorney does not provide a remedy for Cox, nor comfort to plaintiffs' counsel, should Cox – on very short notice – find himself situated as plaintiff

Brown did in September 2010.[1]  This is not counsel's first rodeo when it comes to the "understandings" advanced by CDCR regarding execution settings.  *See Morales v. Cate*, 2010 U.S. Dist. LEXIS 103846, *16 (N.D. Cal. Sept. 28, 2010) ("Regardless of whether Defendants' counsel ever expressly represented that they would defer seeking new execution dates until the Morales litigation could be concluded, that was Brown's—as well as the Court's—understanding, and it is clear that the urgency of the present situation was created not by Brown but by Defendants' decision to seek an execution date only thirty days after the new regulations became final.")

Plaintiffs here have "raised substantial questions of fact as to whether at least some of the deficiencies of O.P. 770 have been addressed *in actual practice*."  Order Following Remand, Sept. 28, 2010, at 7, Dkt. 424.  Cox has identical interests with respect to these substantial questions.  This Court has been directed by the Court of Appeals to "'take the time necessary to address the State's newly revised protocol in accord with Supreme Court authority.'"  *Id.*  This comprehensive review has yet to occur for the myriad of reasons set forth in Cox's motion.  For these reasons, a stay of execution in favor of Cox is appropriate now.

---

[1] Pursuant to Local Rule 7-3(c), Cox objects to CDCR's Exhibit 2 submitted with its opposition (Dkt. 538-2), and the references to the Los Angeles County District Attorney's execution setting intentions (Opp. at 4, lns. 6-8, Dkt. 537), as lacking foundation and as hearsay.  Fed. R. Evid. 602, 802.

## **CONCLUSION**

Intervenor Tiequon A. Cox respectfully requests that his motion to intervene and for a stay of execution be granted in all respects.

DATED: May 23, 2012

                                                  By: /s/ David A. Senior

                                                  David A. Senior
                                                  McBREEN &SENIOR

                                                  Richard P. Steinken
                                                  JENNER & BLOCK

                                                  John R. Grele
                                                  LAW OFFICE OF JOHN R. GRELE

                                                  *Attorneys for Intervenor*
                                                  TIEQUON A. COX