1   KAMALA D. HARRIS
    Attorney General of California
2   THOMAS S. PATTERSON
    Supervising Deputy Attorney General
3   MICHAEL J. QUINN
    State Bar No. 209542
4     455 Golden Gate Avenue, Suite 11000
      San Francisco, CA  94102-7004
5     Telephone:  (415) 703-5726
      Fax:  (415) 703-5843
6     E-mail:  Michael.Quinn@doj.ca.gov
    *Attorneys for Defendants Brown, Cate, and*
7   *Chappelle*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12

13   **MICHAEL ANGELO MORALES,**          C 06-0219 RS

14                          Plaintiff,   **DEFENDANTS' OPPOSITION TO**
                                         **ROBERT FAIRBANK'S MOTION TO**
15          **v.**                       **INTERVENE AND MOTION TO STAY**
                                         **EXECUTION**
16   **M. CATE, et al.,**
                                         Date:        TBD
17                         Defendants.   Time:        TBD
                                         Judge:       The Honorable Richard Seeborg
18                                       Trial Date   None Set
                                         Action Filed:  January 5, 2006

19

20

21

22

23

24

25

26

27

28

                              1

1    **INTRODUCTION**

2         The San Mateo District Attorney recently moved the San Mateo Superior Court for an order

3    that would require condemned inmate Robert Fairbank to be executed by a one-drug lethal-

4    injection method.  In an attempt to obtain a stay against any such execution, Fairbank now seeks

5    to intervene in this case, in which several condemned inmates are challenging California's *three-*

6    *drug* protocol and have obtained stays of their executions.  But this Court should not permit

7    Fairbank's intervention.  There are no common questions of law or fact between this case and the

8    proceeding in San Mateo.  And Fairbank's interests in opposing the state's three-drug protocol are

9    already adequately represented by the current Plaintiffs.

10        In addition, Fairbank's motion to stay the execution must be denied.  The motion is

11   premature because no date has been set for Fairbank's execution.  Further, the relief that Fairbank

12   seeks—a stay of a possible execution by a one-drug method—is plainly outside this case's scope.

13   **I.    THIS COURT SHOULD DENY FAIRBANK'S MOTION TO INTERVENE BECAUSE THIS
          CASE INVOLVES LETHAL INJECTION UNDER A THREE-DRUG PROTOCOL, AND THE**
14   **MOTION TO SET AN EXECUTION DATE FOR FAIRBANK SEEKS THE USE OF A ONE-
          DRUG METHOD.**
15

16        Fairbank seeks to join "in the Morales Complaint in all its particulars as it currently is set

17   forth."  (ECF No. 555, 15:7-8.)  But the Complaint here attacks a lethal-injection protocol that is

18   not currently in effect and would not be employed under the San Mateo District Attorney's

19   motion to set an execution date.  (*See* 4th Am. Compl., ECF No. 428; *see also* ECF No. 555, 7:3-

20   11.)  Accordingly, Fairbank does not have any claim that shares "a common question of law or

21   fact" with this case.  Fed. R. App. P. 24(b).

22        The operative complaint in this case concerns title 15, section 3349 of the California Code

23   of Regulations, and the adoption of twenty-two regulations related to the execution process.  (*See*

24   4th Am. Compl., ECF No. 428.)  However, on December 19, 2011, the Marin County Superior

25   Court, in *Sims v. CDCR*, held that the regulations violated the APA and then issued a permanent

26   injunction on February 21, 2012, prohibiting any lethal-injection executions until new regulations

27   were enacted in compliance with the Administrative Procedure Act.  (ECF No. 555, 10:18-11:2.)

28

Defs.' Opp'n Mot. Intervene and Stay of Execution (C 06-0219 RS)

1     Fairbank seeks to intervene in this case because the San Mateo District Attorney has

2 initiated a proceeding that seeks to set his execution date.  (ECF No. 555, 7:3-11.)  Fairbank

3 claims that intervention is critical to protect him from being executed.  (*Id.* at 16:16-17:21.)  But

4 the District Attorney is seeking to have Fairbank executed using a single-drug method, not the

5 three-drug protocol at issue in this case.  (*Id.* at 7:3-11.)  Therefore, there are no common

6 questions of law or fact, and Fairbank's motion to intervene must be denied.

