1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael Angelo MORALES et al., <br><br> Plaintiffs, <br><br> v. <br><br> Matthew CATE, Secretary of the California Department of Corrections and Rehabilitation, et al., <br><br> Defendants. | Case Number 5-6-cv-219-RS-HRL <br> Case Number 5-6-cv-926-RS-HRL <br><br> DEATH-PENALTY CASE <br><br> ORDER RESOLVING MOTIONS TO INTERVENE AND TO STAY EXECUTIONS <br><br> [Docs. Nos. 511, 535, 542, & 555] |

The instant consolidated actions involve challenges to the constitutionality of California's protocol for executions by lethal injection. The parties' stipulation that David A. Raley be permitted to intervene and that his execution be stayed is pending. (Doc. No. 511.) In addition, Tiequon A. Cox, Steve Cooley, and Robert Green Fairbank Jr. move to intervene, and Cox and Fairbank move for stays of execution. (Docs. Nos. 535, 542, & 555.) This order resolves all these procedural matters, and does not address in any respect the substantive merits issues underlying these actions.

I

Condemned prisoner Michael Angelo Morales initiated the present litigation as the sole Plaintiff. Morales claimed that Defendants' lethal-injection protocol violated the Eighth

1    Amendment's prohibition of "cruel and unusual punishments," and he asked the Court to stay his
2    execution to permit development and consideration of his claims.  In denying the requested stay
3    as presented, the district judge previously assigned to the actions entered an order permitting
4    Defendants to proceed with the execution under certain alternative conditions, one of which
5    would have involved executing Morales using only one drug rather than the three drugs specified
6    in the protocol. *Morales v. Hickman*, 415 F. Supp. 2d 1037 (N.D. Cal. 2006).  For reasons not
7    presently relevant, Defendants did not execute Morales as scheduled, and a stay of execution
8    issued pursuant to the Court's conditional order.  Discovery and an extensive evidentiary hearing
9    followed, after which the Court in a thorough and particularly thoughtful opinion concluded that
10   the lethal-injection protocol, as implemented, violated the Eighth Amendment. *Morales v.*
11   *Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006).[1]

12         After Defendants revised the protocol but before review by this Court, in separate state-
13   court litigation, the Marin Superior Court enjoined implementation of the revised protocol until it
14   was promulgated as a regulation, and the injunction was upheld on appeal. *Morales v. Cal. Dep't*
15   *of Corr. & Rehab.*, 168 Cal. App. 4th 729 (Ct. App. 2008).  This Court then agreed to a joint
16   request by Morales and Defendants to refrain from proceeding further with the present litigation
17   until the state-court and administrative processes were completed.

18         Defendants again revised the protocol, this time promulgating it as a regulation.  Cal.
19   Code Regs. tit. 15, §§ 3349 et seq. (2010).  As soon as the regulation became effective,
20   Defendants scheduled Albert Greenwood Brown's execution.  Brown moved to intervene as a
21   Plaintiff in the instant actions, and he sought a stay of execution.  Recognizing that "Brown's
22   federal claims are virtually identical to those asserted by . . . Morales," (Doc. No. 401 at 1), the
23   Court permitted Brown to intervene, but denied the stay application conditioned on Brown being
24   given an option whereby he would be executed with one drug rather than three.  Brown appealed,
25   and the Court of Appeals for the Ninth Circuit instructed that "Timing is everything and the

26

27         [1] The Court later found expressly that the protocol as implemented "created a
     'demonstrated risk of severe pain.'" (Doc. No. 424 at 4 (quoting *Baze v. Rees*, 535 U.S. 35, 61
28   (2008) (plurality op.)).)

2

1    district court should take the time necessary to address the State's newly revised protocol in

2    accord with Supreme Court authority." *Morales v. Cate*, 623 F.3d 828, 829 (9th Cir. 2010). The

3    Court of Appeals observed that "The result in this case should not be driven by compromise nor

4    by the State's deadlines superimposed on the district court's already pending review of the new

5    execution protocol." *Id.* at 831. On remand, pursuant to the Ninth Circuit's guidance, this Court

6    stayed Brown's execution.

