KAMALA D. HARRIS
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General
MICHAEL J. QUINN
State Bar No. 209542
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5726
 Fax:  (415) 703-5843
 E-mail:  Michael.Quinn@doj.ca.gov
*Attorneys for Defendants Brown, Beard, and Chappelle*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHAEL ANGELO MORALES,**<br><br>Plaintiff,<br><br>v.<br><br>**J. BEARD, et al.,**<br><br>Defendants. | C 06-0219 RS<br><br>**DEFENDANTS' OPPOSITION TO KEVIN COOPER'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION**<br><br>Date:      May 9, 2013<br>Time:     1:30 p.m.<br>Judge:    The Honorable Richard Seeborg<br>Trial Date    None Set<br>Action Filed:   January 5, 2006 |

1

Defs.' Opp'n Mot. Intervene & Stay Execution (C 06-0219 RS)

**INTRODUCTION**

The Court should deny condemned inmate Kevin Cooper's motion to intervene and for a stay of execution. Intervention is unnecessary because there is virtually no risk that Cooper will be executed before this case is resolved. And Cooper cannot meet the standard for a stay because, in the absence of enforceable lethal-injection regulations, he cannot demonstrate a likelihood of success on the merits under the Supreme Court's decision in *Baze v. Rees*, 553 U.S. 35, 50 (2008).

There is no need to intervene here. As a result of the *Sims v CDCR* action in state court, the State does not currently have enforceable lethal-injection regulations. Moreover, the Attorney General's Office has stated that it will not seek to schedule an execution until the earlier of either: (1) thirty days after the conclusion of any further evidentiary hearing in this case, or (2) judgment in this case. (ECF No. 446, 4:9-15.) Moreover, district attorneys' previous attempts to schedule execution dates for other condemned inmates by a one-drug method have been unsuccessful, as was a similar attempt in the California Court of Appeal by a victim's family member.

There is also no demonstrable ripeness or legal basis for a stay. A condemned inmate may receive a stay of execution only if he can show impending harm and likelihood of success in proving that the state's lethal-injection method creates a substantial risk of serious pain in violation of the Eighth Amendment. *See Baze v. Rees*, 553 U.S. 35, 50 (2008). Here, because California does not currently have enforceable lethal-injection regulations, and it is unclear what protocol might be used for some future execution of Cooper, he cannot demonstrate a substantial likelihood that his future execution would violate the Constitution.

**I. THIS COURT SHOULD DENY COOPER'S MOTION TO INTERVENE BECAUSE THERE IS MINIMAL RISK THAT HIS EXECUTION DATE WILL BE SCHEDULED WHILE THIS CASE IS PENDING.**

The Complaint here attacks lethal-injection regulations that are not currently in effect. (*See* 4th Am. Compl., ECF No. 428; *see also* ECF No. 555, 7:3-11.) The operative complaint in this case concerns title 15, section 3349 of the California Code of Regulations, and the adoption of twenty-two regulations related to the execution process. (*See* 4th Am. Compl., ECF No. 428.) However, on December 19, 2011, the Marin County Superior Court, in *Sims v. CDCR*, held that the regulations violated the Administrative Procedure Act. (ECF No. 555, 10:18-11:2.) It then

2

Defs.' Opp'n Mot. Intervene & Stay Execution (C 06-0219 RS)

issued a permanent injunction on February 21, 2012, prohibiting any lethal-injection executions until new regulations were enacted in compliance with that Act. (*Id*.) While the Department is appealing that decision, California does not have enforceable lethal-injection regulations.

Cooper incorrectly claims that he must be allowed to intervene to protect his interests because "the State of California may well set an execution date and may execute him while this lawsuit is pending." (ECF No. 564, 20:21-22.) Following the attempt to execute condemned inmate Brown in 2010, the Attorney General's Office informed this Court that it would not advise the district attorneys to request execution dates until the earlier of either: (1) thirty days after the conclusion of any further evidentiary hearing in this present action, or (2) a judgment in this case. (ECF No. 446, 4:9-15.) In addition, more-recent attempts by district attorneys to schedule execution dates for condemned inmates were unsuccessful. The state courts in each of those cases refused to schedule execution dates for those inmates. (*See, e.g.,* ECF No. 563, 5:10-15.) Likewise, a similar effort by a victim's family member in the California Court of Appeal also failed. *Winchell v. Cate*, No. C070851 (June 14, 2012 Cal. Ct. App. 3d Dist.) (order denying petition for writ of mandate). Given the statement by the Attorney General's Office in this case, and the lack of success by others in seeking execution dates for other inmates, there is little, if any, risk that an execution date will be scheduled for Cooper while this litigation is pending. Therefore, the motion to intervene should be denied.

