NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
KATIE C. DEWITT (STATE BAR NO. 244673)
kdewitt@orrick.com
LEO MONIZ (STATE BAR NO. 285571)
lmoniz@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: 916-447-9200
Facsimile: 916-329-4900

Attorneys for Intervenor
KEVIN COOPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW CATE,[1] Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>Defendants. | Case Nos. 3:06-CV-219-RS;<br>3:06-CV-926-RS<br><br>**REPLY ISO PROPOSED INTERVENOR KEVIN COOPER'S MOTION TO INTERVENE**<br><br>Date: July 25, 2013[2]<br>Time: 1:30 p.m.<br>Dept: 3<br>Judge: Seeborg<br>Trial Date: None Set<br>Date Action Filed: January 5, 2006 |

---

[1] Matthew Cate resigned on November 11, 2012. Jeffrey A. Beard was appointed as Secretary on December 27, 2012.

[2] Mr. Cooper notes that the State's papers indicate the hearing date on this matter is on May 9, 2013. However, Mr. Cooper's moving papers and the Court's Deadlines/Hearings schedule have this case set for Oral Argument on July 25, 2013. This date was the earliest available date that complied with the federal/local rules regarding notice and conformed with the Hon. Judge Seeborg's and Mr. Hile's availability. (Supplemental Declaration of Norman C. Hile ("Supp. Hile Decl."), ¶ 2.)

I.  **INTRODUCTION**

On November 21, 2012, this Court granted the requests to intervene and attendant stays of execution for David A. Raley, Tiequon A. Cox, and Robert Green Fairbank, Jr.. (Doc. 563.[3]) The State's Opposition fails to identify any factual circumstances that have changed since the Court granted these motions to intervene/stay executions that would alter the Court's analysis or properly exclude Mr. Cooper from intervention in this action. Therefore, because Mr. Cooper is a late stage inmate on death row who is similarly situated to these individuals, as well as to the remaining Plaintiffs[4] who had already been admitted to this action, and because his interests are not adequately protected by the current Plaintiffs, this Court should grant Mr. Cooper's intervention and stay requests.

II. **ARGUMENT**

  A.  **The State Has Failed To Articulate a Basis Upon Which Mr. Cooper Should Not Be Allowed To Intervene**

The State suggests that Mr. Cooper should not be permitted to intervene in the present action because (1) there is a minimal risk that his execution date will be scheduled while this case is pending and (2) Mr. Cooper's interests are adequately represented by the current plaintiffs. (Defendants' Opposition to Kevin Cooper's Motion to Intervene and Motion to Stay Execution ("Defendants' Opposition"), pp. 2-4.) However, the State fails to identify any circumstances that have changed since this Court's November 21, 2012 order (the "Order") allowing the intervention and stays of executions of Plaintiffs Raley, Cox, and Fairbanks. Further, the reasoning of that Order makes it clear that Mr. Cooper must be permitted to intervene and should properly receive a stay of execution.

When the Court issued the Order, the *Sims* litigation referenced by the State had already

---

[3] A true and correct copy of this order is attached to the Supplemental Hile Declaration for the Court's convenience. (Supp. Hile Decl., ¶ 3, Exh. A.)

[4] Those Plaintiffs are: Michael Angelo Morales, Albert Greenwood Brown, Mitchell Carlton Sims, and Stevie Lamar Fields.

invalidated the latest promulgation of lethal injection regulations.[5] (*See* Doc. 563, p. 5 [stating "California at this juncture lacks a lethal-injection protocol that is valid under state law."]; Defendants' Opposition, p. 2 [noting holding on December 19, 2011 that regulations violated the Administrative Procedure Act].)  However, instead of denying the stipulation of Raley and requests of Cox and Fairbanks because there were no legally operative lethal injection regulations, the Court recognized the continuing threat of execution and/or attempted execution and therefore granted the requests to intervene and issued the attendant stays. (*See* Doc. 563, pp. 4, 6.)

Further, in allowing the intervention the Court expressly recognized that the interests of Cox and Fairbanks were not adequately represented by the current Plaintiffs and that the State's non-opposition to similarly situated inmates represented a "seemingly inconsistent position" for which no explanation had been offered. (*See* Doc. 563, p. 5.) Likewise, the Court rejected the argument that the motions of Cox and Fairbanks were "premature" on the same grounds. (*Id.* [noting "the course of the present litigation—particularly with regard to Brown nearly being executed—demonstrates that these arguments on wrong on the merits."].)

As demonstrated in Mr. Cooper's moving papers and this Reply, Mr. Cooper is a late stage inmate on death row who is similarly situated to the Plaintiffs already admitted to this action. Like Cox and Fairbanks, Mr. Cooper's interest in this litigation is not adequately represented by the parties, and thus, he must as a practical matter be allowed to intervene in this action in order to protect his interest in not being subject to the lethal injection protocols that violate the Eighth Amendment prohibition on cruel and unusual punishment.

