UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael Angelo MORALES et al., <br><br> Plaintiffs, <br><br> v. <br><br> Jeffrey A. BEARD, Secretary of the California Department of Corrections and Rehabilitation, et al.,[1] <br><br> Defendants. | Case Number 5-6-cv-219-RS-HRL <br> Case Number 5-6-cv-926-RS-HRL <br><br> DEATH-PENALTY CASE <br><br> ORDER GRANTING KEVIN COOPER'S MOTION TO INTERVENE AND TO STAY EXECUTION <br><br> [Doc. No. 564] |

Kevin Cooper is a condemned inmate at San Quentin State Prison whose direct and collateral attacks on his conviction and sentence have concluded. He moves to intervene in the instant actions, which involve challenges to the constitutionality of California's protocol for executions by lethal injection, and to have his execution stayed pending the conclusion of this litigation. (Doc. No. 564.) The Court discussed the relevant issues in detail in the last order it issued, in which it permitted intervention by and granted stays of execution to three other prisoners who are, for relevant purposes, identically situated to Cooper. (Doc. No. 563.) The

---

[1] Jeffrey A. Beard is automatically substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

Case Nos. 5-6-cv-219-RS-HRL & 5-6-cv-926-RS-HRL
ORDER GRANTING KEVIN COOPER'S MOTION TO INTERVENE AND TO STAY EXECUTION
(DPSAGOK)

present order therefore contains only a limited discussion of the issues to the extent necessary to resolve Cooper's motion.

When condemned prisoner Michael Angelo Morales initiated this litigation, the Court conditionally denied his request to stay his execution. *Morales v. Hickman*, 415 F. Supp. 2d 1037 (N.D. Cal. 2006). Defendants did not execute Morales as scheduled, and a stay of execution issued pursuant to the Court's conditional order. Discovery and an evidentiary hearing followed, after which the Court concluded that the lethal-injection protocol, as implemented, violated the Eighth Amendment. *Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006). The Court then acceded to a joint request by Morales and Defendants to refrain from proceeding further with the present litigation until related state-court and administrative processes were completed.

Following certain state proceedings, Defendants scheduled Albert Greenwood Brown's execution. Brown moved to intervene and for a stay of execution. Recognizing that "Brown's federal claims are virtually identical to those asserted by . . . Morales," (Doc. No. 401 at 1), the Court permitted Brown to intervene, but conditionally denied the stay application. Brown appealed to the Court of Appeals for the Ninth Circuit. *Morales v. Cate*, 623 F.3d 828, 829 (9th Cir. 2010). On remand, pursuant to guidance from the Ninth Circuit, this Court stayed Brown's execution.

Condemned prisoners Mitchell Carlton Sims and Stevie Lamar Fields subsequently moved to intervene as Plaintiffs in these actions, and requested that their executions be stayed. Significantly, "Defendants acknowledge[d] that the intervenors have a 'claim or defense that shares with the main action a common question of law or fact,'" (Doc. No. 472 at 2 (quoting Fed. R. Civ. P. 24(b)(1)(B))), and they did not oppose permitting intervention and staying Sims's and Fields's executions. The Court found that "Sims and Fields are similarly situated to Morales and Brown in that they are condemned prisoners whose executions are not otherwise stayed and whose claims in their complaint in intervention are virtually identical to those asserted by Morales and Brown." (Doc. No. 473 at 1–2.) Accordingly, the Court concluded that "Sims and Fields are entitled to intervene and, like Morales and Brown, to have their executions stayed

2

Case Nos. 5-6-cv-219-RS-HRL & 5-6-cv-926-RS-HRL
ORDER GRANTING KEVIN COOPER'S MOTION TO INTERVENE AND TO STAY EXECUTION
(DPSAGOK)

until the present litigation is concluded." (*Id.* at 2.)

