KAMALA D. HARRIS
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5726
 Fax: (415) 703-5843
 E-mail: Michael.Quinn@doj.ca.gov
*Attorneys for Defendants Brown, Beard, and Chappelle*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES,<br><br>                              Plaintiff,<br><br>    v.<br><br>JEFFREY A. BEARD, et al.,<br><br>                              Defendants. | C 06-0219 RS<br><br>DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE AND MOTION TO STAY EXECUTION BY SCOTT PINHOLSTER AND WILLIAM PAYTON |

INTRODUCTION

In a recent order, this Court granted condemned inmate Kevin Cooper's motion to intervene in this action and motion to stay his execution. The order stated that the "Court must treat identically situated persons the same," and observed that Cooper was "identically situated to Morales, Brown, Sims, Fields, Raley, Cox, and Fairbank."

Although proposed intervenors Payton and Pinholster are similarly situated to the other Plaintiffs, that alone is not the basis for intervention. Rather, the proposed intervenors must share a common claim or defense *with the main action.* Fed. R. Civ. P. 24(b)(1)(B). Recent events have substantially impacted the case, and make clear that the proposed intervenors have no basis to pursue the claims brought in this suit, which are now moot. This lawsuit challenged a three-drug lethal-injection regulation that has been legally invalidated on separate grounds in state court. And the California Department of Corrections and Rehabilitation (CDCR) has discarded the three-drug process in favor of a one-drug process—one that this Court has actually viewed as a clear remedy for the three-drug regulation's alleged constitutional deficiencies. Because the constitutional claims in this case are now rendered moot, there is no reason to allow Payton and Pinholster to intervene.

Nor is there a legal basis for execution stays, since the inmates cannot demonstrate impending harm and a likelihood of success in proving that the lethal-injection method violates the Eighth Amendment by creating a substantial risk of serious pain. *See Baze v. Rees,* 553 U.S. 35, 50 (2008). The three-drug regulations challenged in this lawsuit are no more, and CDCR is developing a one-drug regulation. Because the proposed intervenors cannot demonstrate that they are likely to succeed on the merits concerning a regulation that does not exist, or suffer irreparable harm because of it, they are not entitled to execution stays.

ARGUMENT

I. THE PROPOSED INTERVENORS Do NOT HAVE A CLAIM OR DEFENSE THAT SHARES WITH THE MAIN ACTION A COMMON QUESTION OF LAW OR FACT.

Previous intervenors have been permitted to participate in this case because they had "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ.

1

P. 24(b)(1)(B). But recent events—most notably, the state's announcement that it is developing a single-drug regulation—have altered the potential risks that condemned inmates face, and demonstrate that Pinholster and Payton do not share a common claim with those that were pursued by the other parties in the case. In fact, given the state's decision to abandon the three-drug regulation, the issues in the case are rendered moot. Plaintiffs' complaint concerns a now-invalidated three-drug regulation that the state does not plan to use. Plaintiffs, including those condemned inmates who have previously intervened in the case, are challenging a regulation that no longer exists and will not be used in the future. It would be inappropriate for the Court to provide a stay of execution through a case concerning an inoperative regulation that poses no threat to the inmates seeking to intervene. Accordingly, Payton and Pinholster should not be permitted to intervene or to obtain stays through this case.

**II. THE STATE'S EFFORTS TO DEVELOP A SINGLE-DRUG REGULATION Do NOT PROVIDE A BASIS FOR ALLOWING PINHOLSTER AND PAYTON TO INTERVENE IN THE ACTION AND OBTAIN A STAY OF EXECUTION.**

In a November 21, 2012 order, this Court wrote that "one-drug executions have been at issue in this litigation since it commenced." (Order Resolving Motions to Intervene and to Stay Executions, 4:27-5:3, ECF No. 563.) But to the extent that one-drug executions have been at issue, it has only been as a potential remedy for the alleged claims in the suit, not as a basis for relief. The Court has issued two orders in this case—one in February 2006 and one in September 2010—that provided for the use of a single-drug method as a potential remedy to the challenged three-drug execution procedure. In its February 14, 2006 "Order Denying Conditionally Plaintiffs Motion for Preliminary Injunction," this Court wrote that the state could proceed with condemned inmate Morales's execution if it certified that it would use only sodium thiopental or another barbiturate during the procedure. (13:19-15:14, ECF No. 62.) Alternatively, the state could procure the assistance of "qualified individual or individuals" to provide "independent verification" that Morales was in fact unconscious before the pancuronium bromide and potassium chloride were administered. *(Id.)* Moreover, in its September 24, 2010 order denying condemned inmate Brown's motion for a stay of execution, this Court gave Brown the option of being executed by the injection of all the drugs specified in the three-drug regulations, or through

