SEAN K. KENNEDY (SBN 145632)
Federal Public Defender
MARGO A. ROCCONI (SBN 156805)
SUSEL ORELLANA (SBN 229874)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-7521
Facsimile: (213) 894-0310
Email: margo_rocconi@fd.org

*Attorneys for Intervenors*
SCOTT L. PINHOLSTER &
WILLIAM C. PAYTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ANGELO MORALES, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>Jeffrey A. BEARD, Secretary of the California Department of Corrections and Rehabilitations, et al.,<br><br>  Defendants. | CASE NO. 3:06-cv-219-RS<br>CASE NO. 3:06-cv-926-RS<br><br>DEATH PENALTY CASE<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO SCOTT PINHOLSTER'S AND WILLIAM PAYTON'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION**<br><br>DATE:  To Be Determined<br>TIME:  To Be Determined |

REPLY TO DEFENDANTS' OPPOSITION TO SCOTT PINHOLSTER'S AND WILLIAM PAYTON'S
MOTION TO INTERVENE AND MOTION TO STAY EXECUTION
Case Nos.: 3:06-cv-219-RS; 3:06-cv-926-RS

# ARGUMENT

## I. Defendants Concede That Proposed Intervenors "Payton and Pinholster Are Similarly Situated to the Other Plaintiffs"—As Such, Their Claims Share Common Questions of Law Or Fact With This Action

Defendants acknowledge that "Payton and Pinholster are similarly situated to the other Plaintiffs" but argue that they fail to share "a common claim or defense *with the main action*." (Defendants' Opposition ("Opp.") at 2; emphasis in original.) Defendants misstate the rule. Permissive intervention under Rule 24(b) does not require common claims (which combines law and facts) but merely claims involving "a common question of law *or* fact" with the main action. Rule 24(b)(1)(B) (emphasis added). The proposed intervenors would fail under 24(b) only if their claims "contain[ed] no question of law or fact that is raised also by the main action." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002) abrogated on other grounds by *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

Here, the Proposed Intervenors share common questions of law and fact with the main action and have fully joined in Morales's and Brown's Fourth Amended Complaint. (Motion to Intervene ("Mot.") at 10, 15-16.) Defendants' opposition does not dispute any of the several examples of common questions of law and fact outlined in the motion to intervene nor explain how a single-drug protocol would resolve the issues raised. (Mot. at 15-16.) Mr. Payton's and Mr. Pinholster's federal claims, like those asserted by previous intervenors, "are virtually identical to those asserted by ... Morales" (dkt. 401 at 1; dkt. 473 at 1), and they therefore meet the commonality requirement of Rule 24(b).

Defendants do not challenge the timeliness of this motion or this Court's jurisdiction. (Mot. at 10-12.) Nor do they argue that the proposed intervention would create undue delay, prejudice the original parties, or inhibit judicial economy. (Mot. at 17.)

## II. The State's Continued Development of A Single-Drug Protocol Does Not Distinguish Mr. Payton and Mr. Pinholster From Prior Intervenors

Defendants argue that "recent events—most notably, the state's announcement that it is developing a single-drug regulation ..."–and its abandonment of the "now-invalidated three-drug regulation" have changed the nature of this litigation. (Opp. at 2.) This announcement is not new and this Court has granted previous motions to intervene and motions for stays of execution without valid regulations in place, including one that was stipulated to by Defendants. As such, Defendants' argument is irrelevant to determining whether intervention is appropriate.

First, Governor Brown ordered prison officials to develop a single-drug protocol as early as April 2012, as was publicly disclosed in the State's appeal of the Marin Superior Court's decision invalidating the revised protocol.[1]

Second, when this Court granted intervention for Raley, Sims, Cox, Fairbank, and Cooper there were also no valid regulations in place. There have been no valid regulations in place since the Marin County Superior Court enjoined implementation of the revised protocol "unless and until that protocol is promulgated in compliance with the APA." *Morales v. California Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 729, 732, 85 Cal. Rptr. 3d 724 (2008). That decision was upheld on appeal and "[t]his Court then agreed to a joint request by Morales and Defendants to refrain from proceeding further with the present litigation until the state-court and administrative processes were completed." (Dkt. 563 at 2.)

