David A. Senior (SBN 108759)
MCBREEN & SENIOR
1900 Avenue of the Stars, Eleventh Floor
Los Angeles, California 90067
Phone: (310) 552-5300
Fax: (310) 552-1205
dsenior@mcbreensenior.com

John R. Grele (SBN 167080)
LAW OFFICE OF JOHN R. GRELE
1000 Brannan Street, Suite 400
San Francisco, California 94103
Phone: (415) 655-8776
Fax: (415) 484-7003
jgrele@earthlink.net

Richard P. Steinken (admitted PHV)
JENNER & BLOCK
353 N. Clark Street
Chicago, IL 60654
Phone: (312) 923-2938
Fax: (312) 840-7338
rsteinken@jenner.com

Attorneys for Intervenors (complete list at signature line)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO COURTHOUSE**

| | |
|---|---|
| MICHAEL ANGELO MORALES,<br><br>        Plaintiff,<br><br>    vs.<br><br>SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>Defendants. | ) CASE NO. C 06 0219 RS<br>)         C 06-0926 RS<br>)<br>)<br>) NOTICE OF MOTION AND MOTION TO<br>) INTERVENE BY FERNANDO BELMONTES, JR.,<br>) ROYAL KENNETH HAYES, RICHARD DELMER<br>) BOYER, RON DEERE, HARVEY LEE HEISHMAN,<br>) ANTHONY JACK SULLY, ALBERT<br>) CUNNINGHAM, DOUGLAS MICKEY, HECTOR<br>) AYALA, AND RICHARD SAMAYOA, AND FOR<br>) EXECUTION STAYS; MEMORANDUM OF<br>) POINTS AND AUTHORITIES<br>)<br>) DATE:  February 23, 2017<br>) TIME:  1:30 p.m.<br>) PLACE: Courtroom 3 |

PLEASE TAKE NOTICE that on February 23, 2017 at 1:30 p.m. or as soon thereafter as they may be heard, before the Honorable Richard Seeborg in Courtroom 3 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, intervenors Fernando Belmontes, Jr., Royal Kenneth Hayes, Richard Delmer Boyer, Ron Deere, Harvey Lee Heishman, Anthony Jack Sully, Albert Cunningham, Douglas Mickey, Hector Ayala, and Richard Samayoa will and do move the Court under Federal Rule of Civil Procedure Rule 24, for an order granting them leave to intervene in the present matter.  Intervenors' claims share with the main action common questions of law or fact.

Intervenors further will and do move the Court for an order staying their executions.  There is a strong likelihood the present matter will succeed on the merits, the relative harm to the parties weighs in favor of intervenors, and intervenors have not delayed unnecessarily in bringing this motion for a stay.

//

//

//

//

//

//

//

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

2

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

The motions are based on this Notice, the Memorandum of Points and Authorities, along with all exhibits and papers filed in this action, and on any evidence received at the hearing.

DATED:  January 19, 2017

By:  _____/s/_____

David A. Senior
McBREEN & SENIOR

Richard P. Steinken
Kelly M. Morrison
Kate T. Spelman
JENNER & BLOCK

John R. Grele
LAW OFFICE OF JOHN R. GRELE

*Attorneys for Intervenors*

FERNANDO BELMONTES, JR.
ROYAL KENNETH HAYES
RICHARD DELMER BOYER
RON DEERE
HARVEY LEE HEISHMAN
ANTHONY JACK SULLY
ALBERT CUNNINGHAM
DOUGLAS MICKEY
HECTOR AYALA AND
RICHARD SAMAYOA

**McBREEN & SENIOR**
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MCBREEN & SENIOR**
1900 Avenue of the Stars, 11ᵗʰ Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................ II

