HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
ELIZABETH RICHARDSON-ROYER (Bar No. 257691)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-5327
Facsimile: (213) 894-0081
Email: elizabeth_richardson-royer@fd.org

K. ELIZABETH DAHLSTROM (Bar No. 228552)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California 92701
Telephone: (714) 338-4500
Facsimile: (714) 338-4520
Email: elizabeth_dahlstrom@fd.org

STATIA PEAKHEART (Bar No. 200363)
Attorney-at-Law
P.O. Box 531967
Los Angeles, CA 90053
Telephone: (310) 692-5500
Email: statia.peakheart@gmail.com

Attorneys for Proposed Intervenor
RAYNARD CUMMINGS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO COURTHOUSE**

| | |
|---|---|
| MICHAEL ANGELO MORALES,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>    Defendants. | NO. C-06-0219-RS<br>     C-06-0926-RS<br><br>**DEATH PENALTY CASE**<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE BY RAYNARD CUMMINGS, AND FOR EXECUTION STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: TBD<br>TIME: TBD<br>PLACE: Courtroom 3 |

# **TABLE OF CONTENTS**

Page

I. MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 2

II. ISSUES TO BE DECIDED ........................................................................................ 2

III. SUMMARY OF RELEVANT FACTS ..................................................................... 2

    A.    The Proposed Intervenor ............................................................................... 2

    B.    History of *Morales* litigation........................................................................ 3

IV. ARGUMENT IN SUPPORT OF INTERVENTION ................................................ 7

    A.    Federal Rule Civil Procedure 24 and law governing intervention................ 7

    B.    Cummings has a right to intervene under Rule 24(a)(2) ............................. 8

        1.    Cummings's motion to intervene is timely........................................ 8

        2.    Cummings has a significantly protectable interest in the subject of this action................................................................................... 9

        3.    Without intervention, Cummings will be practically impaired from protecting his Fifth, Eighth, and Fourteenth Amendment interest in avoiding execution by an unconstitutional procedure .... 10

        4.    Cummings's interest in avoiding an unlawful execution is not adequately represented by the existing parties ............................... 10

    C.    Alternatively, this Court should Cummings permissive intervention under Rule 24(b) .......................................................................................11

        1.    This Court has independent grounds for jurisdiction ...................... 11

        2.    Cummings motion to intervene is timely ........................................ 11

        3.    Cummings's claims and the pending action in this Court have common questions of law or fact...................................................... 11

V. ARGUMENT IN SUPPORT OF STAY ................................................................. 12

VI. CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arakaki v. Cayetano*,
 324 F.3d 1078 (9th Cir. 1983) ................................................................................. 7, 8, 9

*Beardslee v. Woodford*,
 395 F.3d 1064 (9th Cir. 2005) ......................................................................................... 7

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
 647 F.3d 893 (9th Cir. 2011) ...................................................................................... 8, 10

*Cummings v. Martel*,
 822 F.3d 1010 (9th Cir. 2016) ......................................................................................... 2

*Donnelly v. Glickman*,
 159 F.3d 405 (9th Cir. 1998) ........................................................................................... 9

*League of United Latin Am. Citizens v. Wilson*,
 131 F.3d 1297 (9th Cir. 1997) ......................................................................................... 8

*Morales v. Tilton*,
 465 F. Supp. 2d 972 (N.D. Cal. 2006) ............................................................................. 3

*Nw. Forest Res. Council v. Glickman*,
 82 F.3d 825 (9th Cir. 1996) ............................................................................................. 8

*People v. Brown*,
 No. CR18104 (Super. Ct. Riverside County, Cal., Aug. 30, 2010) ................................ 4

*People v. Cummings*,
 4 Cal. 4th 1233 (1993) .................................................................................................... 2

*United States v. Alisal Water Corp.*
 370 F.3d 915 (9th Cir. 2004) ........................................................................................... 8

*United States v. Oregon*,
 839 F.2d 35 (9th Cir. 1988) ........................................................................................... 10

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

**Cases (cont.)**

*United States v. State of Oregon*,
745 F.2d 550 (9th Cir. 1984) ................................................................................... 3, 9

*Westlands Water Dist. v. United States*,
700 F.2d 561 (9th Cir. 1983) ....................................................................................... 9

*Winter v. Natural Res. Defense Council*,
555 U.S. 7 (2008) ....................................................................................................... 12

**Statutes**

28 U.S.C. § 1331 ................................................................................................................ 11

28 U.S.C. § 1343 ................................................................................................................ 11

