XAVIER BECERRA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General
MICHAEL QUINN
Deputy Attorney General
State Bar No. 209542
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5726
 Fax:  (415) 703-5799
 E-mail:  Michael.Quinn@doj.ca.gov

R. LAWRENCE BRAGG
Deputy Attorney General
State Bar No. 119194
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 445-2595
 Fax:  (916) 324-5205
 E-mail:  Lawrence.Bragg@doj.ca.gov
*Attorneys for Defendants Brown, Kernan, and Davis*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHAEL ANGELO MORALES,**<br><br>                              Plaintiff,<br><br>          v.<br><br>**KERNAN, et al.,**<br><br>                              Defendants. | C 06-0219 RS<br><br>**DEFENDANTS' OPPOSITION TO CUMMINGS'S MOTION TO INTERVENE AND FOR STAY OF EXECUTION**<br><br>Judge:        The Honorable Richard Seeborg<br>Trial Date:   Not Set<br>Action Filed:  1/5/2006 |

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................... 1

Summary of Relevant Facts ................................................................................... 1

Argument ............................................................................................................... 2

    I.       The motion to intervene must be denied. ................................................. 2

          A.      The Fourth Amended Complaint does not present a live case or controversy and the entire case is moot. ......................................... 2

          B.      The issues in the FAC are not ripe for review. ............................ 6

    II.     The FAC filed in 2010 does not state a claim for relief. ........................ 6

    III.    The motion should be denied because Cummings admits he did not exhaust his administrative remedy. ....................................................................... 8

    IV.    Cummings does not meet Rule 24's requirements for intervention. ...................... 9

    V.     Cummings is not entitled to a stay of execution. ................................... 9

    VI.    A stay of preparations relating to executions is overbroad. ................................. 11

Conclusion ............................................................................................................. 12

i

Defs.' Opp'n Mot. Intervene and Stay Execution  (C 06-0219 RS)

1

# TABLE OF AUTHORITIES

2

**Page**

3

CASES

4

*Alvarez v. Smith*
        558 U.S. 87 (2000)..................................................................................................... 3

*Arizonans for Official English v. Arizona*
        520 U.S. 43 (1997)................................................................................................ 2, 3

*Arthur v. Commissioner, Alabama Department of Corrections*
        840 F.3d 1268 (11th Cir. 2016) ............................................................................... 7

*Baze v. Rees*
        553 U.S. 35 (2009)........................................................................................... *passim*

*Beardslee v. Woodford*
        395 F.3d 1064 (9th Cir. 2005) ................................................................................. 9

*Beaty v. Brewer*
        791 F. Supp. 2d 678 (D. Ariz. 2011) ..................................................................... 10

*Brewer v. Landrigan*
        562 U.S. 996 (2010)........................................................................................... 7, 11

*Brooks v. Warden*
        810 F.3d 812 (11th Cir. 2016) ................................................................................. 7

*California ex rel Lockyer v. United States*
        450 F.3d 436 (9th Cir. 2006) ................................................................................... 9

*Church of Scientology of Calif. v. United States*
        506 US 9 (1992)....................................................................................................... 5

*Creech v. Reinke*
        2012 WL 1995085 (D. Idaho, June 4, 2012) .......................................................... 8

*Cuviello v. City of Oakland*
        No. C-06-cv-5517 MHP (EMC), 2009 U.S. Dist. LEXIS 26067 (N.D. Cal.
        Mar. 19, 2009) ....................................................................................................... 11

*Davis v. Federal Election Comm'n*
        554 US 724 (2008).................................................................................................... 3

*Dickens v. Brewer*
        631 F.3d 1139 (9th Cir. 2011) ............................................................................... 10

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*Gissendanger v. Comm'r, Georgia Dept. of Corr.*
  803 F.3d 565 (11th Cir. 2015) ............................................................. 7, 8

4

5

*Glossip v. Gross*
  576 U.S. __, 135 S.Ct. 2726 (2015)................................................... *passim*

6

*Hill v. McDonough*
  547 U.S. 573 (2006)................................................................................ 10

7

8

*Landrigan v. Brewer*
  625 F.3d 1132 (9th Cir. 2010) ............................................................... 10

9

*Lopez v. Brewer*
  680 F.3d 1068 (9th Cir. 2012) ............................................................... 10

10

11

*Mashiri v. Dep't. of Educ.*
  724 F.3d 1028 (9th Cir. 2013) ................................................................. 5

12

13

*McKinney v. Carey*
  311 F.3d 1198 (9th Cir. 2002) ................................................................. 9

14

*Morales v. Cal. Dep't of Corr. & Rehab.*
  No. CV 061436 (Super. Ct. Marin County, Cal. Nov. 29, 2007)............ 1

15

16

*Protectmarriage.com-Yes on 8 v. Bowen*
  752 F3d 827(9th Cir. 2014)...................................................................... 4

