HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
ELIZABETH RICHARDSON-ROYER (Bar No. 257691)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-5327
Facsimile: (213) 894-0081
Email: elizabeth_richardson-royer@fd.org

K. ELIZABETH DAHLSTROM (Bar No. 228552)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California  92701
Telephone: (714) 338-4500
Facsimile: (714) 338-4520
Email: elizabeth_dahlstrom@fd.org

STATIA PEAKHEART (Bar No. 200363)
Attorney-at-Law
P.O. Box 531967
Los Angeles, CA 90053
Telephone: (310) 692-5500
Email: statia.peakheart@gmail.com

Attorneys for Proposed Intervenor
RAYNARD CUMMINGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| MICHAEL ANGELO MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>    Defendants. | NO. C-06-0219-RS<br>     C-06-0926-RS<br><br>DEATH PENALTY CASE<br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE BY RAYNARD CUMMINGS, AND FOR EXECUTION STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>No hearing date set |

## TABLE OF CONTENT

Page

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT ............................................................................................................. 1

    A.    The Fourth Amended Complaint is Neither Moot nor Unripe .................... 1

    B.    The Fourth Amended Complaint Does Comply With the Pleading Requirements in *Baze* and *Glossip* ............................................................ 2

    C.    Cummings is Not Required to Exhaust Before Moving to Intervene .......... 4

    D.    Respondent Failed to Rebut Cummings's Arguments for Intervention Under Rule 24 ............................................................................................ 4

    E.    Cummings is Entitled to a Stay of Execution and His Request is Not Overbroad ................................................................................................... 5

III. CONCLUSION .......................................................................................................... 6

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Baze v. Rees*,
    553 U.S. 35 (2009) ............................................................................................................2

*Beardslee v. Woodford*,
    395 F.3d 1064 (9th Cir. 2005) ..........................................................................................4

*Gissendaner v. Comm'r Ga. Dept. of Corr.*,
    803 F.3d 565 (11th Cir. 2015) ..........................................................................................3

*Glossip v. Gross*,
    135 S. Ct. 2726 (2015) .....................................................................................................3

*Morales v. Cate*,
    623 F.3d 828 (9th Cir. 2010) ............................................................................................5

*Northwest Environmental Defense Ctr. v. Gordon*,
    849 F.2d 1241 (9th Cir. 1988) ..........................................................................................1

*San Diego Cnty. Gun Rights Committee v. Reno*,
    98 F.3d 1121 (9th Cir. 1996) ............................................................................................2

*West v. Sec'y of Department of Transport*,
    206 F.3d 920 (9th Cir. 2000) ............................................................................................1

**STATE CASES**

*Cal. Department of Correction and Rehabilitation v. Superior Court*,
    2010 WL 3621873 (Cal. Ct. App. Sept. 10, 2010) ..........................................................2

**DOCKETED CASES**

*Brown v. Briggs*,
    CSC No. 238309 ..............................................................................................................2

**FEDERAL STATUTES AND RULES**

42 U.S.C. § 1983 ..........................................................................................................................4

42 U.S.C. § 1997e(a) ...................................................................................................................4

Fed. R. Civ. P. 24 .........................................................................................................................4

## I. INTRODUCTION

Defendants oppose Cummings's motion to intervene and for a stay of execution on several grounds, including mootness, ripeness, and failure to complete administrative exhaustion.  In doing so, Defendants suggest that Cummings should not be allowed to join this suit until California has a valid execution protocol and/or until Cummings has an active execution warrant.  This Court has rejected these arguments before, for the reasons discussed below, should do so again.  Cummings, like all prior intervenors, should be granted permission to join the case now, rather than waiting until the eve of his execution.

## II. ARGUMENT

### A. The Fourth Amended Complaint is Neither Moot nor Unripe

Defendants claim that Cummings's motion should be denied because "the entire case is moot" and, conversely, because the claims in the Fourth Amended Complaint ("FAC") are not ripe for review.  (ECF No. 603 at 2; 6)   Neither claim is true.

