UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANGELO MORALES, et al.,

Plaintiffs,

v.

SCOTT KERNAN[1], Secretary of the California Department of Corrections and Rehabilitation, et. al.,

Defendants.

Case No. 06-cv-0219 RS
06-cv-0926 RS

DEATH PENALTY CASE

**ORDER GRANTING MOTIONS TO INTERVENE AND MOTIONS TO STAY EXECUTIONS**

Re: Dkt Nos. 594, 602

Fernando Belmontes, Jr., Royal Kenneth Hayes, Richard Delmer Boyer, Ron Deere, Harvey Lee Heishman, Anthony Jack Sully, Albert Cunningham, Douglas Mickey, Hector Ayala, Richard Samayoa, and Raynard Paul Cummings are condemned inmates at San Quentin State Prison whose direct and collateral attacks on their convictions and sentences have concluded. They move to intervene in the instant actions, which involve challenges to the constitutionality of California's protocol for executions by lethal injection, and to have their executions stayed pending the conclusion of this litigation. (Doc. Nos. 594, 602.) The Court discussed the relevant issues in detail in a prior order it issued, in which it permitted intervention by and granted stays of execution to three other prisoners who are, for relevant purposes, identically situated to the current

---

[1] Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation, and Ron Davis, Warden of the California State Prison at San Quentin, are substituted as defendants for their predecessors in those positions pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

would-be intervenors. (Doc. No. 563.) The present order therefore contains only a limited discussion of the issues to the extent necessary to resolve the instant motion.

When condemned prisoner Michael Angelo Morales initiated this litigation, the Court conditionally denied his request to stay his execution. *Morales v. Hickman*, 415 F. Supp. 2d 1037 (N.D. Cal. 2006). Defendants did not execute Morales as scheduled, and a stay of execution issued pursuant to the Court's conditional order. Discovery and an evidentiary hearing followed, after which the Court concluded that the lethal-injection protocol, as implemented, violated the Eighth Amendment. *Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006). The Court then acceded to a joint request by Morales and Defendants to refrain from proceeding further with the present litigation until related state-court and administrative processes were completed. Those administrative processes remain active.

Following certain state proceedings, Defendants scheduled Albert Greenwood Brown's execution. Brown moved to intervene and for a stay of execution. Recognizing that "Brown's federal claims are virtually identical to those asserted by . . . Morales," (Doc. No. 401 at 1), the Court permitted Brown to intervene, but conditionally denied the stay application. Brown appealed to the Court of Appeals for the Ninth Circuit. *Morales v. Cate*, 623 F.3d 828, 829 (9th Cir. 2010). On remand, pursuant to guidance from the Ninth Circuit, this Court stayed Brown's execution.

Condemned prisoners Mitchell Carlton Sims and Stevie Lamar Fields subsequently moved to intervene as Plaintiffs in these actions, and requested that their executions be stayed. Significantly, "Defendants acknowledge[d] that the intervenors have a 'claim or defense that shares with the main action a common question of law or fact,'" (Doc. No. 472 at 2 (quoting Fed. R. Civ. P. 24(b)(1)(B))), and they did not oppose permitting intervention and staying Sims's and Fields's executions. The Court found that "Sims and Fields are similarly situated to Morales and Brown in that they are condemned prisoners whose executions are not otherwise stayed and whose claims in their complaint in intervention are virtually identical to those asserted by Morales and Brown." (Doc. No. 473 at 1–2.) Accordingly, the Court concluded that "Sims and Fields are entitled to intervene and, like Morales and Brown, to have their executions stayed until the present

litigation is concluded." (*Id.* at 2.)

In regards to the next prisoner whose execution was to be scheduled, David A. Raley, the parties jointly stated that,

> Raley is similarly situated to Fields, Sims, Morales, and Brown in that he is a condemned prisoner whose execution is not otherwise stayed. He will join in the Fourth Amended Complaint, thereby presenting identical claims to those asserted by Morales and Brown. Accordingly, Raley is entitled to intervene and, like Morales, Brown, Fields, and Sims, to have his execution stayed until the present litigation is concluded.

(Doc. No. 511 at 2.) The parties therefore stipulated and asked the Court to order that,

> Raley may intervene as a Plaintiff in this litigation as to the Fourth Amended Complaint, and that all proceedings related to the execution of his sentence of death, including but not limited to preparations for an execution and the setting of an execution date for Mr. Raley, are hereby stayed on the same basis and to the same extent as in the case of Plaintiffs Morales, Brown, Fields, and Sims.

(*Id.* at 2–3.)

The Court initially did not act on the stipulation, as it appeared unnecessary to do so. However, when there was no longer a sufficient basis for the Court to continue to defer action, the Court granted the parties' joint request, noting that "the parties are correct that Raley is similarly situated to the present Plaintiffs and therefore entitled to intervene and to have his execution stayed." (Doc. No. 563 at 4.)

Tiequon A. Cox and Robert Green Fairbank, Jr., were the next prisoners to move to intervene in the instant actions and to request stays of execution. Even though Defendants did not oppose intervention by and stays of execution for Sims and Fields, and they stipulated to intervention by and a stay of execution for Raley, Defendants opposed Cox's and Fairbank's motions. However, as the Court recognized, Cox and Fairbank were, "for purposes of the present litigation, identically situated to Morales, Brown, Sims, and Fields, as well as Raley." Accordingly, the Court held that Cox and Fairbank were "entitled . . . to intervene and to have their executions stayed until this litigation is concluded." (*Id.*)

Subsequently, Kevin Cooper, Scott Pinholster and William Payton were allowed to intervene and were issued stays of their executions over Defendants' objections. (Doc. Nos. 581,

Good cause appearing therefor, the Court grants Fernando Belmontes, Jr., Royal Kenneth Hayes, Richard Delmer Boyer, Ron Deere, Harvey Lee Heishman, Anthony Jack Sully, Albert Cunningham, Douglas Mickey, Hector Ayala, Richard Samayoa, and Raynard Paul Cummings requests to intervene and to have their executions stayed (Doc. Nos. 594, 602). As is the case for Plaintiffs Michael Angelo Morales, Albert Greenwood Brown, Mitchell Carlton Sims, Stevie Lamar Fields, David A. Raley, Tiequon A. Cox, Robert Green Fairbank Jr., and Kevin Cooper, all proceedings related to the execution of Belmontes, Jr., Hayes, Boyer, Deere, Heishman, Sully, Cunningham, Mickey, Ayala, Samayoa, and Cummings's sentences of death, including but not limited to preparations for any execution and the setting of an execution date, are hereby stayed until the conclusion of this litigation.

**IT IS SO ORDERED.**

Dated: April 18, 2017

RICHARD SEEBORG
United States District Judge