David A. Senior (SBN 108759)
MCBREEN & SENIOR
1900 Avenue of the Stars, Eleventh Floor
Los Angeles, California 90067
Phone: (310) 552-5300
Fax: (310) 552-1205
dsenior@mcbreensenior.com

John R. Grele (SBN 167080)
LAW OFFICE OF JOHN R. GRELE
1000 Brannan Street, Suite 400
San Francisco, California 94103
Phone: (415) 655-8776
Fax: (415) 484-7003
jgrele@earthlink.net

Richard P. Steinken (admitted PHV)
JENNER & BLOCK
353 N. Clark Street
Chicago, IL 60654
Phone: (312) 923-2938
Fax: (312) 840-7338
rsteinken@jenner.com

*Attorneys for Intervenor*
CONRAD JESS ZAPIEN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ANGELO MORALES, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation, et al., <br><br> Defendants. | ) CASE NO. 06-cv-0219 RS <br> )             06-cv-0926 RS <br> ) <br> ) REPLY IN SUPPORT OF MOTION TO <br> ) INTERVENE BY CONRAD JESS ZAPIAN, AND <br> ) FOR EXECUTION STAY; MEMORANDUM OF <br> ) POINTS AND AUTHORITIES <br> ) <br> ) <br> ) <br> ) <br> ) |

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

# TABLE OF CONTENTS

**MEMORANDOM OF POINTS AND AUTHORITIES** ...................................................... **II**

**INTRODUCTION**.................................................................................................................. **1**

I.   The Motion to Intervene Should Be Granted.................................................................. 2

   A.   The Fourth Amended Complaint Presents a Live Case or Controversy and the Entire Case is Not Moot.......................................................................................................... 2

   B.   The Issues in the Complaint Are Ripe for Review................................................ 6

II.  The Fourth Amended Complaint is Valid, States a Claim for Relief, and Satisfies the Requirements of Glossip v. Gross, 135 S. Ct. 2726 (2015).............................................. 8

III. Intervenor Has Adequately Exhausted His Administrative Remedies. ......................... 11

IV.  Intervenor Meets the Requirements for Intervention..................................................... 12

V.   Intervenor is Entitled to a Stay of Execution. ............................................................... 133

VI.  The Requested Stay Is Not Overbroad.......................................................................... 14

**CONCLUSION** ..................................................................................................................... **16**

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

# TABLE OF AUTHORITIES

**Cases**

*Baze v. Rees*, 553 U.S. 35 (2009) ............................................................................................... 8

*Beardslee v. Woodford*, 395 F.3d 1064 (9th Cir. 2005) ............................................................. 12

*Brewer v. Landrigan*, 562 U.S. 996 (2010) ................................................................................. 9

*Brown v. Croak*, 312 F.3d 109 (3d Cir. 2002) ........................................................................... 12

*Cal. Dept. of Corr. and Rehab. v. Superior Court,* 2010 WL 3621873 (Cal. Ct. App. Sept. 10, 2010) ......................................................................................................................................... 2

*Church of Scientology of Cal. v. United States*, 506 U.S. 9 (1992) ............................................. 5

*Creech v. Reinke*, 2012 WL 1995085 (D. Idaho June 4, 2012) ................................................. 11

*Dickens v. Brewer*, 631 F.3d 139 (9th Cir. 2011) ...................................................................... 14

*Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789 (9th Cir.1999) ............................................... 6

*Gissendaner v. Comm'r, Ga.Dept. of Corr.*, 803 F.3d 565 (11th Cir. 2015) ........................ 9, 10

*Glossip v. Gross*, 135 S. Ct. 2726 (2015) ................................................................................ 8, 9

*Lopez v. Brewer*, 680 F.3d 1068 (9th Cir. 2012) ....................................................................... 14

*Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006) ............................................... 5, 7, 10

*Nunez v. Duncan*, 591 F.3d 1217 (9th Cir. 2010) ..................................................................... 11

*Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568 (1965) .......................................... 7

*Towery v. Brewer*, 672 F.3d 650 (9th Cir. 2012) ...................................................................... 14

*U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980) ............................................................. 6

*West v. Brewer*, 652 F.3d 1060 (9th Cir. 2011) ........................................................................ 14

