UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO MORALES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT KERNAN[1], Secretary of the California Department of Corrections and Rehabilitation, et. al.,<br><br>Defendants. | Case No. 06-cv-0219 RS<br>06-cv-0926 RS<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER GRANTING MOTION TO INTERVENE AND MOTION TO STAY EXECUTION**<br><br>Re: Doc. No. 612 |

Conrad Jess Zapien is a condemned inmate at San Quentin State Prison whose direct and collateral attacks on his conviction and sentence have concluded. He moves to intervene in the instant actions, which involve challenges to the constitutionality of California's protocol for executions by lethal injection, and to have his execution stayed pending the conclusion of this litigation. (Doc. No. 612.) The Court discussed the relevant issues in detail in a prior order permitting intervention by, and granting stays of execution to, three other prisoners who are, for relevant purposes, identically situated to the current would-be intervenor. (Doc. No. 563.) The present order therefore contains only a limited discussion of the issues to the extent necessary to resolve the instant motion.

When condemned prisoner Michael Angelo Morales initiated this litigation, the prior assigned district judge conditionally denied his request to stay his execution. *Morales v. Hickman*, 415 F. Supp. 2d 1037 (N.D. Cal. 2006). Defendants did not execute Morales as scheduled, and a stay of execution issued pursuant to the Court's conditional order. Discovery and an evidentiary

---

[1] Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation, and Ron Davis, Warden of the California State Prison at San Quentin, are substituted as defendants for their predecessors in those positions pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

hearing followed, after which the Court concluded that the lethal-injection protocol, as implemented, violated the Eighth Amendment. *Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006). The Court then acceded to a joint request by Morales and Defendants to refrain from proceeding further with the present litigation until related state-court and administrative processes were completed. Those administrative processes remain active.

Following certain state proceedings, Defendants scheduled Albert Greenwood Brown's execution. Brown moved to intervene and for a stay of execution. Recognizing that "Brown's federal claims are virtually identical to those asserted by . . . Morales," (Doc. No. 401 at 1), the Court permitted Brown to intervene, but conditionally denied the stay application. Brown appealed to the Court of Appeals for the Ninth Circuit. *Morales v. Cate*, 623 F.3d 828, 829 (9th Cir. 2010). On remand, pursuant to guidance from the Ninth Circuit, this Court stayed Brown's execution.

Condemned prisoners Mitchell Carlton Sims and Stevie Lamar Fields subsequently moved to intervene as Plaintiffs in these actions, and requested that their executions be stayed. Significantly, "Defendants acknowledge[d] that the intervenors have a 'claim or defense that shares with the main action a common question of law or fact,'" (Doc. No. 472 at 2 (quoting Fed. R. Civ. P. 24(b)(1)(B))), and they did not oppose permitting intervention and staying the executions scheduled for Sims and Fields. The Court found that "Sims and Fields are similarly situated to Morales and Brown in that they are condemned prisoners whose executions are not otherwise stayed and whose claims in their complaint in intervention are virtually identical to those asserted by Morales and Brown." (Doc. No. 473 at 1–2.) Accordingly, the Court concluded that "Sims and Fields are entitled to intervene and, like Morales and Brown, to have their executions stayed until the present litigation is concluded." (*Id.* at 2.)

In regards to the next prisoner whose execution was to be scheduled, David A. Raley, the parties jointly stated that,

> Raley is similarly situated to Fields, Sims, Morales, and Brown in that he is a condemned prisoner whose execution is not otherwise stayed. He will join in the Fourth Amended Complaint, thereby presenting identical claims to those asserted by Morales and Brown. Accordingly, Raley is entitled to intervene and, like Morales, Brown, Fields, and Sims, to have his execution stayed until the present litigation is concluded.

2

(Doc. No. 511 at 2.) The parties therefore stipulated and asked the Court to order that,

> Raley may intervene as a Plaintiff in this litigation as to the Fourth Amended Complaint, and that all proceedings related to the execution of his sentence of death, including but not limited to preparations for an execution and the setting of an execution date for Mr. Raley, are hereby stayed on the same basis and to the same extent as in the case of Plaintiffs Morales, Brown, Fields, and Sims.

(*Id.* at 2–3.)

The Court initially did not act on the stipulation, as it appeared unnecessary to do so. However, when there was no longer a sufficient basis to defer action, the Court granted the parties' joint request, noting that "the parties are correct that Raley is similarly situated to the present Plaintiffs and therefore entitled to intervene and to have his execution stayed." (Doc. No. 563 at 4.)

