David A. Senior (SBN 108759)
MCBREEN & SENIOR
1900 Avenue of the Stars, Eleventh Floor
Los Angeles, California 90067
Phone: (310) 552-5300
Fax: (310) 552-1205
dsenior@mcbreensenior.com

John R. Grele (SBN 167080)
LAW OFFICE OF JOHN R. GRELE
1000 Brannan Street, Suite 400
San Francisco, California 94103
Phone: (415) 655-8776
Fax: (415) 484-7003
jgrele@earthlink.net

Richard P. Steinken (admitted PHV)
JENNER & BLOCK
353 N. Clark Street
Chicago, IL 60654
Phone: (312) 923-2938
Fax: (312) 840-7338
rsteinken@jenner.com

Attorneys for Intervenor
RONALDO AYALA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ANGELO MORALES, | ) CASE NO. 06-cv-0219 RS |
| | )              06-cv-0926 RS |
| Plaintiff, | ) |
| | ) REPLY IN SUPPORT OF MOTION TO |
| vs. | ) INTERVENE BY RONALDO AYALA, AND FOR |
| | ) STAY OF EXECUTION; MEMORANDUM OF |
| SCOTT KERNAN, Secretary of the | ) POINTS AND AUTHORITIES |
| California Department of Corrections | ) |
| and Rehabilitation, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

**MEMORANDOM OF POINTS AND AUTHORITIES** ...................................................... 1

INTRODUCTION ................................................................................................... 1

I.    The Motion to Intervene Should Be Granted.................................................... 3

  A.   The Fourth Amended Complaint Presents a Live Case or Controversy and the Entire

  Case is Not Moot.................................................................................................... 3

  B.   The Issues in the Complaint Are Ripe for Review............................................ 10

  C.   This Court's Finding that California's Lethal Injection Protocol, As Applied,

  Violates the Eighth Amendment, Remains Applicable......................................11

II.   The Fourth Amended Complaint is Valid, States a Claim for Relief, and Satisfies the

  Requirements of Glossip v. Gross, 135 S. Ct. 2726 (2015).......................... 12

III.  Intervenor Has Adequately Exhausted His Administrative Remedies. ......................... 14

IV.   Intervenor Meets the Requirements for Intervention.................................................... 16

V.    Intervenor is Entitled to a Stay of Execution. ............................................................. 16

VI.   The Requested Stay Is Not Overbroad........................................................................ 18

**CONCLUSION** .................................................................................................. **19**

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

# TABLE OF AUTHORITIES

**Cases**

*Baze v. Rees*, 553 U.S. 35 (2009) ........................................................................ 12

*Beardslee v. Woodford*, 395 F.3d 1064 (9th Cir. 2005) ...................................... 16

*Brewer v. Landrigan*, 562 U.S. 996 (2010) ........................................................ 13

*Brown v. Croak*, 312 F.3d 109 (3d Cir. 2002) ................................................... 16

*Cal. Dept. of Corr. and Rehab. v. Superior Court,* 2010 WL 3621873 (Cal. Ct. App. Sept. 10, 2010) ............................................................................................................. 4

*Church of Scientology of Cal. v. United States*, 506 U.S. 9 (1992) ..................... 10

*Clemons v. Crawford*, 585 F.3d 1119 (8th Cir. 2009) ........................................ 9

*Cooey v. Strickland*, 589 F.3d 210 (6th Cir. 2009) ............................................ 9

*Creech v. Reinke*, 2012 WL 1995085 (D. Idaho June 4, 2012) .......................... 15

*Dickens v. Brewer*, 631 F.3d 1139 (9th Cir. 2011) ....................................... 8, 18

*Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789 (9th Cir.1999) ..................... 10

*Dunn v. McNabb*, ___ S. Ct. ___ 2017, 2017 WL 4698311 (Oct. 19, 2017) .......................... 2

*Emmett v. Johnson*, 532 F.3d 291 (4th Cir. 2008) ............................................. 9

*Gissendaner v. Comm'r, Ga.Dept. of Corr.*, 803 F.3d 565 (11th Cir. 2015) ...................... 14

*Glossip v. Gross*, 135 S. Ct. 2726 (2015) ..................................................... 12, 13

*Harbison v. Little*, 571 F.3d 531 (6th Cir. 2009) ............................................... 9

*Jackson v. Danberg*, 594 F.3d 210 (3d Cir. 2010) ............................................ 9

*Lopez v. Brewer*, 680 F.3d 1068 (9th Cir. 2012) .............................................. 18

*Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006) ........................... passim

*Nooner v. Norris*, 594 F.3d 592 (8th Cir. 2010) ............................................... 9

*Nunez v. Duncan*, 591 F.3d 1217 (9th Cir. 2010) ............................................. 15

*Raby v. Livingston*, 600 F.3d 552 (5th Cir. 2010) ............................................ 9

*Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568 (1965) ................... 11

