1 | XAVIER BECERRA
Attorney General of California
2 | JAY M. GOLDMAN
Supervising Deputy Attorney General
3 | MICHAEL J. QUINN
Deputy Attorney General
4 | JOANNA B. HOOD
Deputy Attorney General
5 | R. LAWRENCE BRAGG
Supervising Deputy Attorney General
6 | State Bar No. 119194
 1300 I Street, Suite 125
7 | P.O. Box 944255
Sacramento, CA 94244-2550
8 | Telephone: (916) 210-7334
Fax: (916) 324-5205
9 | E-mail: Lawrence.Bragg@doj.ca.gov
*Attorneys for Defendants Kernan, Brown, and Davis*

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14

15 | **MICHAEL ANGELO MORALES, et al.,**

16 | Plaintiffs,

17 | **v.**

18 | **SCOTT KERNAN, Secretary of the
California Department of Corrections**
19 | **and Rehabilitation, et al.,**

20 | Defendants.

21 | **LOS ANGELES TIMES
COMMUNICATIONS, LLC, et al.,**
22

23 | Plaintiffs,

24 | **v.**

25 | **SCOTT KERNAN, Secretary of the
California Department of Corrections and**
26 | **Rehabilitation, et al.,**

27 | Defendants.

28

Case No. C 06-0219 RS

Case No. C 18-2146 RS

**OPPOSITION TO ADMINISTRATIVE
MOTION TO COORDINATE CASE
SCHEDULING**

Judge:          The Honorable Richard G. Seeborg
Trial Date:    Not Set
Action Filed:  January 5, 2006

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Defendants oppose the administrative motion to coordinate the case scheduling in *Morales v. Brown, et al.* (*Morales*) with *Los Angeles Times Communications, et al., v. Kernan, et al.,* No. C 18-02146 RS (N.D. Cal.) (*L.A. Times*). The factual and legal issues raised in the two actions are dissimilar, especially considering the elements required to plead a method-of-execution claim under *Glossip v. Gross*, so that these actions do not present a common question of law or fact.  As a result, the scope of discovery and the issues to be tried will remain distinct.  Further, consolidation will result in prejudice to Defendants in the form of undue expense and delay. Therefore, these actions should not be coordinated, and this motion should be denied.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions for discovery and/or trial if the actions involve a common question of law or fact.  While cases may be consolidated to avoid unnecessary cost or delay, consolidation is inappropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party.  *Miller v. Ventro Corp.,* No. C 01-01287 SBA, 2001 U.S. Dist. LEXIS 26027 * 9 (N.D. Cal., Nov. 28, 2001) (*citing E.E.O.C. v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir. 1996)).

**ARGUMENT**

**I.     THE ACTIONS RAISE DIFFERENT AND DISTINCT ISSUES.**

Although both actions generally concern executions of condemned inmates, a closer analysis demonstrates that the actions raise different and distinct issues.  The operative pleading in *Morales v. Brown* is the Fourth Amended Complaint (FAC) which asserts that a three-drug lethal injection protocol will subject Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment.  (FAC, ECF No. 428 at 1:27-2:19.)  The FAC alleges that the drugs used in that protocol will be administered by untrained personnel and that one of the drugs, pancuronium bromide, will disguise excruciating pain inflicted when potassium chloride is administered during the execution process.  (FAC, ECF No. 428 at 2:6-3:5.)  To succeed, Plaintiffs must first establish that this method presents a risk that is "*sure or very likely* to cause serious illness and needless suffering, and give rise to significantly *imminent* dangers."  *Baze v. Rees*, 553 U.S. 35, 50 (2009),

1

1   (quotations omitted) (emphasis in original).  "[T]here must be a substantial risk of serious harm,

2   an objectively intolerable risk of harm that prevents prison officials from pleading that they were

3   subjectively blameless for purposes of the Eighth Amendment." *Id.* (quotations omitted).  And,

