HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-4453
Facsimile: (213) 894-0081
Email: hilary_potashner@fd.org

K. ELIZABETH DAHLSTROM (Bar No. 228552)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California 92701
Telephone: (714) 338-4500
Facsimile: (714) 338-4520
Email: elizabeth_dahlstrom@fd.org

STATIA PEAKHEART (Bar No. 200363)
Attorney-at-Law
P.O. Box 531967
Los Angeles, California 90053
Telephone: (310) 692-5500
Email: statia.peakheart@gmail.com

Attorneys for Proposed Intervenor
JOHN LOUIS VISCIOTTI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| MICHAEL ANGELO MORALES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation, et al., <br><br> Defendants. | Case No.  C-06-0219-RS <br> C-06-0926-RS <br><br> **DEATH PENALTY CASE** <br><br> **REPLY IN SUPPORT OF MOTION TO INTERVENE BY JOHN LOUIS VISCIOTTI; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> DATE: TBD <br> TIME: TBD <br> PLACE: Courtroom 3 |

# **TABLE OF CONTENTS**                                                                 Page

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 1

    A. The Fourth Amended Complaint States a Claim for Relief ......................... 2

    B. Visciotti Is Not Required to Exhaust Before Moving to Intervene ............. 5

    C. Visciotti Is Entitled to a Stay of Execution and This Request Is Not Overbroad .................................................................................................. 6

III. CONCLUSION ............................................................................................... 7

| **TABLE OF AUTHORITIES** | Page(s) |

**FEDERAL CASES**

*Arakaki v. Cayetano*,
    324 F.3d 1078 (9th Cir. 2003) ................................................................................. 1

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 3

*Baze v. Rees*,
    553 U.S. 35 (2008) .................................................................................................. 2

*Beardslee v. Woodford*,
    395 F.3d 1064 (9th Cir. 2005) ................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................ 3

*Donnelly v. Glickman*,
    159 F.3d 405 (9th Cir. 1998) ................................................................................... 5

*Glossip v. Gross*,
    135 S. Ct. 2726 (2015) ............................................................................................ 2

*Morales v. Cate*,
    623 F.3d 828 (9th Cir. 2010) ................................................................................... 6

*Morales v. Tilton*,
    465 F. Supp. 2d 972 (N.D. Cal. 2006) .................................................................... 3

*Sw. Ctr. for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) ................................................................................... 3

*Thomas v. Bible*,
    983 F.2d 152 (9th Cir. 1993) ................................................................................... 2

**FEDERAL STATUTES**

42 U.S.C. § 1983 (2012) ................................................................................................ 5

42 U.S.C. § 1997e(a) (2012) .......................................................................................... 5

42 U.S.C. §§ 11 (2012) .................................................................................................. 6

42 U.S.C. §§ 12 (2012) .................................................................................................. 6

42 U.S.C. §§ 13 (2012) .................................................................................................. 6

Fed. R. Civ. P. 24 ....................................................................................................... 1, 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

John Louis Visciotti, like the twenty identically-situated Intervenor-Plaintiffs who came before him, moves to intervene in the present suit and requests that his execution be stayed. Defendants' opposition to Visciotti's motion recycles the same arguments previously raised and rejected by this Court. Like previous oppositions, Defendants argue that (1) the Fourth Amended Complaint does not state a claim for relief; (2) administrative exhaustion is not completed; and (3) Visciotti has not met his evidentiary burden to obtain a stay of execution. (Opp., ECF No. 651 at 1.) Defendants attempt to distinguish Visciotti from previous Intervenor-Plaintiffs by suggesting that the promulgation of their new protocol somehow precludes intervention. But the factors governing intervention remain unchanged: Visciotti has a significantly protectable interest in this action, disposition may impair or impede his ability to protect that interest, he is not adequately protected by existing parties (something Defendants do not dispute in their opposition), and his motion is timely. *See* Fed. R. Civ. P. 24(a)(2); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 1983). Further, Visciotti's complaint-in-intervention matches the present, operative complaint pending on behalf of the twenty-one Plaintiffs in this proceeding, and—if allowed to intervene—he will amend when those Plaintiffs amend. *See* Order, ECF No. 640 (ordering parties to meet and confer regarding a proposed litigation schedule). For these and the following reasons, this Court should, once again, reject Defendants' arguments and allow Visciotti permission to join the case.

