UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO MORALES, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation, et. al.,<br><br>    Defendants. | Case No.  06-cv-0219 RS<br>             06-cv-0926 RS<br><br>DEATH PENALTY CASE<br><br>**ORDER GRANTING MOTIONS TO INTERVENE AND TO STAY EXECUTION AND GRANTING MOTION FOR JUDICIAL NOTICE**<br><br>Re: Doc. No. 642, 652 |

**INTRODUCTION**

John Louis Visciotti is a condemned inmate at San Quentin State Prison whose direct and collateral attacks on his conviction and sentence have concluded. He moves to intervene in the instant actions, which involve challenges to the constitutionality of California's protocol for executions by lethal injection, and to have his execution stayed pending the conclusion of this litigation. (Doc. No. 642.) The relevant issues are discussed in detail in a prior order permitting intervention by, and granting stays of execution to, three other prisoners who are, for relevant purposes, identically situated to the current would-be intervenor. (Doc. No. 563.) The present order therefore contains only a limited discussion of the issues to the extent necessary to resolve the instant motion.

**BACKGROUND**

When condemned prisoner Michael Angelo Morales initiated this litigation, the prior assigned district judge conditionally denied his request to stay his execution. *Morales v. Hickman*, 415 F. Supp. 2d 1037 (N.D. Cal. 2006). Defendants did not execute Morales as scheduled, and a stay of execution issued pursuant to the Court's conditional order. Discovery and an evidentiary

hearing followed, after which the Court concluded that the lethal-injection protocol, as implemented, violated the Eighth Amendment. *Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006). The Court then acceded to a joint request by Morales and Defendants to refrain from proceeding further with the present litigation until related state-court and administrative processes were completed. Those administrative processes remain active.

Following certain state proceedings, Defendants scheduled Albert Greenwood Brown's execution. Brown moved to intervene and for a stay of execution. Recognizing that "Brown's federal claims are virtually identical to those asserted by . . . Morales," (Doc. No. 401 at 1), the Court permitted Brown to intervene, but conditionally denied the stay application. Brown appealed to the Court of Appeals for the Ninth Circuit. *Morales v. Cate*, 623 F.3d 828, 829 (9th Cir. 2010). On remand, pursuant to guidance from the Ninth Circuit, this Court stayed Brown's execution.

Condemned prisoners Mitchell Carlton Sims and Stevie Lamar Fields subsequently moved to intervene as Plaintiffs in these actions, and requested that their executions be stayed. Significantly, "Defendants acknowledge[d] that the intervenors have a 'claim or defense that shares with the main action a common question of law or fact,'" (Doc. No. 472 at 2 (quoting Fed. R. Civ. P. 24(b)(1)(B))), and they did not oppose permitting intervention and staying the executions scheduled for Sims and Fields. The Court found that "Sims and Fields are similarly situated to Morales and Brown in that they are condemned prisoners whose executions are not otherwise stayed and whose claims in their complaint in intervention are virtually identical to those asserted by Morales and Brown." (Doc. No. 473 at 1–2.) Accordingly, the Court concluded that "Sims and Fields are entitled to intervene and, like Morales and Brown, to have their executions stayed until the present litigation is concluded." (*Id.* at 2.)

In regards to the next prisoner whose execution was to be scheduled, David A. Raley, the parties jointly stated that,

> Raley is similarly situated to Fields, Sims, Morales, and Brown in that he is a condemned prisoner whose execution is not otherwise stayed. He will join in the Fourth Amended Complaint, thereby presenting identical claims to those asserted by Morales and Brown. Accordingly, Raley is entitled to intervene and, like Morales, Brown, Fields, and Sims, to have his execution stayed until the present litigation is concluded.

2

(Doc. No. 511 at 2.) The parties therefore stipulated and asked the Court to order that,

> Raley may intervene as a Plaintiff in this litigation as to the Fourth Amended Complaint, and that all proceedings related to the execution of his sentence of death, including but not limited to preparations for an execution and the setting of an execution date for Mr. Raley, are hereby stayed on the same basis and to the same extent as in the case of Plaintiffs Morales, Brown, Fields, and Sims.

(*Id.* at 2–3.)

The Court initially did not act on the stipulation, as it appeared unnecessary to do so. However, when there was no longer a sufficient basis to defer action, the Court granted the parties' joint request, noting that "the parties are correct that Raley is similarly situated to the present Plaintiffs and therefore entitled to intervene and to have his execution stayed." (Doc. No. 563 at 4.)

