XAVIER BECERRA
Attorney General of California
R. LAWRENCE BRAGG
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
JOANNA B. HOOD
Deputy Attorney General
JAY M. GOLDMAN
Supervising Deputy Attorney General
State Bar No. 168141
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3571
Fax: (415) 703-5843
E-mail: Jay.Goldman@doj.ca.gov
*Attorneys for Defendants*
*Diaz, Brown, and Davis*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHAEL ANGELO MORALES, et al.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**RALPH DIAZ, Acting Secretary of the California Department of Corrections and Rehabilitation, et al.,**<br><br>Defendants. | C 06-0219 RS<br>C 06-0926 RS<br><br>**JOINT LITIGATION SCHEDULE**<br><br>Judge: The Honorable Richard G. Seeborg<br>Trial Date: None Set<br>Action Filed: January 5, 2006 |

As directed by the Court (ECF No. 686), the parties met and conferred telephonically on October 29, 2018 regarding a proposed joint litigation schedule that contemplates the filing of a fifth amended complaint and responsive pleadings, as well as page limits for responsive pleadings.

The parties were unable to come to an agreement as to the time for plaintiffs to file an amended complaint. Defendants propose that plaintiffs have 75 days from the date of this Court's

scheduling order to file a fifth amended complaint. Plaintiffs propose that they have 120 days to do so. Defendants' view is that 75 days is more than sufficient time to prepare a complaint. Plaintiffs' counsel state that, because of other scheduled legal deadlines, they require more time, discussed *infra*.

The parties have agreed on a briefing schedule for a motion to dismiss. They propose that, once a new amended complaint is filed, defendants will have 60 days to file a motion to dismiss, plaintiffs will have 45 days to file an opposition, and defendants will have 21 days to file a reply.

As for page limits regarding a motion to dismiss, defendants propose a 30-page limit for the motion and the opposition, with a 25-page limit for the reply, with the understanding between the parties that requests for agreement on further page extensions will not be unreasonably withheld. Plaintiffs propose that the issue of page limits be deferred, but that the parties will not unreasonably withhold consent to requests to extend page limits.

**Defendants' Position on Plaintiffs' Request For a Four Month Period to File a Complaint**

Defendants attempted to meet and confer with six plaintiffs' counsel through numerous email exchanges and a telephone call during the last two weeks. Defendants twice increased the proposed time for plaintiffs to prepare an amended complaint, from 30 days in the last Joint Statement (ECF No. 684 at 15) to 60 days, and then 75 days.

Defendants' view is that it is unreasonable for plaintiffs' counsel to demand nearly four months to prepare a new complaint, and view that as unacceptable as long as the stays of execution for the plaintiffs remain in place. Defendants detail the above-proposed schedule without waiving their rights to appeal an extension of the stays of execution in this matter.

**Plaintiff's Proposed 120-day Schedule**

The parties have attempted to develop a proposed joint litigation schedule for the filing of a fifth amended complaint. Unfortunately, there has been no agreement about the necessary time to do so.

Defendants' counsel, the Attorney General, underestimates without explanation the time required to prepare an amended complaint, and is aware of Plaintiffs' counsels' pending

obligations in this case (the District Attorneys' appeal in the Circuit Court – response brief due December 24, 2018, and the immediate need to prepare and file a motion to intervene and for stay of execution on behalf of Intervenor Guy Rowland).

Plaintiffs' counsel in this matter have long standing professional calendar obligations on pending matters and family obligations scheduled for the holidays.  These full calendars and family obligations should come as no surprise; this matter has been stayed and dormant for six years solely as a result of Defendants' misconduct.  Defendants only are agreeable to Plaintiffs filing the amended complaint in 75-days; to wit, in a very short period over the holidays while counsel is undertaking their obligations in the Circuit Court on this case during the exact time period.

Counsel for Plaintiffs had these specific professional and personal obligations at the time this Court's order to amend the complaint was issued on October 15, 2018 (Doc. 686):

Plaintiffs' counsel, David Senior, is subject to these court orders and professional obligations:

- Lead counsel *Hill v. Davis*, N.D. Cal., Case No.94-cv-00641-VC – Amended Petition for Writ of Habeas Corpus due on November 5, 2018 in a capital case centered on the State's misconduct (the current draft exceeds 500 pages of allegations);

- Lead counsel *Montiel v. Chappell*, Case No. 15-99000, 9th Cir. – reply brief due in capital habeas corpus appeal on December 3, 2018;

- Counsel *Morales v. Brown*, Case. No. 18-16547, 9th Cir. – response brief due on the District Attorneys' appeal of this Court's intervention order on December 24, 2018;

- Counsel *Morales (Rowland) v. Kernan*, Case. No. C 06-0219 RS – prepare and file a motion to intervene and for a stay of execution in response to Defendants' refusal to stipulate to such relief.