7 **II.     BECAUSE FAIRBANK'S INTERESTS IN OPPOSING THE CURRENTLY INVALIDATED
        THREE-DRUG PROTOCOL ARE ALREADY ADEQUATELY REPRESENTED BY THE**
8 **     CURRENT PLAINTIFFS, HE SHOULD NOT BE ALLOWED TO INTERVENE AT THIS
        STAGE.**
9

10     Federal Rule of Civil Procedure 24(a) provides that a person who files a timely motion

11 must be permitted to intervene "unless existing parties adequately represent that interest."  Here,

12 Fairbank has no evidence that the existing parties in this case cannot adequately represent his

13 interests.  The current Plaintiffs include condemned inmates Morales, Brown, Sims, and Fields.

14 These inmates are in similar situations to Fairbank because they too are awaiting imposition of

15 their judgment.  The current Plaintiffs are already adequately representing Fairbank's interests,

16 and Fairbank has no evidence to the contrary.  Thus, there is no need for Fairbank to intervene at

17 this stage.

18 **III.    THE MOTION TO STAY THE EXECUTION SHOULD BE DENIED.**

19     In addition to Fairbank's failure to demonstrate a basis for intervention, his motion to stay

20 the execution must be denied because Fairbank has not demonstrated a probability of success on

21 the merits, or that he may suffer irreparable injury.  *See Sardi's Rest. Corp. v. Sardie*, 755 F.2d

22 719, 723 (9th Cir. 1985).  A plaintiff is not entitled to a preliminary injunction unless he can show

23 "either: (1) a combination of probable success on the merits and the possibility of irreparable

24 injury or (2) the existence of serious questions going to the merits and that the balance of

25 hardships tips sharply in his favor."  *Id.*  The Supreme Court has stated that a motion for

26 preliminary injunction carries with it a "requirement for substantial proof," higher than even a

27 motion for summary judgment.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  "[A]

28 preliminary injunction is an extraordinary and drastic remedy, one that should not be granted

3

1    unless the movant, by a clear showing, carries the burden of persuasion." *Id*. (quoting 11A

2    Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §

3    2948, pp. 129-30 (2d ed. 1995)).

4         In this case, Fairbank cannot show that he may suffer irreparable injury.  The *Sims*

5    injunction enjoins all lethal injections until CDCR promulgates a protocol in compliance with the

6    APA.  (ECF No. 555, 10:18-11:2.)  Because there is no execution date scheduled, Fairbank's

7    motion is premature.  Therefore, there is no evidence that Fairbank will suffer irreparable harm,

8    and the motion to stay the execution must be denied.

9         Additionally, the harm that Fairbank is concerned about does not relate to the issue in this

10   case.  Fairbank seems to argue that he would be harmed by potential deviation from CDCR's

11   currently enjoined three-drug protocol.  (ECF No. 555, 22:14-19.)  However, the issue before the

12   San Mateo Superior Court is whether to impose a one-drug-lethal-injection method, and the only

13   method at issue in this case is a three-drug method.  Therefore, the relief Fairbank seeks is outside

14   the scope of this case.  On that basis, the motion to stay the execution must be denied.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26

27

28

4

1

**CONCLUSION**

2          Fairbank's motion seeks to enjoin proceedings that are not at issue in this case.  The

3     question before the San Mateo Superior Court is whether to impose a one-drug-lethal-injection

4     method, while the only method at issue in this case is a three-drug method.  Thus, Fairbank has

5     not demonstrated a common issue of law or fact that would serve as a basis for intervention.  Nor

6     has he met his burden of proof to obtain a stay of execution.  For these reasons, Fairbank's

7     motion must be denied.

8

9     Dated:  September 6, 2012                    Respectfully submitted,

10                                                 KAMALA D. HARRIS
                                                   Attorney General of California
11                                                 THOMAS S. PATTERSON
                                                   Supervising Deputy Attorney General
12

13

                                                   *s/ Michael J. Quinn*
14                                                 MICHAEL J. QUINN
                                                   Deputy Attorney General
15                                                 *Attorneys for Defendants Brown, Cate, and*
                                                   *Chappelle*
16

17    SF2007200210
      20633961.doc

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Michael Angelo Morales v. M.**          No.    **C 06-0219 JF**
             **Cate, et al.**

I hereby certify that on **September 6, 2012**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DEFENDANTS' OPPOSITON TO ROBERT FAIRBANK'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 6, 2012**, at San Francisco, California.


D. Criswell                                          *s/ D. Criswell*
Declarant                                            Signature

20636213.doc