7          Condemned prisoners Mitchell Carlton Sims and Stevie Lamar Fields subsequently

8    moved to intervene as Plaintiffs in these actions, and requested that their executions be stayed.

9    Significantly, "Defendants acknowledge[d] that the intervenors have a 'claim or defense that

10   shares with the main action a common question of law or fact,'" (Doc. No. 472 at 2 (quoting Fed.

11   R. Civ. P. 24(b)(1)(B))), and they did not oppose permitting intervention and staying Sims's and

12   Fields's executions.[2] The Court found that "Sims and Fields are similarly situated to Morales

13   and Brown in that they are condemned prisoners whose executions are not otherwise stayed and

14   whose claims in their complaint in intervention are virtually identical to those asserted by

15   Morales and Brown." (Doc. No. 473 at 1–2.) Accordingly, the Court concluded that "Sims and

16   Fields are entitled to intervene and, like Morales and Brown, to have their executions stayed until

17   the present litigation is concluded." (*Id.* at 2.)

18                                              II

19         David A. Raley is the next prisoner whose execution was to be scheduled. All Plaintiffs

20   and Defendants in the present actions jointly state that,

21                Raley is similarly situated to Fields, Sims, Morales, and Brown in
                 that he is a condemned prisoner whose execution is not otherwise
22                stayed. He will join in the Fourth Amended Complaint, thereby
                 presenting identical claims to those asserted by Morales and
23                Brown. Accordingly, Raley is entitled to intervene and, like
                 Morales, Brown, Fields, and Sims, to have his execution stayed
24                until the present litigation is concluded.

25   (Doc. No. 511 at 2.) Plaintiffs and Defendants therefore stipulate and ask the Court to order that,

26

27         [2] Defendants merely asked the Court to defer ruling on Sims's and Fields's motion
     pending a determination of the status of their counsel and to fashion stays of execution so that
28   activities such as the training of executioners would be permitted.

                                            3

1
2
3
4

> Raley may intervene as a Plaintiff in this litigation as to the Fourth Amended Complaint, and that all proceedings related to the execution of his sentence of death, including but not limited to preparations for an execution and the setting of an execution date for Mr. Raley, are hereby stayed on the same basis and to the same extent as in the case of Plaintiffs Morales, Brown, Fields, and Sims.

5   (*Id.* at 2–3.)

6   The Court has not yet acted on the stipulation, as it has appeared unnecessary in light of

7   Defendants' representations that they would not schedule executions until the Court has had the

8   opportunity to conduct an evidentiary hearing and to review an operative revised lethal-injection

9   regulation. However, it now appears that Defendants' representations do not provide a sufficient

10   basis for the Court to continue to defer action, as at least two district attorneys—who are not

11   parties to these actions and therefore are not bound by Defendants' representations—have sought

12   or are seeking to compel Defendants to conduct executions. Accordingly, and because the parties

13   are correct that Raley is similarly situated to the present Plaintiffs and therefore entitled to

14   intervene and to have his execution stayed, the time is ripe for the Court so to order pursuant to

15   the parties' stipulation.

16   Attempts by district attorneys to compel executions have led condemned prisoners

17   Tiequon A. Cox and Robert Green Fairbank Jr. to move to intervene in the instant actions and to

18   request stays of execution. Cox and Fairbank are, for purposes of the present litigation,

19   identically situated to Morales, Brown, Sims, and Fields, as well as Raley. Accordingly, Cox and

20   Fairbank are as entitled as Raley to intervene and to have their executions stayed until this

21   litigation is concluded.