**II. BECAUSE COOPER'S INTERESTS IN OPPOSING THE CURRENTLY INVALIDATED THREE-DRUG REGULATIONS ARE ALREADY ADEQUATELY REPRESENTED BY THE CURRENT PLAINTIFFS, HE SHOULD NOT BE ALLOWED TO INTERVENE AT THIS STAGE.**

Federal Rule of Civil Procedure 24(a) provides that a person who files a timely motion must be permitted to intervene "unless existing parties adequately represent that interest." In its November 21, 2012 Order, the Court rejected Defendants' claims that Cox and Fairbank's interests were adequately represented by Plaintiffs Brown, Morales, and Sims. (ECF No. 563, 5:4-9.) However, given that California lacks currently enforceable lethal-injection regulations, and that attempts by the district attorneys and a victim's family member to schedule execution dates have been unsuccessful, Plaintiffs Morales, Brown, Sims, Raley, Cox, Fairbank, and Fields

3

can adequately represent Cooper's interests while this case is pending.  There is no need for Cooper to intervene at this stage of the proceedings.

### III. THE MOTION TO STAY THE EXECUTION IS NOT RIPE OR OTHERWISE JUSTIFIED.

In the Ninth Circuit's most recent denial of an execution stay, it reiterated that a condemned inmate must demonstrate four things to qualify for a stay:  (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in his favor; and (4) an that injunction is in the public interest.  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).  Moreover, the Supreme Court has stated that a motion for preliminary injunction carries with it a "requirement for substantial proof," higher than even a motion for summary judgment.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Id*. (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2948, pp. 129-30 (2d ed. 1995)).

Specifically, to prevail on an Eighth Amendment claim in a case that challenges lethal-injection regulations, a condemned inmate must show "some substantial risk of serious harm, an objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment."  *Baze v. Rees*, 553 U.S. 35, 50 (2008).  In this case, the state does not have enforceable lethal-injection regulations, and no execution date has been scheduled for Cooper.  Therefore, it is impossible for Cooper to demonstrate substantial proof that he will face a substantial risk of serious harm during some future execution.  Simply put, his request for a stay is not ripe and must be denied.  *See 18 Unnamed John Smith Prisoners v. Meese*, 871 F.2d 881, 882-83 (9th Cir. 1989) (holding that in the absence of actual, or immediately pending punishment, Eighth Amendment claims of "cruel and unusual punishment" are not ripe).

4

Defs.' Opp'n Mot. Intervene & Stay Execution (C 06-0219 RS)

**CONCLUSION**

Cooper should not be permitted to intervene in this case. The *Sims* injunction has enjoined all lethal injections until CDCR promulgates regulations in compliance with the APA. The Attorney General's Office has indicated that it will not attempt to schedule execution dates until certain events occur in this case, and the attempts by district attorneys and a victim's family member to schedule execution dates for condemned inmates were unsuccessful. (ECF No. 446, 4:9-15.) Because there is little, if any, risk that an execution date will be scheduled for Cooper while this action is pending, his motion to intervene in this case should be denied.

In addition, because California does not have enforceable lethal-injection regulations at the current time, Cooper cannot demonstrate that the state's lethal-injection method will create a substantial risk of serious pain in violation of the Eighth Amendment. Accordingly, his motion for a stay of execution should also be denied.

Dated: April 19, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General


*s/ Michael J. Quinn*
MICHAEL J. QUINN
Deputy Attorney General
*Attorneys for Defendants Brown, Beard, and Chappelle*

SF2007200210
20686404.doc

5

Defs.' Opp'n Mot. Intervene & Stay Execution (C 06-0219 RS)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Michael Angelo Morales v. M. Cate, et al.** | No. | **C 06-0219 JF** |

I hereby certify that on **April 19, 2013**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO KEVIN COOPER'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 19, 2013**, at San Francisco, California.

| D. Criswell | *s/ D. Criswell* |
|---|---|
| Declarant | Signature |

20687294.doc