Finally, as recognized by the Court, the Attorney General's representations that it would not "request the setting of executions dates until the *earlier* of either: (1) thirty days after the conclusion of any further evidentiary hearing in the present action, or (2) a judgment in this case)" is insufficient to protect Mr. Cooper. (Defendants' Opposition, p. 2 [italics added] [stating

---

[5]   Mr. Cooper also notes that the appellate litigation surrounding the order invalidating those regulations is ongoing, and therefore, it is unclear whether that invalidation will ultimately prevail. (Supp. Hile Decl., ¶ 4; *see also* Defendants' Opposition, p. 3.)

what that representation was]; *see* Doc. 563, p. 4 [recognizing this representation was inadequate to protect the rights of Raley, Cox, and Fairbanks absent intervention and an attendant stay of their executions].)  First, that representation does not bind individuals and entities outside of the direct control of the Attorney General.  (*Id*.)  Second, neither representation affirmatively operates to protect Mr. Cooper who, under either prong (1) or (2) of that representation might still be subject to the threat of execution before the final resolution of this action, which may take years from either the conclusion of the evidentiary hearing or entry of judgment because of the time associated with the appeals that could and likely will arise out of such a judgment.  (Supp. Hile. Decl., ¶ 5.)  Therefore, Mr. Cooper's request to intervene in this action should be granted.

### B. The State Has Failed To Articulate a Basis Upon Which Mr. Cooper's Stay Request Should Be Denied

In opposing Mr. Cooper's request for a stay of execution, the State argues that it "does not have enforceable lethal injection regulations" and that Mr. Cooper does not have a scheduled execution date.  (Defendants' Opposition, p. 4.)  However, neither of these facts constrained the Court from granting stays of execution to Raley, Cox, or Fairbanks and thus should not prevent the granting of Mr. Cooper's stay request based upon identical claims for relief.

As noted above, when the Court issued its Order approving the stipulated stay for Raley and granting opposed stays to Cox and Fairbanks, the State lacked "a lethal-injection protocol that is valid under state law."  (Doc. 563, p. 5.)  Thus, there is nothing new in this particular fact that should prohibit Mr. Cooper from also obtaining a stay.

Further, Raley, who obtained a stipulation from the Attorney General to intervene and obtain a stay of execution, did not have a pending execution date.  (*See* Doc. 563, p. 3 [indicating Raley was "the next prisoner whose execution was to be scheduled"].)  Therefore, at least as to Mr. Raley, the Attorney General did not believe that a pending execution date was necessary before it stipulated to an order.  It would be unfair and inequitable to now hold Mr. Cooper to a different standard.

The State's cited authorities are factually distinguishable from the circumstances and allegations of this case.  Unlike the present case where multiple similarly situated individuals who

1 are already parties to the case have been found to meet the preliminary injunction standard, the
2 State's authorities involve instances where the plaintiff(s) was either appealing a denial of a
3 request for a stay in the first instance or where the court was ruling on an appeal of the merits of
4 the claims themselves. *See Lopez v. Brewer*, 680 F.3d 1068 (9th Cir. 2012) (upholding denial of
5 stay request where Eighth Amendment challenge was to the pain caused by the placement of IV
6 catheters used in execution process because some pain is an inescapable consequence of death
7 and plaintiff failed to show that the placement of IV catheters would rise to the level of pain
8 protected by the Eighth Amendment); *Mazurek v. Armstrong et al.*, 520 U.S. 968 (1997)
9 (reversing Ninth Circuit reversal of district court denial of preliminary injunction based upon
10 finding of insufficient evidence that challenged requirement posed a substantial obstacle to a
11 woman seeking an abortion); *Baze v. Rees*, 553 U.S. 35 (2008) (upholding denial of Eighth
12 Amendment challenge to Kentucky's lethal injection protocol); *Unnamed John Smith Prisoners v.*
13 *Meese*, 871 F.2d 881 (9th Cir. 1989) (reversing grant of summary judgment and remanding with
14 direction to dismiss without prejudice claims brought to challenge to validity of double bunking
15 policy for protective custody inmates because the suggested effects of the proposed double
16 bunking were speculative and thus not ripe). These cases are inapposite, and therefore, the Court
17 should grant Mr. Cooper's stay request.

18 **III. <u>CONCLUSION</u>**

19 Therefore, as discussed in Mr. Cooper's moving papers and this Reply, Mr. Cooper has
20 demonstrated that he must be permitted to intervene in this action and should be granted the same
21 attendant stay of execution as the other Plaintiffs as described on page 5 of this Court's
22 November 21, 2012 Order.

23 / /
24 / /
25 / /
26 / /
27 / /
28 / /

Dated: April 26, 2013

Respectfully submitted,

NORMAN C. HILE
KATIE C. DEWITT
LEO MONIZ
Orrick, Herrington & Sutcliffe LLP


By: /s/ Norman C. Hile
       NORMAN C. HILE
      Attorneys for Intervenor
        KEVIN COOPER