In regards to the next prisoner whose execution was to be scheduled, David A. Raley, the parties jointly stated that,

> Raley is similarly situated to Fields, Sims, Morales, and Brown in that he is a condemned prisoner whose execution is not otherwise stayed. He will join in the Fourth Amended Complaint, thereby presenting identical claims to those asserted by Morales and Brown. Accordingly, Raley is entitled to intervene and, like Morales, Brown, Fields, and Sims, to have his execution stayed until the present litigation is concluded.

(Doc. No. 511 at 2.) The parties therefore stipulated and asked the Court to order that,

> Raley may intervene as a Plaintiff in this litigation as to the Fourth Amended Complaint, and that all proceedings related to the execution of his sentence of death, including but not limited to preparations for an execution and the setting of an execution date for Mr. Raley, are hereby stayed on the same basis and to the same extent as in the case of Plaintiffs Morales, Brown, Fields, and Sims.

(*Id.* at 2–3.)

The Court initially did not act on the stipulation, as it appeared unnecessary to do so. However, when there was no longer a sufficient basis for the Court to continue to defer action, the Court granted the parties' joint request, noting that "the parties are correct that Raley is similarly situated to the present Plaintiffs and therefore entitled to intervene and to have his execution stayed." (Doc. No. 563 at 4.)

Tiequon A. Cox and Robert Green Fairbank Jr. were the next prisoners to move to intervene in the instant actions and to request stays of execution. Even though Defendants did not oppose intervention by and stays of execution for Sims and Fields, and they stipulated to intervention by and a stay of execution for Raley, Defendants opposed Cox's and Fairbank's motions. However, as the Court recognized, Cox and Fairbank were, "for purposes of the present litigation, identically situated to Morales, Brown, Sims, and Fields, as well as Raley." Accordingly, the Court held that Cox and Fairbank were "entitled . . . to intervene and to have their executions stayed until this litigation is concluded." (*Id.*)

Defendants oppose Cooper's motion to intervene and for a stay of execution, arguing that the motion is premature and Cooper's interests are adequately represented by the current

3

Case Nos. 5-6-cv-219-RS-HRL & 5-6-cv-926-RS-HRL
ORDER GRANTING KEVIN COOPER'S MOTION TO INTERVENE AND TO STAY EXECUTION
(DPSAGOK)

—

Plaintiffs. (Doc. No. 576.) Defendants raised these same arguments in opposing intervention by and stays of execution for Cox and Fairbank. The Court rejected Defendants' assertions, noting that "Defendants could have made these arguments in connection with Sims, Fields, and Raley, and there is no explanation for Defendants' shift to this seemingly inconsistent position. Moreover, the course of the present litigation—particularly in regards to Brown nearly being executed—demonstrates that these arguments are wrong on the merits." (Doc. No. 563 at 5.) In their current brief, Defendants again make no attempt to explain their shift in position, nor do they make any showing that the Court should reconsider its prior conclusions.

For purposes of the present litigation, Cooper is identically situated to Morales, Brown, Sims, Fields, Raley, Cox, and Fairbank. The Court must treat identically situated persons the same. Accordingly, the Court must permit Cooper to intervene and must stay his execution until the present litigation is concluded.

\*   \*   \*

Good cause appearing therefor, the Court grants Kevin Cooper's request to intervene and to have his execution stayed, (Doc. No. 564). As is the case for Plaintiffs Michael Angelo Morales, Albert Greenwood Brown, Mitchell Carlton Sims, Stevie Lamar Fields, David A. Raley, Tiequon A. Cox, and Robert Green Fairbank Jr., all proceedings related to the execution of Cooper's sentence of death, including but not limited to preparations for an execution and the setting of an execution date, are hereby stayed until the conclusion of this litigation.

The hearing on Cooper's application that is set for July 25, 2013, is vacated.

The Clerk shall update the docket to reflect the automatic substitution of Jeffrey A. Beard as the lead Defendant.

IT IS SO ORDERED.

DATED: 6/19/13

RICHARD SEEBORG
United States District Judge

4

Case Nos. 5-6-cv-219-RS-HRL & 5-6-cv-926-RS-HRL
ORDER GRANTING KEVIN COOPER'S MOTION TO INTERVENE AND TO STAY EXECUTION
(DPSAGOK)