2

an injection of sodium thiopental only. (Order Granting Motion for Leave to Intervene; and Denying Conditionally Intervenor's Motion for a Stay of Execution, 10:15-11:5, ECF No. 401).

By contrast, Plaintiffs' claims in the case have only concerned the constitutionality of the various three-drug lethal-injection methods that Defendants have adopted since 2006. CDCR's recent announcement that it is developing a single-drug regulation renders moot the claims in the case, and justifies a denial of the motions to intervene and for execution stays. There is no need for Pinholster and Payton to intervene in a case in which Plaintiffs' complaint asserts claims about a three-drug regulation that is no longer in effect. Therefore, the proposed intervenors' motions should be denied.

### III. EVEN IF THEY ARE ALLOWED TO INTERVENE, THE PROPOSED INTERVENORS ARE NOT ENTITLED TO A STAY OF EXECUTION.

Like other stay applicants, inmates who challenge the manner in which the state plans to execute them must satisfy all of the requirements for a stay. *Hill v. McDonough,* 547 U.S. 573, 584 (2006). A condemned inmate must demonstrate that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without preliminary relief; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest. *Lopez v. Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012).

Proposed intervenors Pinholster and Payton cannot show that they are likely to succeed on the merits. To prevail on an Eighth Amendment claim in a case that challenges lethal-injection regulations, a condemned inmate must show "some substantial risk of serious harm, an objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment." *Baze v. Rees,* 553 U.S. 35, 50 (2008). California currently does not have a lethal-injection regulation, and it is developing a one-drug regulation, not another three-drug regulation similar to the one challenged in this suit. Given the absence of any current lethal-injection regulation, and the formation of a new one-drug regulation, Pinholster and Payton cannot show that they are subject to "some substantial risk of serious harm" in this case.

3

Defs.' Opp'n. Mot. Intervene & Mot. Stay Execution (C 06-0219 RS)

The proposed intervenors also cannot demonstrate that they are likely to suffer irreparable harm without preliminary relief from this Court. In 2010, the state informed this Court that it would not advise the district attorneys to request execution dates until the earlier of either: (1) thirty days after the conclusion of any further evidentiary hearing in this present action, or (2) a judgment in this case. (ECF No. 446, 4:9-15.) Moreover, state courts have repeatedly rejected attempts by district attorneys to schedule execution dates. In short, it is unlikely that an execution date would be set before this case is concluded.

Accordingly, because Pinholster and Payton cannot demonstrate that they are likely to succeed on the merits or suffer irreparable harm without preliminary relief, the motion for execution stays should be denied.

## CONCLUSION

Neither Pinholster nor Payton should be permitted to intervene in this case. Because CDCR is developing a single-drug lethal-injection regulation, there is no need for the proposed intervenors to join this case, in which the operative complaint concerns a three-drug regulation that has been invalidated.

In addition, because the state does not currently have a lethal-injection regulation, the proposed intervenors cannot demonstrate that the state's lethal-injection method will create a substantial risk of serious pain in violation of the Eighth Amendment. Accordingly, their motion for stay of execution should also be denied.

Dated: August 30, 2013                              Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General


*/s/ Michael J Quinn*
MICHAEL J. QUINN
Deputy Attorney General
*Attorneys for Defendants Brown, Beard, and Chappelle*

SF2007200210

4

# CERTIFICATE OF SERVICE

Case Name: Michael Angelo Morales v. M. Cate, et al.          No. C 06-0219 JF

I hereby certify that on August 30, 2013, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE AND MOTION TO STAY EXECUTION BY SCOTT PINHOLSTER AND WILLIAM PAYTON

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 30, 2013, at San Francisco, California.

| D. Criswell | *s/ D. Criswell* |
|---|---|
| Declarant | Signature |

40757770.doc