Further, in granting stays of execution for Raley, Cox and Fairbank, this Court noted that the executions sought involved the single-drug protocol but rejected Defendants' argument that "the instant litigation purportedly involves only lethal injections of three drugs." (Dkt. 563 at 4.) The Court reiterated that it "found 'a number

---

[1] Maura Dolan, *Brown orders consideration of single-drug execution method*, L.A. TIMES, Apr. 27, 2012, http://articles.latimes.com/2012/apr/27/local/la-me-lethal-injection-20120427

REPLY TO DEFENDANTS' OPPOSITION TO SCOTT PINHOLSTER'S AND WILLIAM PAYTON'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION
Case Nos.: 3:06-cv-219-RS; 3:06-cv-926-RS

of critical deficiencies,' . . . in Defendants' prior protocol that were not related to the number drugs used," and added that "Defendants' argument ignores this record." (Dkt. 563 at 4-5.) Defendants' opposition continues to ignore that record here. The State's announcement that it is pursuing a one-drug protocol, which was also advanced by local district attorneys a year ago, does nothing to alter the methodological foundation of this litigation or the risks faced by condemned inmates such as Mr. Payton and Mr. Pinholster.

Finally, Defendants misinterpret two of this Court's orders as endorsing single-drug executions as a "potential remedy" to three-drug executions. (Opp. at 2-3; citing dkt. 62, 401.) Neither order is on point here.

In the February 14, 2006 order (dkt. 62) this Court narrowly addressed only "whether or not there is a reasonable probability that Plaintiff [Morales] will be conscious when he is injected with pancuronium bromide or potassium chloride, and, if so, how the risk of such an occurrence may be avoided." (*Id.* at 4.) The Court considered the proposed one-drug protocol as a narrow "one-time" remedy on this question alone. (*Id.* at 13.) The Court qualified its order, noting, "At this time, the Court has no information as to the specific training and experience" of individuals involved in the execution process. (*Id.* at 14 n. 18.)

That order has since been superceded by three amended complaints in April 2006 (dkt. 131), July 2007 (dkt. 323), and October 2010 (dkt. 428), as well as the Ninth Circuit order that this Court "should take the time necessary to address the State's newly revised protocol in accord with Supreme Court authority." *Morales v. Cate*, 623 F.3d 828, 829 (9th Cir. 2010).

The second order on which Defendants rely (dkt. 401) did not approve one-drug executions as a "remedy" to the problems with the three-drug system; it acknowledged that Brown could consent to variations in protocol, much as inmates could consent to lethal gas in California or a judicial hanging in Washington State. (*Id.* at 10) (citing *Campbell v. Wood*, 18 F.3d 662, 685 (1994)). In giving Brown the power to *reject* the

unreviewed one-drug protocol, this Court was upholding its intent to review any newly revised protocol before its implementation, consistent with the Ninth Circuit's order.

### III.  Defendants Do Not Address Rule 24(a): Intervention As A Matter of Right

Defendants' opposition addresses solely the commonality requirement of permissive intervention under Rule 24(b). (Opp. at 1-2.) Mr. Payton's and Mr. Pinholster's motion to intervene independently addressed intervention as a matter of right under Rule 24(a). (Mot. at 12-14.) Defendants have offered no rebuttal.

"Rule 24(a) is construed broadly in favor of intervention." *United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996). Unlike permissive intervention under Rule 24(b), Rule 24(a) imposes no such requirement. The District Court must grant intervention if the proposed intervenors satisfy four factors: "[1] timeliness, [2] an interest relating to the subject of the litigation, [3] practical impairment of an interest . . . if intervention is not granted and [4] inadequate representation by the parties to the action." 86 F.3d at 1503. Timeliness is the only factor in Rule 24(a) that overlaps with Rule 24(b), and Defendants opposition does not challenge the timeliness of this motion to intervene. Defendants' opposition could be read to challenge whether the intervenors have an interest in this litigation only with the recurring, and long since discredited, argument that this case "only concern[s] the constitutionality of the various three-drug lethal injection methods." (Opp. at 3.) Given that this litigation extends to issues beyond the use of three drugs, Mr. Payton and Mr. Pinholster continue to have an interest in the matter along with the current Plaintiffs.