**MEMORANDUM OF POINTS AND AUTHORITIES**................................. 3

   **I.**   ISSUES TO BE DECIDED ......................................................... 3

   **II.**  SUMMARY OF RELEVANT FACTS ...................................... 3

   **III.**  INTERVENORS' MOTION TO INTERVENE SHOULD BE GRANTED ........................ 9

      **A.**  **Introduction** ....................................................................... 9

      **B.**  **Intervenors' Motion to Intervene Is Timely** ................................ 11

      **C.**  **Intervenors are Entitled to Intervention as of Right**..................... 12

      **D.**  **Intervenors Meet the Standards for Permissive Intervention**...................... 15

      **1.**  **This Court Has Independent Grounds for Jurisdiction** ................................ 15

      **2.**  **Intervenors' Motion to Intervene Is Timely** ................................ 15

      **3.**  **Intervenors' Claims and the Main Action Have Common Questions of Law or Fact**....................................................................... 15

   **IV.**  MOTION TO STAY EXECUTION ................................................ 17

      **A.**  **Intervenors are Likely to Succeed on the Merits**.............................. 17

      **B.**  **Possibility of Irreparable Harm**....................................... 18

      **C.**  **No Unnecessary Delay** ................................................... 19

   **V.**  CONCLUSION ........................................................................ 20

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MCBREEN & SENIOR**
1900 Avenue of the Stars, 11ᵗʰ Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Beardslee v. Woodford*, 395 F.3d 1064 (9th Cir. 2005).....................................................17

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) 13, 14

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ........................................................12

*Georgia v. Ashcroft*, 539 U.S. 461 (2003) .........................................................................14

*Hill v. W. Elec. Co., Inc.*, 672 F.2d 381 (4th Cir. 1982) ....................................................17

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ..............11

*Morales v. Cal. Dep't of Corr. & Rehab.*, 85 Cal. Rptr. 3d 724 (Cal. Ct. App. 2008).......4

*Morales v. Cal. Dep't of Corr. & Rehab.*, No. CV 061436 (Super. Ct. Marin County, Cal.
    Nov. 29, 2007) ................................................................................................................4

*Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006) .......................................3, 4, 19

*Nw. Forest Research Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996)..........................15

*United States v. Oregon*, 745 F.2d 550 (9th Cir. 1984) .....................................................12

*Westlands Water Dist. v. United States*, 700 F2d 561 (9th Cir. 1983) ..............................11

**Statutes**

Cal. Code Regs. tit. 15, § 3349 ............................................................................................5

Fed. R. Civ. P. 24(a) ..........................................................................................................12

Fed. R. Civ. P. 24(b) ...................................................................................................2, 3, 15

---

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Fernando Belmontes, Jr., Royal Kenneth Hayes, Richard Delmer Boyer, Ron Deere, Harvey Lee Heishman, Anthony Jack Sully, Albert Cunningham, Douglas Mickey, Hector Ayala, and Richard Samayoa ("Intervenors") seek to intervene in the present action, pursuant to Rule 24 of the Federal Rules of Civil Procedure, because they "ha[ve] a claim or defense that shares with the main action a common question of law or fact." *Id.* Intervenors further seek stays of execution.

### I.    Issues to Be Decided

1.    Whether Intervenors may intervene as plaintiffs in this litigation as a matter of right pursuant to Rule 24(a)(2) or permissively under 24(b)(1) of the Federal Rules of Civil Procedure.

2.    Whether Intervenors should be granted stays of execution on the same basis and to the same extent as Plaintiffs Morales, Brown, Fields, Sims, Fairbank, Raley, Cox, Cooper, Pinholster, and Payton including but not limited to a stay of any preparations for the setting of execution dates while this litigation is pending.

### II.    Summary of Relevant Facts

Intervenors are condemned inmates in the custody of the California Department of Corrections and Rehabilitation ("CDCR").

On December 15, 2006, this Court issued an order finding that the "implementation of California's lethal-injection protocol lacks both reliability and transparency." *Morales v. Tilton*, 465 F. Supp. 2d 972, 981 (N.D. Cal. 2006). California's actions and failures to act with respect to the implementation of its lethal-injection protocol have resulted in an intolerable risk of a Constitutional violation. *Id.*

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

To remedy this situation, California would have to undertake a "meaningful" review of its processes, which "*must be undertaken* with an openness to the idea of making significant improvements in the 'infrastructure' of executions." *Id.* at 983 (emphasis added).