42 U.S.C. § 1983 .......................................................................................................... 4, 11

Cal. Code Regs. tit. 15, § 3349 .......................................................................................... 4

**Other Authorities**

U.S. Const. amend I .......................................................................................................... 11

U.S. Const. amend V ......................................................................................................... 11

U.S. Const., amend. VIII ............................................................................................*passim*

U.S. Const., amend. XIV ............................................................................................*passim*

Fed. R. Civ. P. 24(a)(2) ..............................................................................................*passim*

Fed. R. Civ. P. 24(b) ..................................................................................................*passim*

PLEASE TAKE NOTICE that at a date and time to be determined, before the Honorable Richard Seeborg in Courtroom 3 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA, Proposed Intervenor Raynard Cummings, by and through counsel, hereby move the Court for an order granting him leave to intervene in the present matter under Federal Rule of Civil Procedure 24. Proposed Intervenor Cummings's claims share common questions of law or fact with the main action.

Intervenor Cummings further moves the Court for an order staying his execution and all preparations relating thereto. There is a strong likelihood that the present matter will succeed on the merits; the relative harm to Cummings weighs in favor of intervention; and he has not unnecessarily delayed in bringing this motion for a stay.

The motions are based on Plaintiff Morales's Fourth Amended Complaint, this Notice, the Memorandum and Points and Authorities, the Declaration of K. Elizabeth Dahlstrom, and all exhibits and papers filed in this action, and on any evidence received at the hearing.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender
ELIZABETH RICHARDSON-ROYER
Deputy Federal Public Defender

STATIA PEAKHEART
Attorney-at-Law

DATED: February 22, 2017         By  */s/ K. Elizabeth Dahlstrom*
                                 K. ELIZABETH DAHLSTROM
                                 Deputy Federal Public Defender

                                 Attorneys for Intervenor
                                 RAYNARD CUMMINGS

# I. MEMORANDUM OF POINTS AND AUTHORITIES

Raynard Cummings ("Intervenor") seeks to intervene in the present action under Federal Rule of Civil Procedure 24. He also seeks a stay of execution.

# II. ISSUES TO BE DECIDED

1. Whether Cummings may intervene as a plaintiff in this litigation as a matter of right pursuant to Rule 24(a)(2) or permissively under Rule 24(b)(1) of the Federal Rules of Civil Procedure.

2. Whether Cummings should be granted a stay of execution on the same basis and to the same extent as Plaintiffs Morales, Brown, Fields, Sims, Fairbank, Raley, Cox, Cooper, Pinholster, and Payton.[1]

# III. SUMMARY OF RELEVANT FACTS

## A. The Proposed Intervenor

Cummings is a condemned inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR). He is held at San Quentin State Prison, San Quentin, California, 94974. Cummings is jointly represented by the Office of the Federal Public Defender, Central District of California, and private attorney Statia Peakheart.[2]

Cummings was convicted of capital murder in Los Angeles County on May 31, 1985 and sentenced to death on September 20, 1985. His direct appeal, state habeas petitions, and federal habeas petition were denied. *See People v. Cummings*, 4 Cal. 4th 1233 (1993); *Cummings v. Martel*, 822 F.3d 1010 (9th Cir. 2016). The United States Supreme Court denied certiorari on January 9, 2017. (Exhibit A; 1/9/2017 cert. denial.)

---

[1] The recently-filed motion to intervene filed on behalf of condemned inmates Belmontes, Hayes, Boyer, Deere, Heishman, Sully, Cunningham, Mickey, Ayala, and Samayoa remains pending. ECF No. 594.

[2] Ms. Peakheart represented Cummings while she was a deputy federal public defender. She is now appointed as co-counsel under the Criminal Justice Act, 18 U.S.C. § 3599(a).

He has thus exhausted his state and federal appeals, barring any new factual development that would allow him to file a successive petition. He does not have a current stay of execution in any court.

## B. History of *Morales* litigation

On December 15, 2006, this Court issued an order finding that the Defendant's "implementation of California's lethal-injection protocol lacks both reliability and transparency." *Morales v. Tilton*, 465 F. Supp. 2d 972, 981 (N.D. Cal. 2006). The order held that California's actions and failures to act with respect to the implementation of its lethal-injection protocol have resulted in an intolerable risk of a Constitutional violation. *Id*. To remedy this situation, this Court held, California would have to undertake a "meaningful" review of its processes, which "must be undertaken with an openness to the idea of making significant improvements in the 'infrastructure' of executions." *Id.* at 983 (emphasis added).