17

18

*Richmond Newspapers, Inc. v. Virginia*
  448 US 555 (1980).................................................................................... 3

19

*Roe v. Wade*
  410 US 113 (1973).................................................................................... 3

20

21

*S.C. Johnson & Son, Inc. v. Clorox Co.*
  241 F.3d 232 (2d Cir. 2001) .................................................................. 11

22

23

*San Diego County Gun Rights Comm. v. Reno*
  98 F.3d 1121 (9th Cir. 1996) ................................................................... 6

24

*Securities and Exchange Comm. v. Medical Committee for Human Rights*
  404 U.S. 403 (1972)................................................................................. 3

25

26

*Sims v. Kernan*
  No. RG 16838951 .................................................................................... 5

27

28

iii

1
2

### TABLE OF AUTHORITIES
#### (continued)

**Page**

3
4

*Thomas v. Union Carbide Agr. Products Co.*
    473 U.S. 568 (1985) ......................................................................... 6

5

*Towery v. Brewer*
    672 F.3d 650 (9th Cir. 2012) .......................................................... 10

6
7

*Turner v. Safely*
    482 U.S. 78 (1987) .......................................................................... 11

8
9

*United States Parole Comm'n v. Geraghty*
    445 US 388 (1980) ........................................................................... 3

10

*United States v. Juvenile Male*
    564 U.S. 932 (2011) ......................................................................... 3

11
12

*Villegas-Lopez v. Brewer*
    680 F.3d 1068, 1071 (9th Cir. 2012); .............................................. 10

13
14

*West v. Brewer*
    652 F.3d 1060 (9th Cir. 2011) ........................................................ 10

15

*West v. Secretary of Dept. of Transp*
    206 F3d 920 (9th Cir. 2000) ............................................................. 3

16
17

*Wood v. Collier*
    836 F.3d 534 (5th Cir. 2016) ............................................................ 7

18
19

*Woodford v. Ngo*
    548 U.S. 81 (2006) ........................................................................... 8

20

**STATUTES**

21

United States Code
    Title 18 § 3626(a)(1)(A) ................................................................. 11
    Title 42 § 1983 ................................................................................. 9
    Title 42 § 1997e .............................................................................. 8

22
23

California Administrative Procedure Act ................................................... 1, 2, 3, 4

24

California Government Code
    § 11343.4(a)(3) ................................................................................ 4
    § 11343.4(a)(4) ................................................................................ 4
    § 11349.4 .......................................................................................... 4

25
26

California Penal Code
    § 1227 ................................................................................................ 5

27
28

Defs.' Opp'n Mot. Intervene and Stay Execution  C 06-0219 RS)

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

**CONSTITUTIONAL PROVISIONS**

4

California Constitution.................................................................................................. 5

5

United States Constitution

6

    Eighth Amendment ............................................................................................5, 6, 12

7

**COURT RULES**

8

Federal Rule of Civil Procedure

    Rule 24 ....................................................................................................1, 9, 12

9

    Rule 24(c) ............................................................................................................ 2

    Rule 65(d).......................................................................................................... 11

10

11

**OTHER AUTHORITIES**

12

California Code of Regulations

    Title 15, § 3084.1(a).......................................................................................... 9

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Cummings's request for intervention should be denied.  Cummings seeks to join a dormant lawsuit over which this Court lacks jurisdiction because a live case or controversy no longer exists.  The Court may independently review whether jurisdiction still exists in this matter because subject matter jurisdiction can neither be forfeited or waived.  In addition, the motion to intervene should be denied on any of the following grounds: (1) Cummings has not met the pleading and evidentiary burdens required of condemned inmate-plaintiffs by the United States Supreme Court in *Glossip v. Gross*, 576 U.S. 135 S.Ct. 2726 (2015) and *Baze v. Rees*, 553 U.S. 35 (2009); (2) Cummings has not exhausted his administrative remedy; and (3) the motion does not comply with the requirements of Federal Rule of Civil Procedure 24.  Finally, the Court should deny the request for a stay of execution because Cummings has not stated a claim or submitted any supporting evidence.

**SUMMARY OF RELEVANT FACTS**

The Fourth Amended Complaint for Equitable and Injunctive Relief (FAC) was filed in 2010 and challenges a three-drug execution procedure that was invalidated by a state court in February 2012.  (Marin County Superior Court Order, Request For Judicial Notice (RJN), Ex. A; Order; ECF No. 563 at 5:16.)[1]  Since that time five years ago, California has not had an execution procedure in effect.  (Order, ECF No. 563 at 5:16-17.)  Yet Cummings represents that he seeks to join in the Fourth Amended Complaint.  (ECF No. 602 at 13:1-3; ECF No. 602-3.)