Defendants argue that the case is "moot because the lethal injection protocol challenged in the FAC is the subject of a permanent injection issued on February 21, 2012" by the Marin County Superior Court.  (ECF No. 603 at 3.)  But in deciding mootness, "the question is not whether the precise relief sought at the time of the application for an injunction filed is still available," it is "whether there can be *any* effective relief." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988) (emphasis in original).  As long as some relief is still obtainable, the case is not moot.  *West v. Sec'y of Dept. of Transp.*, 206 F.3d 920, 924 (9th Cir. 2000).  Here, the plaintiffs still have not obtained the relief they sought: to be free from arbitrary and capricious protocols and procedures under the Eighth and Fourteenth Amendments.  (ECF No. 428 at 2.)

Furthermore, the 2012 injunction has only limited effect and does not render the claims in the FAC moot.  The injunction does not stop of the setting of execution dates

once a protocol issues in compliance with the state Administrative Procedures Act ("APA"),[1] which could be as early as July 1, 2017.  *See Cal. Dept. of Corr. and Rehab. v. Superior Court*, No. A129540, 2010 WL 3621873 (Cal. Ct. App. Sept. 20, 2010); *See* ECF No. 603 at 4 (describing the APA timetable).  The injunction also does not moot this Court's jurisdiction over the plaintiff's Constitutional claims, a review which Defendants have stipulated must resume once a new protocol is in place.  (*See* ECF No. 554 (order, based on the parties' stipulation, to submit a new schedule once valid regulations are in place or the 2012 injunction is overturned on appellate review, whichever occurs first).)  Rather than being moot, this case is merely dormant while Defendants attempt to remedy the defects in the protocol.  Whether they are able to do so remains for this Court to decide. As such, Defendants have not meet their "heavy burden" to prove that the case has become moot.  *West*, 206 F.3d at 924.

Nor is the case unripe simply because there is no current protocol and no active execution warrants.  What matters is that Cummings is *eligible* for an execution warrant, such that he faces a "genuine threat of imminent prosecution."  *See San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).  This alone has been sufficient for prior intervenors here, and so should it be for Cummings.  (*See, e.g.*, ECF No. 581 at 4 (granting intervention to Cooper in absence of a warrant); ECF No. 586 at 4 (granting intervention to Payton in absence of a warrant).).

**B.    The Fourth Amended Complaint Does Comply With the Pleading Requirements in *Baze* and *Glossip***

Defendants assert that the FAC does not comply with the pleading requirements of *Baze v. Rees*, 553 U.S. 35 (2009), and *Glossip v. Gross*, 135 S. Ct. 2726 (2015). (ECF No. 603 at 6-7.)  This argument ignores that this Court already held that the

---

[1] The state is also attempting to exempt lethal injection from the APA altogether via its defense of Proposition 66 in *Brown v. Briggs*, CSC No. 238309.  Even if California is not required to comply with the APA, this Court still retains jurisdiction to conduct Eighth Amendment review of the execution protocol.

Plaintiffs met the *Baze* standard when it denied Defendant's partial motion to dismiss and again on remand from the Ninth Circuit. (ECF No. 461 at 12 (denying Defendants' partial motion to dismiss); ECF No. 424 at 4 (finding on remand that the California's execution protocol does, in practice, create "a demonstrated risk of severe pain.")). *Glossip*, which had not been decided at the time the FAC was filed, did not change the *Baze* standard or render the FAC inadequate. *Glossip* does require that a prisoner "plead and prove a known and available alternative," but this Court has already found that the FAC does sufficiently plead an alternative. *Glossip*, 135 S. Ct. at 2739-40; ECF No. 461 at 14 (finding that the FAC is specific enough with respect to alternatives procedures to survive a motion to dismiss.)

Nevertheless, Defendants allege that Cummings failed to "set forth which barbiturate(s) and drug combinations should be used; the recommended dosage(s); how the drug(s) should be administered [and] whether the State has access to such an unidentified drug" among other details. (ECF No. 603 at 8.) There is, however, no authority requiring Plaintiffs to plead with such specificity, nor does Defendant cite any.