*West v. Secretary of Dept. of Transp*, 206 F3d 920 (9th Cir. 2000) ........................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This Court already has ruled several times that intervention in this action is permitted and required for capital prisoners whose appeals are completed and are eligible for execution dates under state law. Mostly recently, on April 18, 2017, this Court granted intervention to eleven inmates "who are, for relevant purposes, identically situated" to Intervenor. Doc. 606 at 1-2. Intervenor is a "condemned inmate[] at San Quentin State Prison whose direct and collateral attacks on [his] conviction[] and sentence[] have concluded" and is therefore eligible for the setting of an execution date. *Id.* Intervenor seeks to join the Fourth Amended Complaint ("Complaint") – the very complaint currently at issue and pending in this action, "'thereby presenting identical claims to those asserted by'" current Plaintiffs. Doc. 563 at 3 (quoting Stipulation for David A. Raley to Intervene, Doc. 511 at 2). Therefore, "for the purposes of the present litigation," Intervenor is "identically situated to" the current Plaintiffs. Doc. 581 at 4. "The Court must treat identically situated persons the same. Accordingly, the Court must permit [intervenor] to intervene and must stay his execution until the present litigation is concluded." Doc. 581 at 4.

Throughout Defendants' opposition, and as seen in the responses to Plaintiffs' and Intervenor's administrative claims, Defendants make clear that their goal is to disrupt and attempt to obstruct the proceedings here. With regard to intervention, Defendants want to force capital prisoners to engage in fire-drill litigation on the eve of an active death warrant, a procedure specifically rejected by the Ninth Circuit when such efforts were undertaken with respect to Plaintiff Brown. There is no reason this Court should be forced into such a posture again through the collusive efforts or whim of the Defendants or a particular District

Attorney, as was attempted against Plaintiffs Brown, Cox, Sims, and Fairbank, and rejected by this Court.

## I. The Motion to Intervene Should Be Granted.

### A. The Fourth Amended Complaint Presents a Live Case or Controversy and the Entire Case is Not Moot.

Defendants contend that Intervenor's motion must be denied because the Fourth Amended Complaint does not present a live case or controversy and the entire case is moot because "the lethal injection protocol challenged in the FAC is the subject of a permanent injunction issued on February 21, 2012." Doc. 614 at 3-5. Defendants further note that promulgation of a valid protocol is stalled because the Office of Administrative Law has not approved their proposed regulations proposing a single-drug protocol, and due to ongoing litigation challenging the constitutionality of Proposition 66 which would allow CDCR to develop a protocol outside of the Administrative Procedures Act process. Doc. 614 at 4.

The burden of demonstrating mootness is a "heavy one." *West v. Sec'y of Dept. of Transp.*, 206 F.3d 920, 924 (9th Cir. 2000). As long as some relief is obtainable, a matter cannot be rendered moot. *Id.* Defendants cite to no case prohibiting intervention in an action where an amended complaint *may* be required someday. Instead, Defendants are bound by their judicial admission that the matter be continued until a new protocol issues. Doc. 554; Doc. 563 at 5.

Defendants rely on the state court's procedural injunction, but they overstate the limited effect of that injunction. As they well know, the injunction does not prevent setting execution dates once a protocol issues in compliance with the state Administrative Procedures Act. *See Cal. Dept. of Corr. and Rehab. v. Super. Court,* 2010 WL 3621873 (Cal. Ct. App. Sept. 10, 2010) (rejecting inmates' argument that state must seek to dissolve

first lethal injection injunction prior to setting dates).  Such an injunction cannot render this action moot as this matter involves Constitutional review.

This Court already has rejected Defendants' argument that lack of a valid protocol renders the constitutional claims in this action moot.  *See* Doc. 586 at 4 (finding that lack of a valid execution protocol and the proposed development of a single drug regulation does not defeat intervention or render plaintiffs' constitutional claims moot).  Although Defendants claim that the issue was last examined more than three years ago, this Court rejected the mootness argument less than six months ago, in granting intervention to Plaintiffs Belmontes, Hayes, Boyer, Deere, Heishman, Sully, Cunningham, Mickey, Ayala, Samayoa, and Cummings.  Doc. 606.  Nothing has changed, and Defendants merely are rearguing, nearly verbatim, their previously-rejected position.  Their position should continue to be rejected.