Tiequon A. Cox and Robert Green Fairbank, Jr., were the next prisoners to move to intervene in the instant actions and to request stays of execution. Even though Defendants did not oppose intervention by, and stays of execution for, Sims and Fields, and had stipulated to intervention by, and a stay of execution for, Raley, Defendants opposed the motions filed by Cox and Fairbank. However, as the Court recognized, Cox and Fairbank were, "for purposes of the present litigation, identically situated to Morales, Brown, Sims, and Fields, as well as Raley." Accordingly, the Court held that Cox and Fairbank were "entitled . . . to intervene and to have their executions stayed until this litigation is concluded." (*Id.*)

Subsequently, Kevin Cooper, Scott Pinholster, William Payton, Fernando Belmontes, Jr., Royal Kenneth Hayes, Richard Delmer Boyer, Ron Deere, Harvey Lee Heishman, Anthony Jack Sully, Albert Cunningham, Douglas Mickey, Hector Ayala, Richard Samayoa, and Raynard Paul Cummings were allowed to intervene and were issued stays of their executions over Defendants' objections. (Doc. Nos. 581, 586, 606.)

Defendants oppose the current motion to intervene and stay of execution primarily on the ground that they believe the current proceedings are moot in light of the fact the lethal injection protocol that is the subject of this litigation is enjoined and efforts are underway to promulgate a one-drug lethal injection protocol. (Doc. No. 614.) As noted in their recently filed Statement of Recent Decision (Doc. No. 616), the new proposed protocol has yet to be approved by the state.

3

1 Defendants raised a similar argument in opposing intervention by, and stays of execution for, Cox and Fairbank. The Court rejected Defendants' assertion, noting that "one-drug executions have been at issue in this litigation since it commenced." (Doc. No. 563 at 4.) Moreover, it found "'a number of critical deficiencies,'. . . in Defendants' prior protocol that were not related to the number of drugs used." (*Id.* at 4-5, quoting *Morales v. Tilton*, 4654 F. Supp. 2d at 979.) As with prior motions to intervene following those of Cox and Fairbank, Defendants make no showing that the Court should reconsider its prior conclusions. The deficiencies noted by this Court extend far beyond the issue of number and type of drugs used and remain a very real concern for any protocol. Thus, some specific relief is still obtainable and the case is not moot. *See West v. Sec'y of Dept. of Transp.*, 206 F.3d 920, 924 (9th Cir. 2000).

Defendants also challenge Zapien's intervention based on a purported admitted failure to exhaust administrative remedies. Like Zapien, prior intervenors cited *Beardslee v. Woodford*, 395 F.3d 1064 (9th Cir. 2005), for the proposition that they were not required to exhaust administrative remedies. Most alleged that they had filed an administrative grievance or appeal, but did not allege that they completed the process. The would-be intervenors' arguments both past and present regarding not being required to exhaust administrative remedies under *Beardslee* are well-taken.

For purposes of the present litigation, Zapien is identically situated to Morales, Brown, Sims, Fields, Raley, Cox, Cooper, Fairbank, Pinholster, Payton, Belmontes, Jr., Hayes, Boyer, Deere, Heishman, Sully, Cunningham, Mickey, Ayala, Samayoa, and Cummings. The Court must treat identically situated persons the same. Accordingly, the Court must permit Zapien to intervene and must stay his executions until the present litigation is concluded.

//
//
//
//
//
//
//

4

Good cause appearing therefor, the Court grants Conrad Jess Zapien's motion to intervene and to have his execution stayed (Doc. No. 612). As is the case for Plaintiffs Michael Angelo Morales, Albert Greenwood Brown, Mitchell Carlton Sims, Stevie Lamar Fields, David A. Raley, Tiequon A. Cox, Robert Green Fairbank Jr., Kevin Cooper, Scott Pinholster, William Payton, Fernando Belmontes, Jr., Royal Kenneth Hayes, Richard Delmer Boyer, Ron Deere, Harvey Lee Heishman, Anthony Jack Sully, Albert Cunningham, Douglas Mickey, Hector Ayala, Richard Samayoa, and Raynard Paul Cummings, all proceedings related to the execution of Conrad Jess Zapien's death sentence, including but not limited to preparations for any execution and the setting of an execution date, are hereby stayed until the conclusion of this litigation.

**IT IS SO ORDERED.**

Dated: October 23, 2017

_____
RICHARD SEEBORG
United States District Judge