*Towery v. Brewer*, 672 F.3d 650 (9th Cir. 2012) .............................................. 18

*U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980) ................................... 10

*West v. Brewer*, 652 F.3d 1060 (9th Cir. 2011) ............................................... 18

*West v. Secretary of Dept. of Transp*, 206 F3d 920 (9th Cir. 2000) .................. 3

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants continue to oppose routine intervention despite the very clear and consistent orders issued by this Court addressing the issue, including one issued only days before this motion was filed. Doc. 620. Defendants identify no reason for this Court to depart from the same result it now has reached on *eight* earlier occasions. Docs. 620, 606, 586, 581, 563, 511, 473, 401/424. In fact, Defendants' opening paragraph summarizing the four reasons why this motion should be denied is identical to the opening paragraph in their October 5, 2017 opposition to Conrad Zapien's similar motion. *Compare* Doc. 628 at 7 *with* Doc. 614 at 7. Those arguments had no merit then, and they have no merit now. For the identical reasons set forth by this Court on October 23, 2017 with regard to Plaintiff Zapien, Intervenor's motion should be granted.

## INTRODUCTION

Intervenor is a "condemned inmate[]... whose direct and collateral attacks on [his] conviction[] and sentence[] have concluded" and is therefore eligible for the setting of an execution date. Doc. 620 at 1. Intervenor seeks to join the Fourth Amended Complaint ("Complaint") – the very complaint currently at issue and pending in this action, "'thereby presenting identical claims to those asserted by'" current Plaintiffs. Doc. 563 at 3 (quoting Stipulation for David A. Raley to Intervene, Doc. 511 at 2). Therefore, "for the purposes of the present litigation," Intervenor is "identically situated to" the current Plaintiffs. Doc. 620 at 4; Doc. 581 at 4. "The Court must treat identically situated persons the same. Accordingly, the Court must permit [intervenor] to intervene and must stay his execution until the present litigation is concluded." Doc. 620 at 4; Doc. 581 at 4.

Defendants allege that this Court has granted these stays without any reference to the *Baze* and *Glossip* standards. However, in granting intervention, this Court has recognized

---

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

that Defendants currently are subject to an adverse finding under *Baze.* Doc. 563 at 2 n.1. Defendants continue to ignore these facts.

Intervenor is likely to succeed on the merits. This Court already has found that the demonstrable unreliability of the State's execution protocol, and Defendants' failure to correct it, creates a substantial risk of an Eighth Amendment violation as defined in *Baze.* Doc. 424 at 4. Irrespective of whether Defendants may be able to demonstrate that they have addressed and remedied the constitutional violations, they have not done so and cannot do so merely by promulgating a new lethal injection protocol.

Defendants claim that *Dunn v. McNabb*, ___ S. Ct. ___ 2017, 2017 WL 4698311 (Oct. 19, 2017) now changes the landscape, although they apparently did not think so when Intervenor Zapien's motion was pending in that they never brought the case to this Court's attention. *See* N.D. Cal. L.R. 7-3(d)(2). In any event, *McNabb* does not preclude a stay of execution, because Intervenor has shown, as have Plaintiffs, that a *Baze* violation exists and success on the merits is likely.

Defendants continue to ignore the clear directive of the Ninth Circuit with regards to review.[1] The direct impact of Defendants' position would be to force capital prisoners to engage in fire-drill litigation on the eve of an active death warrant, a procedure specifically rejected by the Ninth Circuit when such efforts were undertaken with respect to Plaintiff Brown. There is no reason this Court should be forced into such a posture again through the collusive efforts or whim of the Defendants or a particular District Attorney, as was attempted against Plaintiffs Brown, Morales, Cox, Sims, and Fairbank, and rejected by this Court.

---

[1] These tactics commenced upon the issuance of this Court's December 15, 2006 order (*Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006)), and are well documented.

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   **The Motion to Intervene Should Be Granted.**

### A.  **The Fourth Amended Complaint Presents a Live Case or Controversy and the Entire Case is Not Moot.**

Defendants contend that Intervenor's motion must be denied because the Fourth Amended Complaint does not present a live case or controversy and the entire case is moot because "the lethal injection protocol challenged in the FAC is the subject of a permanent injunction issued on February 21, 2012." But, as Defendants acknowledge, that injunction itself is now moot because California Penal Code section 3604.1, enacted through Prop 66, exempts execution regulations from the APA. Doc. 628 at 3-5.

The burden of demonstrating mootness is a "heavy one." *West v. Sec'y of Dept. of Transp.*, 206 F.3d 920, 924 (9th Cir. 2000). As long as some relief is obtainable, a matter cannot be rendered moot. *Id.* Defendants cite to no case prohibiting intervention in an action where an amended complaint *may* be required someday. Instead, Defendants are bound by their judicial admission that the matter be continued until a new protocol issues. Doc. 563 at 5; Doc. 554.