4   Plaintiffs "must identify an alternative that is 'feasible, readily implemented, and in fact

5   significantly reduce[s] a substantial risk of severe pain.'" *Glossip v. Gross*, 135 S.Ct. 2726, 2737

6   (2015) (quoting *Baze*, 553 U.S. at 52).[1]

7         By contrast, the *L.A. Times* action purports to allege only limited First Amendment right-

8   to-access claims regarding specific activities specified in that complaint, regardless of whether an

9   execution protocol and its implementation is perfect or flawed.  (*L.A. Times*, ECF No. 1.)  The

10   key issue to be addressed in the *L.A. Times* case is whether any restrictions on media access posed

11   by the lethal injection protocol are reasonably related to legitimate penological interests.  *Cal.*

12   *First Amendment Coal. v. Woodford,* 299 F.3d 868, 878-880 (9th Cir. 2002).  Therefore, the

13   claims in *Morales* are distinct from the First Amendment claim asserted in *L.A. Times*.

14         Consequently, the two cases will be decided under completely different legal standards.

15   The resolution of the Eighth Amendment method-of execution challenge will not be determined

16   on whether *the media* may or may not observe a specific activity.  *Glossip v. Gross*, 135 S.Ct. at

17   2737.  And, since the factual and legal issues are distinct, the scope of discovery permitted under

18   Federal Rule of Civil Procedure 26(b)(1) will be significantly different.  Although Plaintiffs in

19   *L.A. Times* assert they will require an extremely broad scope of discovery that is nearly identical

20   to what the *Morales* plaintiffs assert is appropriate (*compare* ECF No. 639 at 8 in *Morales* to ECF

21   No. 641 at 4 regarding scope of discovery sought by Plaintiffs in *L.A. Times*)[2], there is no basis

22         [1] The *Morales* plaintiffs have continuously stated that this case is about the
23   implementation of an execution protocol, even when no protocol existed.  This occurred despite
    the fact that Plaintiffs have not articulated known and readily available alternatives to how an
24   execution is to be carried out, or how the present-day execution facility constructed *after* 2006
    should be altered.  And the implication that Defendants have the burden of proof in this matter is
25   contrary to the United States Supreme Court's holding that a plaintiff has the burden to both plead
    as well as prove an Eighth Amendment method-of execution claim.  *Glossip v. Gross*, 135 S.Ct.
26   at 2739.
         [2] The *Morales* plaintiffs recently indicated that they are unsure of the nature of their
27   claims, contending that it is only after discovery that any flaws in the new CDCR protocol can be
    exposed.  (ECF No. 639 at 9.)  But the Supreme Court has rejected the notion that discovery must
28   be available to a plaintiff who cannot allege sufficient factual matter to suggest plausibly an
                                                                          (continued...)

2

Opposition to Admin. Motion to Coordinate Case Scheduling  (C 06-0219 RS)

for this based on the allegations in the *L.A. Times* complaint.  There is no reason for the *L.A. Times* plaintiffs to participate in depositions or discovery addressing issues in the protocol concerning the selection, qualifications, and training of the execution team, the selection of execution drugs, whether aspects of the protocol will allegedly result in serious illness and needless suffering to an inmate, or other issues unrelated to media access.

Therefore, although Defendants agree with the *L.A. Times* plaintiffs that the two cases must be separately tried, it is plain that the two actions' schedules and discovery should not be coordinated, but instead should be separate.

## II.   COORDINATION WILL PREJUDICE DEFENDANTS.

Coordinating the actions will prejudice Defendants in two significant ways.  First, allowing the four law firms representing the *L.A. Times* plaintiffs to participate in discovery and depositions conducted in *Morales* will result in the needless expenditure of time and money. Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is limited to unprivileged matters relevant and proportional to a party's claims.  The scope of discovery in *L.A. Times* should be limited to the single, narrow issue of whether any restrictions on media access posed by the current lethal injection protocol and facility allegedly violate the media's First Amendment right to access.  *See Cal. First Amendment Coal. v. Woodford,* 299 F.3d at 878-80. As asserted above, it is unnecessary for the *L.A. Times* plaintiffs to participate in depositions or discovery addressing issues in the protocol regarding whether condemned inmates will be exposed to a substantial risk of severe pain during an execution when compared to a known and readily available alternative identified by that inmate.  Allowing the *L.A. Times* plaintiffs to participate in this discovery can only result in longer depositions and higher transcript costs, and perhaps additional attorneys' fees claimed at the conclusion of this litigation.