## II. ARGUMENT

Preliminarily, it is worth noting what little of Visciotti's motion is actually disputed. Defendants do not address any of the factors enumerated in Visciotti's motion for intervention of right under Federal Rule of Civil Procedure 24(a)(2) or permissive intervention under Rule 24(b)(1). For example, Defendants do not dispute

that Visciotti's motion is timely, nor do Defendants argue that intervention would create undue delay, prejudice the original parties, or is outside the Court's jurisdiction (Mot., ECF No. 642 at 8-9; 10-11.) Neither do defendants dispute that Visciotti has a significant protectable interest in this action or that disposition of this action would put Visciotti at a practical disadvantage of protecting that interest, if the Court denied his request to intervene. (Mot., ECF No. 642 at 9-11.) Indeed, Defendants acknowledge that Visciotti is similarly situated to the Plaintiffs in this case, which has been highly relevant when considering previous intervention motions in these proceedings. *Compare* Opp., ECF No. 651 at 3 (Defendants acknowledging Visciotti is "similarly situated" to Plaintiffs) *with* Order, ECF No. 631 at 5 (granting intervention, in part, because "the Court must treat identically situated persons the same").

Defendants' arguments in opposition—that the complaint-in-intervention does not state a claim for relief and that administrative remedies are not completed—are inappropriate for intervention purposes and have been previously rejected by this Court. *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (law of the case considerations generally preclude a court "from reconsidering an issue that has already been decided by the same court . . . in the identical case."). The Court should again reject these arguments here.

### A. The Fourth Amended Complaint States a Claim for Relief.

In previous oppositions to intervention motions, Defendants made various arguments regarding the use of the Fourth Amended Complaint as the complaint-in-intervention: the complaint was moot, unripe, and did not state a claim for relief under *Glossip v. Gross*, 135 S. Ct. 2726 (2015), and *Baze v. Rees*, 553 U.S. 35 (2009). *See, e.g.*, ECF No. 603 at 2-6. Here, Defendants abandon the mootness and ripeness arguments, and proceed on the "failure to state a claim" argument alone. *See* Opp., ECF No. 651 at 3-7.

Like their arguments before, Defendants assert that the Fourth Amended Complaint does not comply with the appropriate pleading requirements to bring an Eighth Amendment challenge. (Opp., ECF No. 651 at 3-8.) First, Defendants' misstate the intervention rule. Defendants rely on cases discussing the motion-to-dismiss standard, arguing that because the complaint-in-intervention does not "survive a motion to dismiss" under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), thus intervention should be denied. (Opp., ECF No. 651 at 5-6.) But Federal Rule of Civil Procedure 12(b)(6) does not govern intervention and should not be used to supplant the liberally-construed Federal Rule of Civil Procedure 24 analysis. *See Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (intervention rules are to be construed liberally and review is guided by "practical considerations" and not technical distinctions). And using the proper Rule 24 analysis, Defendants do not dispute any of the factors detailed in support of Visciotti's intervention. *See* Mot., ECF No. 642 at 8-11.

Neither does CDCR's recent promulgation of a one-drug protocol countenance against intervention. The three-drug complaint versus one-drug protocol argument has already been rejected by this Court. In granting stays of execution for several Intervenor-Plaintiffs, this Court noted that the executions sought in those cases involved a single-drug protocol but rejected the Defendants' argument that the underlying litigation involved a three-drug protocol. This Court reiterated that it "found 'a number of critical deficiencies,' . . . in Defendants' prior protocol that were not related to the number of drugs used," and added that "Defendants' argument ignores this record." *See* Order, ECF No. 563 at 4-5; *see also Morales v. Tilton*, 465 F.

Supp. 2d 972, 979 (N.D. Cal. 2006) (detailing the deficiencies). Those deficiencies remain.[1]

Further, Defendants' lengthy argument that the Fourth Amended Complaint does not comply with the pleading requirements of *Baze* and *Glossip* has already been rejected by this Court and law of the case considerations govern. *See* Opp., ECF No. 651 at 3-8. This Court held that the Plaintiffs met the *Baze* standard when it denied Defendants' partial motion to dismiss and again on remand from the Ninth Circuit. *See* Order, ECF No. 461 at 12 (denying Defendants' partial motion to dismiss); Order, ECF No. 424 at 4 (finding on remand that the California's execution protocol does, in practice, create "a demonstrated risk of severe pain."). *Glossip*, which had not been decided at the time the Fourth Amended Complaint was filed, did not render the complaint inadequate based on the alternative requirement. This Court has already found that the Fourth Amended Complaint did sufficiently plead an alternative. *See* Order, ECF No. 461 at 14 (finding that the complaint is specific enough with respect to alternatives procedures to survive a motion to dismiss.)

Finally, as a practical matter, what Defendants suggest in their opposition would create unworkable results. Without explicitly saying so, Defendants suggest that Visciotti's intervention motion should not be granted because he should have intervened with his own complaint, containing new (and different) claims, all relating to the March 1, 2018 protocol. *See* Opp., ECF No. 651 at 3:15-18. But there already is a pending, operative complaint that presently governs this lawsuit: the Fourth Amended Complaint. A second, parallel complaint with new claims would

---

[1] In opposing intervention, Defendants focus on whether this Court's Memorandum of Intended Decision in 2006 is "determinative" to whether Visciotti has stated a claim. *See* Opp., ECF No. 651 at 7-8. Visciotti has never suggested it alone was determinative for intervention. Moreover, in granting intervention to prior Intervenor-Plaintiffs, this Court cited the 2006 findings as evidence that some specific relief is still obtainable as it relates to the Fourth Amended Complaint, which is relevant to this Motion. *See, e.g.*, Order, ECF No. 620 at 4.