Tiequon A. Cox and Robert Green Fairbank, Jr., were the next prisoners to move to intervene in the instant actions and to request stays of execution. Even though Defendants did not oppose intervention by, and stays of execution for, Sims and Fields, and had stipulated to intervention by, and a stay of execution for, Raley, Defendants opposed the motions filed by Cox and Fairbank. However, as the Court recognized, Cox and Fairbank were, "for purposes of the present litigation, identically situated to Morales, Brown, Sims, and Fields, as well as Raley." Accordingly, the Court held that Cox and Fairbank were "entitled . . . to intervene and to have their executions stayed until this litigation is concluded." (*Id.*)

Subsequently, Kevin Cooper, Scott Pinholster, William Payton, Fernando Belmontes, Jr., Royal Kenneth Hayes, Richard Delmer Boyer, Ron Deere, Harvey Lee Heishman, Anthony Jack Sully, Albert Cunningham, Douglas Mickey, Hector Ayala, Richard Samayoa, Raynard Paul Cummings, Conrad Jess Zapien, and Ronaldo Medrano Ayala were allowed to intervene and were issued stays of their executions over Defendants' objections. (Doc. Nos. 581, 586, 606, 620, 631.)

## DISCUSSION

Defendants oppose the current motion to intervene and stay of execution for four reasons: (1) the motion does not comply with the requirements of Federal Rule of Civil Procedure 24 because Visciotti has failed to allege a constitutional deficiency with the state's one-drug protocol, which was adopted on March 1, 2018, by Defendants; (2) Visciotti has not met the pleading

burdens required of condemned-inmate plaintiffs by the United States Supreme Court in *Glossip v. Gross*, __ U.S. __, 135 S.Ct. 2726 (2015), and *Baze v. Rees*, 553 U.S. 35 (2009), in that he has failed to allege that the new protocol poses an imminent risk of serious harm and needless suffering and that a readily available alternative to the new protocol exists; (3) Visciotti has not exhausted his administrative remedies; and (4) Visciotti has not satisfied the evidentiary burden required to obtain a stay of execution. Opp. at 1. Defendants argue that to the extent Visciotti relies on prior Orders in this case, those Orders are moot because they were predicated on the "prior, now-defunct, three-drug protocol." *Id.*

While Defendants have reframed their prior objections against would-be intervenors in light of the adopted protocol, the substance of their arguments remains largely the same. Prior similar arguments based on mootness have been rejected, in part because "one-drug executions have been at issue in this litigation since it commenced." (Doc. No. 563 at 4.) Moreover, "'a number of critical deficiencies,'. . . in Defendants' prior protocol [existed] that were not related to the number of drugs used." (*Id.* at 4-5, quoting *Morales v. Tilton*, 4654 F. Supp. 2d at 979.) Thus, some specific relief is still obtainable and the current complaint is not moot despite the adoption of a new protocol. *See West v. Sec'y of Dept. of Transp.*, 206 F.3d 920, 924 (9th Cir. 2000). As with prior motions to intervene following those of Cox and Fairbank, Defendants have not met their burden in showing that the Court should reconsider its prior conclusions.

Moreover, Visciotti cannot seek intervention by pleading additional claims or facts. "[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944). The parties have recognized the need for an amended complaint and are engaged in a meet-and-confer process regarding resumption of litigation in this matter. Accordingly, Visciotti can join in the forthcoming amended complaint and all Plaintiffs collectively can address the pleading deficiencies Defendants cite, if warranted.

Defendants also challenge Visciotti's intervention based on a purported failure to exhaust administrative remedies. Like Visciotti, prior intervenors cited *Beardslee v. Woodford*, 395 F.3d 1064 (9th Cir. 2005), for the proposition that they were not required to exhaust administrative remedies. Most alleged that they had filed an administrative grievance or appeal, which Visciotti

has, but did not allege that they completed the process. The would-be intervenors' arguments both past and present regarding not being required to exhaust administrative remedies under *Beardslee* are well-taken.

For purposes of the present litigation, Visciotti is identically situated to Morales, Brown, Sims, Raley, Cox, Cooper, Fairbank, Pinholster, Payton, Hayes, Boyer, Deere, Heishman, Sully, Cunningham, Mickey, Ayala, Samayoa, Cummings, Zapien, and Ayala. Identically situated persons are to be treated the same. Accordingly, Visciotti must be permitted to intervene and his execution must be stayed until the present litigation is concluded.

Good cause appearing therefor, John Louis Visciotti's motions to intervene and to have his execution stayed will be granted (Doc. No. 642). As is the case for Plaintiffs Michael Angelo Morales, Albert Greenwood Brown, Mitchell Carlton Sims, David A. Raley, Tiequon A. Cox, Robert Green Fairbank Jr., Kevin Cooper, Scott Pinholster, William Payton, Royal Kenneth Hayes, Richard Delmer Boyer, Ron Deere, Harvey Lee Heishman, Anthony Jack Sully, Albert Cunningham, Douglas Mickey, Hector Ayala, Richard Samayoa, Raynard Paul Cummings, Conrad Jess Zapien, and Ronaldo Medrano Ayala all proceedings related to the execution of John Louis Visciotti's death sentence, including but not limited to preparations for any execution and the setting of an execution date, are hereby stayed until the conclusion of this litigation.

Defendants' motion for judicial notice of the Marin County Superior Court Order dated February 21, 2012, attached to Defendants' motion as Exhibit A, is granted.

**IT IS SO ORDERED.**

Dated: May 14, 2018                    _____
                                       RICHARD SEEBORG
                                       United States District Judge