These are just the *immediate* obligations for Mr. Senior on CJA appointments, but they consist of a full schedule through the Christmas holidays.  Mr. Senior's primary practice is civil

litigation, and he has numerous pressing responsibilities on those cases, including challenging service of process and presenting a subsequent demur for defendant in an employment matter in Superior Court, Los Angeles County (*Flores v. BCI Coca-Cola Bottling Company of Los Angeles, et al*, Case. No. BC698576; and defending a water contamination case involving hundreds of plaintiffs and a similar number of commercial defendants in complex case pending in Superior Court, Los Angeles County (*Aguirre, et al v. Exide Technologies, et al*, Case No. BC567401). Mr. Senior also has plans to take time at Christmas to be with his wife and their children who are traveling to spend time together over the holidays.

Plaintiffs' counsel, John Grele, is subject to the identical Circuit Court obligations in this case, as well as the Rowland motion to intervene and for a stay in this Court. Mr. Grele also has these other immediate professional obligations: (1) Opening Brief due November 16, 2018 in a state death penalty case in *People v. Volarvich*, California Supreme Court, Case No. S164370; and (2) trial beginning November 30, 2018 in *Yi v. Afrika Town Gardening Collective*, Alameda County Superior Court, Case No. RG 15793420. Mr. Grele also has a previously planned family vacation during the first ten days of January, 2019.

Plaintiffs' counsel, Richard Steinken, is admitted pro hac vice in this matter and works in Chicago, Illinois. In addition to the immediate obligations in the Circuit Court and in this Court on this case, he currently is responsible for two post-conviction proceedings that are at third stage, and one will be calendared for hearing in the next three months. He presently is involved in ongoing discovery in a court appointed housing case and in three consumer fraud class actions, and has ongoing responsibilities on a number of matters as counsel for the University of Illinois. Mr. Steinken also has plans to take time to be with his wife and five children over the Christmas and New Year's holidays.

The primary difficulty with Defendants' proposed schedule is that it assumes Plaintiffs'

counsel is able to disengage from their responsibilities and immediately attend to this matter. That may be the case for Defendants' counsel, who will have two months to clear their calendars and another two months to file a motion, but it is not the case for Plaintiffs' counsel. Plaintiffs' counsel believed that when the matter moved forward, the initial effort would be to serve and receive discovery regarding the facts and evidence that may or may not have attempted to cure past constitutional deficiencies, and as relevant to any new procedures.

It is unfair to for Defendants to complain that Plaintiffs have multiple counsel able to handle this. Plaintiffs' counsel has been the three lawyers on the case since 2006, and those lawyers are either counsel for, or the de facto representatives, of nearly all the Plaintiffs. They have taken the laboring oar on the litigation, and will continue to do so. The proposed endeavor, an amended complaint and defending a motion to dismiss, is a fact-laden effort that must draw on a full pre-trial and trial record, with several attempted executions, over the past 13 years. It would take other counsel substantially more time to review this material and record, and fashion an amended complaint.

To simply ignore the foregoing and now plow ahead, putting the entire onus of that inconvenience on Plaintiffs, is unrealistic and unfair.

Drafting the Fifth Amended Complaint is not a simple task. Defendants argue, and the Court has credited, that the new protocol is "substantially different" from the one challenged in the Fourth Amended Complaint. In the main, that involves the use of the single drug. However, this also means that Plaintiffs must examine the "substantially different" facts: the drugs, the dosages, the mechanisms for delivery, the intended provenance, team structure and obligations in light of the new drugs and their dosages, and the facilities being used (which were designed for 3

drugs).[1]  Expert consultations are necessary, particularly as the dosage is unique to all other jurisdictions.