22   Defendants oppose Cox's and Fairbank's motions to intervene and for stays of execution,

23   even though they did not oppose intervention by, and stays of execution for, Sims and Fields, and

24   further have stipulated to intervention by and a stay of execution for Raley. The stated rationale

25   for treating these identically situated persons differently is that the district attorneys who sought

26   or are seeking Cox's and Fairbank's executions intend that a single drug be used, yet the instant

27   litigation purportedly involves only lethal injections of three drugs. However, as the above

28   discussion indicates, one-drug executions have been at issue in this litigation since it

4

1   commenced, and the Court found "a number of critical deficiencies," *Morales v. Tilton*, 465 F.

2   Supp. 2d at 979, in Defendants' prior protocol that were not related to the number of drugs used.

3   Defendants' argument ignores this record.

4          Defendants further argue that Cox's and Fairbank's interests are adequately represented

5   by the current Plaintiffs and that their motions are premature.  Defendants could have made these

6   arguments in connection with Sims, Fields, and Raley, and there is no explanation for

7   Defendants' shift to this seemingly inconsistent position.  Moreover, the course of the present

8   litigation—particularly in regards to Brown nearly being executed—demonstrates that these

9   arguments are wrong on the merits.

10          Steve Cooley, the District Attorney of Los Angeles, moves to intervene in the present

11   litigation to oppose Cox's motion and to seek "clarification" of the stay of Sims's execution.[3]

12   However, Cooley's motion is premised entirely on recent proceedings in Los Angeles Superior

13   Court that appear to have concluded in relevant part.  *See, e.g.*, *LA Judge Refuses to Order One-*

14   *Drug Executions*, CBS Los Angeles, Sept. 10, 2012, http://losangeles.cbslocal.com/2012/09/10/

15   la-judge-refuses-to-order-one-drug-executions/.  Accordingly, Cooley's motion is moot.

16          California at this juncture lacks a lethal-injection protocol that is valid under state law.

17   *Sims v. Cal. Dep't of Corr. & Rehab.*, No. CIV 1004019 (Cal. Super. Ct. Marin Cnty. Feb. 21,

18   2012).  Having never determined this to be a basis justifying delay in the present actions, the

19   Court has continued to defer to the parties' repeated joint requests not to proceed with this

20   litigation until an operative protocol is in place.  When the Court resumes its review of the

21   protocol, it intends to do so deliberately and expeditiously while complying with the instruction

22   of the Court of Appeals to "take the time necessary to do so," 623 F.3d at 829.  As Defendants

23

24   ─────────────────────

       [3] The order staying Sims's execution is already clear:  it states that "Sims and Fields are

25   entitled to intervene and, like Morales and Brown, to have their executions stayed until the

       present litigation is concluded," and it specifies that "All proceedings related to the execution of

26   the intervenors' sentences of death, including but not limited to preparations for an execution and

       the setting of an execution date, are hereby stayed on the same basis and to the same extent as in

27   the case of Plaintiffs Morales and Brown." (Doc. No. 473 at 2.)  Cooley's contention that

28   Defendants may execute Sims prior to the conclusion of the present litigation lacks merit.

1   previously have recognized, this will be possible only if executions are not scheduled until this
2   review is complete.

3                                    *        *        *

4        Good cause appearing therefor, the Court grants the requests for David A. Raley, (Doc.
5   No. 511), Tiequon A. Cox, (Doc. No. 535), and Robert Green Fairbank Jr., (Doc. No. 555), to
6   intervene and to have their executions stayed.  As is the case for Plaintiffs Michael Angelo
7   Morales, Albert Greenwood Brown, Mitchell Carlton Sims, and Stevie Lamar Fields, all
8   proceedings related to the execution of Raley's, Cox's, and Fairbank's sentences of death,
9   including but not limited to preparations for an execution and the setting of an execution date, are
10  hereby stayed until the conclusion of this litigation.

11       The Clerk shall terminate Steve Cooley's motion to intervene, (Doc. No. 542), as moot.
12  The Court's order that Cooley lodge documents and transcripts with the Court is vacated.

13       IT IS SO ORDERED.

14

15  DATED:  November 21, 2012

16                                   RICHARD SEEBORG
                                     United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28

6