Defendants also do not raise the argument here, as they had in opposition to Cox's, Fairbank's, Brown's, and Cooper's motions to intervene, that the proposed intervenors were adequately represented by the parties to this action. There appears to be good reason for this omission. Here, Defendants focused their opposition arguing that Mr. Payton and Mr. Pinholster share *no* common questions of law or fact with Plaintiffs (Opp. at 1-3), a position entirely incompatible with arguing that their interests are

REPLY TO DEFENDANTS' OPPOSITION TO SCOTT PINHOLSTER'S AND WILLIAM PAYTON'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION
Case Nos.: 3:06-cv-219-RS; 3:06-cv-926-RS

5

"adequately represented" by the Plaintiffs. While Mr. Pinholster and Mr. Payton do share common questions of law and fact with existing plaintiffs, their specific interests in avoiding execution by an unconstitutional protocol cannot be adequately represented by existing plaintiffs. (Mot. at 14-15.) The current Plaintiffs have no direct interest or authority to prevent local district attorneys from pursuing the executions of Mr. Pinholster or Mr. Payton while their interests in this action remain pending. (*Id.*)

### IV. Stays of Execution Are Necessary For The Proposed Intervenors Just As For Prior Intervenors

In seeking a stay, both sides acknowledge that Mr. Pinholster and Mr. Payton must meet four factors: (1) a likelihood of success on the merits; (2) that they are likely to suffer irreparable harm without a stay; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 129 S. Ct. 365 (2008). In opposition, Defendants address only (1) and (2). (Opp. at 3-4.)

First, in arguing that the Proposed Intervenors are unlikely to succeed on the merits, Defendants rely exclusively on *Baze v. Rees*, 553 U.S. 35, 50, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008). However, as the plurality in *Baze* noted, and this Court reiterated, when a State refuses to adopt a less painful alternative, in the face of "documented advantages [and] without a legitimate penological justification . . . then a State's refusal to change its method can be viewed as 'cruel and unusual' under the Eighth Amendment." (Dkt. 401 at 4-5, quoting *Baze*, 553 U.S. at 52 (plurality op.).)

The State's decision to not seek review of the Court of Appeal's affirmance in *Sims*, if anything, weighs in favor of a likelihood of success on the merits. Defendants' argument offers no basis for concluding that the likelihood of success has changed since this Court's decision to allow other identically situated plaintiffs to intervene.

Similarly, as to the second factor, there has been no change in the risks of suffering irreparable harm without preliminary relief. Defendants argue that such harm

REPLY TO DEFENDANTS' OPPOSITION TO SCOTT PINHOLSTER'S AND WILLIAM PAYTON'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION
Case Nos.: 3:06-cv-219-RS; 3:06-cv-926-RS

is abated only because the State "is developing a one-drug regulation, not another three-drug regulation similar to the one challenged in this suit." (Opp. at 3.) But again this position is inconsistent with the prior litigation in this action. District attorneys sought state judicial intervention to create single drug executions for Sims, Cox, and Fairbank. In granting Cox's and Fairbank's motions to intervene and for stays of execution, this Court noted that the actions of district attorneys "who are not parties to these actions and therefore are not bound by Defendants' representations" subject these inmates to a demonstrated risk of unlawful execution while this Court's review is pending. (Dkt. 563 at 3.) Defendants' opposition does not rebut that the balance of equities tip in favor of intervention, and they do not allege that granting a stay would be against public interest.

As with Raley, Cox, Fairbank, Sims, Fields and Cooper, Mr. Pinholster and Mr. Payton "are condemned prisoners whose executions are not otherwise stayed and whose claims in their complaint in intervention are virtually identical to those asserted by Morales and Brown." (*Id.*) They are entitled to intervene, permissively or as a matter of right, and to have their executions stayed while their interests in this action remain pending.

Respectfully submitted,

SEAN K. KENNEDY  
Federal Public Defender  
MARGO A. ROCCONI  
SUSEL ORELLANA  
Deputy Federal Public Defenders

DATED: September 9, 2013      By */s/ Margo A. Rocconi*  
MARGO A. ROCCONI  
Deputy Federal Public Defender

Attorneys for Intervenors

REPLY TO DEFENDANTS' OPPOSITION TO SCOTT PINHOLSTER'S AND WILLIAM PAYTON'S MOTION TO INTERVENE AND MOTION TO STAY EXECUTION  
Case Nos.: 3:06-cv-219-RS; 3:06-cv-926-RS