In response to this clear, unambiguous, and respectful guidance, Governor Schwarzenegger announced via a press release on December 18, 2006, that he was "committed to doing whatever it takes . . . to ensure that the lethal injection process is constitutional . . . ." Response by the Governor's Office to the Court's Memorandum of Intended Decision Dated Dec. 15, 2006, Doc. 291, Ex. A. The Governor added that his "administration will take immediate action to resolve [the] court['s] concerns . . ." *Id.* In fact, Governor Schwarzenegger subsequently failed to undertake any actions to improve or increase reliability and transparency in the lethal-injection process, failed to undertake a "meaningful" review of its processes, and failed to undertake any actions with an openness to the idea of making significant improvements in the infrastructure of executions.

Governor Schwarzenegger and CDCR issued a revised Operational Procedure 770 ("Lethal Injection Protocol") on May 15, 2007. On November 29, 2007, in *Morales v. California Department of Corrections and Rehabilitation*, the Marin County Superior Court declared invalid and enjoined the enforcement of California's Lethal Injection Protocol. *Morales v. Cal. Dep't of Corr. & Rehab.*, No. CV 061436 (Super. Ct. Marin County, Cal. Nov. 29, 2007); *aff'd, Morales v. Cal. Dep't of Corr. & Rehab.*, 85 Cal. Rptr. 3d 724, 733 (Cal. Ct. App. 2008).

4

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

On July 30, 2010, California promulgated regulations of the Lethal Injection Protocol, effective August 29, 2010.  Cal. Code Regs. tit. 15, § 3349.  With the exception of a few additional deficiencies, the regulations were substantially identical to the version of OP 770 that was published by Governor Schwarzenegger and CDCR on May 15, 2007.  The day after the regulations took effect, on August 30, 2010, Governor Schwarzenegger and CDCR orchestrated an effort to have the Riverside County Superior Court issue an execution warrant for Albert Brown.  *People v. Brown*, No. CR18104 (Super. Ct. Riverside County, Cal. Aug. 30, 2010).   After litigation involving five different courts over a six-week period, the Ninth Circuit Court of Appeals directed this Court to reconsider its previous denial of Plaintiff Brown's motion to stay his execution (Doc. 420), and the Court then issued a stay (Doc. 424).  "[O]f particular importance" to the Ninth Circuit was the fact that Plaintiff Brown's claims were "identical" to those then before this Court by Plaintiff Morales.  Doc. 420 at 7-8.

On September 28, 2010, this Court found that the lethal injection procedure "as implemented in practice through and including the date of the evidentiary hearing in the 2006 Morales litigation created a 'demonstrated risk of severe pain.'"  Doc. 424 at 4.  This Court also found, based on its limited opportunity to compare OP 770 and the lethal injection regulations approved by the California OAL on July 30, 2010, that "there is significant dispute" that there is a meaningful difference between the two protocols other than the physical facility in which executions are to take place.  *Id*. at 5.     On October 8, 2010, Plaintiffs filed a Fourth Amended Complaint for Equitable and Injunctive Relief Pursuant to 42 U.S.C. § 1983.  Doc. 428.  On October 25, 2010, Defendants moved to

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

---

5

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

dismiss the Fourth Amended Complaint rather than respond to discovery requests.  Doc. 430.

On November 16, 2010, in response to an inquiry by the Court, Defendants' counsel, the chief law enforcement officer of the State of California, assured the Court that no execution dates would be set in California until the litigation of this matter was concluded due to expressed concerns that future execution dates would be set and that such would result in disorderly litigation such as occurred with Plaintiff Brown.  RT 3-9 (Nov. 16, 2010).  In a discussion with respect to whether other death row inmates who have exhausted their appeals but who are not plaintiffs to this action were protected by this promise, Defendants' counsel affirmed that such interested parties could rely on these assurances.  *Id.* at 9-10.