In response, then-Governor Schwarzenegger announced via a press release on December 18, 2006, that he was "committed to doing whatever it takes . . . to ensure that the lethal injection process is constitutional . . . ." Response by the Governor's Office to the Court's Memorandum of Intended Decision Dated Dec. 15, 2006, ECF No. 291, Ex. A. The governor added that his "administration will take immediate action to resolve [the] court['s] concerns . . ." *Id*. In fact, Governor Schwarzenegger subsequently failed to undertake any actions to improve or increase reliability and transparency in the lethal-injection process, failed to undertake a "meaningful" review of its processes, and failed to undertake any actions with an openness to the idea of making significant improvements in the infrastructure of executions.

Defendants Governor Schwarzenegger and CDCR issued a revised Operational Procedure 770 ("Lethal Injection Protocol") on May 15, 2007. On November 29, 2007, in *Morales v. California Department of Corrections and Rehabilitation*, the Marin County Superior Court declared invalid and enjoined the enforcement of California's Lethal Injection Protocol. No. CV 061436 (Super. Ct. Marin County, Cal. Nov. 29,

2007); *aff'd, Morales v. Cal. Dep't of Corr. & Rehab.*, 85 Cal. Rptr. 3d 724, 733 (Cal. Ct. App. 2008).

On July 30, 2010, Defendants promulgated Lethal Injections Regulations, effective August 29, 2010. Cal. Code Regs. tit. 15, § 3349. With the exception of a few additional deficiencies, the regulations were substantially identical to the version of OP 770 that was published Defendants on May 15, 2007.

The day after the regulations took effect, on August 30, 2010, Defendants orchestrated an effort to have the Riverside County Superior Court issue an execution warrant for Plaintiff Albert Brown. *People v. Brown*, No. CR18104 (Super. Ct. Riverside County, Cal. Aug. 30, 2010). After litigation involving five different courts over a six-week period, the Ninth Circuit Court of Appeals directed this Court to reconsider its previous denial of Plaintiff Brown's motion to stay his execution (ECF No. 420), and this Court issued a stay the same day. (ECF No. 424). "[O]f particular importance" to the Ninth Circuit was the fact that Plaintiff Brown's claims were "virtually identical" to those then before this Court by Plaintiff Morales', which were then before this Court. ECF No. 420 at 7-8.

On September 28, 2010, this Court found that the lethal injection procedure "as implemented in practice through and including the date of the evidentiary hearing in the 2006 Morales litigation created a 'demonstrated risk of severe pain.'" ECF No. 424 at 4. This Court also found, based on its limited opportunity to compare OP 770 and the lethal injection regulations approved by the California OAL on July 30, 2010, that "there is significant dispute" that there is a meaningful difference between the two protocols other than the physical facility in which executions are to take place. *Id.* at 5. On October 8, 2010, Plaintiffs filed a Fourth Amended Complaint for Equitable and Injunctive Relief Pursuant to 42 U.S.C. § 1983. ECF No. 428; Exhibit B ("Fourth Amended Complaint"). On October 25, 2010, Defendants moved to dismiss the Fourth Amended Complaint rather than respond to discovery requests. ECF No. 430.

//

At a November 16, 2010 hearing, in response to an inquiry by the Court, Defendants' counsel, the chief law enforcement officer of the State of California, assured the Court that no execution dates would be set in California until the litigation of this matter was concluded due to Plaintiff's concerns that future execution dates would be set and that such would result in disorderly litigation such as occurred with Plaintiff Brown. (Nov. 16, 2010 transcript at 3-9.) In a discussion with respect to whether other death row inmates who have exhausted their appeals but who are not plaintiffs to this action were protected by this promise, Defendants' counsel affirmed that such interested parties could rely on these assurances. *Id.* at 9-10.

This Court stayed discovery propounded by Plaintiffs pending resolution of Defendants' motion to dismiss. ECF No. 453. The motion was denied on December 10, 2010. ECF No. 461. Shortly thereafter, on December 22, 2010, the parties were ordered to respond to each other's discovery requests. ECF No. 465.

On December 29, 2010, Plaintiffs Fields and Sims moved to intervene and for stays of executions. ECF No. 467. Their motion was granted. ECF No. 473.

Defendants did not respond to Plaintiffs' discovery requests, but rather moved for a protective order (ECF No. 478) and to strike portions of the Fourth Amended Complaint (ECF No. 484).