California may only adopt execution procedures under the rulemaking procedure for regulations detailed by California's Administrative Procedure Act (APA).  *Morales v. Cal. Dep't of Corr. & Rehab.*, No. CV 061436 (Super. Ct. Marin County, Cal. Nov. 29, 2007).[2]  (RJN, Ex. F.)

---

[1] All references to Defendants' Request for Judicial Notice refer to the request for judicial notice filed on February 2, 2017, and found at ECF No. 598, in support of their opposition to the prior motion to intervene and for stays of execution that remains pending before this Court. Defendants request the same judicial notice in support of their opposition to Cummings's motion to intervene and for a stay of execution.

[2] Proposition 66, a ballot measure that, among other things, exempts execution regulations from the rulemaking requirements of the APA, was approved by the voters of California in the November 2016 election.  A petition challenging the constitutionality of Proposition 66 was filed in the Supreme Court of California by Ron Briggs and John Van de Camp, Case No. S238309.
(continued...)

1   There is no approved method-of-execution regulation that the California Department of

2   Corrections and Rehabilitation (CDCR) can implement and, as stated by Cummings, "[t]here

3   currently is substantial uncertainty" regarding "how and when Defendant CDCR will implement

4   an execution protocol."  (ECF No. 602 at 11:8-13.)  This Court can take judicial notice of the fact

5   that CDCR's proposed new execution regulations were rejected by California's Office of

6   Administrative Law (OAL) in late December 2016, and CDCR has 120 days to submit a revised

7   proposal for review by OAL.  (ECF No. 598-2.)[3]  Cummings does not allege that a California

8   district attorney is currently moving for an execution warrant, or that a California state court has

9   set an execution date for any movant; rather, Cummings alleges that there is substantial

10  uncertainty whether this will occur.[4]  (ECF No. 602 at 11:12-13.)

11          Cummings has not submitted facts or evidence to support his request to intervene, and has

12  not submitted a new proposed complaint in intervention.  (ECF No. 602-3.)  Further, Cummings

13  admits that he has not exhausted his administrative remedy.  (ECF 602 at 11:4-6.)  And

14  Cummings did not submit any evidence whatsoever in support of his request for a stay of

15  execution.  (See ECF Nos. 602 and 602-1.)

16                                          **ARGUMENT**

17  **I.    THE MOTION TO INTERVENE MUST BE DENIED.**

18          **A.    The Fourth Amended Complaint Does Not Present A Live Case Or
                    Controversy And The Entire Case Is Moot.**
19

20          Under Federal Rule of Civil Procedure 24(c), a motion to intervene must be accompanied

21  by a pleading which sets forth the claims and defenses for which intervention is sought.  This

22  Court must deny intervention based on the FAC because a federal court lacks authority to give

23  opinions on moot questions.  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 87 (1997);

24  _____

25  (...continued)
    On December 20, 2016, that court stayed the effectiveness of Proposition 66.  (RJN Ex. D.)
    Briefing in that matter will not be complete until April 6, 2017.  (RJN Ex. E.)

26      [3] After the proposed regulations are resubmitted to OAL, if execution procedures are still
    subject to California's Administrative Procedure Act, OAL may accept or reject the submission.

27      [4] Under California law, execution dates are set by a state superior court upon application
    by a district attorney.  (ECF No. 446 at 4.)

28

                                                2

1    *Alvarez v. Smith*, 558 U.S. 87, 92-94 (2000).  Federal courts may act only in the context of a

2    justiciable case or controversy.  *See Securities and Exchange Comm. v. Medical Committee for*

3    *Human Rights,* 404 U.S. 403, 407 (1972).  A case rendered moot during the pendency of the

4    litigation divests a federal court of jurisdiction.  *Arizonans v. Official English v. Arizona,* 520 U.S.

5    at 67 ("an actual controversy must be extant at all stages of review, not merely at the time the

6    complaint is filed").

7         The FAC, which is the proposed complaint-in-intervention, is moot because the lethal

8    injection protocol challenged in the FAC is the subject of a permanent injunction issued on

9    February 21, 2012.  (Order, RJN, Ex. A.)  The injunction prohibits any lethal-injection executions

10   until new regulations are enacted in compliance with California's APA.  (*Id.*; Order, RJN, Ex. A.)

11   This Court has recognized that California lacks a lethal injection protocol that is valid under state

12   law.  (Order, ECF No. 563 at 5:16-17.)  And the central issue in any mootness challenge is

13   whether changes in the circumstances existing when the action was filed have forestalled any

14   meaningful relief.  *West v. Secretary of Dept. of Transp*, 206 F3d 920, 925 (9th Cir. 2000).  The

15   FAC challenges regulations invalidated by a state court judgment rendered five years ago, and the

16   claims in that complaint are moot.