Finally, Defendants dismisses as "speculation" Cummings's claim that CDCR personnel performing an execution may lack training or may fail to follow protocol. Given that this Court has already found several defects in CDCR's administration of the lethal injection protocol, Cummings's claim is well-founded. (*See* ECF No. 428; 461.) This case bears no resemblance to *Gissendaner v. Comm'r Ga. Dept. of Corr.*, 803 F.3d 565, 568-69 (11th Cir. 2015), on which Defendants rely. (ECF No. 603 at 8.) There, the plaintiff's complaint was based upon a single incident involving an execution drug that became too cloudy to use. *Id.* at 575. Cummings's claim, however, is based on upon the long-standing practices of the CDCR and the extensive record in this case, rather than one incident.

### C. Cummings is Not Required to Exhaust Before Moving to Intervene

Defendants urges this Court to deny intervention because "Cummings acknowledges that he had submitted an administrative grievance but does not allege that he has exhausted the administrative grievance process." (ECF No. 603 at 9.) In doing so, Defendants argue that this case is not like *Beardslee v. Woodford*, 395 F.3d 1064 (9th Cir. 2005), where the Ninth Circuit excused the exhaustion requirement for a prisoner who waited until the issuance of a warrant to bring his claim under 42 U.S.C. § 1983. Defendants claim that because Cummings is not under warrant, he should be required to complete exhaustion before moving to intervene. (ECF No. at 9.) This ignores *Beardslee*'s observation that any administrative grievance filed before an execution warrant likely "would have been dismissed as unripe." *Id.* at 1069 & n.5. If Cummings is required to wait for an execution warrant to *begin* exhaustion—and then had to complete it in the 30 days prior to his execution—he would likely be prohibited from intervening in this matter at all. Prisoners are only required to exhaust remedies that are "available" to them, *see* 42 U.S.C. § 1997e(a), and the exhaustion process that Defendant contemplates is not truly "available" to Cummings. Complete exhaustion is not required before this Court may grant intervention.

### D. Respondent Failed to Rebut Cummings's Arguments for Intervention Under Rule 24

In his motion, Cummings provided a detailed argument for mandatory intervention under Fed. R. Civ. P. 24(a)(2) and permissive intervention under Rule 24(b). (ECF No. 602 at 7-12). Defendants' opposition contains a cursory, three-sentence claim that Cummings's interest is adequately represented by the parties to the action. (ECF No. 603 at 9.) This argument has been rejected by this Court before and should be again. (*See* ECF No. 563 at 5) (noting that Defendant's near-execution of Brown shows his interest was not adequately represented by existing parties). The

current Plaintiffs' presence in this action does not adequately protect Cummings from the risk that he will be subject to a warrant and/or an unlawful execution protocol.

### E. Cummings is Entitled to a Stay of Execution and His Request is Not Overbroad

Defendants argue that Cummings is not entitled to a stay of execution for the same reasons they oppose intervention, i.e., that the FAC is moot, unripe, and fails to meet *Glossip*'s pleading requirement, and that Cummings has not completed exhaustion. These arguments fail for the reasons discussed above.

Defendants also argue that Cummings's request to stay preparation for his execution is overbroad. (ECF No. 603 at 11.) But Defendants stipulated to such a stay for Plaintiff Raley, and the same stay is already in place for the current Plaintiffs. (*See* ECF No. 586 (granting Plaintiffs Pinholster and Payton stays of execution and detailing the stays granted to other plaintiffs, all of which forbid preparing for an execution and setting a date).) Allowing Defendants to set an execution date would prohibit the district court from "tak[ing] the time necessary to address the State's newly revised protocol in accord with Supreme Court authority." *Morales v. Cate*, 623 F.3d 828, 829 (9th Cir. 2010). As such, any stay should include a prohibition on preparing for Cummings's execution, seeking a warrant, or setting a date until full resolution of the issues in this proceeding.

## III. CONCLUSION

Cummings respectfully requests that this Court grant his motion to intervene and stay his execution.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender
ELIZABETH RICHARDSON-ROYER
Deputy Federal Public Defender

STATIA PEAKHEART
Attorney-at-Law

DATED: March 15, 2017                By  */s/ K. Elizabeth Dahlstrom*
                                         K. ELIZABETH DAHLSTROM
                                         Deputy Federal Public Defender
                                         Attorneys for Proposed Intervenor
                                         RAYNARD CUMMINGS