Since the injunction referenced by Defendants has been in effect, this Court has granted the intervention of seventeen plaintiffs.  In each instance, intervention was granted even though the State did not have an approved protocol in place, the possibility existed that amendments to the Complaint ultimately might be required (if a valid legal protocol was ever created), and despite Defendants' oppositions to the motions.  Doc. 563 at 4, 6; Doc. 581; Doc. 586; Doc. 606.  On November 21, 2012, this Court granted the requests to intervene and attendant stays of execution for David A. Raley, Tiequon A. Cox, and Robert Green Fairbank, Jr.  Doc. 563.  In allowing the intervention the Court expressly recognized that the interests of Cox and Fairbank were not adequately represented by the current Plaintiffs and that the State's non-opposition to similarly-situated inmates represented a "seemingly inconsistent position" for which no explanation had been offered.  *See* Doc. 563 at 5.

The Court subsequently allowed Plaintiffs Cooper, Pinholster, Payton, Belmontes, Hayes, Boyer, Deere, Heishman, Sully, Cunningham, Mickey, Ayala, Samayoa, and

Cummings to intervene, finding that they were identically situated to existing Plaintiffs and therefore must be treated the same.  Doc. 581 at 4; Doc. 586 at 4; Doc. 606 at 4.  Further, Defendants have not otherwise suggested that the State's lack of a valid lethal injection protocol renders this case moot.  Rather, Defendants and Plaintiffs repeatedly have requested that the Court proceed with this litigation once an operative protocol is in effect.  *See* Order Resolving Motions to Intervene and to Stay Executions, Doc. 563 at 5 ("[T]he Court has continued to defer to the parties' repeated joint requests not to proceed with this litigation until an operative protocol is in place."); *see also* Doc. 554 ("Pursuant to the parties' stipulation …The parties shall submit a new proposed schedule within thirty days after (1) viable lethal-injection regulations are in place or (2) the Marin Superior Court's decision invalidating the regulations, *Sims v. Cal. Dep't of Corr. & Rehab.*, No. CIV 1004019 (Cal. Super. Ct. Marin Cnty. Feb. 21, 2012), is overturned on appellate review, whichever occurs first.").

Defendants further contend that there is no live case or controversy because the Court "cannot enjoin, or declare invalid, an execution procedure that does not exist" and therefore cannot provide effective relief.  Doc. 614 at 4-5.  This Court previously has rejected this argument as well.  *See* Doc. 563 at 5 (noting that it has never found lack of a valid lethal injection protocol to be a basis justifying delay of this litigation).  "When the Court resumes its review of the protocol, it intends to do so deliberately and expeditiously while complying with the instruction of the Court of Appeals to 'take the time necessary to do so,' 623 F.3d at 829.  As Defendants previously have recognized, this will be possible only if executions are not scheduled until this review is complete."  *Id.* at 5-6.  Thus, the matter is not moot – it is merely dormant while Defendants attempt to remedy their violations, return to this Court, and this Court conducts its review.

In this regard, the existing plaintiffs do not adequately represent Intervenor's interests, as indicated by the near execution of Plaintiff Brown prior to his intervention (s*ee id.* at 5), and the attempts to conduct the executions of Plaintiffs Cox and Fairbank prior to their interventions in this matter and despite the *Sims* injunction. *Id.* at 4.

The Fourth Amended Complaint currently is the operative complaint in this litigation, pursuant to Court order and the parties' stipulations. Defendants cannot reasonably move to dismiss the Complaint as moot given that there currently is an adverse finding against Defendants that California's actions and failures to act with respect to the implementation of its lethal-injection protocol have resulted in an intolerable risk of a Constitutional violation (*Morales v. Tilton*, 465 F. Supp. 2d 972, 981 (N.D. Cal. 2006)), orders to remedy these violations (Doc. 424 at 4), a denial of a motion to dismiss (Doc. 461 at 12), and Defendants' stipulation to continue the litigation to permit it to demonstrate it can constitutionally execute plaintiffs (Doc. 554; Doc. 563 at 5). Remedying this risk requires California to undertake a "meaningful" review of its processes, which "*must be undertaken* with an openness to the idea of making significant improvements in the 'infrastructure' of executions." *Morales*, 465 F. Supp. 2d at 983 (emphasis added). Thus, there clearly is effective relief available that can be obtained by each of the Plaintiffs and the prospective Plaintiff. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12-13 (1992).