Defendants rely on the state court's procedural injunction, but they overstate the limited effect of that injunction. As they well know, the injunction does not prevent setting execution dates once a valid protocol issues. *See Cal. Dept. of Corr. and Rehab. v. Super. Court,* 2010 WL 3621873 (Cal. Ct. App. Sept. 10, 2010) (rejecting inmates' argument that state must seek to dissolve first lethal injection injunction prior to setting dates). Further, as Defendants acknowledge, a lethal injection protocol may now issue without the transparency required by the APA and encouraged by this Court (*Morales v. Tilton*, 465 F. Supp. 2d 972, 981 (N.D. Cal. 2006) ("California's lethal-injection protocol lacks both reliability and transparency"), and nothing would prevent the setting of execution dates immediately thereafter.

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Court already has rejected Defendants' argument that lack of a valid protocol renders the constitutional claims in this action moot. *See* Doc. 586 at 4 (finding that lack of a valid execution protocol and the proposed development of a single drug regulation does not defeat intervention or render plaintiffs' constitutional claims moot). This Court rejected the mootness argument only days before Defendants forced this motion to be filed. Doc. 620 at 3-4. Nothing has changed, and Defendants merely are rearguing their previously-rejected position. Their position should continue to be rejected.

Since the injunction referenced by Defendants has been in effect, this Court has granted the intervention of eighteen plaintiffs. In each instance, intervention was granted even though the State did not have an approved protocol in place, the possibility existed that amendments to the Complaint ultimately might be required (if a valid legal protocol was ever created), and despite Defendants' oppositions to the motions. Doc. 563 at 4, 6; Doc. 581; Doc. 586; Doc. 606; Doc. 620.

On November 21, 2012, this Court granted the requests to intervene and attendant stays of execution for David A. Raley, Tiequon A. Cox, and Robert Green Fairbank, Jr. Doc. 563. In allowing the intervention the Court expressly recognized that the interests of Cox and Fairbank were not adequately represented by the current Plaintiffs and that the State's non-opposition to similarly-situated inmates represented a "seemingly inconsistent position" for which no explanation had been offered. *See* Doc. 563 at 5.

The Court subsequently allowed Plaintiffs Cooper, Pinholster, Payton, Belmontes, Hayes, Boyer, Deere, Heishman, Sully, Cunningham, Mickey, Hector Ayala, Samayoa, Cummings, and Zapien to intervene, finding that they were identically situated to existing Plaintiffs and therefore must be treated the same. Doc. 581 at 4; Doc. 586 at 4; Doc. 606 at 4; Doc. 620 at 4. Further, Defendants have not otherwise suggested that the State's lack of a

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

valid lethal injection protocol renders this case moot. Rather, Defendants and Plaintiffs repeatedly have requested that the Court proceed with this litigation once an operative protocol is in effect. *See* Order Resolving Motions to Intervene and to Stay Executions, Doc. 563 at 5 ("[T]he Court has continued to defer to the parties' repeated joint requests not to proceed with this litigation until an operative protocol is in place."); *see also* Doc. 554 ("Pursuant to the parties' stipulation …The parties shall submit a new proposed schedule within thirty days after (1) viable lethal-injection regulations are in place or (2) the Marin Superior Court's decision invalidating the regulations, *Sims v. Cal. Dep't of Corr. & Rehab.*, No. CIV 1004019 (Cal. Super. Ct. Marin Cnty. Feb. 21, 2012), is overturned on appellate review, whichever occurs first.").

Defendants further contend that there is no live case or controversy because the Court "cannot enjoin, or declare invalid, an execution procedure that does not exist" and therefore cannot provide effective relief. Doc. 628 at 4. This Court previously has rejected this argument as well. *See* Doc. 563 at 5 (noting that it has never found lack of a valid lethal injection protocol to be a basis justifying delay of this litigation). "When the Court resumes its review of the protocol, it intends to do so deliberately and expeditiously while complying with the instruction of the Court of Appeals to 'take the time necessary to do so,' 623 F.3d at 829. As Defendants previously have recognized, this will be possible only if executions are not scheduled until this review is complete." *Id.* at 5-6. Thus, the matter is not moot – it merely is dormant while Defendants attempt to remedy the violations already found by this Court, return to this Court, and this Court conducts its review.

In this regard, the existing plaintiffs do not adequately represent Intervenor's interests, as indicated by the near execution of Plaintiff Brown prior to his intervention (*see*

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

*id.* at 5), and the attempts to conduct the executions of Plaintiffs Cox and Fairbank prior to their interventions in this matter and despite the *Sims* injunction.  *Id.* at 4.