Second, the moving parties suggest that the evidentiary hearing in *L.A. Times* be conducted *after* the hearing in *Morales*.  (Motion, ECF No. 648 at 4:5.)  But, after prevailing in *Morales,* Defendants should not be compelled to wait until a second, later, hearing on the narrow issue in

---

(…continued)

entitlement to relief.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556–57 (2007).

*L.A. Times* before executions can be scheduled.  Given the discrete issue to be decided, the *L.A. Times* case should be on a separate case schedule that should allow that action to be determined before *Morales.*  Since coordination will result in undue delay to Defendants, the pending administrative motion should be denied.

### III.   PRIOR CONSOLIDATION OF *PACIFIC NEWS SERVICE* IS NOT DETERMINATIVE.

The *Pacific News Service* action was properly related to *Morales* because both actions directly addressed drugs used in the three-drug protocol and whether the use of these drugs could result in unnecessary pain to the inmate.  *Pacific News Service* alleged that a paralytic drug, pancuronium bromide, made it impossible for condemned inmates to manifest pain which prevented witnesses from determining whether the inmates were subjected to unnecessary pain before death.  (Compl., ECF No. 1 at 2:11-14, 5:13-6:17.)

*L.A. Times* not only concerns a different protocol which does not include pancuronium bromide, but raises only issues of media access to the process without analyzing whether it is likely that the execution drugs will cause pain.

### IV.   THERE IS A NEW EXECUTION FACILITY.

In the Order Granting Administrative Motion and Denying Motion to Reconsider (ECF No. 647), this Court referred to "the problematic nature of the death chamber at San Quentin State Prison" as noted in this Court's 2006 Memorandum of Intended Decision as a factor justifying relating the cases.  Defendants respectfully point out that a new execution facility at San Quentin State Prison was constructed after 2006, and that this Court acknowledged that Plaintiffs "would have difficulty proving that Defendants have not made substantial improvements with respect to the physical conditions in which executions are to take place."  (ECF No. 424 at 5:6-9.)  Therefore, the configuration of the execution chamber in 2006 does not justify coordination of the two cases' schedules.

/ / /

/ / /

/ / /

/ / /

4

1

2

3
**CONCLUSION**

        For the reasons stated above, discovery and case scheduling in *Morales* and *L.A. Times* should not be coordinated.

4
Dated:  April 30, 2018                          Respectfully submitted,

5
                                                XAVIER BECERRA
                                                Attorney General of California
6
                                                JAY M. GOLDMAN
                                                Supervising Deputy Attorney General

7

8
                                                */s/ R. Lawrence Bragg*

9
                                                R. LAWRENCE BRAGG
                                                Supervising Deputy Attorney General
10
                                                *Attorneys for Defendants Kernan, Brown,*
                                                *and Davis*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
SF2007200210

28

5

1

<u>**CERTIFICATE OF SERVICE**</u>

2

Case Name:   **Michael Angelo Morales v. Scott Kernan, et al.**          No.     **C 06-0219 RS**

3

I hereby certify that on <u>**April 30, 2018**</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

4

5

- **OPPOSITION TO ADMINISTRATIVE MOTION TO COORDINATE CASE SCHEDULING**

6

7

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

8

9

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 30, 2018**, at Sacramento, California.

10

11

| D. Jones | */s/ D. Jones* |
|----------|----------------|
| Declarant | Signature |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SF2007200210
33376664.docx

28