functionally create a second lawsuit, and the parties and this Court would be forced to untangle and reconcile the new claims with the pending complaint. That is disruptive, not in the interest of judicial economy, and creates undue delay. As the Ninth Circuit has explained, the requirements of intervention should be interpreted broadly in favor of intervention and should be guided "primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). As demonstrated by the Court's latest order, the constitutionality of Defendants' one-drug protocol and the timing of an amended complaint is currently being discussed between the parties. (Order, ECF No. 640.) If permitted to intervene, Visciotti intends to amend the complaint along with the twenty-one other Plaintiffs in the suit. To not allow intervention would result in gross inequity. *See Donnelly*, 159 F.3d at 409. Accordingly, the Fourth Amended Complaint, which is the present, operative complaint, is proper for intervention here.

**B.     Visciotti Is Not Required to Exhaust Before Moving to Intervene**

Law of the case considerations should similarly foreclose Defendants argument that Visciotti's motion should be denied for failing to exhaust all remedies before moving to intervene. *See* Opp., ECF No. 651 at 8-9. This Court has already rejected this argument. *See*, *e.g.*, Order, ECF No. 620.

In the Opposition, Defendants do not dispute that Visciotti has filed an administrative complaint. (Request for Judicial Notice, ECF No. 652.) Defendants argue that this case is not like *Beardslee v. Woodford*, 395 F.3d 1064 (9th Cir. 2005), where the Ninth Circuit excused the exhaustion requirement for a prisoner who waited until the issuance of a warrant to bring his claim under 42 U.S.C. § 1983. Defendants claim that because Visciotti is not under warrant, he should be required to complete exhaustion before moving to intervene. (Opp., ECF No. 651 at 9.) This ignores *Beardslee*'s observation that any administrative grievance filed before an execution warrant likely "would have been dismissed as unripe." *Beardslee*, 395 F.3d at 1069 &

n.5. If Visciotti is required to wait for an execution warrant to *begin* exhaustion—and then had to complete it in the 30 days prior to his execution—he would likely be prohibited from intervening in this matter at all. Prisoners are only required to exhaust remedies that are "available" to them, *see* 42 U.S.C. § 1997e(a), and the exhaustion process that Defendant contemplates is not truly "available" to Visciotti. Therefore, exhaustion is not required before this Court may grant intervention.

### C.    Visciotti Is Entitled to a Stay of Execution and This Request Is Not Overbroad

Visciotti is eligible for the setting of an execution date, and quite telling, Defendants do not dispute that fact. *See* Opp., ECF No. 651 at 2:24-28. Defendants argue that Visciotti is not entitled to a stay of execution for the same reason they oppose intervention: he has failed to state a claim under *Glossip* and he has not exhausted his administrative remedies. *Id*. at 11-13. Those arguments fail for the reasons discussed above and in the Motion. (Mot., ECF No. 642 at 12-14.)

Furthermore, Defendants argue that Visciotti will not suffer irreparable harm if he is not issued a stay. (Opp., ECF No. 651 at 13.) As Visciotti detailed in his Motion, various District Attorneys moved for execution dates for Plaintiffs Brown, Sims, Cox, and Fairbank, even after stays of execution were issued from this Court, and even after counsel for Defendants represented that no execution date would be sought. *See* Mot., ECF No. 642 at 5-6. Nothing prevents the Orange County District Attorney from seeking an execution date for Visciotti, and the harm of being executed pursuant to an unconstitutional method of execution is certainly irreparable.

Finally, the requested stay is not overbroad. (Opp., ECF No. 651 at 13-14.) Defendants stipulated to such a stay for Plaintiff Raley, and the same stay is already in place for the current Plaintiffs. *See*, *e.g.*, Order, ECF No. 586 (granting Plaintiffs Pinholster and Payton stays of execution and detailing the stays granted to other plaintiffs, all of which forbid preparing for an execution and setting a date). Allowing

Defendants to prepare for and set an execution date would prohibit the district court from "tak[ing] the time necessary to address the State's newly revised protocol in accord with Supreme Court authority." *Morales v. Cate*, 623 F.3d 828, 829 (9th Cir. 2010). As such, any stay should include a prohibition on preparing for Visciotti's execution, seeking a warrant, or setting a date until full resolution of the issues in this proceeding.

### III.  CONCLUSION

Visciotti respectfully requests that this Court grant his motion to intervene and stay his execution.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

STATIA PEAKHEART
Attorney-at-Law

DATED: May 8, 2018        By  */s/ K. Elizabeth Dahlstrom*
K. ELIZABETH DAHLSTROM
Deputy Federal Public Defender

Attorneys for Proposed Intervenor
JOHN LOUIS VISCIOTTI