Further, there is an entire history of misadventure in California, most of which is still relevant and which must be included in any complaint.  There are four hundred stipulated facts regarding how executions are accomplished in California.  The new execution protocol may be in its embryonic stage, but it has a long tail of unconstitutional conduct; moving through the record and distilling the relevant details as pertains to these regulations will take time.[2]

The Fourth Amended Complaint was filed in 2010 when the case had two Plaintiffs, Morales and Brown.  The Court ruled that the complaint was properly pled, and that it included feasible alternatives for the then existing execution protocol (Doc. 461), which in many respects is identical to all protocols adopted by Defendants since 2005.  Currently, there are over 20 Plaintiffs in the case, all of whom must be involved in the pleading alternatives aspect of an amendment.  Plaintiffs' counsel must collectively assess and review each unique Plaintiff for issues including health, age, infirmities, and intravenous damage to determine an appropriate alternative for each Plaintiff to the written execution protocol published by Defendants.

By contrast, Defendants' stated effort is simple – argue that whatever alternative offered is insufficient under *Glossip* to withstand a motion to dismiss.  It is worth noting that the Supreme Court likely will be offering an opinion this term that addresses the degree of particularity required for the alternative, in *Bucklew v. Precythe*, Doc. No. 17-8151.  Under Defendants'

---

[1] The Court conducted a tour of the new facility. However, as was recognized then, Defendants had decided not to set up the facility as it would be used for an execution, including the rigging for delivery, an issue in 2006. The Court noted that this will necessitate further examination of those facilities.

[2] At the hearing, Mr. Goldman represented that Mr. Grele had been seeking information through the state's Public Records Act. The disclosure offered was records disclosed in the APA litigation (mostly draft protocols), and 1600 pages regarding draft protocols.

proposal, that likely will land after Plaintiffs' amended complaint is filed.[3]

Without the benefit of having the discovery responses which were ordered to be made *forthwith* by the Court more than seven years ago (Doc. 513), Plaintiffs are tasked now with addressing Defendants' undertakings during the period that followed (as best as possible), and present their claims.

Plaintiffs know that Defendants' protocol and execution practices were unlawful in 2006 and continued to be so through several iterations and changes made through 2010 when the Fourth Amended Complaint was filed. Still, nothing has changed in this regard, and there now is no evidence to suggest otherwise. Defendants admit that they lack a trained execution team, drugs for training or an execution, and a completed execution chamber and/or necessary execution equipment. These absences all must be considered for amending the complaint.

This Court has been instructed to "take the time necessary to address the State's newly revised protocol in accord with Supreme Court authority." *Morales v. Cate*, 623 F.3d 828, 829 (9th Cir. 2010). This includes allowing Plaintiffs the time to review the possible changes that have taken place over the past seven years, and amend the complaint.

Plaintiff's respectfully request an order that the amended complaint be filed in 120 days, which Plaintiffs still contend is a very aggressive schedule. In this regard, in the recently filed Joint Status Report, Plaintiffs acquiesced to Defendants overall litigation time period that was submitted on June 11, 2018, but requested 120-days to amend the complaint in doing so. Doc. 684 at 14. The time request is reasonable under the foregoing circumstances.

[3] Defendants' construct is that if "new" law is announced, Plaintiffs have to amend their complaint to satisfy it. Presumably, Plaintiffs will be permitted such an effort, if needed, once *Bucklew* is decided.

Dated: October 29, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General

*/s/ Jay M. Goldman*
JAY M. GOLDMAN
Supervising Deputy Attorney General
*Attorneys for Defendants*
*Diaz, Brown, and Davis*

Dated: October 29, 2018

By: */s/ David A. Senior*
David A. Senior
Sara M. Cohbra
Ann K. Tria
McBREEN &SENIOR

Richard P. Steinken
JENNER & BLOCK

John R. Grele
LAW OFFICE OF JOHN R. GRELE
Attorneys for Plaintiffs

**GENERAL ORDER 45 ATTESTATION**

Per General Order 45, Section X.B. I hereby attest that the concurrence in the filing of this document has been obtained from all signatories.

Dated: October 29, 2018

*/s/ Jay M. Goldman*
JAY M. GOLDMAN

SF2007200210
42070318.docx

# CERTIFICATE OF SERVICE

Case Name: **Michael Angelo Morales v. Scott Kernan, et al.** No. **C 06-0219 RS**

I hereby certify that on October 29, 2018, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT LITIGATION SCHEDULE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 29, 2018, at San Francisco, California.

| R. Caoile | **/s/ R. Caoile** |
|---|---|
| Declarant | Signature |

SF2007200210
42070323.docx