The Court stayed discovery propounded by Plaintiffs pending resolution of Defendants' motion to dismiss.  Doc. 453.  The motion was denied on December 10, 2010.  Doc. 461.  Shortly thereafter, on December 22, 2010, the parties were ordered to respond to each other's discovery requests.  Doc. 465.

On December 29, 2010, Plaintiffs Fields and Sims moved to intervene and for stays of executions.  Doc. 467.  Their motion was granted.  Doc. 473.

Defendants did not respond to Plaintiffs' discovery requests, but rather moved for a protective order (Doc. 478) and to strike portions of the Fourth Amended Complaint. Doc. 484.

On March 4, 2011, and in response to a stipulated intervention and for a stay of execution between Plaintiff Raley and Defendants (Doc. 511), the Court expressed its concern that issuing stays for all condemned inmates who were otherwise eligible for

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

6

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

execution was unnecessary, given the assurances by the Attorney General of the State of California (counsel for Defendants) that no further execution dates would be set while the Court's review was pending.  RT 60-62 (Mar. 4, 2011).

On May 1, 2012, the District Attorney for the County of Los Angeles moved the Los Angeles County Superior Court for an order requiring the CDCR to develop a single-drug execution protocol, without required APA review and approval, and to set execution dates for Mitchell Sims and Tiequon Cox under a one-drug method.  The District Attorney failed to inform the Superior Court of this Court's stay of execution for Plaintiff Sims, the March 4, 2011 proceedings in this Court, the Marin County Superior Court's permanent injunction, or the CDCR's appeal of the judgment in that case.

On May 16, 2012, Plaintiff Cox moved to intervene in this litigation and requested that this Court issue a stay of execution.  Doc. 535.

On August 23, 2012, Plaintiff Fairbank moved to intervene in this litigation and requested this Court issue a stay of execution.  Doc. 555.  As detailed therein, the District Attorney for San Mateo County had moved in the San Mateo County Superior Court for an execution date to be set for Mr. Fairbank.

On September 10, 2012, the Los Angeles County Superior Court denied the Los Angeles District Attorneys' motions in both the Cox and Sims cases.

On November 21, 2012, this Court issued an order approving the stipulation to intervene and for a stay of execution for Plaintiff Raley, and granting the motions of Plaintiffs Cox and Fairbank to intervene in this action and staying their executions, recognizing that county district attorneys are not bound by Defendants' representations

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

and could seek orders compelling Defendants to conduct executions (and had in fact done so on at least two occasions).  Doc. 563 at 3-5.

On April 5, 2013, Plaintiff Cooper moved to intervene in this litigation and for a stay of execution.  Doc. 564.  The Court granted Cooper's motion on June 19, 2013.  Doc. 581.

On August 16, 2013, Plaintiffs Pinholster and Payton moved to intervene in this litigation and for stays of execution.  Doc. 583.  On September 17, 2013, the Court granted their motion.  Doc. 586.

On various dates since then, Intervenors' initial state appeal and habeas matters concluded, and their initial federal habeas corpus matters under 28 U.S.C. §2244, et seq. concluded.

Although administrative exhaustion is not required, *Beardslee v. Woodford*, 395 F.3d 1064, 1069 (9th Cir. 2005), Intervenors have filed administrative complaints with Defendant CDCR that are in various stages of decision.

There currently is substantial uncertainty regarding: 1) how and when Defendant CDCR will implement an execution protocol[1]; 2) whether Defendant CDCR is permitted or authorized to do so under the California constitution as so delegated by the legislature[2]; whether Proposition 66 will be made law in whole or part[3]; and/or 4)

---

[1]  CDCR's proposed execution regulations were disapproved by the Office of Administrative Law on December 21, 2016.  CDCR may resubmit this rulemaking action within 120 days of its receipt of this Decision of Disapproval.

[2]  This issue currently is being litigated in the Superior Court, County of Alameda, Case No. RG16838951.