At a March 4, 2011 hearing, in response to a stipulated intervention and for a stay of execution between Plaintiff Raley and Defendants (ECF No. 511), the Court expressed its concern that issuing stays for all condemned inmates who were otherwise eligible for execution was unnecessary, given the assurances by the Attorney General of the State of California (counsel for Defendants) that no further execution dates would be set while the Court's review was pending. (Mar. 4, 2011 transcript at 60-62.)

Then, on May 1, 2012, the District Attorney for the County of Los Angeles moved the Los Angeles County Superior Court for an order requiring the CDCR to develop a single-drug execution protocol, without required APA review and approval, and to set execution dates for Plaintiff Mitchell Sims and Tiequon Cox under a one-

CUMMINGS'S MOTION TO INTERVENE AND FOR A STAY OF EXECUTION
CASE NOS. C-06-0219-RS; C-06-926-RS
5

drug method. The District Attorney failed to inform the Los Angeles Superior Court of this Court's 2011 stay of execution for Plaintiff Sims, the March 4, 2011 proceedings in this Court, the Marin County Superior Court's permanent injunction, or the CDCR's appeal of the judgment in that case.

On May 16, 2012, Plaintiff Cox moved to intervene in this litigation and requested that this Court issue a stay of execution. ECF No. 535.

On August 23, 2012, Plaintiff Fairbank moved to intervene in this litigation and requested this Court issue a stay of execution. Doc. 555. As detailed in Fairbanks's intervention motion, the District Attorney for San Mateo County had moved in the San Mateo County Superior Court for an execution date to be set for Fairbank.

On September 10, 2012, the Los Angeles County Superior Court denied the Los Angeles County District Attorney's motions in both the Cox and Sims cases. On November 19, 2012, the San Mateo County Superior Court denied the San Mateo County District Attorney's motion in Fairbank's case.

On November 21, 2012, this Court issued an order approving the stipulation to intervene and for a stay of execution for Plaintiff Raley, and granting the motions of Plaintiffs Cox and Fairbank to intervene in this action and staying their executions, recognizing that county district attorneys are not bound by Defendants' representations and could seek orders compelling Defendants to conduct executions (and had in fact done so on prior occasions). ECF No. 563 at 3-5.

On April 5, 2013, Plaintiff Cooper moved to intervene in this litigation and for a stay of execution. ECF No. 564. The Court granted Plaintiff Cooper's motion on June 19, 2013. ECF No. 581.

On August 16, 2013, Plaintiffs Pinholster and Payton moved to intervene in this litigation and for stays of execution. ECF No. 583. On September 17, 2013, the Court granted their motion. ECF No. 586.

On January 9, 2017, the Supreme Court denied Cummings's petition for a writ of certiorari, thereby concluding his federal habeas action.  (Ex. A.)

On January 19, 2017, Intervenors Belmontes, Hayes, Boyer, Deere, Heishman, Sully, Cunningham, Mickey, Ayala, and Samayoa moved to intervene in this matter and for stays of execution. ECF No. 594. Their motion remains pending.

Although administrative exhaustion is not required, *Beardslee v. Woodford*, 395 F.3d 1064, 1069 (9th Cir. 2005), Cummings has filed an administrative complaint with Defendant CDCR.

## IV.  ARGUMENT IN SUPPORT OF INTERVENTION

There currently is substantial uncertainty regarding: 1) how and when Defendant CDCR will implement an execution protocol; 2) whether Defendant CDCR is permitted or authorized to do so under the California constitution as so delegated by the legislature; 3) whether Proposition 66 will be made law in whole or part; and/or 4) whether Defendants and various county district attorneys will collectively attempt to promptly set execution dates.

Nothing prevents the district attorney in Los Angeles County—where Cummings was sentenced—from seeking a date of execution for Cummings, just as dates were sought for Plaintiffs Brown, Cox, Sims, and Fairbank. Nor can Cummings determine when Defendants will implement an execution protocol for use to again attempt to circumvent the completion of this Court's review of pending constitutional challenges. Therefore Cummings cannot adequately protect his interests and is at unnecessary risk of unconstitutional harm absent intervention in this action and stay of execution.

**A.     Federal Rule Civil Procedure 24 and law governing intervention**

Under Fed. R. Civ. P. 24(a)(2), a federal court *must* permit intervention where an applicant meets four requirements: (1) the applicant must timely move to intervene; (2) the applicant has a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant is situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately protected by existing parties. Fed. R. Civ. P. 24(a)(2); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir.