17        An exception to mootness under the "capable of repetition, yet evading review" doctrine is

18   inapplicable here.  If an issue is "capable of repetition, yet evading review," the litigation may

19   "continue notwithstanding the named plaintiff's current lack of a personal stake."  *United States*

20   *Parole Comm'n v. Geraghty*, 445 US 388, 398 (1980); *Richmond Newspapers, Inc. v. Virginia*,

21   448 US 555, 563 (1980); *Davis v. Federal Election Comm'n*, 554 US 724, 735 (2008).  But the

22   capable-of-repetition doctrine "applies only in exceptional situations, and generally only where

23   the named plaintiff can make a reasonable showing that he will again be subjected to the alleged

24   illegality."  *Alvarez v. Smith*, 558 US at 93 (internal quotes omitted).  To qualify for this

25   exception for mootness, it must be shown that the challenged action was too short in duration to

26   be fully litigated while in existence; and that there is a reasonable expectation that the plaintiff—

27   or a class he or she represents—will be subject to the same action again in the future.  See *Roe v.*

28   *Wade*, 410 US 113, 125 (1973); *United States v. Juvenile Male*, 564 U.S. 932, 938 (2011)

                                          3

1   (exception's second requirement not met—appeal moot when juvenile supervision order expired

2   because 21-year-old male would never again be subject to conditions of juvenile supervision);

3   *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F3d 827, 837(9th Cir. 2014) (controversies not of

4   "inherently limited duration" do not create exceptional situations justifying application of the

5   doctrine because there is no risk that future applications will evade review as well).

6       Currently no approved lethal injection protocol exists.  And Cummings correctly observes

7   there is uncertainty regarding how and when CDCR will obtain approval for a new protocol.

8   (ECF No. 602 at 11:8-13.)  The fact that there are efforts underway to enact a one-drug execution

9   method, which is not guaranteed to receive approval and go into effect, and whose final form is at

10  this point uncertain, does not cure Cummings's mootness problem.  Although CDCR submitted

11  new regulations proposing a single-drug protocol (RJN Ex. G), they have not been approved.

12  (Decision of Disapproval, RJN, Ex. B.)  Once disapproved, the regulatory package can be

13  resubmitted, with changes, within one hundred-twenty days, which is in late April 2017.

14  (Motion, ECF No. 594 at 11:18-20 n. 1.)  It is currently unknown whether a yet to be submitted

15  modified regulation would be accepted or rejected by the state's Office of Administrative Law.

16  Cal. Gov. Code § 11349.4.  Even if execution regulations are eventually approved in some form,

17  they would not go into immediate effect.  A regulatory submission that is approved by the Office

18  of Administrative Law and filed with the California Secretary of State between March 1 and May

19  31, cannot go into effect until July 1, 2017.  Cal. Gov. Code § 11343.4(a)(3).  If a regulation is

20  approved between June 1 and August 31, it will not go into effect until October 1, 2017.  Cal.

21  Gov. Code § 11343.4(a)(4).

22      Also, as noted above, a petition challenging the constitutionality of Proposition 66 was filed

23  in the Supreme Court of California by Ron Briggs and John Van de Camp, Case No. S238309.

24  Briefing on that matter will not be complete until April 6, 2017, and that court has stayed the

25  effectiveness of Proposition 66.  (RJN Exs. D and E.)  If, in the future, the stay is lifted, and if at

26  that time the APA no longer applies to execution protocols, CDCR will be authorized to adopt an

27

28

4

1    execution protocol that may, or may not, differ in some respect from the procedure it last

2    submitted to the Office of Administrative Law.[5]

3         There is also litigation pending in Alameda County Superior Court, *Sims v. Kernan,* No.

4    RG 16838951, alleging that California Penal Code section 3604 is unconstitutional based on a

5    violation of the separation of powers clause of the California Constitution.  (Petition, RJN, Ex.

6    C.)  If the proponents of that litigation are granted their requested relief, absent Legislative action,

7    CDCR would be enjoined from "developing, issuing, or implementing any execution protocol."

8         The only certainty at this point is that, if an execution procedure in some form is eventually

9    adopted and goes into effect, at a minimum it will be months before that event will occur.

10   Accordingly, there is no live case or controversy because it is impossible for the Court to provide

11   any effective relief.  It cannot enjoin, or declare invalid, an execution procedure that does not

12   exist.  Therefore, the case is moot and Cummings's motion to intervene must be denied.

13        Any suggestion that Defendants somehow waived the right to challenge the lack of subject

14   matter jurisdiction should be rejected.  Subject matter jurisdiction can never be forfeited or

15   waived, and federal courts have a continuing, independent obligation to determine whether

16   subject matter jurisdiction exists.  *Mashiri v. Dep't. of Educ.,* 724 F.3d 1028, 1031 (9th Cir.