While the State has never done so, Defendants did publicly announce that they would undertake the requisite meaningful review. Doc. 291, Ex. A. This review necessarily requires that at times Defendants' lethal injection protocol will be in various stages of dormancy, consideration, promulgation, and/or effect. Claiming that the lack of an operative execution protocol renders the entire case moot is disingenuous, and contradicts Defendants' prior representations (Doc. 291, Ex. A.), and the parties' repeated requests to continue this

litigation once an operative protocol is in effect. Doc. 563 at 5. Defendants have not presented any factual circumstances that have changed since the Court granted the most recent motions to intervene that would alter the Court's analysis or exclude Intervenor from this case.

Further, taken to its logical conclusion, Defendants' position would require a new action be filed each and every time they alter their protocol, even though judgment has not issued on the first action. It would be required on the eve of execution, which would violate the review contemplated in *Brown*. And, it would place the litigation clearly within the framework of "capable of repetition, yet evading review." *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) (en banc); *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980) (it is enough that the litigant "faces some likelihood of becoming involved in the same controversy in the future.").

### B. The Issues in the Complaint Are Ripe for Review.

Defendants contend that intervention must be denied because the allegations in the complaint are not ripe for review, again relying on the fact that there is no valid lethal injection protocol in place, and no evidence of any active execution warrants concerning Intervenor or Plaintiffs. Doc. 614 at 5. As discussed above, this Court specifically has rejected these arguments and granted motions to intervene even in the absence of a valid protocol or active execution warrants. Doc. 581 at 4 (granting intervention to Cooper despite lack of active execution warrant); Doc. 586 at 4 (granting intervention to Pinholster and Payton despite lack of active execution warrants); Doc. 606 at 4 (granting intervention despite lack of any active execution warrants). In rejecting Defendants' claims that the motions to intervene of Plaintiffs Cox and Fairbank were premature because no execution date had been set, the Court held:

> Defendants could have made these arguments in connection with Sims, Fields, and Raley, and there is no explanation for Defendants' shift to this seemingly inconsistent position. Moreover, the course of the present litigation --particularly in regards to Brown nearly being executed -- demonstrates that these arguments are wrong on the merits.

Doc. 563 at 5. Furthermore, the cases cited by Defendants are inapposite. This litigation does not involve "abstract disagreements." *Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 580 (1965). Here, this Court has found an intolerable risk of a constitutional violation requiring meaningful review, noting several "critical deficiencies," in Defendants' prior protocol that were not related to the number of drugs used. *Morales,* 465 F. Supp. 2d at 979, 981.

Defendants further allege that because there is no valid lethal injection protocol and no active execution warrant, "there is no genuine threat of imminent prosecution, [therefore] [the] case is not ripe for review. *See San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)." Doc. 614 at 5. The course of the present litigation demonstrates that this is not the case. This Court has noted, and Defendants have acknowledged, that deliberate and expeditious review requires that no executions be scheduled until this review is complete. Doc. 563 at 5-6. Nevertheless, the State has attempted to set execution dates for Plaintiffs Morales and Sims despite the stays ordered in this litigation, and has attempted to compel the executions of Cox and Fairbank despite a permanent injunction against the lethal injection protocol and despite assurances by the Attorney General that executions would not be attempted until this litigation is completed. *See* Doc. 594 at 9; Doc. 563 at 5.

//

**C. This Court's Finding That California's Lethal Injection Protocol, As Applied, Violates the Eighth Amendment, Remains Applicable.**

As discussed above, Defendants currently are subject to an adverse finding that California's lethal injection protocol, as implemented, violated the Eighth Amendment and created a demonstrated risk of severe pain. *See* Doc. 563 at 2, and n.1 (quoting *Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006) and Doc. 424). Defendants argue that Intervenor cannot rely on this finding because the intervening decisions of *Baze* and *Glossip* render the finding unpersuasive. Doc. 614 at 6-7. For the reasons stated above, and in Section II, *infra*, Defendants are incorrect. This Court already has found that Plaintiffs have met the *Baze* standard, and there remains a "significant dispute" as to whether the violations have been addressed. Doc. 424 at 6. This Court has not yet had the opportunity to review any alleged remedies undertaken by Defendants because the parties have repeatedly agreed that litigation should resume once an operative protocol is in effect. *See* Doc. 586 at 5. The Court's "thorough and particularly thoughtful opinion" (Doc. 563 at 2) concluding that Defendants' implementation of the lethal injection protocol is unconstitutional remains the law of the case.