The Fourth Amended Complaint currently is the operative complaint in this litigation, pursuant to Court order and the parties' stipulations.  Defendants cannot reasonably move to dismiss the Complaint as moot given that there currently is an adverse finding against Defendants that California's actions and failures to act with respect to the implementation of its lethal-injection protocol have resulted in an intolerable risk of a Constitutional violation (*Morales v. Tilton*, 465 F. Supp. 2d 972, 981 (N.D. Cal. 2006)), orders to remedy these violations (Doc. 424 at 4), a finding under *Baze* that California's lethal-injection protocol "creates a demonstrated risk of severe pain" (Doc. 424),  a denial of a motion to dismiss (Doc. 461 at 12), and Defendants' stipulation to continue the litigation to permit it to demonstrate it can execute plaintiffs in a manner consistent with the Constitution.  Doc. 554; Doc. 563 at 5.  Remedying this risk requires California to undertake a "meaningful" review of its processes, which "*must be undertaken* with an openness to the idea of making significant improvements in the 'infrastructure' of executions."  *Morales*, 465 F. Supp. 2d at 983 (emphasis added).

Defendants argue that reliance on this Court's 2006 Memorandum of Intended Decision is inappropriate.  In so doing, Defendants continue to ignore the fact that this Court has held *definitively* that California's lethal injection protocol, "as implemented in practice ... created a 'demonstrated risk of severe pain.'"  Doc. 424 at 4 (quoting *Baze v. Rees*, 553 U.S. 35 (2008)).  Defendants claim that any "alleged deficiencies" found by this Court "focus on procedures specific to a three-drug protocol and an alleged inadequacy of execution facilities which no longer exist."  Doc. 628 at 4.  Again, "the prison officials responsible for implementation of the protocol see their legal obligations too narrowly."  *Morales*, 465 F.

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

Supp. 2d at 983 n.14.  In addition to concerns regarding the administration of pancuronium bromide and potassium chloride without adequate anesthesia, the Court also identified numerous other deficiencies on which it based its finding of a constitutional deficiency as applied, including Defendants' loss of substantial amounts of drugs; the failure of team members to mix the drugs properly; placement on the team of persons with histories of psychiatric disabilities and smuggling drugs into the prison; the failure of execution team members to attend trainings; the lack of knowledge of the process by those in charge; data in execution logs indicating that the lethal injection drugs did not have the expected effect or function in 64% of executions, as well as testimony from Defendants' medical expert that in at least one execution, the inmate was not properly anesthetized, and that the anesthesiologist could not render a definitive opinion due to the unreliability of Defendants' records.  Doc. 424 at 4.  Further, though the Court noted that Defendants may have improved the physical conditions in which executions take place, it found "significant dispute with respect to the remaining issues."  *Id.* at 5.  These deficiencies "extend far beyond the issue of number and type of drugs used and remain a very real concern for any protocol."  Doc. 620 at 4.

Defendants further argue that findings of deficiencies in prior protocols cannot be used to determine the constitutionality of a revised protocol, citing *Dickens v. Brewer*, 631 F.3d 1139, 1146 (9th Cir. 2011).  The contention that Eighth Amendment violations die with each unconstitutional execution is patently absurd.  However, *Dickens* is inapposite here.  In *Dickens*, the Ninth Circuit upheld a district court's finding that plaintiffs had not met the *Baze* standard.  Although Dickens presented evidence of past missteps regarding hiring, training, and administration of chemicals, the district court had not made an express finding that Arizona's lethal injection protocol violated the Eighth Amendment, nor did the district court find the numerous deficiencies identified by this Court with respect to California's

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

lethal injection protocol.  *Compare Dickens*, 631 F.3d at 1141 (district court granted

summary judgment in favor of Arizona, finding no constitutional violation) *with Morales v.*

*Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006) ("Defendants' actions and failures to act have

resulted in an undue and unnecessary risk of an Eighth Amendment violation.") *and* Doc.

424 at 6-7.

Further, in *Dickens*, plaintiff offered evidence of problems with one execution.  The

Ninth Circuit, following *Baze*, held "'an isolated mishap ... while regrettable, does not

suggest ... a substantial risk of serious harm.'"  *Dickens*, 631 F.3d at 1149 (quoting *Baze*, 553

U.S. at 50).  In contrast, this Court has noted numerous, pervasive problems with

Defendants' implementation of the lethal injection protocol, including inconsistences with

administration of chemicals and improper record-keeping in "several executions," *Morales v.*

*Tilton*, 465 F. Supp. 2d at 979-80, and problems with the functioning of chemicals in 64% of

executions.  Doc. 424 at 4.  These identified deficiencies are "more than a single accident or

mistake or failure to follow the Protocol."  *Dickens*, 631 F. 3d at 1146.