---

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

whether Defendants and various county District Attorneys will collectively attempt to promptly set execution dates.

Nothing prevents the District Attorneys for the counties in which Intervenors were sentenced from seeking dates of execution for Intervenors, just as were sought for Plaintiffs Brown, Cox, Sims, and Fairbank.[4]  Nor can Intervenors determine when Defendants will implement an execution protocol for use to again attempt to circumvent the completion of this Court's review of pending constitutional challenges.  Therefore Intervenors cannot adequately protect their interests and are at unnecessary risk of unconstitutional harm absent intervention in this action and stays of execution.

Intervenors' counsel has requested Defendants' counsel to stipulate to intervention and for stays in light of this Court's many orders granting intervention and stays in 2011, 2012, and 2013, and the fact that there has been no factual or legal changes with regard to the predicate of those orders.  Defendants' counsel rejected this request.

**III.   <u>Intervenors' Motion to Intervene Should Be Granted</u>**

    **A.   <u>Introduction</u>**

Plaintiffs' Fourth Amended Complaint for Equitable and Injunctive Relief ("Complaint", Doc. 428, attached hereto as Exhibit "A") before this Court is incorporated

---

[3]  This issue currently is being litigated in the California Supreme Court, Case No. S238309.

[4]  The San Joaquin County District Attorney pursued an execution date in Ventura County for Plaintiff Morales on September 14, 2010 notwithstanding this Court's stay of execution in favor of Mr. Morales.  Defendants' counsel, the Attorney General, took no action to stop this undertaking despite its knowledge of the stay order and the fact that it is the chief law enforcement officer in the state.

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

herein by reference.  Intervenors join in the Complaint in all its particulars as it currently is set forth.

A federal court must permit intervention as of right by anyone who files a timely motion and who "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  Alternatively, "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996); *see also* Fed. R. Civ. P. 24(b).  Federal Rule of Civil Procedure Rule 24 traditionally has received a liberal construction in favor of applicants for intervention.  *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F3d 893, 897 (9th Cir. 2011) ("broadly interpreted in favor of intervention").

This Court has already ruled several times that intervention in this action is permitted and required for capital prisoners whose appeals are completed and are eligible for execution dates under state law.  The interventions of Raley, Fairbank, Cox, Pinholster, Payton, and Cooper were granted even though the State did not have a final approved protocol in place, amendments to the Complaint ultimately will be required, and despite Defendants' oppositions to the motions.  Doc. 563 at 4, 6; Doc. 581; Doc. 586.  The Court concluded that the intervenors were, "for purposes of the present litigation … identically situated" to existing Plaintiffs and therefore granted their motions

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

to intervene and issued stays of executions.  Doc. 563 at 4 (granting intervention to

Raley, Fairbank, and Cox); Doc. 581 at 4 (granting intervention to Cooper); Doc. 586 at 4

(granting intervention to Pinholster and Payton).

 Intervenors here are in exactly the same position.  "The Court must treat

identically situated persons the same.  Accordingly, the Court must permit [intervenors]

to intervene and must stay [their] execution[s] until the present litigation is concluded."

Doc. 581 at 4.  Intervenors satisfy the standards both for intervention as of right and for

permissive intervention.

### B.  Intervenors' Motion to Intervene Is Timely

 In determining whether a motion to intervene is timely, courts consider three

factors: "the stage of the proceedings, the prejudice to existing parties, and the length of

and reason for the delay."  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297,

1308 (9th Cir. 1997); Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court

must consider whether the intervention will unduly delay or prejudice the adjudication of

the original parties' rights.").  Timeliness is to be construed broadly in favor of the party

seeking intervention.  *Westlands Water Dist. v. United States*, 700 F2d 561, 563 (9th Cir.

1983).  All three factors weigh in favor of granting Intervenors' motion to intervene.

 This matter is still in its initial stages.  The litigation cannot proceed until this

Court has received notice from Defendants that Proposition 66 has been certified, and

that a new lethal injection protocol has been promulgated.  Doc. 593.  The litigation is not

"beginning to wind itself down," such that any additional delay caused by intervention is

"relevant to the timeliness calculus."  *League of United Latin Am. Citizens*, 131 F.3d at

1304.