1983). The applicant bears the burden of showing that all four requirements are met. *United States v. Alisal Water Corp*. 370 F.3d 915, 919 (9th Cir. 2004).

Alternatively, a "court may grant permissive intervention [under Fed. R. Civ. P. 24(b)] where the applicant for intervention shows: (1) independent grounds for jurisdiction; (2) that the motion is timely; and (3) that the applicant's claim or defense, and the main action, have a question of law or question of fact in common." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996); *see also* Fed. R. Civ. P. 24(b). These "requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

Cummings meets the standards for both intervention as of right and permissive intervention in this matter.

**B.     Cummings has a right to intervene under Rule 24(a)(2)**

**1.     Cummings's motion to intervene is timely**

In determining whether a motion to intervene is timely, courts consider "the stage of the proceedings, the prejudice to the existing parties, and the length and reason for the delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997); Fed. R. Civ. P. 24(b)(3). All three of these factors weigh in Cummings's favor.

First, this matter is still in its pre-discovery stages. Further, the litigation cannot proceed until the Defendants notify the Court that Proposition 66 has been certified and that a new lethal injection protocol has been promulgated. Doc. 593. This case is "not beginning to wind itself down" such that any delay caused by Cummings's intervention is "relevant to the timeliness calculus." *League of United Am. Citizens*, 131 F.3d at 1304.

Second, the existing parties will not be prejudiced by intervention. Cummings does not seek to "relitigate matters which have previously been litigated," nor does he wish to raise any other than those claims raised by the existing plaintiffs. *United States*

*v. State of Oregon*, 745 F.2d 550, 553 (9th Cir. 1984). Furthermore, Cummings joins the Fourth Amended Complaint in all its particulars, and counsel intends to work with counsel for the current plaintiffs to minimize the need for separate briefing. This negates any prejudice to the existing parties.

Third, Cummings has not delayed in bringing his claims or this motion. He only became eligible for execution under state law after January 9, 2017, when his initial federal habeas appeals concluded. He filed this motion as soon as practicable after receiving counsels' advice.

Because "timeliness is to be construed broadly in favor of the party seeking intervention," this Court should find Cummings motion timely. *Westlands Water Dist. v. United States,* 700 F.2d 561, 563 (9th Cir. 1983).

### 2. Cummings has a significantly protectable interest in the subject of this action

An applicant has a "significant protectable interest in an action if (1) "it asserts an interest that is protected under some law," and (2) "there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). The relationship requirement is "generally satisfie[d] . . . if the resolution of the plaintiff's claims actually will affect the applicant." *Arakaki*, 324 F.3d at 1084.

Here, Cummings has an interest in enjoining the Defendants from adopting or implementing any protocol that violates the Eighth or Fourteenth Amendment, as alleged in the Fourth Amended Complaint. In this regard, he is identically situated to Morales—the original plaintiff in this action—but also to Plaintiff-Intervenors Raley, Fairbank, Cox, Pinholster, Payton, and Cooper, who were permitted to intervene when their appeals concluded. The resolution of the plaintiffs' claims will affect Cummings because he will likely be subject to any execution protocol deemed valid by this Court. Therefore, he has a protectable interest that is the subject of this action.

//

### 3. Without intervention, Cummings will be practically impaired from protecting his Fifth, Eighth, and Fourteenth Amendment interest in avoiding execution by an unconstitutional procedure

Intervention is required where the disposition of the action would put the movant at a practical disadvantage in protecting his interest. *See United States v. Oregon*, 839 F.2d 35, 638 (9th Cir. 1988) (intervention as of right granted when factual determinations in lawsuit would have effect of *stare decisis* in subsequent litigation by residents of the same facility). Unless Cummings is permitted to intervene, he may be subject to execution protocols deliberately designed to fall outside the reach of this litigation. Like Sims and Cox, Cummings is uniquely at risk of facing ad hoc execution procedures, given the Los Angeles County District Attorney's motion to the Superior Court for a judicially-created one-drug protocol. If he is not allowed to intervene, Cummings will be practically impaired from protecting his constitutional interests in the State's execution procedure.

### 4. Cummings's interest in avoiding an unlawful execution is not adequately represented by the existing parties

Intervention of right is also proper when the existing parties do not adequately represent the movant's interests. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900-01 (9th Cir. 2011); Fed. R. Civ. P. 24(a)(2). Here, although Cummings is identically situated to the other plaintiffs, they cannot adequately protect his personal interest the procedures governing his own execution. Nor can existing plaintiffs adequately prevent the State from seeking an execution warrant against Cummings while this action is pending.