17   2013).  Although this Court rejected a prior argument over three years ago that this action is moot

18   (Order, ECF No. 586 at 4:8-10), the Court should reexamine this question, particularly in the

19   context of the change in the law marked by the decision in *Glossip v. Gross,* 135 S.Ct. 2726.[6]

20        [5] After some form of an execution protocol is eventually adopted and goes into effect, an
     execution cannot occur without advanced notice to an inmate.  California's Penal Code requires
21   that, before an execution can occur, a district attorney must give notice that he or she is moving
     for an execution warrant.  Cal. Penal Code § 1227.  Thereafter, a superior court may issue a
22   warrant setting an execution date that is no less than 30 days from the date the warrant is issued.
     *Id.*
23        [6] Cummings may also argue in reply that, as long as the Court can grant any effective
24   relief, it does not matter that the relief originally sought is unavailable due to changed
     circumstances.  *Church of Scientology of Calif. v. United States*, 506 US 9, 12-13 (1992).  But
25   effective relief in an Eighth Amendment method-of-execution challenge is defined by the United
     States Supreme Court in *Baze* and *Glossip*.  The application of those binding decisions to the
26   circumstances of this matter show that no effective relief is possible, and therefore the case is
     moot.  Because it is not known how and when CDCR will obtain approval for a new protocol, or
27   what the final contours of such a protocol would be, it is impossible for Cummings to identify a
     term in an existing execution procedure that poses a serious risk of causing substantial pain
28   during an execution as compared to a specific alternative that is known and readily available, nor
                                                                                    (continued…)

1    Even if this Court somehow decides that the case is not moot, the motion should be denied

2    because the case is not ripe for review as is explained below.

3              **B.     The Issues In The FAC Are Not Ripe For Review.**

4              The ripeness doctrine prevents premature adjudication of issues which cause courts to

5    become entangled in abstract disagreements.  *See Thomas v. Union Carbide Agr. Products Co.,*

6    473 U.S. 568, 580 (1985).  When there is no genuine threat of imminent prosecution, a case is not

7    ripe for review.  *See San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1126 (9th Cir.

8    1996).  As noted above, the regulations concerning lethal injection challenged by the FAC are

9    invalid and there are no approved regulations in place that can be implemented by CDCR.

10   Additionally, there is no evidence of an active execution warrant concerning Cummings,

11   Plaintiffs, or any other California inmate.  Nor is there any claim or evidence that Defendants will

12   execute anyone under the execution regulations that were invalidated five years ago.  And

13   Cummings admits that there is substantial uncertainty as to how and when a new procedure will

14   be adopted.  Consequently, the allegations in the FAC that the Cummings seeks to join are plead

15   in the abstract and are not ripe for review.

16   **II.    THE FAC FILED IN 2010 DOES NOT STATE A CLAIM FOR RELIEF.**

17             The Supreme Court has emphasized that "because it is settled that capital punishment is

18   constitutional, '[i]t necessarily follows that there must be a [constitutional] means of carrying it

19   out.'"  *Glossip*, 135 S.Ct. at 2732-33 (quoting *Baze*, 553 U.S. at 47.)  To succeed on an Eighth

20   Amendment method-of-execution claim, a condemned inmate must first establish that a method

21   presents a risk that is "*sure or very likely* to cause serious illness and needless suffering, and give

22   rise to significantly *imminent* dangers."  *Baze*, 553 U.S. at 50 (quotations omitted) (emphasis in

23   original).  "[T]here must be a substantial risk of serious harm, an objectively intolerable risk of

24   harm that prevents prison officials from pleading that they were subjectively blameless for

25   purposes of the Eighth Amendment."  *Id.* (quotations omitted).  And speculation cannot substitute

26   for evidence that the use of a particular aspect of an execution method is "*sure or very likely* to

27   (…continued)

28   is it possible for him to submit evidence in support of a stay of execution.

6

1   cause serious illness and needless suffering." *Brewer v. Landrigan*, 562 U.S. 996 (2010), quoting

2   *Baze*, 553 U.S. at 50 (emphasis in original).

3          Second, the inmate "must identify an alternative that is 'feasible, readily implemented, and

4   in fact significantly reduce[s] a substantial risk of severe pain.'" *Glossip*, 135 S.Ct. at 2737

5   (quoting *Baze*, 553 U.S. at 52).  The inmate must do more than "show[ ] a slightly or marginally

6   safer alternative." *Id.* (quoting *Baze*, 553 U.S. at 51).  *Glossip's* "known and available

7   alternative" test in a method-of-execution claim under the Eighth Amendment's prohibition of

8   cruel and unusual punishment requires a prisoner prove that: (1) the State actually has access to

9   an alternative; (2) the State is able to carry out the alternative method of execution relatively

10  easily and reasonably quickly; and (3) the requested alternative would in fact significantly reduce

11  a substantial risk of severe pain relative to the State's intended method of execution.  *Arthur v.*

12  *Commissioner, Alabama Department of Corrections*, 840 F.3d 1268, 1300 (11th Cir. 2016), cert.