**II.** <u>**The Fourth Amended Complaint is Valid, States a Claim for Relief, and Satisfies the Requirements of *Glossip v. Gross*, 135 S. Ct. 2726 (2015).**</u>

Paying no heed to this Court's orders, Defendants assert that the Complaint does not state a claim for relief, arguing that it does not comply with the pleading requirements of *Baze v. Rees*, 553 U.S. 35 (2009) and *Glossip v. Gross*, 135 S. Ct. 2726 (2015).

This Court already has held that Plaintiffs have met the *Baze* standard. Doc. 461 at 12 (denying Defendants' Partial Motion to Dismiss); Order Following Remand, Doc. 424 at 4 (finding that California's lethal injection protocol "as implemented in practice through and including the date of the evidentiary hearing in the 2006 Morales litigation created a 'demonstrated risk of severe pain.'"). *Glossip* had not yet been decided at the time the

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

Fourth Amended Complaint was filed; however, *Glossip* merely reiterated the *Baze* standard that Plaintiffs already have satisfied – "the Eighth Amendment requires a prisoner to plead and prove a known and available alternative" and that a plaintiff must show "that there is a substantial risk of severe pain." *Glossip*, 135 S. Ct. at 2739-40.

Defendants rely on *Brewer v. Landrigan*, 562 U.S. 996 (2010), and assert that "speculation cannot substitute for evidence[.]" Doc. 614 at 7. In doing so, Defendants ignore the extensive factual record in this case. "'It is fair to say that there is no case involving an Eighth Amendment challenge to a lethal-injection protocol in which the factual record is as developed as the record here.'" Doc. 424 at 2 (quoting Doc. 401 at 6). Defendants' arguments fail to address this Court's previous orders holding that the *Baze* standard has been met.

This Court also has found that the Fourth Amended Complaint adequately pleads alternatives that are feasible, readily implemented, and will significantly reduce the risk of severe pain. Doc. 461 at 14 (Finding that the Fourth Amended Complaint "is sufficiently specific with respect to available alternative procedures to address the concerns articulated by the Chief Justice [in *Baze*] and thus to survive a motion to dismiss.").

Defendants claim the pleading is insufficient because it lacks details regarding the alleged deficiencies in the lethal injection protocol, and contains only broad assertions that do not meet the *Baze* and *Glossip* standard. Doc. 614 at 8. In making this argument, Defendants continue to ignore the fact that this Court already has found that Plaintiffs have met the *Baze* standard, and that the Complaint has survived a motion to dismiss. Doc. 461 at 14.

Further, Defendants claim that the Complaint contains speculative claims that "fall far short of what a plaintiff is required to plead to state a method-of-execution claim," citing

*Gissendaner v. Comm'r, Ga. Dept. of Corr.*, 803 F.3d 565, 568-69 (11th Cir. 2015). Doc. 614 at 8-9. However, unlike in *Gissendaner*, where the plaintiff alleged there was a possibility of improper administration of the lethal injection drug, these claims are far from speculative and already have been factually established in the record in this case. In *Gissendaner*, the plaintiff's execution was called off when the doctor and pharmacists expressed concern about the cloudiness of the drug, and believed they were not appropriate for medical use. The District Court granted a motion to dismiss, finding that plaintiff's assertion that, based on this one incident, defendants were likely to obtain defective drugs in the future was speculative. *Gissendaner*, 803 F.3d at 570-71.

In contrast, this Court has found, based on an extensive record, that Defendants actions, or lack thereof, as indicated by the records of previous executions, raise the risk of an Eighth Amendment violation, *Morales v. Tilton*, 465 F. Supp. at 981, and "at the pleading stage Plaintiffs' detailed factual allegations as to the various ways in which the new regulations allegedly have failed to remedy the deficiencies of [the prior protocols], (e.g., Doc. No. 428 at 38–46), cannot simply be dismissed as implausible." Doc. 461 at 12-13. Defendants' position further ignores that the finding here is that the constitutional violation is *in the actual implementation of the lethal injection protocol*, i.e. that no matter the specific combination of drugs used, the administration procedures themselves are so deficient that they constitute an Eighth Amendment violation. This clearly distinguishes the line of cases beginning with *Glossip* that focus on specific drug combinations.

Additionally, as discussed above and in Intervenor's motion (Doc. 612 at 10-11), this Court has granted motions to intervene even when it is clear that the Complaint will require

amendment once an active protocol is put into effect.  *See* Doc. 563; Doc. 581; Doc. 586; Doc. 606.