The out-of-circuit cases cited by Defendants are equally unpersuasive.  In those cases,

the appellate court was reviewing summary judgment granted against plaintiffs, in situations

where plaintiffs had not established pervasive failures of defendants to follow their lethal

injection protocols.  As such, assertions that the protocols might not be followed was too

speculative to establish the likelihood of an Eighth Amendment violation.  *See Nooner v.*

*Norris*, 594 F.3d 592 (8th Cir. 2010) (upholding grant of summary judgment where prior

protocol cited by plaintiffs did not contain the same safeguards included in revised protocol);

*Raby v. Livingston*, 600 F.3d 552 (5th Cir. 2010) (summary judgment affirmed because

evidence of botched executions and failure to follow protocol was only anecdotal); *Jackson*

*v. Danberg*, 594 F.3d 210 (3d Cir. 2010) (summary judgment affirmed where plaintiffs

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION

Case Nos. 06-cv-219 RS; 06-cv-926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

provided no evidence that protocol was not followed); *Cooey v. Strickland*, 589 F.3d 210 (6th Cir. 2009) (affirming summary judgment where district court found no *Baze* violation); *Clemons v. Crawford*, 585 F.3d 1119 (8th Cir. 2009) (affirming judgment on the pleadings where plaintiffs provided no evidence that state currently hired incompetent personnel); *Harbison v. Little*, 571 F.3d 531 (6th Cir. 2009) (vacating judgment in favor of plaintiff where no evidence presented that defendants actually failed to follow protocol or botched executions); *Emmett v. Johnson*, 532 F.3d 291 (4th Cir. 2008) (summary judgment affirmed where plaintiffs provided no evidence that chemicals were administered improperly).

In contrast, here there is a finding of a constitutional violation, based on an extensive factual record.  The current question is whether Defendants have addressed the existing constitutional violations, and this Court has rejected Defendants' argument that additional briefing and discovery is not necessary.  Doc. 424 at 4-5.  Thus, there clearly is effective relief available that can be obtained by each of the Plaintiffs and the prospective Plaintiff. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12-13 (1992).

While the State has never done so, Defendants did publicly announce that they would undertake the requisite meaningful review.  Doc. 291, Ex. A.  This review necessarily requires that at times Defendants' lethal injection protocol will be in various stages of dormancy, consideration, promulgation, and/or effect.  Claiming that the lack of an operative execution protocol renders the entire case moot is disingenuous, and contradicts Defendants' prior representations (Doc. 291, Ex. A.), and the parties' repeated requests to continue this litigation to when an operative protocol is in effect.  Doc. 563 at 5.  No factual circumstances have changed since the Court granted Mr. Zapien's motion to intervene and for a stay only days before this motion was filed that would alter the Court's analysis or exclude Intervenor from this case.

9

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

Taken to its logical conclusion, Defendants' position would require a new action be filed each and every time they alter their protocol, even though judgment has not issued on the first action.  It would be required on the eve of execution, which would violate the required careful and considered review contemplated in *Brown.*  And, it would place the litigation clearly within the framework of "capable of repetition, yet evading review."  *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) (en banc); *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980) (it is enough that the litigant "faces some likelihood of becoming involved in the same controversy in the future.").

**B.  The Issues in the Complaint Are Ripe for Review.**

Defendants contend that intervention must be denied because the allegations in the complaint are not ripe for review, again relying on the fact that there is no valid lethal injection protocol in place, and no evidence of any active execution warrants concerning Intervenor or Plaintiffs.  Doc. 628 at 2, 5.  This Court specifically rejected these arguments only days ago.  Doc. 620 at 4 (granting intervention to Zapien despite lack of active execution warrant).  *See also* Doc. 581 at 4; (same); Doc. 586 at 4 (same); Doc. 606 at 4 (same).

> Defendants could have made these arguments in connection with Sims, Fields, and Raley, and there is no explanation for Defendants' shift to this seemingly inconsistent position.  Moreover, the course of the present litigation --particularly in regards to Brown nearly being executed -- demonstrates that these arguments are wrong on the merits.

Doc. 563 at 5.  Furthermore, the cases cited by Defendants are inapposite.  This litigation does not involve "abstract disagreements."  *Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 580 (1965).  Here, this Court has found an intolerable risk of a constitutional violation requiring meaningful review, noting several "critical deficiencies," in Defendants'

10

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

prior protocol that were not related to the number of drugs used.  *Morales,* 465 F. Supp. 2d at 979, 981.

Defendants contend yet again, just as they did in Zapien (Doc. 614 at 11), that because there is no valid lethal injection protocol and no active execution warrant, "there is no genuine threat of imminent prosecution, [therefore] [the] case is not ripe for review.  *See San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)."  Doc. 628 at 5.  The course of the present litigation demonstrates that this is not the case.  This Court has noted, and Defendants have acknowledged, that deliberate and expeditious review requires that no executions be scheduled until this review is complete.  Doc. 563 at 5-6. Nevertheless, the State has attempted to set execution dates for Plaintiffs Morales and Sims despite the stays ordered in this litigation, and has attempted to compel the executions of Cox and Fairbank despite a permanent injunction against the lethal injection protocol and despite assurances by the Attorney General that executions would not be attempted until this litigation is completed.  *See* Doc. 594 at 9; Doc. 563 at 5.