---

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

**MCBREEN & SENIOR**
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Intervenors are not aware of any prejudice to existing parties, and counsel for Plaintiffs have no objection to the intervention. Intervenors' interests are identical to those of the other Plaintiffs. *See Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998) (upholding the denial of a motion to intervene because "the interests of plaintiffs and the proposed intervenors 'are in direct opposition,' resulting in prejudice to existing parties."). Intervenors do not seek to "relitigate matters which have previously been litigated," raise any claims other than those raised by Plaintiffs, or assert any claims against Plaintiffs. *United States v. Oregon*, 745 F.2d 550, 553 (9th Cir. 1984) (holding that the state of Idaho could intervene in litigation concerning fishing on the Columbia River when "Idaho has disclaimed any intent to relitigate matters which have previously been litigated, to raise any claims unrelated to the Tribes' treaty fishing rights, or to assert any claims against the other states.").

Intervenors have not delayed in bringing their claims.

## C.   <u>Intervenors are Entitled to Intervention as of Right.</u>

A federal court must permit intervention as of right by anyone who files a timely motion and "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

/ /

/ /

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

**1.      Intervenors' Interests in This Matter Are Identical to Those of Plaintiffs.**

Intervenors join in the Fourth Amended Complaint filed on behalf of Plaintiffs on October 8, 2010 and note that all questions of law and fact related to Intervenors' claims are identical in all material aspects to those in the Fourth Amended Complaint.

Like Plaintiffs, Intervenors are condemned inmates who have exhausted their § 2254 claims.  Further, like Plaintiffs, Intervenors are at risk of being subjected to the unconstitutional application of the execution protocols as described within the Fourth Amended Complaint.  Therefore, Intervenors' interests in the instant litigation are identical in all material aspects to those of Plaintiffs, such that Intervenors are properly subject to intervention as a matter of right.

**2.      Without Intervention, Intervenors are Practically Impaired and Impeded From Protecting Their Fifth, Eighth, and Fourteenth Amendment Interests In Avoiding Execution By An Unconstitutional and Arbitrary Procedure.**

Intervenors must be allowed to intervene in order to protect their interests. Intervention as of right must be granted where, as here, the disposition of the action would put the movants at a practical disadvantage in protecting the movants' interests. *See United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988) (intervention as of right is proper when factual determinations in lawsuit challenging conditions of state mental health facility would have persuasive *stare decisis* effect in subsequent litigation by residents of facility); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900-01 (9th Cir. 2011) (intervention mandated when the existing parties do not adequately represent the movant's interests); *see also* Fed. R. Civ. P. 24(a)(2).

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

Here, although Intervenors share identical interests in the legal claims propounded by Plaintiffs, their specific interest in avoiding execution by an unconstitutional protocol – a protocol involving a demonstrated risk of severe pain – remains inadequately represented by the existing plaintiffs. *See Citizens for Balanced Use*, 647 F.3d at 900-01; Fed. R. Civ. P. 24(a)(2).  As is clear from the treatment of the various Plaintiffs already admitted to this action, Intervenors must be allowed to intervene in order to assure that their individual challenge to the lethal injection protocol will be heard and that they individually will not be subjected to the unconstitutional application of the challenged protocol.  *See* Doc. 563 at 5.

Unless Intervenors are permitted to intervene, the State of California may well set execution dates and may execute Intervenors while this lawsuit is pending.  The likelihood that the State of California will take such an action is demonstrated by similar actions it has undertaken in the past with regard to Plaintiffs Brown, Fairbanks, and Cox, all of whom were subject to attempts to execute them prior to this Court's order allowing their intervention and staying their individual executions.  Only by intervening in this lawsuit do Intervenors obtain some measure of security against execution by an unconstitutional protocol pending the resolution of this matter.  *See Georgia v. Ashcroft*, 539 U.S. 461, 477 (2003) (intervention properly granted to private parties in state's action seeking judicial clearance of a legislative redistricting plan under the Voting Rights Act when private parties identified interests not adequately represented by existing parties), superseded by statute on other grounds by 52 U.S.C. §§ 10304(b), (d) as recognized by *Alabama Legislative Black Caucus v. Alabama*, 135 S. Ct. 1257, 1261 (2015).