Because Cummings has met all four requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2), this Court should grant this motion to intervene.

//
//
//

**C.  Alternatively, this Court should Cummings permissive intervention under Rule 24(b)**

    **1.  This Court has independent grounds for jurisdiction**

If this Court does not grant Cummings intervention under Fed. R. Civ. P. 24(a)(2), then it should grant him permissive intervention.  Cummings meets the first requirement for permissive intervention because this Court has independent grounds for jurisdiction as all of Cummings proposed claims arise under the First, Fifth, Eighth And Fourteenth Amendments and 42 U.S.C. § 1983.  This Court also have independent grounds for jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

    **2.  Cummings motion to intervene is timely**

For the same reasons discussed in Section B.1, *supra*, this motion is timely.

    **3.  Cummings's claims and the pending action in this Court have common questions of law or fact**

Cummings meets the third requirement for permissive intervention because he shares the follow common questions or law and fact with the plaintiffs:

- Whether the proposed Lethal Injection Protocol violates the Eighth and Fourteenth Amendments.  (Fourth Amended Complaint ¶¶ 22-23.)
- Whether any protocol that is implemented should provide that "the personnel entrusted with the lethal injection procedure possess the proper and necessary training, experience, or expertise," including assuring "sufficient expertise to insert an intravenous line properly in all situations, determine if there is a blockage in the intravenous line, or evaluate whether a prisoner is properly sedated before proceedings with the painful parts of the execution process."  *Id.* ¶¶ 113-14.
- Whether there is a substantial risk that the protocol will not be administered as written, thereby creating a present substantial risk of severe pain due to, *inter alia*, improper placement of the intravenous line

    and/or inadequately administered anesthesia, inadequate mixing of the drugs, insufficient administration of the chemicals, and insufficient monitoring of the inmate *Id.* ¶ 105.

- Whether the plaintiffs are entitled to injunctive relief. *Id.* ¶ 7. The Plaintiffs and Cummings are all inmates condemned to death. The Complaint and Cummings's claims only relate to California's lethal injection protocol. All questions of fact related to Cummings's claim are identical to those in the Complaint.

If Cummings is not permitted to intervene, the State could schedule and carry out an execution pursuant to a flawed lethal injection protocol. Therefore, this Court should grant Cummings permissive intervention.

## V. ARGUMENT IN SUPPORT OF STAY

This Court should stay Cummings execution and all preparations related thereto by extending him the same stay already in place for Morales, Brown, Sim, Fields, Cox, Raley, Fairbank, Cooper, Pinholster, and Payton.

A plaintiff, like Cummings, seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 20 (2008).

All four factors weigh in favor of granting Cummings a stay. First, he is likely to succeed on the merits of his claims. In its Memorandum of Intended Decision, this Court already found that the demonstrable unreliability of the State's execution protocol, and the Defendant's failure to correct it, creates a substantial risk of an Eighth Amendment violation. Defendants were afforded an opportunity to rectify the protocol's deficiencies and then demonstrate that this has been accomplished. Because they have not done so, this finding is adverse to the Defendants.

//

Second, Cummings faces the possibility of irreparable harm. Without a stay, he may be subject execution by a protocol with the same defects identified by this Court—or worse, by a new protocol that has never been tested, subject to judicial review, or review under the Administrative Procedures Act. Because this harm cannot be corrected after the fact, this factor weighs in favor of a stay.

Third, the equities tip in Cummings favor, given that every similarly-situated California inmate has been granted a stay of execution until this litigation concludes.

Finally, it is in the public interest to grant Cummings a stay. California has not had an execution in over eleven years due to the State's inability and unwillingness to develop a procedure that comports with the Constitution. It's in the public interest to ensure that any future execution protocols have been subject to proper judicial review by this Court and federal appellate courts. Thus, a stay of Cummings's execution is necessary and should be granted.

## VI.   CONCLUSION

Cummings respectfully requests that this Court grant his motion to intervene and stay his execution.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender
ELIZABETH RICHARDSON-ROYER
Deputy Federal Public Defender

STATIA PEAKHEART
Attorney-at-Law

DATED:  February 22, 2017          By  /s/ K. Elizabeth Dahlstrom
                                   K. ELIZABETH DAHLSTROM
                                   Deputy Federal Public Defender

                                   Attorneys for Proposed Intervenor
                                   RAYNARD CUMMINGS