13  denied, Case No. 16-602, Feb. 21, 2017, __ S.Ct. ___, 2017 WL 670511.  Here the Fourth

14  Amended Complaint Cummings and others seek to join lacks such allegations, and Cummings

15  has not provided evidence to this effect in support of a stay.

16         Where a complaint fails to comply with the requirements in *Glossip* and *Baze*, it is subject

17  to dismissal.[7]  The FAC filed in 2010 focuses on the constitutionality of a three-drug protocol

18  which is the subject of a permanent injunction, and California currently lacks a lethal injection

19  protocol that is valid under state law.  (Order, ECF No. 563 at 5:16-17.)  Since no lethal injection

20  protocol is in place, Cummings cannot identify an aspect of an execution protocol in effect that is

21  sure or very likely to cause a condemned inmate to suffer substantial pain.  *Baze*, 553 U.S. at 40.

22  Nor, for each alleged defect in an execution protocol in effect, has he identified and pled an

23  alternative that is feasible, readily implemented, and significantly reduces a substantial risk of

24  severe pain as required under *Glossip*.  135 S.Ct. at 2737; *Baze*, 553 U.S. at 52.

25

26
    _____

27      [7] See *Wood v. Collier*, 836 F.3d 534, 541 (5th Cir. 2016); *Gissendanger v. Comm'r,
    Georgia Dept. of Corr.,* 803 F.3d 565, 568 (11th Cir. 2015); *Brooks v. Warden,* 810 F.3d 812,

28  818-19 (11th Cir. 2016).

1    Even if the three-drug protocol was still in effect, the FAC only uses a scattershot approach

2    to criticize 34 aspects of that prior protocol.  (FAC, ECF No. 428 at 37:15-46:27.)  It does not

3    identify alternatives, nor allege facts to show any alternatives that are feasible, readily

4    implemented, and will significantly reduce a substantial risk of severe pain.  Cummings may

5    argue that the FAC does assert that the plaintiffs prefer a one-drug execution protocol.  Although

6    recommending a one-drug protocol involving a specific barbiturate could, if the recommendation

7    complied with the requirements of *Glossip*, constitute an alternative, the FAC does not comply

8    with *Glossip* because, among other things, it still fails to set forth which barbiturate(s) and drug

9    combinations should be used; the recommended dosage(s); how the drug(s) should be

10   administered; whether the State has access to such an unidentified drug, that it will substantially

11   reduce the risk of pain compared to an alternative provision of an execution protocol in effect, or

12   any other details.  (FAC, ECF No. 428 at 47:8-19.)  Without this information, the FAC fails to

13   allege facts to show a suggested alternative that is feasible, available, readily implemented, and

14   could cause significantly less pain.  Also, Cummings's speculation that "any protocol" may not

15   require an execution team to have sufficient training and expertise, or that there is a "risk" an

16   execution team may not follow the terms of a protocol (ECF No. 602 at 15:19-16:3), fall far short

17   of what a plaintiff is required to plead to state a method-of-execution claim.  *See Gissendanger v.*

18   *Comm'r, Georgia Dept. of Corr.,* 803 F.3d at 568-69 (citing *Glossip*).  And incorrect assertions

19   that the FAC applies to "any" protocol that may be adopted in the future, rather than a protocol in

20   effect now, only further illustrates why this Court lacks jurisdiction over this entire lawsuit.

21   **III.   THE MOTION SHOULD BE DENIED BECAUSE CUMMINGS ADMITS HE DID NOT**
         **EXHAUST HIS ADMINISTRATIVE REMEDY.**
22

23       Cummings incorrectly contends that he is not required to exhaust available administrative

24   remedies.  The Prison Litigation Reform Act of 1995 (PLRA), amended 42 U.S.C. § 1997e,

25   requires exhaustion of administrative remedies under all circumstances in § 1983 actions brought

26   by prisoners.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  The PLRA's exhaustion requirement

27   applies to civil rights lawsuits challenging the validity of an execution procedure.  *Creech v.*

28   *Reinke*, 2012 WL 1995085, * 8-9 (D. Idaho, June 4, 2012).  A prisoner-litigant must exhaust

8

1  CDCR's administrative grievance process before bringing suit. *See* Cal. Code Regs. tit. 15, §

2  3084.1(a); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002). Cummings

3  acknowledges that he had submitted an administrative grievance but does not allege that that he

4  has exhausted the administrative grievance process. (Motion, ECF No. 602 at 11:4-6.)