**III.     Intervenor Has Adequately Exhausted His Administrative Remedies.**

Defendants claim that Intervenor's motion must be denied for failure to exhaust administrative remedies.  Intervenor has filed an administrative complaint with Defendant CDCR, and has had his complaint rejected at both the first and second levels of review.  Defendant CDCR has taken the position that his complaint is not permitted at this time:

> Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(l). Your appeal concerns an anticipated action or decision. Such issues are not appealable until they happen.

CDCR Form 695, Re: Screening at the First Level, September 11, 2017, attached hereto as Exhibit A.

"[T]he PLRA requires prisoners to exhaust only those avenues of relief that are 'available' to them.  42 U.S.C. § 1997e(a)." *Creech v. Reinke*, 2012 WL 1995085, at *4 (D. Idaho June 4, 2012).  The actions of prison officials may prevent an inmate from employing administrative remedies such that "an administrative remedy that may be theoretically in place will not be available to the prisoner as a practical matter, and the failure to adhere to technical requirements will be excused." *Id.*  This is such a case.  "Allowing an excuse for failure to exhaust under the circumstances of this case furthers the PLRA's goal of efficiency by 'reducing the quantity and improving the quality of prisoner suits.'" *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 94 (2006)) (internal quotations omitted).

In *Nunez*, erroneous information provided by prison officials caused Nunez to fail to timely exhaust his administrative remedies.  The Ninth Circuit held "under the circumstances of this case, that the Warden's mistake rendered Nunez's administrative remedies effectively

unavailable, and that his failure to exhaust them is excused." *Nunez*, 591 F.3d at 1226. The same result is appropriate here.

In *Beardslee v. Woodford*, 395 F.3d 1064 (9th Cir. 2005), the Ninth Circuit recognized that an administrative complaint filed prior to service of an execution warrant likely "would have been dismissed as unripe," due to regulatory prohibitions against "anticipated actions." *Id.* at 1069 & n.5. The Court noted that "[w]hether or not exceptions would exist for circumstances such as these is an unsettled question." *Id.* at 1069 n.5. Here, Defendants have made it clear to inmates that complaints regarding the lethal injection protocol are not appropriate until they have been served with execution warrants. *See* Exh. A. However, waiting to exhaust in this case may likely prohibit Intervenor from timely intervening in this litigation.[1] Therefore, administrative review is effectively unavailable to Intervenor and exhaustion is not required. *See also Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002) (reversing dismissal of complaint based on failure to exhaust administrative remedies where inmate claimed prison officials advised him that he could not file a formal complaint until after investigation had been completed.).

IV.     **Intervenor Meets the Requirements for Intervention.**

Defendants claim that Intervenor is entitled to intervene "only if his interests are not adequately represented by the parties to the action," and that he "does not satisfy this standard" because "current Plaintiffs are similarly situated condemned inmates who are challenging the same method of execution that was invalidated five years ago." Doc. 614 at 10. This old refrain repeatedly has been rejected by this Court. Doc. 563 at 5. As a condemned inmate whose appeals have been exhausted, Intervenor is similarly situated to Plaintiffs, and in joining the Fourth Amended Complaint raises claims identical to those of

---

[1] This is exactly the forcing of a hurried litigation that plagued Plaintiff Brown's matter and as to which the Ninth Circuit plainly rejected.

the current Plaintiffs. *Id.* at 3. Further, the near execution of Plaintiff Brown and the attempts to compel the executions of Plaintiffs Cox and Fairbank demonstrate that existing Plaintiffs cannot adequately represent Intervenor's interests. *Id.* at 5.

## V.     Intervenor Is Entitled to a Stay of Execution.

Defendants claim that Intervenor cannot show that he is likely to succeed on the merits because: 1) there is no justiciable claim or controversy; 2) this matter is not ripe for review; 3) the Complaint fails to identify a known and available alternative as required by *Glossip*; 4) Intervenor has not submitted evidence in support of his motion for a stay of execution; 5) Intervenor has not completed efforts to exhaust administrative remedies; 6) Intervenor has not shown that an aspect of an execution procedure in effect will cause substantial pain; and 7) Intervenor has not, as required by *Glossip*, identified an alternative to an aspect of an execution protocol, and has not proven that an alternative is known, readily available, and would cause substantially less pain in comparison to a term of a state's protocol. As discussed above, each of these arguments by Defendants fails.