## C. This Court's Finding that California's Lethal Injection Protocol, As Applied, Violates the Eighth Amendment, Remains Applicable.

Defendants currently are subject to an adverse finding that California's lethal injection protocol, as implemented, violated the Eighth Amendment and created a demonstrated risk of severe pain.  *See* Doc. 563 at 2 & n.1 (citing *Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006) and Doc. 424).  Defendants argue that Intervenor cannot rely on this finding because the intervening decisions of *Baze* and *Glossip* render the finding unpersuasive.  Doc. 628 at 7.  For the reasons stated above, and in Section II, *infra*, Defendants are incorrect.  This Court already has found that Plaintiffs have met the *Baze* standard, and there remains a "significant dispute" as to whether the violations have been

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

addressed.  Doc. 424 at 6.  This Court has not yet had the opportunity to review any alleged

remedies undertaken by Defendants because the parties repeatedly have agreed that litigation

should resume once an operative protocol is in effect.  *See* Doc. 586 at 5.  The Court's

"thorough and particularly thoughtful opinion" (Doc. 563 at 2) concluding that Defendants'

implementation of the lethal injection protocol is unconstitutional remains the law of the

case.

## II.     The Fourth Amended Complaint is Valid, States a Claim for Relief, and Satisfies the Requirements of *Glossip v. Gross*, 135 S. Ct. 2726 (2015).

Paying no heed to this Court's orders, Defendants continue to assert that the

Complaint does not state a claim for relief, arguing that it does not comply with the pleading

requirements of *Baze v. Rees*, 553 U.S. 35 (2009) and *Glossip v. Gross*, 135 S. Ct. 2726

(2015).

This Court already has held that Plaintiffs have met the *Baze* standard.  Doc. 461 at

12 (denying Defendants' Partial Motion to Dismiss); Order Following Remand, Doc. 424 at

4 (finding that California's lethal injection protocol "as implemented in practice through and

including the date of the evidentiary hearing in the 2006 Morales litigation created a

'demonstrated risk of severe pain.'").  *Glossip* had not yet been decided at the time the

Fourth Amended Complaint was filed; however, *Glossip* merely reiterated the *Baze* standard

that Plaintiffs already have satisfied – "the Eighth Amendment requires a prisoner to plead

and prove a known and available alternative" and that a plaintiff must show "that there is a

substantial risk of severe pain."  *Glossip*, 135 S. Ct. at 2739-40.

Defendants rely on *Brewer v. Landrigan*, 562 U.S. 996 (2010), a case decided prior to

eight Court orders here allowing intervention and granting stays of execution, and assert that

"speculation cannot substitute for evidence[.]"  Doc. 628 at 7.  In doing so, Defendants

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

12

ignore the extensive factual record in this case.  "'It is fair to say that there is no case involving an Eighth Amendment challenge to a lethal-injection protocol in which the factual record is as developed as the record here.'"  Doc. 424 at 2 (quoting Doc. 401 at 6). Defendants' arguments fail to address this Court's previous orders holding that the *Baze* standard has been met; instead, Defendants argue disingenuously that this Court has not addressed the *Baze* and *Glossip* standards.  Indeed, it has.  *See* Doc. 461 at 14.

Defendants claim the pleading is insufficient because it lacks details regarding the alleged deficiencies in the lethal injection protocol, and contains only broad assertions that do not meet the *Baze* and *Glossip* standard.  Doc. 628 at 8.  In making this argument, Defendants petulantly ignore this Court's orders that Plaintiffs have met the *Baze* standard, and that the Complaint survives a motion to dismiss.  Doc. 461 at 14.

Defendants repeat their refrain that the Complaint contains speculative claims that "fall far short of what a plaintiff is required to plead to state a method-of-execution claim," citing *Gissendaner v. Comm'r, Ga. Dept. of Corr.*, 803 F.3d 565, 568-69 (11th Cir. 2015). Doc. 628 at 8-9.  Defendants made the same argument in Conrad Zapien's motion to intervene and for a stay (Doc. 614 at 14-15), and it was rejected only days ago by this Court. Doc. 620.  Nothing has changed and the contention fails again.  This Court has found, based on an extensive record, that Defendants actions, or lack thereof, as indicated by the records of previous executions, raise the risk of an Eighth Amendment violation, *Morales v. Tilton*, 465 F. Supp. at 981, and "at the pleading stage Plaintiffs' detailed factual allegations as to the various ways in which the new regulations allegedly have failed to remedy the deficiencies of [the prior protocols], (e.g., Doc. No. 428 at 38–46), cannot simply be dismissed as implausible."  Doc. 461 at 12-13.  Defendants' position further ignores the finding here that

13

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

the constitutional violation is *in the actual implementation of the lethal injection protocol*, i.e. that no matter the specific combination of drugs used, the administration procedures themselves are so deficient that they constitute an Eighth Amendment violation. This clearly distinguishes the line of cases beginning with *Glossip* that focus on specific drug combinations.

This Court has made clear that intervention and stays are appropriate even when the Complaint will require amendment once an active protocol is put into effect. *See* Doc. 563; Doc. 581; Doc. 586; Doc. 606.

### III.   Intervenor Has Adequately Exhausted His Administrative Remedies.

Defendants claim that Intervenor's motion must be denied for failure to exhaust administrative remedies. Intervenor has filed administrative complaints with Defendant CDCR, and has had his complaints rejected. Intervenor filed administrative complaints both with San Quentin State Prison, and Corcoran State Prison, where he currently is housed. Both institutions have refused to act on the complaints. The administrative complaint sent to San Quentin was forwarded to Corcoran because Intervenor is housed there, and the administrative complaint has been cancelled by Corcoran because it "is not within the jurisdiction of the department." CDCR Form 695, Re: Screening at the First Level, October 23, 2017, attached hereto as Exhibit A.

"[T]he PLRA requires prisoners to exhaust only those avenues of relief that are 'available' to them. 42 U.S.C. § 1997e(a)." *Creech v. Reinke*, 2012 WL 1995085, at *4 (D. Idaho June 4, 2012). The actions of prison officials may prevent an inmate from employing administrative remedies such that "an administrative remedy that may be theoretically in place will not be available to the prisoner as a practical matter, and the failure to adhere to

---

14

technical requirements will be excused." *Id.* This is such a case. "Allowing an excuse for failure to exhaust under the circumstances of this case furthers the PLRA's goal of efficiency by 'reducing the quantity and improving the quality of prisoner suits.'" *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 94 (2006)) (internal quotations omitted).

In *Nunez*, erroneous information provided by prison officials caused Nunez to fail to timely exhaust his administrative remedies. The Ninth Circuit held "under the circumstances of this case, that the Warden's mistake rendered Nunez's administrative remedies effectively unavailable, and that his failure to exhaust them is excused." *Id.* at 1226. The same result is appropriate here.

In *Beardslee v. Woodford*, 395 F.3d 1064 (9th Cir. 2005), the Ninth Circuit recognized that an administrative complaint filed prior to service of an execution warrant likely "would have been dismissed as unripe," due to regulatory prohibitions against "anticipated actions." *Id.* at 1069 & n.5. The Court noted that "[w]hether or not exceptions would exist for circumstances such as these is an unsettled question." *Id.* Here, Defendants have made it clear to inmates that complaints regarding the lethal injection protocol are not appropriate until they have been served with execution warrants. *See* Doc. 594, Exh. A; Doc. 612, Exh. A. However, waiting to exhaust in this case may likely prohibit Intervenor from timely intervening in this litigation.[2] Therefore, administrative review is effectively unavailable to Intervenor and exhaustion is not required. *See also Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002) (reversing dismissal of complaint based on failure to exhaust

---

[2] This is exactly the forcing of a hurried litigation that plagued Plaintiff Brown's matter and as to which the Ninth Circuit plainly rejected.

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

administrative remedies where inmate claimed prison officials advised him that he could not file a formal complaint until after investigation had been completed.).

## IV.    Intervenor Meets the Requirements for Intervention.

Defendants claim that Intervenor is entitled to intervene "only if his interests are not adequately represented by the parties to the action," and that he "does not satisfy this standard" because "current Plaintiffs are similarly situated condemned inmates who are challenging the same method of execution that was invalidated five years ago."  Doc. 628 at 10.  This old refrain repeatedly has been rejected by this Court, including only days ago. Doc. 620 at 5.  As a condemned inmate whose appeals have been exhausted, Intervenor is similarly situated to Plaintiffs, and in joining the Fourth Amended Complaint raises claims identical to those of the current Plaintiffs.  *Id.* at 3.  Further, the near execution of Plaintiff Brown and the attempts to compel the executions of Plaintiffs Cox and Fairbank demonstrate that existing Plaintiffs cannot adequately represent Intervenor's interests.  *Id.* at 5.

## V.    Intervenor Is Entitled to a Stay of Execution.

Defendants claim that Intervenor cannot show that he is likely to succeed on the merits because: 1) there is no justiciable claim or controversy; 2) this matter is not ripe for review; 3) the Complaint fails to identify a known and available alternative as required by *Glossip*; 4) Intervenor has not submitted evidence in support of his motion for a stay of execution; 5) Intervenor has not completed efforts to exhaust administrative remedies; 6) Intervenor has not shown that an aspect of an execution procedure in effect will cause substantial pain; and 7) Intervenor has not, as required by *Glossip*, identified an alternative to an aspect of an execution protocol, and has not proven that an alternative is known, readily

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

available, and would cause substantially less pain in comparison to a term of a state's protocol.  As discussed above, each of these arguments by Defendants fails.[3]

Furthermore, Defendants' argue that the balance of equities does not tip in favor of a stay, and that a stay is not in the public interest, because no valid protocol exists that threatens this interest, and therefore the State's and crime victims' interest in timely enforcement of sentence outweighs Intervenor's interest.  However, this did not constrain the Court from granting stays of execution to existing Plaintiffs (nor did it constrain Defendants from stipulating that Raley was entitled to a stay), and thus should not prevent the granting of Intervenor's stay request based upon identical claims for relief, as directed by the Ninth Circuit with respect to Plaintiff Brown.  Doc. 420 at 7-8.

Moreover, these factors did not constrain Defendants' counsel from assisting in the pursuit of execution settings for Plaintiffs Morales, Brown, Sims, Cox, and Fairbank, even after Morales and Sims had stays of execution from this Court, and even after Defendants' counsel represented to this Court that no execution dates would be sought.  Defendants' contentions are spurious at best, and are refuted by their own conduct.

Defendants' cited authorities are factually distinguishable from the circumstances and allegations of this case.  Unlike the present case where multiple similarly-situated individuals who already are parties to the case have been found to meet the preliminary injunction standard, Defendants' authorities involve instances where the plaintiff(s) was either appealing a denial of a request for a stay in the first instance or where the court was ruling on an appeal of the merits of the claims themselves.  *See Lopez v. Brewer*, 680 F.3d 1068 (9th Cir. 2012) (upholding denial of stay request where Eighth Amendment challenge was to the

---

[3]  Defendants also ignore the Ninth Circuit's directive in this regard to permit fair and thorough review, in light of the findings issued by this Court.

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

pain caused by the placement of IV catheters used in execution process because some pain is an inescapable consequence of death and plaintiff failed to show that the placement of IV catheters would rise to the level of pain protected by the Eighth Amendment); *West v. Brewer*, 652 F.3d 1060 (9th Cir. 2011) (upholding denial of stay request); *Dickens v. Brewer*, 631 F.3d 139 (9th Cir. 2011) (affirming summary judgment where protocol's safeguards were adequate under the *Baze* standard and there was no material issue of fact regarding compliance with the protocol); *Towery v. Brewer*, 672 F.3d 650 (9th Cir. 2012) (affirming denial of request for preliminary injunction).

Here, this Court already has found that the Complaint satisfies the *Baze* standard (Doc. 461 at 12-13), and already has issued stays for identically-situated plaintiffs.  Doc. 563 at 6; Doc. 581 at 4; Doc. 586 at 5-6; Doc. 606 at 4; Doc. 620 at 4.

## VI. The Requested Stay Is Not Overbroad.

Defendants assert that Intervenor's requested stay is overbroad because it "extends to 'all preparation relating' to the executions (sic) of Ayala."  Doc. 628 at 13.  However, Defendants *stipulated* to the same stay in Raley's case.  What Intervenor requests is that the Court "extend[] to him the same stay already in place for Plaintiffs Morales, Brown, Sims, Cox, Raley, Fairbank, Cooper, Pinholster, Payton, Hayes, Boyer, Deere, Heishman, Sully, Cunningham, Mickey, Hector Ayala, Samayoa, Cummings, and Zapien."  Doc. 621 at 17. This Court already has found this stay to be appropriate and necessary to ensure the deliberate and expeditious review of California's lethal injection regulations "while complying with the instruction of the Court of Appeals to 'take the time necessary to do so,' 623 F.3d at 829."  Doc. 563 at 5.  Further, as to Plaintiffs Sims and Fields, Defendants never have asserted that the stay ordered by this Court was overbroad, and did not oppose it on the

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS

merits.  Doc. 511 at 2-3; Doc. 563 at 5.  In these cases, the Attorney General did not believe that a stay of execution – including all preparation relating thereto – was overbroad.  For Defendants to suggest it is at this time is patently disingenuous.

It would be unfair and inequitable to now hold Intervenor to a different standard. "For the purposes of the present litigation," Intervenor is "identically situated to" the current Plaintiffs, and must be treated the same.  Doc. 620 at 4.  Accordingly, the Court must permit [intervenor] to intervene and must stay his execution until the present litigation is concluded."  *Id.*

## CONCLUSION

For the foregoing reasons, Intervenor has demonstrated that he must be permitted to intervene in this action and should be granted the same stay of execution as the existing Plaintiffs.

DATED: November 22, 2017

By:  _____/s/_____

David A. Senior
McBREEN &SENIOR

Richard P. Steinken
Kelly M. Morrison
JENNER & BLOCK

John R. Grele
LAW OFFICE OF JOHN R. GRELE

*Attorneys for Intervenor*
RONALDO AYALA

MCBREEN & SENIOR
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300

REPLY RE MOTION TO INTERVENE AND FOR STAY OF EXECUTION
Case Nos. 06-cv-219 RS; 06-cv-926 RS