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

Therefore, Intervenors have demonstrated that they meet the requirements for intervention as a matter of right and this Court should grant their request accordingly.

### D.   Intervenors Meet the Standards for Permissive Intervention

"[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."  *Nw. Forest Research Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996); Fed. R. Civ. P. 24(b).  Intervenors satisfy each of the above factors.

#### 1.   This Court Has Independent Grounds for Jurisdiction

Intervenors' claims arise under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  This Court has independent grounds for jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

#### 2.   Intervenors' Motion to Intervene Is Timely

As explained above, Intervenors' motion to intervene is timely.

#### 3.   Intervenors' Claims and the Main Action Have Common Questions of Law or Fact

Intervenors join in the Fourth Amended Complaint.  Plaintiffs' claims and Intervenors' claims have the following, among other, common questions of law:

1.   Whether the Lethal Injection Protocol violates the Eighth and Fourteenth Amendments.  Complaint, ¶¶ 22-23.

2.   Whether the protocol should provide that "the personnel entrusted with the lethal injection procedure possess the proper and necessary training,

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

15

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

experience, or expertise," including assuring "sufficient expertise to insert

an intravenous line properly in all situations, determine if there is a

blockage in the intravenous line, or evaluate whether a prisoner is properly

sedated before proceeding with the painful parts of the execution process."

*Id*. at ¶¶ 113-114.

3.   Present substantial risk that the protocol will not be administered as

written, thereby creating a present substantial risk of severe pain due to,

*inter alia*, improper placement of the IV and/or inadequately

administered anesthesia, inadequate mixing of the drugs, insufficient

administration of the chemicals, and insufficient monitoring of the

inmate.   *Id*. at ¶ 105.

4.   Use of an execution chamber that was designed and built prior to the

adoption of any revised procedures and that contains continued remote

administration and inadequate sight lines from the infusion room to the

execution chamber itself.   *Id*. at ¶ 105.

5.   Whether Intervenors are entitled to injunctive relief.   *Id*. at ¶ 7.

Plaintiffs and Intervenors are all inmates condemned to death.   The

Complaint and Intervenors' claims only relate to California's lethal

injection protocol.   All questions of fact related to Intervenors' claims are

identical to those in the Complaint.

If intervention is not permitted, execution dates could be set for Intervenors and

carried out pursuant to a flawed lethal injection protocol.   Federal Rule of Civil

Procedure 24(b) permits this Court to grant a motion for intervention to avoid such an

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

unconstitutional state action.  *See Hill v. W. Elec. Co., Inc.*, 672 F.2d 381, 390-92 (4th Cir. 1982) (permitting intervention where the interests of the unnamed class members would no longer be protected by the named class representatives).  Therefore, it is appropriate for the Court to grant Intervenors' motion to intervene.

### IV.   Motion to Stay Execution

This Court should stay intervenors' executions and all preparations relating thereto by extending to them the same stay already in place for Plaintiffs Morales, Brown, Sims, Fields, Cox, Raley, Fairbank, Cooper, Pinholster, and Payton.  These stays will secure the orderly review of the revised Lethal Injection Protocol intended by this Court and ordered by the Ninth Circuit Court of Appeals.  The assurances from Defendants' counsel that executions would not resume until this litigation was concluded have been shown insufficient to bind other state actors who may or may not follow the representations made to this Court by the California Attorney General's Office.

There is a strong likelihood of success on the merits, the relative harms to the parties weigh in favor of intervenors, and intervenors have not delayed unnecessarily in bringing the claim.  *Beardslee v. Woodford*, 395 F.3d 1064, 1068 (9th Cir. 2005).

### A.   Intervenors are Likely to Succeed on the Merits

Intervenors' request for an injunction is likely to succeed on the merits.  In its Memorandum of Intended Decision, this Court already has found that the demonstrable unreliability of the State's execution protocol, and Defendants' failure to correct it, creates a substantial risk of an Eighth Amendment violation.  Defendants were afforded an opportunity to attempt to rectify, among other things, the protocol's deficiencies and

MCBREEN & SENIOR
1900 Avenue of the Stars, 11ᵗʰ Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

then demonstrate that this has been accomplished.  Thus, as it stands, the finding is adverse to Defendants.

Irrespective whether Defendants may be able to demonstrate that the concerns expressed by the Court have been properly addressed and alleviated, they have not done so and cannot do so by merely promulgating a protocol, given the finding of a constitutional deficiency *as applied*, and given the previous findings regarding the loss of substantial amounts of drugs; the failure of team members to be able to mix them properly; placement on the team of persons with histories of psychiatric disabilities and smuggling drugs into the prison; the failure of those effectuating executions to attend trainings; the lack of knowledge of the process by those in charge; and, the documented misadventures in over half the executions.  This is but a partial list of such significant findings.

Defendants' disregard for adopted regulations reflects the past sloppy actions of CDCR and the Governor, but it is consistent with the State's overarching interest that "basically, we want to speed along the case."  Joint Status Conference, RT 9, June 1, 2007.

### B.   Possibility of Irreparable Harm

Intervenors face execution pursuant to the same – or worse – Lethal Injection Protocol which already has required constitutional review by this Court sufficient to grant stays of execution for Plaintiffs Morales, Brown, Sims, Fields, Raley, Cox, Cooper, Pinholster, and Payton.  Nothing has changed in this regard, and without a stay, Intervenors face the real possibility of cruel and unusual capital punishment.  In fact, Intervenors may be subject to a possibly more inhumane execution as Proposition 66 may

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

allow Defendants and/or the state criminal court to institute a procedure of unknown

viability that will not have received the thorough and necessary review this Court ordered

in 2006 or the previously-required review under the APA, exacerbating issues already

found problematic by this Court.  As this Court found:

> Defendants' implementation of California's lethal-
> injection protocol lacks both reliability and
> transparency.  In light of the substantial questions
> raised by the records of previous executions,
> Defendants' actions and failures to act have resulted in
> an undue and unnecessary risk of an Eighth
> Amendment violation.  This is intolerable under the
> Constitution.

*Morales v. Tilton*, 465 F. Supp. 2d 972, 981 (N.D. Cal. 2006).

Thus, a stay here is necessary if Intervenors are to avoid the real possibility of

cruel and unusual capital punishment.

### C. No Unnecessary Delay

As discussed *supra*, Intervenors bring this request for a stay promptly after the

election when there was a vote on Proposition 66, which seeks to expedite executions in

California, the certification of that result, and the exhaustion of administrative remedies.

There has been no delay.

/ /

/ /

/ /

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS

## V.   <u>Conclusion</u>

For the foregoing reasons, Intervenors respectfully request that this Court grant their motion to intervene and motion to stay their executions.

DATED: January 19, 2017

By: _____/s/_____

David A. Senior
McBREEN &SENIOR

Richard P. Steinken
Kelly M. Morrison
Kate T. Spelman
JENNER & BLOCK

John R. Grele
LAW OFFICE OF JOHN R. GRELE

*Attorneys for Intervenors*
FERNANDO BELMONTES, JR.
ROYAL KENNETH HAYES
RICHARD DELMER BOYER
RON DEERE
HARVEY LEE HEISHMAN
ANTHONY JACK SULLY
ALBERT CUNNINGHAM
DOUGLAS MICKEY
HECTOR AYALA AND
RICHARD SAMAYOA

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

MOTION TO INTERVENE AND FOR STAYS OF EXECUTION
Case Nos. C 06 219 RS, C 06 926 RS