5      *Beardslee v. Woodford,* 395 F.3d 1064 (9th Cir. 2005), cited by Cummings, does not

6  support his contention that he is exempt from the PLRA's exhaustion requirement. The inmate in

7  that case waited until his execution was scheduled before filing an action under 42 U.S.C. § 1983

8  challenging an execution protocol. Noting that "whether or not exceptions would exist for

9  circumstances such as these is an unsettled question," the court excused the inmate's failure to

10  exhaust. *Beardslee v. Woodford,* 395 F.3d at 1069 n.5. *Beardslee* does not hold that the

11  exhaustion requirement is inapplicable to condemned inmates in all circumstances. Because there

12  is no evidence that an execution warrant was issued for Cummings, and an execution protocol is

13  not in place, the decision in *Beardslee* is factually distinguishable from the present action.

14  **IV.  CUMMINGS DOES NOT MEET RULE 24'S REQUIREMENTS FOR INTERVENTION.**

15      Cummings fails to cite a federal statute conferring a right to intervene and is entitled to

16  intervention only if his interests are not adequately represented by the parties to the action. Fed R.

17  Civ. P. 24(a); *California ex rel Lockyer v. United States,* 450 F.3d 436, 440 (9th Cir. 2006); Fed.

18  R. Civ. P. 24(b). Cummings fails to satisfy this standard. The current Plaintiffs are similarly

19  situated condemned inmates who are challenging the same method of execution that was

20  invalidated half a decade ago.

21  **V.  CUMMINGS IS NOT ENTITLED TO A STAY OF EXECUTION.**

22      The law does not allow for a stay of execution where, as is the case here, a court lacks

23  jurisdiction over the lawsuit in question, the moving party has not stated a claim, and has not

24  submitted any evidence in support of such an injunctive order. Binding Supreme Court case law

25  requires a movant to meet specific pleading requirements, and to also submit evidence that prove

26  specific criteria for a stay of execution. *Baze v. Rees,* 553 U.S. at 61. Merely asking for a stay on

27  the basis that other condemned inmates have received one does not satisfy those requirements,

28  nor does it cure the jurisdictional defect detailed above.

1    Inmates who challenge the manner in which a state plans to execute them must satisfy all of

2    the requirements for a stay. *Hill v. McDonough*, 547 U.S. 573, 584 (2006). Generally, to obtain

3    an injunctive order such as a stay, a condemned inmate must demonstrate that (1) he is likely to

4    succeed on the merits; (2) he is likely to suffer irreparable harm without preliminary relief; (3) the

5    balance of equities tips in his favor; and (4) the injunction is in the public interest. *Lopez v.*

6    *Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). A stay of execution is an equitable remedy, and

7    equity must be sensitive to the State's strong interest in enforcing its judgments without undue

8    interference from the federal courts. *Hill v. McDonough*, 547 U.S. at 584.

9    In addition, an inmate challenging an execution protocol is not entitled to a stay of

10   execution unless: (1) the inmate establishes that a state's lethal injection protocol creates a

11   demonstrated risk of severe pain; and (2) establishes that the risk is substantial when compared to

12   the known and available alternatives. *Baze v. Rees*, 553 U.S. at 61. As this Court has observed,

13   the decision in *Baze* creates a significantly higher standard for obtaining a stay of execution in a

14   case challenging lethal injection protocols. (Order, ECF No. 424 at 3:23-25.) Where a

15   condemned inmate-plaintiff does not submit evidence that establishes he has met the *Baze*

16   standards for a stay, stays of execution are denied.[8]

17   Cummings cannot show that he is likely to succeed on the merits because, as previously

18   argued: (1) there is no justiciable case or controversy and it is uncertain when and how an

19   execution protocol may be adopted in the future; (2) this matter is not ripe for review; (3) the

20   FAC fails to identify a known and available alternative that entails a lesser risk of pain as required

21   by *Glossip*; (4) Cummings has not submitted any evidence in support of his motion for a stay of

22   execution; (5) Cummings states he has not completed efforts to exhaust administrative remedies;

23

24   _____

     [8] Courts in the Ninth Circuit have repeatedly denied requests for a stay of execution for
     failure to meet the *Baze* criteria. *See West v. Brewer*, 652 F.3d 1060, 1061 (9th Cir. 2011);

25   *Dickens v. Brewer*, 631 F.3d 1139, 1147-50 (9th Cir. 2011); *Towery v. Brewer*, 672 F.3d 650,
     658-59 (9th Cir. 2012); *Villegas-Lopez v. Brewer*, 680 F.3d 1068, 1071 (9th Cir. 2012); *Beaty v.*

26   *Brewer*, 791 F. Supp. 2d 678, 682-83 (D. Ariz. 2011), *aff'd Beaty v. Brewer*, 649 F.3d 1071 (9th
     Cir. 2011). *See also Landrigan v. Brewer*, 625 F.3d 1132 (9th Cir. 2010), *reversed by Brewer v.*

27   *Landrigan*, 562 U.S. 996 (2010)(vacating stay when there was no evidence in the record
     suggesting that execution drugs at issue that were obtained from foreign sources were unsafe).

28

1   (6) Cummings has not identified and proven that an aspect of an execution procedure in effect

2   will cause substantial pain; and (7) Cummings has not, as required by *Glossip*, identified an

3   alternative to as aspect of an execution protocol, and has not proven that an alternative is known,

4   readily available, and would cause substantially less pain in comparison to a term of a state's

5   protocol.  As a result, he has also failed to show he will suffer irreparable harm without

6   preliminary relief.

7         Nor has Cummings shown that the balance of equities tips in favor of a stay and that an

8   injunction is in the public interest.  While he undoubtedly has an interest in being executed in a

9   constitutional manner, no protocol exists and is in effect that threatens this interest.  And the

10  United States Supreme Court has sent a clear, concise message that, absent actual evidence

11  showing something more than speculative harm, the law does not permit a federal district court to

12  enjoin an execution.  *Brewer v. Landrigan*, 562 U.S. 996, 997 (2010).

13  **VI.   A STAY OF PREPARATIONS RELATING TO EXECUTIONS IS OVERBROAD.**

14        The requested stay extends to "all preparations relating" to the executions of Cummings.

15  (ECF No. 602 at 12:13-15.)  However, under Federal Rule of Civil Procedure 65(d), any

16  injunction or restraining order must state its terms specifically and describe in reasonable detail

17  the act or acts restrained.  *See Cuviello v. City of Oakland,* No. C-06-cv-5517 MHP (EMC), 2009

18  U.S. Dist. LEXIS 26067 *9 (N.D. Cal. Mar. 19, 2009) (citing *S.C. Johnson & Son, Inc. v. Clorox

19  Co.,* 241 F.3d 232, 240-41 (2d Cir. 2001)).  The PLRA imposes even more stringent limits, and

20  requires that any prospective relief ordered be "narrowly drawn, extend[] no further than

21  necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary

22  to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).  And, principles of

23  federalism and separation of powers greatly restrain a federal court's intrusion into a state's

24  administration of its own policies, particularly prison operations.  *See Turner v. Safely,* 482 U.S.

25  78, 84-85 (1987).

26        Like Cummings's request for a stay of execution, Cummings has not satisfied the

27  requirements to obtain an injunction barring preparations.  Cummings is unlikely to succeed on

28  the merits because there is no authority supporting the proposition that preparing for an execution

11

Defs.' Opp'n Mot. Intervene and Stay Execution (C 06-0219 RS)

1    violates the Eighth Amendment, and the Court lacks jurisdiction over this case.  Since no

2    execution warrants have been issued, no executions are scheduled, and no execution procedure is

3    in place, Cummings does not face irreparable harm absent a bar on preparations for an execution.

4    Also, preparing to conduct executions furthers the public interest in enforcing judgments, and

5    therefore the equities weigh in favor of Defendants.  And since a bar on preparations for

6    executions would prevent an execution from occurring, and thus is in effect itself a stay of

7    execution, this injunctive term should also be denied because the FAC, and Cummings's lack of

8    evidence, do not meet the requirements of *Baze* and *Glossip*, and also suffers from the

9    jurisdictional and other defects detailed above.

10                                      **CONCLUSION**

11              Cummings's motion should be denied because the issues raised in the FAC are moot and

12   not ripe for review, depriving this Court of jurisdiction to hear this matter.  Even if the Court

13   finds it appropriate to exercise jurisdiction, the FAC fails to state a substantive claim, Cummings

14   admits that he has not exhausted his administrative remedy, and he has not met the requirements

15   of Rule 24.  The Court should also not issue a stay of execution because Cummings has not

16   submitted any evidence in support of a stay, and therefore has not showed he is likely to succeed

17   on the merits of a claim that meets the requirements established by the Supreme Court.

18

19   Dated:  March 8, 2017                          XAVIER BECERRA
                                                    Attorney General of California
20                                                  JAY M. GOLDMAN
                                                    Supervising Deputy Attorney General
21                                                  MICHAEL J. QUINN
                                                    Deputy Attorney General
22

23

24                                                  */s/ R. Lawrence Bragg*
                                                    R. LAWRENCE BRAGG
25                                                  Deputy Attorney General
                                                    *Attorneys for Defendants Brown, Kernan,*
26   SF2007200210                                   *and Davis*
     20952980.doc
27

28

                                                12

# CERTIFICATE OF SERVICE

Case Name:  **Michael Angelo Morales v. M.**               Case No.  **C 06-0219 JF**
            **Cate, et al.**

I hereby certify that on <u>March 8, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO CUMMINGS'S MOTION TO INTERVENE AND FOR STAY OF EXECUTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>March 8, 2017</u>, at San Francisco, California.

A. Gacad                                           */s/ A. Gacad*
Declarant                                          Signature

SF2007200210
20953131.doc