Furthermore, Defendants' argue that the balance of equities does not tip in favor of a stay, and that a stay is not in the public interest, because no valid protocol exists that threatens this interest. However, this fact did not constrain the Court from granting stays of execution to existing Plaintiffs (nor did it constrain Defendants from stipulating that Raley was entitled to a stay), and thus should not prevent the granting of Intervenor's stay request based upon identical claims for relief. In fact, it was the reason the Ninth Circuit directed a stay in Brown.

Moreover, these factors did not constrain Defendants' counsel from assisting in the pursuit of execution settings for Plaintiffs Morales, Brown, Sims, Cox, and Fairbank, even after Morales and Sims had stays of execution from this Court, and even after Defendants'

counsel represented to this Court that no execution dates would be sought.  Defendants' contentions are spurious at best, and are refuted by their own conduct.

The State's cited authorities are factually distinguishable from the circumstances and allegations of this case.  Unlike the present case where multiple similarly-situated individuals who already are parties to the case have been found to meet the preliminary injunction standard, the State's authorities involve instances where the plaintiff(s) was either appealing a denial of a request for a stay in the first instance or where the court was ruling on an appeal of the merits of the claims themselves.  *See Lopez v. Brewer*, 680 F.3d 1068 (9th Cir. 2012) (upholding denial of stay request where Eighth Amendment challenge was to the pain caused by the placement of IV catheters used in execution process because some pain is an inescapable consequence of death and plaintiff failed to show that the placement of IV catheters would rise to the level of pain protected by the Eighth Amendment); *West v. Brewer*, 652 F.3d 1060 (9th Cir. 2011) (upholding denial of stay request); *Dickens v. Brewer*, 631 F.3d 139 (9th Cir. 2011) (affirming summary judgment where protocol's safeguards were adequate under the *Baze* standard and there was no material issue of fact regarding compliance with the protocol); *Towery v. Brewer*, 672 F.3d 650 (9th Cir. 2012) (affirming denial of request for preliminary injunction).

Here, this Court already has found that the Complaint satisfies the *Baze* standard (Doc. 461 at 12-13), and already has issued stays for identically-situated plaintiffs.  Doc. 563 at 6; Doc. 581 at 4; Doc. 586 at 5-6; Doc. 606 at 4.

### VI.     The Requested Stay Is Not Overbroad.

Defendants assert that Intervenor's requested stay is overbroad because it "extends to 'all preparation relating' to the executions (sic) of Zapien."  Doc. 614 at 12.  However, Defendants *stipulated* to the same stay in Raley's case.  What Intervenor requests is that the

Court "extend[] to him the same stay already in place for Plaintiffs Morales, Brown, Sims, Fields, Cox, Raley, Fairbank, Cooper, Pinholster, Payton, Belmontes, Hayes, Boyer, Deere, Heishman, Sully, Cunningham, Mickey, Ayala, Samayoa, and Cummings." Doc. 612 at 16. This Court already has found this stay to be appropriate and necessary to ensure the deliberate and expeditious review of California's lethal injection regulations "while complying with the instruction of the Court of Appeals to 'take the time necessary to do so,' 623 F.3d at 829." Doc. 563 at 5. Further, as to Plaintiffs Sims and Fields, Defendants never have asserted that the stay ordered by this Court was overbroad, and did not oppose it on the merits. Doc. 511 at 2-3; Doc. 563 at 5. In these cases, the Attorney General did not believe that a stay of execution – including all preparation relating thereto – was overbroad. For Defendants to suggest it is at this time is patently disingenuous.

It would be unfair and inequitable to now hold Intervenor to a different standard. "For the purposes of the present litigation," Intervenor is "identically situated to" the current Plaintiffs, and must be treated the same. Doc. 581 at 4. Accordingly, the Court must permit [intervenor] to intervene and must stay his execution until the present litigation is concluded." *Id.*

/ /

/ /

/ /

## CONCLUSION

For the foregoing reasons, Intervenor has demonstrated that he must be permitted to intervene in this action and should be granted the same stay of execution as the existing Plaintiffs.

DATED: October 12, 2017

By: /s/

David A. Senior
McBREEN &SENIOR

Richard P. Steinken
Kelly M. Morrison
Kate T. Spelman
JENNER & BLOCK

John R. Grele
LAW OFFICE OF JOHN R. GRELE

*Attorneys for Intervenor*
CONRAD JESS ZAPIEN

**MCBREEN & SENIOR**
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

16
REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS